Andrew M. Schatz
Jeffrey S. Nobel
Mark P. Kindall  (CA BAR # 138703)
SCHATZ NOBEL IZARD P.C.
20 Church Street, Suite 1700
Hartford, Connecticut  06103
Tel:    (860) 493-6292
Fax:    (860) 493-6290
mkindall@snilaw.com

Counsel for Lead Plaintiff Movant
Inna Kreer

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE LDK SOLAR SECURITIES LITIGATION<br><br>This Document Relates to:<br>All Actions | Master File NO.: C-07-05182 WHA<br><br>MEMORANDUM IN SUPPORT OF MOTION FOR APPOINTMENT OF LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD PLAINTIFFS' CHOICE OF COUNSEL<br><br>Date:   Wednesday, December 5, 2007<br>Time:  2:00 P.M.<br>CTRM: 9, 19th Floor |

## I.    INTRODUCTION

Proposed Lead Plaintiff Inna Kreer ("Kreer") respectfully submits this memorandum of law in support of her motion, pursuant to Section 21D(a)(3)(B) of the Securities and Exchange Act of 1934 (the "1934 Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), 15 U.S.C. § 78u-4(a)(3)(B), for an Order (i) appointing Ms. Kreer as Lead Plaintiff in this action on behalf of investors that purchased the securities of LDK Solar ("LDK") between August 1, 2007 and October 3, 2007, inclusive (the "Class Period") and (ii) approving Ms. Kreer's selection of Schatz Nobel Izard P.C. as Lead Counsel.

Ms. Kreer's motion should be granted.  As is shown below, Ms. Kreer's motion is timely as it is filed within 60 days of the first published notice of this class action litigation against

Defendants. Furthermore, Ms. Kreer is the "most adequate plaintiff" within the meaning of 15 U.S.C. § 78u-4(a)(3)(B) because she has the largest financial interest of any Lead Plaintiff Movant in the relief sought by the proposed Class, and otherwise meets the requirements of Fed. R. Civ. P. 23(a). Finally, Ms. Kreer's selection of Schatz Nobel Izard P.C. as Lead Counsel should be approved, as it has experience prosecuting securities class action litigation.

## II.  SUMMARY OF THE ALLEGATIONS AGAINST THE DEFENDANTS

On October 9, 2007, counsel for Plaintiff Allan Candalore filed a complaint in this district on behalf of all persons who purchased the securities of LDK between August 1, 2007 and October 3, 2007 (the "Class"). Since then, four additional cases have been filed in this Court on behalf of the Class against the Defendants.[1]

By their Complaints, Plaintiffs alleged, inter alia, that LDK Solar and certain of its officers and directors (collectively "Defendants") violated Section 10(b) of the Securities Exchange Act of 1934 and Rule 10b-5 promulgated thereunder, by issuing materially false and misleading statements. Specifically, the Complaints allege that Defendants issued false statements describing LDK's business fundamentals, financial results and earnings growth potential. Specifically, Defendants concealed that LDK's internal controls were flawed, preventing it from accurately measuring or reporting its inventory. As a result, the Company's inventories were materially overstated, causing inflation in LDK's reporting of assets, earnings and earnings per share ("EPS") reported during the Class Period.

On October 3, 2007, it was reported that LDK's Financial Controller, Charley Situ, had resigned stating that LDK lacked internal controls and that the Company's reported inventory of polysilicon was overstated by 25%. Then on October 4, 2007, LDK disclosed that it would have an independent outside auditor investigate Situ's allegations. In response to this news, the Company's American Depository Shares ("ADS"), which traded as high as $76.75 on September

---

[1] Additional similar cases have also been filed alleging securities fraud against the Defendants in the United States District Court for the Southern District of New York.

27, 2007, fell to a close of $48.30 on October 4, 2007.

### III. MS. KREER SHOULD BE APPOINTED AS A LEAD PLAINTIFF

#### A. The Procedure for Appointment of Lead Plaintiff Under the PSLRA

The PSLRA sets forth the procedure governing the appointment of Lead Plaintiff in each private action arising under the 1934 Act that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure. See 15 U.S.C. § 78u-4(a)(1). Under the first step of this procedure, the plaintiff who files a putative class action under the Act must publish a notice advising members of the purported plaintiff class of the (i) pendency of the action, (ii) claims asserted therein, (iii) purported class period, and (iv) option of any member of the purported class to move to serve as lead plaintiff of the purported class not later than 60 days after the date on which the notice is published. See 15 U.S.C. § 78u-4(a)(3)(A).

Under the PSLRA, the Court is then required to appoint as lead plaintiff the "most adequate plaintiff," which the Act defines as "the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." See 15 U.S.C. § 78u-4(a)(3)(B)(i). The PSLRA further provides:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this subchapter is the person or group of persons that-
>
> (aa) has either filed the complaint or made a motion in response to a notice under subparagraph (A)(i);
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).[2] See Armour v. Network Assocs., 171 F. Supp. 2d 1044, 1048

---

[2] The PSLRA provides that the:
> presumption [of the claimants with the largest loss being lead plaintiffs] may be rebutted only upon proof by a member of the purported plaintiff class that the presumptively most adequate plaintiff--
> (aa) will not fairly and adequately protect the interests of the class; or

(N.D. Cal. 2001); see also In re Cavanaugh, 306 F.3d 726, 729-30 (9th Cir. 2002).

### B. The Notice Requirements Under The PSLRA Have Been Satisfied

The notice requirements set forth in 15 U.S.C. §§ 78u-4(a)(3)(A)(i)(I) and (II) have been satisfied. On October 9, 2007, counsel for Plaintiff Allan Candalore caused a notice to be published that advised purchasers of the securities of LDK Solar of (i) the pendency of a securities class action against Defendants, (ii) the claims asserted, (iii) the purported class period in that litigation, and (iv) the right of any member of the purported class to move the court to serve as lead plaintiff within the 60-day period (by December 10, 2007) (the "Notice").[3] Cf. In re Nice Sys. Sec. Litig., 188 F.R.D. 206, 216 (D.N.J. 1999); In re Milestone Scientific Sec. Litig., 183 F.R.D. 404, 413 (D.N.J. 1998); Greebel v. FTP Software, Inc., 939 F. Supp. 57, 62-63 (D. Mass. 1996).

### C. Ms. Kreer Has The Largest Financial Interest In The Relief Sought By The Class

Ms. Kreer has "the largest financial interest in the relief sought by the class" within the meaning of 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb). According to the information provided in the Certification of Named Plaintiff (see Kindall Declaration, Exhibit A), Ms. Kreer sustained an estimated loss of approximately $44,800 from transactions during the proposed Class Period.[4] Ms. Kreer knows of no other persons who have sought to be Lead Plaintiff in this action who possess a larger financial interest.

### D. Ms. Kreer Has Satisfied The Other Requirements Of The PSLRA.

---

    (bb)    is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

[3] A copy of the Notice is attached as Exhibit "B" to the November 21, 2007 Declaration of Mark Kindall in Support of Motion for Appointment of Lead Plaintiff and for Approval of Choice of Counsel (the "Kindall Declaration").

[4] Exhibit "A" to the Kindall Declaration shows that Ms. Kreer purchased 11,800 shares of LDK during the Class Period at a total price of $765,875.

Ms. Kreer has satisfied each of the other requirements of the PSLRA. First, she has signed a Certification of Named Plaintiff, under oath, which:

    (i)    states that she has reviewed the Complaint;

    (ii)    states that she did not purchase the Securities of LDK Solar at the direction of plaintiff's counsel or in order to participate in any private action arising under the federal securities laws;

    (iii)    states that she is willing to serve as representative party on behalf of a class, including providing testimony at deposition and trial, if necessary;

    (iv)    sets forth all of her transactions in the securities of LDK Solar during the Class Period;

    (v)    states that she has not sought to serve, nor has she served, as a representative party on behalf of a class in any private federal securities action; and

    (vi)    states that she will not accept any payment for serving as a representative party on behalf of the class beyond her pro rata share of any recovery.

See 15 U.S.C. §§ 78u-4(a)(2)(A)(i)-(vi). Ms. Kreer has also satisfied the PSLRA by moving for appointment as lead plaintiff within sixty (60) days after the date on which the Notice was published on October 9, 2007. See 15 U.S.C. § 78u-4(a)(3)(A)(i)(II).[5]

Second, Ms. Kreer satisfies the requirements of Fed. R. Civ. P. 23. See 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). Rule 23(a) is satisfied for the purposes of this motion where (i) the claims of the proposed lead plaintiff are typical of the claims of the class and (ii) the proposed lead plaintiff will fairly and adequately protect the interests of the Class.[6] Armour, 171 F. Supp. 2d at

---

[5] Pursuant to the Court's Order requesting information from lead plaintiff candidates dated November 14, 2007, Ms. Kreer will supplement this motion with the requested questionnaire. Counsel to Ms. Kreer was informed of the Order dated November 14, 2007 on November 20, 2007, and did not discuss the questionnaire with Ms. Kreer until then. Ms. Kreer intents to complete and submit the questionnaire the week of November 26, 2007.

[6] Although there are two other requirements under Fed. R. Civ. P. 23(a) -- that the class be so numerous that joinder of all members is impracticable (Fed. R. Civ. P. 23(a)(1)) and that there be questions of law or fact common to the class (Fed. R. Civ. P. 23(a)(2)) --"[t]ypicality and adequacy of representation are the only provisions relevant to a determination of lead plaintiff under the PSLRA." In re Oxford Health Plans, Inc. Sec. Litig., 182 F.R.D. 42, 49 (S.D.N.Y. 1998).

1051.

Ms. Kreer satisfies the "typicality" and "adequacy" requirements under Rule 23(a). Under Rule 23(a)(3), the "typicality" requirement is satisfied where the claims of the proposed class representative arise from the same course of conduct that gives rise to the other class members' claims, where these claims are based on the same legal theory, and where the class members and proposed class representative were injured by the same conduct. See Armour, 171 F. Supp. 2d at 1052 (citing Hannon v. Dataprods. Corp., 976 F.2d 497, 508 (9th Cir. 1992)). The "adequacy" requirement of Rule 23(a)(4) is satisfied when the proposed class representative does not have interests antagonistic to the proposed Class, and where the proposed class representative has retained experienced and capable counsel. In re Emulex Corp. Sec. Litig., 210 F.R.D. 717, 720 (C.D. Cal. 2002).

In this action, Ms. Kreer's claims are typical of those claims belonging to all Class members. Like all Class members, Ms. Kreer suffered damages from purchases of LDK when the truth was revealed about Defendants made false and misleading representations concerning the Company in violation of Sections 10(b) and 20(a), of the 1934 Act. Furthermore, Ms. Kreer's interests are clearly aligned with those of the members of the Class, and there is no evidence of any antagonism between her interests and those of the Class.

In addition, Mr. Kreer has already demonstrated that she will adequately represent the interests of the Class by having obtained qualified and experienced counsel, and by submitting a Certification of Named Plaintiff to the Court indicating that she is willing to assume the responsibilities of a class representative. All these factors demonstrate that Ms. Kreer's claims are typical of the claims of the Class within the meaning of Rule 23(a)(3), and she will fairly and adequately represent the interests of the Class under Rule 23(a)(4).

### E. The Court Should Approve Ms. Kreer's Choice Of Counsel.

The PSLRA expressly provides that the "most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class." 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should not disturb a proposed lead plaintiff's choice unless "necessary

MOTION FOR APPOINTMENT OF LEAD PLAINTIFF AND APPROVAL OF ELECTION OF LEAD PLAINTIFFS' CHOICE OF COUNSEL C-07-05182 WHA

to protect the interests of the plaintiff class." See Statement of Managers -- "The Private Securities Litigation Reform Act of 1995," 141 Cong. Rec. H13691-08, at H13700 (daily edition Nov. 28, 1995).

The Court should approve Schatz Nobel Izard P.C. as Lead Counsel because it has extensive experience in the area of securities class action litigation, as detailed in its firm resume (see Kindall Declaration, Exhibit C). Thus, the Court may be assured that the members of the Class will receive the highest caliber of legal representation.

## IV.  CONCLUSION

For the foregoing reasons, Ms. Kreer respectfully requests that this Court appoint her to serve as Lead Plaintiff, and approve her selection of Schatz Nobel Izard, P.C. as Lead Counsel.

Dated:  November 21, 2007

SCHATZ NOBEL IZARD P.C.

By:/s/ Mark Kindall
Mark P. Kindall   (CA BAR # 138703)
One Corporate Center
20 Church Street, Suite 1700
Hartford, Connecticut  06103
Tel:  (860) 493-6292
Fax: (860) 493-6290

**Counsel for Plaintiff Inna Kreer**

# PROOF OF SERVICE

STATE OF CONNECTICUT )
) ss.:
COUNTY OF HARTFORD )

    I am employed in the county of Hartford, State of Connecticut, I am over the age of 18 and not a party to the within action; my business address is 20 Church Street Hartford, CT 06103

    On November 21, 2007, using the Northern District of California's Electronic Case Filing System, I filed and served the document(s) described as:

(i) Motion for Appointment of Lead Plaintiff and for Approval of Lead Plaintiff's Selection of Counsel;
(ii) Mark Kindall's Declaration in Support of Motion for Appointment of Lead Plaintiff and for Approval of Lead Plaintiff's Selection of Counsel;
(iii) A Proposed Order;
(iv) Notice of Motion for Appointment of Lead Plaintiff and for Approval of Lead Plaintiff's Selection of Counsel; and
(v) **Appearance of Mark Kindall**

    The ECF System is designed to automatically generate an e-mail message to all parties in the case, which constitutes service. According to the ECF/PACER system, for this case, the parties served are as follows:

Darren J. Robbins

e_file_sd@csgrr.com

Mary K. Blassy

maryb@lerachlaw.com

Shawn A. Williams
Shawnw@csgrr.com

Anyone not registered to be served by ECF service will be served as follows:

X

    BY MAIL. I am familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of

business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in an affidavit.

I declare, pursuant to Civil L.R. 23-2, that on the date hereof I served a copy of the above-listed document(s) on the Securities Class Action Clearinghouse by electronic mail through the following electronic mail address provided by the Securities Class Action Clearinghouse:

**scac@law.stanford.edu**

I declare that I am a member of the bar of this Court

I further declare under penalty of perjury under the laws of the United States that the above is true and correct.

Executed on November 21, 2007, at Hartford, CT.

/s/ Mark Kindall

2