1  COUGHLIN STOIA GELLER
     RUDMAN & ROBBINS LLP
2  JEFFREY W. LAWRENCE (166806)
   100 Pine Street, 26th Floor
3  San Francisco, CA  94111
   Telephone:  415/288-4545
4  415/288-4534 (fax)
   jeffreyl@csgrr.com
5       –and–
   SAMUEL H. RUDMAN
6  DAVID A. ROSENFELD
   MARIO ALBA, JR.
7  58 South Service Road, Suite 200
   Melville, NY  11747
8  Telephone:  631/367-7100
   631/367-1173 (fax)
9  srudman@csgrr.com
   drosenfeld@csgrr.com
10 malba@csgrr.com

11 Counsel for Allan Candelore

12                         UNITED STATES DISTRICT COURT

13                        NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE LDK SOLAR SECURITIES LITIGATION | Master File No. C-07-05182- WHA |
| This Document Relates to: | CLASS ACTION |
| _____ | MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE MOTION OF ALLAN CANDELORE FOR APPOINTMENT AS LEAD PLAINTIFF |
| | DATE: December 5, 2007<br>TIME: 2:00 p.m.<br>COURTROOM: The Honorable William A. Alsup |

## I. PRELIMINARY STATEMENT

Presently pending before this Court is a consolidated[1] securities class action lawsuit[2] (the "Action") brought on behalf of all those who purchased or otherwise acquired LDK Solar Co., Ltd ("LDK Solar" or the "Company") securities between June 1, 2007 and October 8, 2007[3], inclusive (the "Class Period") and allege violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA") (15 U.S.C. §78(j)(b) and 78(t)) and Rule 10b-5 promulgated thereunder (17 C.F.R. §240.10b-5).

Class member Allan Candelore hereby moves this Court for an order to: appoint him as Lead Plaintiff in the Action under Section 21D(a)(3)(B) of the Exchange Act. This motion is made on the grounds that Allan Candelore is the most adequate plaintiff, as defined by the PSLRA. Allan Candelore suffered losses of $36,867.30 in connection with his purchases of shares of LDK Solar stock during the Class Period. *See* Lawrence Decl. Ex. B.[4] In addition, Allan Candelore, for the purposes of this motion, adequately satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure in that his claims are typical of the claims of the putative class and that he will fairly and adequately represent the interests of the class.

## II. FACTUAL BACKGROUND[5]

LDK manufactures multicrystalline solar wafers, which are the principal raw material used to produce solar cells.

---

[1] By Order dated November 7, 2007, this Court consolidated the related actions.

[2] Three additional actions are pending in the Southern District of New York.

[3] This is the largest Class Period identified in the related complaints that have been filed.

[4] References to the "Lawrence Decl. Ex. ___" are to the exhibits attached to the accompanying Declaration of Jeffrey W. Lawrence dated November 21, 2007 and submitted herewith.

[5] These facts are drawn from the allegations in the complaint entitled *Allan Candelore vs. LDK Solar Co., Ltd., et al.,* Civil Action No. C-07-05182-WHA.

The complaint charges LDK and certain of its officers and directors with violations of the Exchange Act. The complaint alleges that, throughout the Class Period, defendants concealed the full extent of how badly flawed the Company's internal controls were, preventing it from accurately measuring or reporting its inventory. As a result, the Company's inventories were overstated by an estimated 25%, causing inflation in LDK's assets, earnings and earnings per share ("EPS") reported during the Class Period.

The complaint further alleges that defendants' Class Period statements describing LDK's business fundamentals, financial results and continued sales and earnings growth potential were false and misleading as: (a) defendants had overstated LDK's inventory of polysilicon prior to and during the Class Period and those false statements remained alive in the market during the Class Period; and (b) due to the Company's inventory of polysilicon being overstated, the Company's reported earnings and EPS prior to and during the Class Period were false and those false statements remained alive in the market during the Class Period.

On October 3, 2007, LDK's share price fell almost 25% following a report that LDK's financial controller had resigned, stating that the Company lacked internal controls and that the Company's reported 1,000 tonne inventory of polysilicon was overstated by 25%. LDK's former controller, Charley Situ, reported these discrepancies to both the U.S. Securities and Exchange Commission and the Company's external auditor, KPMG. LDK could not deny or confirm Situ's allegations on October 3, 2007, but promised to investigate and issue a further statement. The Company has since stated it will have an independent outside auditor investigate Situ's allegations. The Company's American Depository Shares ("ADSs"), which traded as high as $76.75 on September 27, 2007, plummeted $16.66, or 24.39%, to close at $51.65 per ADS on October 3, 2007. The ADSs continued to decline in after-hours trading, falling to $47.49 per ADS.

## III. ARGUMENT

### A. ALLAN CANDELORE SHOULD BE APPOINTED LEAD PLAINTIFF

#### 1. The Procedure Required By The PSLRA

The PSLRA has established a procedure that governs the appointment of a Lead Plaintiff in "each private action arising under the [Securities Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(1) and (a)(3)(B)(i).

First, the plaintiff who files the initial action must publish a notice to the class, within 20 days of filing the action, informing class members of their right to file a motion for appointment as Lead Plaintiff. 15 U.S.C. §78u-4(a)(3)(A)(i). Plaintiff in the action entitled *Chester Tsang vs. LDK Solar Co., Ltd, et al.*, Civil Action No. 1:07-cv-08706-JGK (S.D.N.Y.), a related action pending in the Southern District of New York, caused the first notice regarding the pendency of these actions to be published on *Market Wire*, a national, business-oriented newswire service, on October 9, 2007. *See* Lawrence Decl. Ex. A. Within 60 days after publication of the notice, any person or group of persons who are members of the proposed class may apply to the Court to be appointed as Lead Plaintiff, whether or not they have previously filed a complaint in the action. 15 U.S.C. §§78u-4(a)(3)(A) and (B). By Order dated November 14, 2007 ("November 14 Order"), the Court ordered that "[a]ny group of movants must narrow its candidates to one or two single investors and file answers to the appended questionnaire by November 21, 2007, including the certification called for therein."

Second, the PSLRA provides that, within 90 days after publication of the notice, the Court shall consider any motion made by a class member and shall appoint as Lead Plaintiff the member or members of the class that the Court determines to be most capable of adequately representing the interests of class members. 15 U.S.C. §78u-4(a)(3)(B). In determining the "most adequate plaintiff," the PSLRA provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this Act is the person or group of persons that
>
> (aa) has either filed the complaint or made a motion in response to a notice...

(bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii).  *See generally Greebel v. FTP Software*, 939 F. Supp. 57, 64 (D. Mass. 1996).

### 2. Allan Candelore Satisfies the "Lead Plaintiff" Requirements Of The Exchange Act

#### a. Allan Candelore Has Complied With The Exchange Act And Should Be Appointed Lead Plaintiff

Pursuant to the provisions of the PSLRA and the November 14 Order, Allan Candelore timely moves this Court to be appointed Lead Plaintiff on behalf of all members of the class. Allan Candelore has duly signed and filed a certification stating that he is willing to serve as a representative party on behalf of the class. *See* Lawrence Decl. Ex. C.  In addition, Allan Candelore has completed and filed the questionnaire issued by the Court, as directed by the November 14 Order.  *See* Lawrence Decl. Ex. D.  Allan Candelore is also prepared to attend the hearing on December 5, 2007 and answer the Court's questions.  Accordingly, Allan Candelore has satisfied the individual requirements of 15 U.S.C. §78u-4(a)(3)(B) and is entitled to have his application for appointment as Lead Plaintiff considered and approved by the Court.

#### b. Allan Candelore Has The Requisite Financial Interest In The Relief Sought By The Class

During the Class Period, as evidenced by, among other things, the accompanying signed certification, *see* Lawrence Decl. Ex. C., Allan Candelore purchased shares of LDK Solar ADSs in reliance upon the materially false and misleading statements issued by the defendants and was injured thereby.  In addition, Allan Candelore incurred a substantial $36,867.30 loss on his transactions in LDK Solar ADSs.  Allan Candelore thus has a significant financial interest in this case.  Therefore, Allan Candelore satisfies all of the PSLRA's prerequisites for appointment as Lead Plaintiff in this Action and should be appointed Lead Plaintiff pursuant to 15 U.S.C. §78u-4(a)(3)(B).

### c. Allan Candelore Otherwise Satisfies Rule 23

According to 15 U.S.C. §78u-4(a)(3)(B), in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative only if the following four requirements are satisfied: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Of the four prerequisites to class certification, only two -- typicality and adequacy -- directly address the personal characteristics of the class representative. Consequently, in deciding a motion to serve as Lead Plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the Lead Plaintiff moves for class certification. *See Lax v. First Merchants Acceptance Corp.*, 1997 U.S. Dist. LEXIS 11866 at *20, (N.D. Ill. Aug. 11, 1997). Allan Candelore satisfies both the typicality and adequacy requirements of Rule 23, thereby justifying his appointment as Lead Plaintiff.

Under Rule 23(a)(3), the claims or defenses of the representative parties must be typical of those of the class. Typicality exists where the plaintiffs' claims arise from the same series of events and are based on the same legal theories as the claims of all the class members. *See Rossini v. Ogilvy & Mather, Inc.*, 798 F.2d 590, 598 (2d Cir. 1986). Typicality does not require that there be no factual differences between the class representatives and the class members because it is the generalized nature of the claims asserted which determines whether the class representatives are typical. *See Priest v. Zayre Corp.*, 118 F.R.D. 552, 555 (D. Mass. 1988) ("With respect to typicality under Rule 23(a)(3), plaintiffs need not show substantial identity between their claims and those of absent class members, but need only show that their claims arise from the same course of conduct that gave rise to the claims of the absent [class] members") (citations omitted). The requirement that the proposed class representatives' claims be typical of the claims of the class does not mean,

however, that the claims must be identical. *Phillips v. Joint Legislative Comm. on Performance & Expenditure Review*, 637 F.2d 1014, 1024 (5th Cir. 1981).

Allan Candelore satisfies this requirement because, just like all other class members, he: (1) purchased LDK Solar shares during the Class Period; (2) purchased LDK Solar shares in reliance upon the allegedly materially false and misleading statements issued by defendants; and (3) suffered damages thereby. Thus, Mr. Candelore's claim is typical of those of other class members since his claim and the claims of other class members arise out of the same course of events.

Under Rule 23(a)(4) the representative parties must also "fairly and adequately protect the interests of the class." The PSLRA directs this Court to limit its inquiry regarding the adequacy of Allan Candelore to represent the class to the existence of any conflicts between the interests of Mr. Candelore and the members of the class. The standard for adequacy of representation under Rule 23(a)(4) is met by: (1) the absence of potential conflict between the named plaintiffs and the class members; and (2) the class representatives' choice of counsel who is qualified, experienced and able to vigorously conduct the proposed litigation. *Modell v. Eliot Sav. Bank*, 139 F.R.D. 17, 23 (D. Mass. 1991) (citing *Andrews v. Bechtel Power Corp.*, 780 F.2d 124, 130 (lst Cir. 1985)).

Here, Allan Candelore is an adequate representative of the class. As evidenced by the injuries suffered by Mr. Candelore, who purchased LDK Solar ADSs at prices allegedly artificially inflated by defendants' materially false and misleading statements, the interests of Mr. Candelore are clearly aligned with the members of the class, and there is no evidence of any antagonism between Mr. Candelore's interest and those of the other members of the class. Further, Mr. Candelore has taken significant steps which demonstrate that he will protect the interests of the class: he has retained competent and experienced counsel to prosecute these claims.[6] In addition, Mr. Candelore's proposed Lead Counsel is highly qualified, experienced and able to conduct this complex litigation in a professional manner. Thus, Allan Candelore *prima facie* satisfies the commonality, typicality and adequacy requirements of Rule 23 for the purposes of this motion.

---

[6] In accordance with the November 14 Order, Mr. Candelore is deferring his application to appoint Coughlin Stoia Geller Rudman & Robbins LLP as Lead Counsel in this Action.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE MOTION OF ALLAN CANDELORE FOR APPOINTMENT AS LEAD PLAINTIFF - Master File No. C-07-05182- WHA    - 6 -

## IV. CONCLUSION

For all the foregoing reasons, Allan Candelore respectfully requests that the Court: (i) appoint Allan Candelore as Lead Plaintiff in the Action; and (ii) grant such other relief as the court may deem just and proper.

DATED: November 21, 2007

COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
JEFFREY W. LAWRENCE


          /s/ *Jeffrey W. Lawrence*
       JEFFREY W. LAWRENCE

100 Pine Street, 26th Floor
San Francisco, CA  94111
Telephone:  415/288-4545
415/288-4534 (fax)

COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
SAMUEL H. RUDMAN
DAVID A. ROSENFELD
MARIO ALBA, JR.
58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)

Counsel for Allan Candelore

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE MOTION OF ALLAN CANDELORE FOR APPOINTMENT AS LEAD PLAINTIFF - Master File No. C-07-05182- WHA       - 7 -

## CERTIFICATE OF SERVICE

I, Jeffrey W. Lawrence, hereby certify that on November 21, 2007, I caused a true and correct copy of the attached:

Notice of Motion for Appointment as Lead Plaintiff and for Approval of Selection of Lead Counsel;

Declaration of Jeffrey W. Lawrence in Support of the Motion of Allan Candelore for Appointment as Lead Plaintiff and for Approval of Selection of Lead Counsel; and

Memorandum in Support of the Motion of Allan Candelore for Appointment as Lead Plaintiff and for Approval of Selection of Lead Counsel

to be served: (i) electronically on all counsel registered for electronic service for this case; and (ii) by first-class mail to any additional counsel.

*/s/ Jeffrey W. Lawrence*
Jeffrey W. Lawrence

LDK SOLAR

Service List - 11/19/2007  (07-0211)

Page 1 of 2

**Counsel For Defendant(s)**

James J. Farrell
Latham & Watkins LLP
633 West Fifth St., Suite 4000
Los Angeles, CA  90071-2007
   213/485-1234
   213/891-8763 (Fax)

**Counsel For Plaintiff(s)**

Arthur N. Abbey
Nancy Kaboolian
Abbey Spanier Rodd Abrams & Paradis, LLP
212 East 39th Street
New York, NY  10016
   212/889-3700
   212/684-5191 (Fax)

Mario Alba, Jr.
Coughlin Stoia Geller Rudman & Robbins LLP
58 South Service Road, Suite 200
Melville, NY  11747
   631/367-7100
   631/367-1173 (Fax)

Jeffrey W. Lawrence
Coughlin Stoia Geller Rudman & Robbins LLP
100 Pine Street, Suite 2600
San Francisco, CA  94111-5238
   415/288-4545
   415/288-4534 (Fax)

Susan G. Kupfer
Glancy Binkow & Goldberg LLP
455 Market Street, Suite 1810
San Francisco, CA  94105
   415/972-8160
   415/972-8166 (Fax)

Lionel Z. Glancy
Glancy Binkow & Goldberg LLP
1801 Avenue of the Stars, Suite 311
Los Angeles, CA  90067
   310/201-9150
   310/201-9160 (Fax)

Michael F. Ram
Levy, Ram & Olson, LLP
639 Front Street, 4th Floor
San Francisco, CA  94111
   415/433-4949
   415/433-7311 (Fax)

LDK SOLAR
Service List - 11/19/2007  (07-0211)
Page 2 of 2

Andrew M. Schatz
Jeffrey S. Nobel
Mark P. Kindall
Schatz Nobel Izard, P.C.
One Corporate Center
20 Church Street, Suite 1700
Hartford, CT  06103
   860/493-6292
   860/493-6290 (Fax)

Robert M. Roseman
David Felderman
Spector, Roseman & Kodroff, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA  19103
   215/496-0300
   215/496-6611 (Fax)

LDK SOLAR
Supplement Email Service List– 11/21/07
Page Three

| Name | Email |
|---|---|
| James J. Farrell | james.farrell@lw.com |
| Arthur N. Abbey | aabbey@abbeyspanier.com |
| Nancy Kaboolian | nkaboolian@abbeyspanier.com |
| Richard B. Margolis | rmagolis@abbeyspanier.com |
| Susan G. Kupfer | skupfer@glancylaw.com |
| Lionel Z. Glancy | info@glancylaw.com |
| Michael F. Ram | mfr@lrolaw.com |
| Andrew M. Schatz | aschatz@snilaw.com |
| Jeffrey S. Nobel | jnobel@snilaw.com |
| Robert M. Roseman | rroseman@srk-law.com |
| David Felderman | dfelderman@srk-law.com |

# Mailing Information for a Case 3:07-cv-05182-WHA

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Mary K. Blasy**
  maryb@lerachlaw.com,e_file_sf@lerachlaw.com

- **Darren Jay Robbins**
  e_file_sd@csgrr.com

- **Shawn A. Williams**
  shawnw@csgrr.com,travisd@csgrr.com,moniquew@csgrr.com,e_file_sf@csgrr.com,cwood@csgr

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)