Cohen, Milstein, Hausfeld & Toll, P.L.L.C.
Michael P. Lehmann
California Bar No. 77152
One Embarcadero Center
Suite 526
San Francisco, CA 94111
Telephone:    (415) 623-2047
Facsimile:    (415)-433-5994

Cohen, Milstein, Hausfeld & Toll, P.L.L.C.
Steven J. Toll
Daniel S. Sommers
Matthew B. Kaplan
1100 New York Avenue, N.W.
Suite 500, West Tower
Washington, DC  20005
Telephone:    (202) 408-4600
Facsimile:    (202) 408-4699

Counsel for Movant Shahpour Javidzad

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE LDK SOLAR SECURITIES LITIGATION<br><br>This Document Relates to:<br>ALL ACTIONS | MASTER FILE NO.: C-07-05182-WHA<br><br>**NOTICE OF MOTION AND MOTION OF SHAHPOUR JAVIDZAD FOR APPOINTMENT AS LEAD PLAINTIFF; MEMORANDUM IN SUPPORT THEREOF**<br><br><u>CLASS ACTION</u><br><br>Date:   December 5, 2007<br>Time:   2:00 p.m.<br>Judge:  Hon. William Alsup<br>Courtroom: Courtroom 9, 19th Floor |

## NOTICE OF MOTION AND MOTION

PLEASE TAKE NOTICE that on December 5, 2007, at 2:00 p.m., or at such other time as shall be set by the Court, before the Hon. William Alsup at the United States Courthouse located at 450 Golden Gate Ave., San Francisco, CA 94102, Shahpour Javidzad ("Movant") will move, and hereby does move, the Court for an order: appointing Movant as Lead Plaintiff in this class action litigation.

Movant makes this motion on the grounds that he is the "most adequate plaintiff" under the Private Securities Litigation Reform Act ("PSLRA"), 15 U.S.C. §78u-4. This motion is based on this Notice of Motion and Motion and accompanying Memorandum, the pleadings and other filings in this matter, and such other written or oral argument permitted by the Court.

As set forth in the Motion For Relief From the Court's Scheduling Order, which Movant is filing contemporaneously with this Motion, Movant believes that the Court should extend the lead Plaintiff deadline, which it set as today. Because Movant only learned of the Court's deadline yesterday Movant is unable to provide all the information normally provided with a Lead Plaintiff motion, including the amount of his losses calculated in accordance with the requirements of the PSLRA. Nevertheless, Movant files this motion to protect his rights. If Movant's separate Motion for Relief is granted Movant will Amend this Motion and its supporting documents to provide additional information to aid the Court in deciding who should be appointed Lead Plaintiff.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

Movant respectfully submits this memorandum of law in support of his motion for an order appointing him as Lead Plaintiff in this consolidated class action. Although Movant does not yet know what losses were incurred by any other Lead Plaintiff movant, on information and belief he has the most significant financial interest in the outcome of the case and is precisely the type of investor who should be appointed as Lead Plaintiff.

## II. THE CLAIMS ASSERTED

The Actions allege that LDK Solar Co. ("LDK") and certain of its officers and directors ("Defendants") violated the Securities Exchange Act of 1934 ("Exchange Act") by making false and misleading statements and failing to disclose information they had a duty to disclose, which conduct artificially inflated the price of LDK securities during the Class Period, causing harm to persons who acquired these securities during the Class Period. If appointed Lead Plaintiff Movant intends to assert these claims.

## III. ARGUMENT

Movant satisfies each of the requirements of the PSLRA and is therefore qualified for appointment as Lead Plaintiff in this Action. The PSLRA establishes a procedure for appointing the Lead Plaintiff in "each private action arising under the [Exchange Act or Securities Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(1). First, the plaintiff who files the initial action must publish a notice to the class within 20 days of filing the action, informing class members of their right to file a motion for appointment as Lead Plaintiffs. 15 U.S.C. § 78u-4(a)(3)(A)(i). Here, the first such notice here was published on October 9, 2007 and is available at http://www.marketwatch.com/news/story/coughlin-stoia-geller-rudman-/story.aspx?guid=%7B9BE26242-CA2E-41C4-973F-6E8A7DB41876%7D.

The PSLRA further provides that within 90 days after the publication of the notice of pendency, or as soon as practicable after the actions have been consolidated, the Court shall consider any motion made by a class member and "shall appoint as Lead Plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i). To make this determination:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this title is the person or group of persons that –
>
> (aa) has either filed the complaint or made a motion in response to a notice. . . [within 60 days of publication of the notice]

    (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

    (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). As set forth below, Movant is the "most adequate plaintiff" and should be appointed as the Lead Plaintiff.

  A. <u>Movant Has Satisfied The PSLRA's Procedural Requirements</u>

The 60-day time period during which applications for appointment as the Lead Plaintiff may be made expires on December 10, 2007. Movant has moved within the statutory 60-day time period and is willing to serve as a representative party on behalf of the Class.

  B. <u>Movant has the Largest Financial Interest</u>

Movant is presumptively the most adequate plaintiff because, on information and belief, he has the largest financial interest in the relief sought by the Class of Lead Plaintiff movant. As of this filing, Movant does not know of any motion for appointment as Lead Plaintiff by a class member who claims to have sustained a greater financial loss during the Class Period.

  C. <u>Movant Satisfies the Requirements of Rule 23</u>

In addition to meeting the requirements set forth above, a Lead Plaintiff must preliminarily fulfill the requirements of Rule 23 of the Federal Rules of Civil Procedure. Rule 23(a) provides that certification of a plaintiff class is appropriate if the following prerequisites are met:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Only two of these prerequisites—typicality and adequacy—directly address individual characteristics of class representatives. Consequently, in deciding a Lead Plaintiff motion, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the Lead Plaintiff moves for class certification. *Takeda v. Turbodyne Technologies*, 67 F. Supp. 2d 1129, 1131-1135 (C.D. Cal. 1999); *In re*

*Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 49 (S.D.N.Y. 1998).  This is supported by the PSLRA, which provides that the most adequate plaintiff presumption may be rebutted only by proof that the plaintiff "will not fairly and adequately protect the interests of the class; or . . . is subject to unique defenses that render such plaintiff incapable of adequately representing the class."  15 U.S.C. §78u-4(a)(3)(B)(iii)(II).

Here, Movant purchased LDK stock during the Class Period: (a) at prices alleged to have been artificially inflated by the false and misleading statements issued by Defendants; and (b) was damaged by the alleged fraud.  "Typicality … is said to require that the claims of the class representatives be typical of those of the class, and to be satisfied when each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability." *Armstrong v. Davis*, 275 F.3d 849, 868 (9th Cir. 2001) (internal quotation omitted).  Here, Movant's claim and the other class members' claims arise from the same course of alleged misrepresentations by Defendants.  Movant and all other class members will require the same arguments to prove Defendants' liability.  As Movant's claims are co-extensive with those of the other class members, he satisfies the typicality requirement of Rule 23(a).  *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998) ("Under the rule's permissive standards, representative claims are 'typical' if they are reasonably co-extensive with those of absent class members; they need not be substantially identical.").

Movant is also an adequate representative of the Class.  "Resolution of two questions determines legal adequacy: (1) do the named plaintiffs and their counsel have any conflicts of interest with other class members and (2) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class?"  *Hanlon*, 150 F.3d at 1020.  Movant has no conflicts of interest and the Court has directed that selection of lead counsel be deferred.  Movant has indicated that he will protect the interests of the Class and that he will appear before the Court at the hearing on Lead Plaintiff motions.

### IV. CONCLUSION

In light of the foregoing, Movant requests that the Court appoint him to serve as Lead Plaintiff in this Action and grant such other relief as the Court deems proper.

Dated: November 21, 2007

COHEN, MILSTEIN, HAUSFELD
 & TOLL, P.L.L.C.

/s/Michael P. Lehmann
Michael P. Lehmann
Cohen, Milstein, Hausfeld & Toll, P.L.L.C.
California Bar No. 77152
One Embarcadero Center
Suite 526
San Francisco, CA 94111
Telephone:    (415) 623-2047
Facsimile:    (415)-433-5994


Cohen, Milstein, Hausfeld & Toll, P.L.L.C.
Steven J. Toll
Daniel S. Sommers
Matthew B. Kaplan
1100 New York Avenue, N.W.
West Tower, Suite 500
Washington, D.C. 20005
Telephone: (202) 408-4600
Facsimile: (202) 408-4699

Counsel for Movant Shahpour Javidzad