Cohen, Milstein, Hausfeld & Toll, P.L.L.C.
Michael P. Lehmann
California Bar No. 77152
One Embarcadero Center
Suite 526
San Francisco, CA 94111
Telephone:   (415) 623-2047
Facsimile:   (415)-433-5994

Cohen, Milstein, Hausfeld & Toll, P.L.L.C.
Steven J. Toll
Daniel S. Sommers
Matthew B. Kaplan
1100 New York Avenue, N.W.
Suite 500, West Tower
Washington, DC 20005
Telephone:   (202) 408-4600
Facsimile:   (202) 408-4699

Counsel for Movant Shahpour Javidzad

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE LDK SOLAR SECURITIES LITIGATION, <br><br> This document relates to: ALL ACTIONS . | Master File No. C-07-05182-WHA <br><br> **MOTION OF SHAHPOUR JAVIDZAD FOR RELIEF FROM THE COURT'S SCHEDULING ORDER; MEMORANDUM IN SUPPORT THEREOF** <br><br> **CLASS ACTION** <br><br> Date:    January 3, 2008 <br> Time:   8:00 a.m. <br> Judge:  Hon. William Alsup <br> Courtroom: Courtroom 9, 19th Floor |

## NOTICE OF MOTION AND MOTION

PLEASE TAKE NOTICE that on January 3, 2008, at 8:00 a.m., or at such other time as shall be set by the Court, before the Hon. William Alsup at the United States Courthouse located at 450 Golden Gate Ave., San Francisco, CA 94102, Shahpour Javidzad ("Movant") will move, and hereby does move, the Court for an order providing relief from the Court's November 14 Scheduling Order.

Movant makes this motion on the grounds that the Scheduling Order, which requires that motions to be appointed Lead Plaintiff in this case be filed by today, is inconsistent with the Private Securities Litigation Reform Act ("PSLRA"). In the alternative, Movant seeks relief pursuant to Rule 6(b)(1) of the Federal Rules of Civil Procedure on the grounds that, absent such relief, he and other absent class members would not have a fair opportunity to seek appointment as Lead Plaintiff. This motion is based on this Notice of Motion and Motion and accompanying Memorandum, the pleadings and other filings in this matter, the Declaration of Matthew B. Kaplan which accompanies this Motion, and such other written or oral argument permitted by the Court.

In order to protect his rights and attempt to comply with the Order, Movant is filing contemporaneously with this Motion a Motion seeking his appointment as Lead Plaintiff. Because Movant only learned of the Court's deadline yesterday, however, Movant is unable to provide all the information normally provided with a Lead Plaintiff motion, including the details concerning all of his trades and the amount of his losses calculated in accordance with the requirements of the PSLRA. If this Motion for Relief is granted, Movant will supplement his Lead Plaintiff Motions to provide additional information, such as his transactional information, loss calculations, and the completed Questionnaire, to aid the Court in deciding who should be appointed Lead Plaintiff.

# MEMORANDUM OF POINTS AND AUTHORITIES

Movant Shahpour Javidzad respectfully moves for relief from the Court's November 21 deadline for filing a Lead Plaintiff motion, the various materials that ordinarily accompany such a motion, and the Questionnaire issued by the Court, on the grounds that, under the PSLRA, members of the proposed Class—including members who, like Mr. Javidzad, were not served with the Court's Order establishing the deadline because they are not named plaintiffs in this litigation—have until December 10 to move to be appointed Lead Plaintiff in this case. Even if the Court concludes that the PSLRA does not mandate a December 10 deadline, it should nevertheless exercise the discretion granted by Rule 6(b)(1) of the Federal Rules of Civil Procedure and extend the deadline until December 10, to ensure fairness to Movant and to other absent members of the class who may be unaware of the Court's ruling and who might otherwise seek to invalidate the Court's appointment of a Lead Plaintiff on the grounds that they did not have a reasonable opportunity to seek Lead Plaintiff status. The Court should also establish a revised briefing schedule consistent with any new deadline it may establish.

**Background**

The first complaint in this consolidated securities class action was filed on October 9, 2007.[1] On that same day the Coughlin Stoia law firm, which filed the complaint, issued a press release advising members of the proposed class that they could seek to be appointed lead plaintiff in the case by filing a lead plaintiff motion "no later than 60 days from today." Kaplan Decl. Ex. A. The sixtieth day after October 9, calculated in accordance with the Federal Rules of Civil Procedure, is December 10, 2007. *See* R. 6(a). Movant Shahpour Javidzad is a member of proposed class and intends to move to be appointed Lead Plaintiff.

---

[1] Also on October 9, another plaintiff filed a largely identical complaint in the Southern District of New York. Case No. 07-CV-8706-JGK (S.D.N.Y.).

In a November 14, 2007 Order (docket no. 9), the Court required that all motions for appointment as Lead Plaintiff be filed by November 21. In a subsequent Order (docket no. 10) the Court advised that any concerns about the November 21 deadline should be raised in "a formal motion filed with the Court." Neither Mr. Javidzad nor his attorneys were served with the Scheduling Order, which they only learned of on November 20.

**The Court Should Grant Relief Pursuant To The PSLRA.**

The Court should modify its scheduling order because its November 21 deadline is inconsistent with the PSLRA. "The PSLRA establishes a comprehensive scheme for selecting lead plaintiffs in securities class actions." *In re Leapfrog Enters. Sec. Litig.*, No. C-03-05421, 2005 U.S. Dist. LEXIS 44899, at *6 (N.D. Cal. July 5, 2005). Under this statutory scheme, class members have until December 10, 2007 to move for lead plaintiff status.

The PSLRA provides that any member of the proposed class—even a member who has not filed a complaint or intervened in a pending case—can seek to be appointed lead plaintiff. To provide notice to the proposed class members, the statute requires a plaintiff filing a securities class action to issue a public notice—such as the press release in this case issued by the Coughlin Stoia firm—advising potential class members "that, not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class." [2]  15 U.S.C. § 78u-4(a)(3)(A).

This 60-day filing requirement has universally been understood to mean that, after publication of the initial PSLRA mandated notice, "***any member of the purported plaintiff class then has 60 days*** from the date on which the notice is published to file a motion to be appointed lead plaintiff." *Schriver v. Impac Mortgage Holdings, Inc.*, No. SACV 06-31, 2006 U.S. Dist.

---

[2] No notice need be published with respect to subsequent complaints "asserting substantially the same claim or claims" *Id.*

LEXIS 40607, at *6-7 (N.D. Cal. May 1, 2006) (emphasis added); *see also In re: Cendant Corp. Sec. Litig.*, 404 F.3d 173, 194 n.11 (3d Cir. 2005) ("Putative class members may move to be considered as lead plaintiffs for 60 days after publication of the notice"). This court and other courts frequently refer to a sixty-day "window" in which any member of the class is entitled to seek appointment as lead plaintiff. *See, e.g., In re Vaxgen Sec. Litig.*, No. C 03-1129, 2004 U.S. Dist. LEXIS 29812, at *14 (N.D. Cal. Apr. 14, 2004) (referring to 60 day "window" for lead plaintiff motion); *Bhojwani v. Pistiolis*, No. 06 Civ. 13761, 2007 U.S. Dist. LEXIS 52139, at *9 n.2 (S.D.N.Y. June 26, 2007) (same); *Cordova v. Lehman Brothers, Inc.*, 237 F.R.D. 471, 476 (S.D. Fla. 2006) (same); *In re: XM Satellite Radio Holdings Sec. Litig.*, 237 F.R.D. 13, 17 (D.D.C. 2006) (same). Any shortening of this window is inconsistent with the statutory scheme.

Reducing the 60-day period would be especially unfair in this case, where absent class members may have relied on statements by counsel which advised—and continue to advise—class members that they have 60 days to seek lead plaintiff status. Counsel representing plaintiffs in each of the three cases consolidated into this litigation have information on their web sites suggesting that class members can wait until December 10 to make a lead plaintiff motion. *See, e.g.,* "Case Information," Schatz Nobel Izard P.C., web site, Kaplan Decl. Ex. B ("you may, no later than December 10, 2007, request that the Court appoint you as lead plaintiff"); press release, Abbey Spanier Rodd & Abrams, LLP web site, Kaplan Decl. Ex. C (identical language); chart, Coughlin Stoia Geller Rudman & Robbins LLP web site, Kaplan Decl. Ex. D (indicating on November 20 that Class members have 18 more days to seek lead plaintiff status). Counsel have apparently made no effort to advise absent class members of the November 21 deadline. Courts have recognized that investors reasonably rely on lawyer-provided information, even extending the sixty-day period when attorneys' announcements caused confusion about the last day to seek lead plaintiff status. *Janovici v. DVI, Inc.*, No. 2:03-CV-04795, 2003 U.S. Dist. LEXIS 22315, at

*30 (E.D. Pa. Nov. 26, 2003) (sixty day period can be extended where law firms published contradictory information on time to file lead plaintiff motion).

**In the Alternative The Court Should Grant Relief Pursuant to Rule 6(b)(1)**

If the Court does not believe that granting relief pursuant to the PSLRA is appropriate, it should nevertheless extend the deadline pursuant to Rule 6(b)(1) of the Federal Rules of Civil Procedure, which provides that, "for cause shown," a court may extend a deadline "if request therefore is made before the expiration of the period originally prescribed." Fed. R. Civ. Pro. 6(b)(1). "[A]n application for the enlargement of time under Rule 6(b)(1) normally will be granted in the absence of bad faith on the part of the party seeking relief or prejudice to the adverse party." 4 Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure, § 1165 (3d ed. 1998).

Here there is ample cause to extend the November 21 deadline. Through no fault of his own, Movant only learned of the Court's expedited schedule the day before the Court's deadline. Before Movant can seek lead plaintiff status he and his attorneys must review his records, calculate his damages in a manner consistent with the PSLRA, and accurately fill out the Court's Questionnaire. Movant cannot do this in a single day. No one in this case will be prejudiced by giving him a fair opportunity to ask the Court to appoint him as lead plaintiff. Movant and his counsel have endeavored to comply as fully as possible with the Court's directive by filing a Lead Plaintiff Motion today, but without the materials that normally accompanying such motions.

Furthermore, because it is subject to challenge on the grounds that it is inconsistent with the PSLRA, any deadline prior to December 10, although meant to expedite this case, may actually prolong it. Delay is likely if absent class members seek to invalidate the Court's designation of a lead plaintiff on the grounds that the Court prematurely considered lead plaintiff motions.

**Requested Relief**

For the reasons set forth above, the Court should extend the Lead Plaintiff deadline until December 10 and appropriately modify the briefing schedule it has established for deciding Lead Plaintiff motions.[3]

Dated: November 21, 2007

COHEN, MILSTEIN, HAUSFELD & TOLL, P.L.L.C.

By: /s/ Michael P. Lehmann
Michael P. Lehmann
Cohen, Milstein, Hausfeld & Toll, P.L.L.C.
California Bar No. 77152
One Embarcadero Center
Suite 526
San Francisco, CA 94111
Telephone:   (415) 623-2047
Facsimile:    (415)-433-5994

Steven J. Toll
Daniel S. Sommers
Matthew B. Kaplan
1100 New York Avenue, N.W.
Suite 500, West Tower
Washington, DC 20005
Telephone:   (202) 408-4600
Facsimile:    (202) 408-4699

Counsel for Movant Shahpour Javidzad

---

[3] Movant will attempt to provide the Court with information supporting his Lead Plaintiff motion as soon as possible after it has been obtained and its accuracy confirmed. But many other absent class members will likely continue to believe that they need to file anything with the Court until December 10.

MOTION OF SHAHPOUR JAVIDZAD FOR RELIEF FROM THE COURT'S SCHEDULING ORDER
MASTER FILE NO. C-07-05182-WHA
- 7 -