1  COUGHLIN STOIA GELLER
     RUDMAN & ROBBINS LLP
2  JEFFREY W. LAWRENCE (166806)
   100 Pine Street, 26th Floor
3  San Francisco, CA  94111
   Telephone:  415/288-4545
4  415/288-4534 (fax)
   jeffreyl@csgrr.com
5        – and –
   SAMUEL H. RUDMAN
6  DAVID A. ROSENFELD
   MARIO ALBA, JR.
7  58 South Service Road, Suite 200
   Melville, NY  11747
8  Telephone:  631/367-7100
   631/367-1173 (fax)
9  srudman@csgrr.com
   drosenfeld@csgrr.com
10 malba@csgrr.com

11 Counsel for Allan Candelore

12           UNITED STATES DISTRICT COURT

13           NORTHERN DISTRICT OF CALIFORNIA

14 In re LDK SOLAR SECURITIES          )   Master File No. C-07-05182-WHA
   LITIGATION                          )
15 _____     )   CLASS ACTION
                                       )
16 This Document Relates To:           )   MEMORANDUM OF POINTS AND
                                       )   AUTHORITIES IN FURTHER SUPPORT OF
17     ALL ACTIONS.                    )   ALLAN CANDELORE'S MOTION FOR
                                       )   APPOINTMENT AS LEAD PLAINTIFF
18 _____     )   AND IN OPPOSITION TO THE
                                           COMPETING MOTIONS
19
                                           DATE:          December 5, 2007
20                                         TIME:          2:00 p.m.
                                           COURTROOM:     9
21                                         JUDGE:         The Honorable
                                                          William H. Alsup
22

23

24

25

26

27

28

1    Allan Candelore respectfully submits this memorandum of law in further support of his

2    motion for appointment as Lead Plaintiff and in opposition to the competing motions.

3  **I.    PRELIMINARY STATEMENT**

4    On November 14, 2007, this Court issued an order (the "November 14 Order") setting forth

5    the precise requirements for those investors wishing to file motions for appointment as Lead Plaintiff

6    in this action.   Among other things, the November 14 Order directed that movants seeking

7    appointment as Lead Plaintiffs must complete and attach the questionnaire that was appended to the

8    November 14 Order and that any oppositions to those motions should be filed by November 27,

9    2007.

10    Almost two weeks have passed since the November 14 Order was issued and almost a full

11    week has passed since the motions for Lead Plaintiff were filed and one of the remaining movants

12    has still not filed the completed questionnaire or otherwise complied with the Court's November 14

13    Order.  Indeed, of all of the motions filed on November 21, 2007, only one investor, Mr. Candelore,

14    properly complied with the Court's requirements. The other three investors who filed motions that

15    day – Reza Karkonan, Inna Kreer, and Shahpour Javidzad – did not.  Tellingly, on November 27,

16    2007, Ms. Kreer filed a notice of withdrawal of her motion.

17    As described herein in detail, not only did Mr. Candelore fully comply with the Court's

18    November 14 Order, but he is also the only movant who satisfies the requirements of the Private

19    Securities Litigation Reform Act of 1995 (the "PSLRA") for appointment as Lead Plaintiff.  With a

20    loss of $36,867.30, Mr. Candelore represents the largest financial interest of all of those investors

21    who timely asserted their financial interest in this action and he is also otherwise adequate and

22    typical to represent the interests of the class in this action.

23    One of the other movants, Mr. Karkonan, grossly overstated his financial interest by failing

24    to include **all** of his Class Period trading on his certification.  Surprisingly, he only listed those Class

25    Period trades for which he had a loss and did not include those Class Period trades for which he had

26    a gain.  When all of his Class Period trades are considered, and the shares that he continued to hold

27    at the end of the Class Period are valued in accordance with the formula set out in the PSLRA, Mr.

28

MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF ALLAN
CANDELORE'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND IN OPPOSITION TO
THE COMPETING MOTIONS - Master File No. C-07-05182-WHA                                      - 1 -

1  Karkonan's claimed financial interest is dramatically reduced to below Mr. Candelore's financial

2  interest.

3      Lastly, Mr. Javidzad, the only other "movant," has not submitted any documentation to

4  evidence his interest, qualifications or ability to pursue this action.  He has not filed a certification,

5  he has not stated what his financial interest is, and he has not completed the Court's questionnaire.

6  Since it is impossible to evaluate his qualifications for Lead Plaintiff, his motion should be denied.

7      For these reasons, and as set forth below in further detail, it is respectfully submitted that the

8  Court should grant the motion of Allan Candelore in full, appoint him as Lead Plaintiff for the entire

9  class, and deny the competing motions.

10 **II.    ARGUMENT**

11     **A.    The Procedure Required by the PSLRA for the Appointment of Lead
            Plaintiff**
12
13     Section 21D of the PSLRA provides that in securities class actions, the courts "shall appoint

14 as lead plaintiff[s] the member or members of the purported plaintiff class that the court determines

15 to be most capable of adequately representing the interests of the class members."  15 U.S.C. §78u-

16 4(a)(3)(B)(i).  In determining which class member is "the most adequate plaintiff," the PSLRA

17 provides that:

18         [T]he court shall adopt a presumption that the most adequate plaintiff in any private
           action arising under this Act is the person or group of persons that

19         (aa) has either filed the complaint or made a motion in response to a notice. . .

20         (bb) in the determination of the court, has the largest financial interest in the relief
           sought by the class; *and*
21
22         (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil
           Procedure.

23 15 U.S.C. §78u-4(a)(3)(B)(iii)(I) (emphasis added).

24     The PSLRA establishes a rebuttable presumption that the most adequate plaintiff is the

25 person or entity with the largest financial interest in the relief sought.  As set forth herein, Allan

26 Candelore is the presumptive Lead Plaintiff and none of the other movants can offer any type of

27

28

1    proof to rebut that presumption. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii)(II) (stating that "proof" is

2    required to rebut the presumption afforded to the presumptive lead plaintiff).

### B.    Allan Candelore Should Be Appointed Lead Plaintiff

#### 1.    Allan Candelore Has the Largest Financial Interest in This Litigation

In *Cavanaugh*, the Ninth Circuit set forth the process district courts are to apply in selecting lead plaintiffs pursuant to the PSLRA. *See In re Cavanaugh*, 306 F.3d 726, 729-33 (9th Cir. 2002). First, "the district court must consider the losses allegedly suffered by the various plaintiffs" to determine which one has the largest financial interest. *See id*. at 729-30. Once the district court determines which movant has the greatest loss, it "must then focus its attention on ***that*** plaintiff and determine, based on the information [it] has provided in [its] pleadings and declarations, whether [it] satisfies the requirements of Rule 23(a)." *Id*. at 730 (emphasis in original). Finally, if the plaintiff with the largest loss also satisfies Rule 23, that plaintiff becomes the presumptive lead plaintiff. *Id*.

Allan Candelore's financial interest of $36,967 is the largest loss from among those investors seeking appointment as lead plaintiff.

##### a.    Reza Karkonan Has Grossly Overstated His Financial Interest

Mr. Karkonan, who claims a financial interest of "nearly $42,000," grossly overstated his financial interest. First, he failed to list ***all*** of his Class Period trades on his certification. Although his sworn certification states "[t]he following are all my transactions in LDK Solar Ltd. common stock that are the subject of this action during the Class Period specified in the Complaint," he only lists two purchases for a collective 1,400 shares and a corresponding sale of those 1,400 shares. These also appear to be the only trades that were considered for calculating Mr. Karkonan's losses. The backup data that was included in response to the Court's questionnaire, however, identifies numerous other trades that took place during the Class Period, but which were not listed on Mr.

1    Karkonan's certification.  When these trades are considered, as they must be,[1] Mr. Karkonan's loss is

2    reduced to $30,130.75.  *See* Exhibit A, attached hereto.

3           That is not the end of it, though.  Mr. Karkonan further overstated his losses by valuing the

4    shares of LDK Solar Ltd. stock that he held after the end of the Class Period in a manner inconsistent

5    with the PSLRA.  The PSLRA provides that a plaintiff's damages for shares sold after the class

6    period shall not exceed the "difference between the [] sale price [] received [] by the plaintiff for the

7    security and the mean trading price of the security during the period beginning immediately after

8    dissemination of information correcting the misstatement or omission and ending on the date on

9    which the plaintiff sells [] the security."  15 U.S.C. §78u-4(e)(2).  In other words, for shares sold

10   after the Class Period (but within the 90 days after the Class Period ended, *see id.*), the price used for

11   calculating damages is the ***higher*** of either: (i) the actual price sold; or (ii) the average closing price

12   of the stock until the date of the actual sale (the "mean trading price").

13          Mr. Karkonan reported his financial interest by valuing the 1,400 shares that he sold after the

14   end of the Class Period using the actual price sold ($34.00 per share) rather than the average closing

15   price of the stock until the actual date of sale ($41.15 per share). *See* 15 U.S.C. §78u-4(e)(2).  Thus,

16   as can be seen from the chart attached hereto as Exhibit B, Mr. Karkonan's losses in this case are

17   actually $20,127.75 – significantly less than Mr. Candelore's losses of $36,867.[2]

18

19

20   _____

21   [1]     For purposes of determining lead plaintiff, "the use of the longer, most inclusive class period

22   . . . is proper, as it encompasses more potential class members."  *In re Doral Fin. Corp. Sec. Litig.*, 414 F. Supp. 2d 398, 402-403 (S.D.N.Y. 2006).  In the case at hand, there were three actions filed in the Northern District of California ("N.D. Cal.") and four actions filed in the Southern District of

23   New York ("S.D.N.Y.").  In N.D. Cal., the longest Class Period alleged in the complaints is August 1, 2007 to October 8, 2007.  In S.D.N.Y., the longest Class Period alleged in the complaints is June

24   1, 2007 to October 8, 2007.  Since these are all related actions that will ultimately be proceeding in one jurisdiction with a single consolidated complaint, the most inclusive Class Period for purposes

25   of considering the lead plaintiff motions is June 1, 2007 to October 8, 2007.

26   [2]     In addition to not representing the largest financial interest, Mr. Karkonan also failed to comply with the Court's direction to "answer the [Court's] questions in [his] own handwriting."

27   Questionnaire at *3.

28

MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF ALLAN
CANDELORE'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND IN OPPOSITION TO
THE COMPETING MOTIONS - Master File No. C-07-05182-WHA          - 4 -

1

          **b.**      **Shahpour Javidzad Has Not Indicated If He Even Has a Financial Interest in this Litigation**

2

3        The only remaining movant, Mr. Javidzad, has not submitted any documentation to evidence

4 his interest, qualifications or ability to pursue this action.  He has not filed a certification, he has not

5 stated what his financial interest is, and he has not completed the Court's questionnaire.  Since it is

6 impossible to evaluate his qualifications for Lead Plaintiff, his motion should be denied.

        Accordingly, Mr. Candelore is the presumptive lead plaintiff in this action.

7

8     **C.**      **Allan Candelore Is Otherwise Adequate and Typical to Represent the Class in This Litigation**

9        In addition to possessing a significant financial interest, Allan Candelore also satisfies the

10 typicality and adequacy requirements of Rule 23.  Allan Candelore is typical because his claims arise

11 from the same course of conduct and the same operative facts that damaged the entire class.  *See*

12 *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998).

13        Allan Candelore is also adequate because: (i) his interests are not antagonistic to those of the

14 class; (ii) he has a sufficient interest in the outcome of the litigation to ensure that it will be

15 vigorously prosecuted; and (iii) he has selected counsel that has the human and financial resources to

16 expend and is able to prosecute this litigation vigorously and competently.  *See Schriver v. Impac*

17 *Mortg. Holdings, Inc.*, CASE NO.: SACV 06-31 CJC (RNBx), 2006 U.S. Dist. LEXIS 40607, at *36

18 (C.D. Cal. May 1, 2006) ("There is no real dispute among the movants regarding [] Coughlin

19 [Stoia]'s qualifications to prosecute this action.").

20        Accordingly, Allan Candelore should be appointed Lead Plaintiff.

21 **III.    CONCLUSION**

22        For all the reasons stated herein, Allan Candelore's motion for appointment as Lead Plaintiff

23 should be granted and the competing motions should be denied.

24 DATED:  November 27, 2007        COUGHLIN STOIA GELLER
                                  RUDMAN & ROBBINS LLP

25                                  JEFFREY W. LAWRENCE

26

27                                    /s/ *Jeffrey W. Lawrence*
                                JEFFREY W. LAWRENCE

28

1

2          100 Pine Street, 26th Floor
           San Francisco, CA 94111
3          Telephone: 415/288-4545
           415/288-4534 (fax)

4          COUGHLIN STOIA GELLER
              RUDMAN & ROBBINS LLP
5          SAMUEL H. RUDMAN
           DAVID A. ROSENFELD
6          MARIO ALBA, JR.
           58 South Service Road, Suite 200
7          Melville, NY 11747
           Telephone: 631/367-7100
8          631/367-1173 (fax)

9          *Counsel for Allan Candelore*

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF ALLAN
CANDELORE'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND IN OPPOSITION TO
THE COMPETING MOTIONS - Master File No. C-07-05182-WHA          - 6 -

**CERTIFICATE OF SERVICE**

I, Jeffrey W. Lawrence, hereby certify that on November 27, 2007, I caused a true

and correct copy of the attached:

    Memorandum Of Points And Authorities In Further Support Of Allan
    Candelore's Motion For Appointment As Lead Plaintiff And In
    Opposition To The Competing Motions

to be served: (i) electronically on all counsel registered for electronic service for this

case; and (ii) by first-class mail to any additional counsel.


                                                  */s/ Jeffrey W. Lawrence*
                                                  Jeffrey W. Lawrence

LDK SOLAR

Service List - 11/27/2007  (07-0211)

Page 1 of  2

**Counsel For Defendant(s)**

James J. Farrell
Latham & Watkins LLP
633 West Fifth St., Suite 4000
Los Angeles, CA  90071-2007
    213/485-1234
    213/891-8763 (Fax)


**Counsel For Plaintiff(s)**

Arthur N. Abbey
Nancy  Kaboolian
Abbey Spanier Rodd Abrams & Paradis, LLP
212 East 39th Street
New York, NY  10016
    212/889-3700
    212/684-5191 (Fax)

Michael P. Lehmann
Cohen, Milstein, Hausfeld & Toll, PLLC
1 Embarcadero Center, Suite 526 A&B
San Francisco, CA  94111
    415/623-2048
    415/623-2049 (Fax)

Mario  Alba, Jr.
Coughlin Stoia Geller Rudman & Robbins LLP
58 South Service Road, Suite 200
Melville, NY  11747
    631/367-7100
    631/367-1173 (Fax)

Jeffrey W. Lawrence
Coughlin Stoia Geller Rudman & Robbins LLP
100 Pine Street, Suite 2600
San Francisco, CA  94111-5238
    415/288-4545
    415/288-4534 (Fax)

Susan G. Kupfer
Glancy Binkow & Goldberg LLP
455 Market Street, Suite 1810
San Francisco, CA  94105
    415/972-8160
    415/972-8166 (Fax)

Lionel Z. Glancy
Glancy Binkow & Goldberg LLP
1801 Avenue of the Stars, Suite 311
Los Angeles, CA  90067
    310/201-9150
    310/201-9160 (Fax)

LDK SOLAR

Service List - 11/27/2007   (07-0211)

Page 2 of  2

Michael F. Ram
Levy, Ram & Olson, LLP
639 Front Street, 4th Floor
San Francisco, CA  94111
   415/433-4949
   415/433-7311 (Fax)

Andrew M. Schatz
Jeffrey S. Nobel
Mark P. Kindall
Schatz Nobel Izard, P.C.
One Corporate Center
20 Church Street, Suite 1700
Hartford, CT  06103
   860/493-6292
   860/493-6290 (Fax)

Robert M. Roseman
David  Felderman
Spector, Roseman & Kodroff, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA  19103
   215/496-0300
   215/496-6611 (Fax)

LDK SOLAR
Supplement Email Service List – 11/27/07
Page Three

| Name | Email |
|------|-------|
| James J. Farrell | james.farrell@lw.com |
| Arthur N. Abbey | aabbey@abbeyspanier.com |
| Nancy Kaboolian | nkaboolian@abbeyspanier.com |
| Richard B. Margolis | rmagolis@abbeyspanier.com |
| Susan G. Kupfer | skupfer@glancylaw.com |
| Lionel Z. Glancy | info@glancylaw.com |
| Michael F. Ram | mfr@lrolaw.com |
| Andrew M. Schatz | aschatz@snilaw.com |
| Jeffrey S. Nobel | jnobel@snilaw.com |
| Robert M. Roseman | rroseman@srk-law.com |
| David Felderman | dfelderman@srk-law.com |
| Michael P. Lehmann | mlehmann@cmht.com |

# Mailing Information for a Case 3:07-cv-05182-WHA

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Mary K. Blasy**
  maryb@lerachlaw.com,e_file_sf@lerachlaw.com

- **Mark P. Kindall**
  firm@snlaw.net,mkindall@snlaw.net

- **Jeffrey W. Lawrence**
  jeffreyl@csgrr.com,e_file_sf@csgrr.com,e_file_sd@csgrr.com

- **Michael Paul Lehmann**
  mlehmann@cmht.com,gmgray@furth.com,newman@furth.com,jramos@furth.com,czapanta@furt

- **Michael Francis Ram**
  mfr@lrolaw.com,amw@lrolaw.com

- **Darren Jay Robbins**
  e_file_sd@csgrr.com

- **Shawn A. Williams**
  shawnw@csgrr.com,travisd@csgrr.com,moniquew@csgrr.com,e_file_sf@csgrr.com,cwood@csgr

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)