Cohen, Milstein, Hausfeld & Toll, P.L.L.C.
Michael P. Lehmann
California Bar No. 77152
One Embarcadero Center
Suite 2440
San Francisco, CA 94111
Telephone:     (415) 986-3321
Facsimile:      (415) 986-3643

Cohen, Milstein, Hausfeld & Toll, P.L.L.C.
Steven J. Toll
Daniel S. Sommers
Matthew B. Kaplan
1100 New York Avenue, N.W.
Suite 500, West Tower
Washington, DC  20005
Telephone:     (202) 408-4600
Facsimile:      (202) 408-4699

Counsel for Movant Shahpour Javidzad

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE LDK SOLAR SECURITIES LITIGATION<br><br>This Document Relates to:<br>ALL ACTIONS | MASTER FILE NO.: C-07-05182-WHA<br><br>**SUPPLEMENTAL NOTICE OF MOTION AND MOTION OF SHAHPOUR JAVIDZAD FOR APPOINTMENT AS LEAD PLAINTIFF; MEMORANDUM IN SUPPORT THEREOF**<br><br><u>CLASS ACTION</u><br><br>Date:   January 3, 2008<br>Time: 9:00 a.m.<br>Judge: Hon. William Alsup<br>Courtroom: Courtroom 9, 19th Floor |

## NOTICE OF MOTION AND MOTION

PLEASE TAKE NOTICE that on January 3, 2007, at 9:00 a.m., or at such other time as shall be set by the Court, before the Hon. William Alsup at the United States Courthouse located at 450 Golden Gate Ave., San Francisco, California 94102, Shahpour Javidzad ("Movant") will move, and hereby does move, the Court for an order appointing Movant as Lead Plaintiff in this class action litigation.  This Notice of Motion and Motion and Memorandum in Support Thereof supplements and replaces in its entirety Mr. Javidzad's November 21, 2007 Notice of Motion and Motion and Memorandum in Support Thereof (docket no. 23), as authorized by the Court's Order of November 30, 2007 (docket no. 35).

Movant makes this motion on the grounds that he is the "most adequate plaintiff" under the Private Securities Litigation Reform Act ("PSLRA"), 15 U.S.C. § 78u-4.  This motion is based on this Notice of Motion and Motion and accompanying Memorandum, the accompanying Declaration of Matthew B. Kaplan, the pleadings and other filings in this matter, and such other written or oral argument permitted by the Court.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

Movant respectfully submits this memorandum of law in support of his motion for an order appointing him as Lead Plaintiff in this consolidated class action.  On information and belief Movant has the most significant financial interest in the outcome of the case and is precisely the type of investor who should be appointed as Lead Plaintiff.

### II.   THE CLAIMS ASSERTED

The complaints in this consolidated litigation allege that Defendants—LDK Solar Co. ("LDK") and certain of its officers and directors—violated the Securities Exchange Act of 1934 ("Exchange Act") by making false and misleading statements and failing to disclose information they had a duty to disclose, which conduct artificially inflated the price of LDK common stock (traded in the United States as American Depository Receipts) during the Class Period, August 1

through October 8, 2007,[1] causing harm to persons who engaged in transactions in LDK securities during the Class Period.  If appointed Lead Plaintiff Movant intends to assert these claims.

## III.    ARGUMENT

Movant satisfies each of the requirements of the PSLRA and is therefore qualified for appointment as Lead Plaintiff in this Action.  The PSLRA establishes a procedure for appointing the Lead Plaintiff in "each private action arising under the [Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure."  15 U.S.C. § 78u-4(a)(1).  First, the plaintiff who files the initial action must publish a notice to the class within 20 days of filing the action, informing class members of their right to file a motion for appointment as Lead Plaintiffs.  15 U.S.C. § 78u-4(a)(3)(A)(i).  Here, the first such notice here was published on October 9, 2007 and is available at http://www.marketwatch.com/news/story/coughlin-stoia-geller-rudman-/story.aspx?guid=%7B9BE26242-CA2E-41C4-973F-6E8A7DB41876%7D.

The PSLRA further provides that within 90 days after the publication of the notice of pendency, or as soon as practicable after the actions have been consolidated, the Court shall consider any motion made by a class member and "shall appoint as Lead Plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members."  15 U.S.C. § 78u-4(a)(3)(B)(i).  To make this determination:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this title is the person or group of persons that –
>
>> (aa)    has either filed the complaint or made a motion in response to a notice. . . [within 60 days of publication of the notice,]

---

[1] The complaints in this consolidated litigation have differing class periods.  The Class Period in the Greenwald complaint, no. 07-5259, is from August 1, 2007 through October 8, 2007.  The Class Period in the Candelore (no. 07-5182), O'Reilly (no. 07-5205) and Karkonan (no. 07-5752) complaints, is from August 1 through October 3.  August 1, 2007 through October 8, 2007 is the appropriate class period to use for determining who should be appointed lead plaintiff because "the use of the longer, most inclusive class period…is proper, as it encompasses more potential class members." *In re Doral Fin. Corp. Sec. Litig.*, 414 F. Supp. 2d 398, 402-403 (S.D.N.Y. 2006).

1
2
        (bb)    in the determination of the court, has the largest financial interest in the relief sought by the class; and

3
        (cc)    otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

4
5
6
15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).  As set forth below, Movant is the "most adequate plaintiff" and should be appointed as the Lead Plaintiff.

7
    A.   <u>Movant Has Satisfied The PSLRA's Procedural Requirements</u>

8
9
10
    The 60-day time period during which applications for appointment as the Lead Plaintiff may be made expires on December 10, 2007.  Movant has moved within the statutory 60-day time period and is willing to serve as a representative party on behalf of the Class.

11
12
13
    Movant has also filled out and filed with this motion, as Attachment A to the Declaration of Matthew B. Kaplan, the Court Questionnaire to Lead Plaintiff Candidates that the Court instructed Lead Plaintiff Movants to complete (docket no. 9).

14
    B.   <u>Movant has the Largest Financial Interest</u>

15
16
17
18
19
20
21
    Movant is presumptively the most adequate plaintiff because, on information and belief, he has the largest financial interest in the relief sought by the Class of any Lead Plaintiff movant.  As set forth in great detail in Attachments B and C to the accompanying Declaration of Matthew B. Kaplan, as a result of his transactions in LDK securities during the Class Period Movant suffered losses of approximately $1,499,599.[2]  The vast majority of these losses were the direct result of Movant's purchases of LDK common stock during the Class Period.  The balance was the result of options transactions during the class period.[3]

22

23
24
25
    [2] The losses suffered by Movant, as detailed herein, are not the same as legally compensable damages, measurement of which is often a complex legal question that generally cannot be determined at this stage of the litigation.  The approximate losses can, however, be determined from information from the Movant and publicly available information concerning the market for LDK securities.

26
27
28
    [3] Most of Mr. Javidzad's options transactions during the Class Period consisted of the writing of put options.  Generally, individuals who write put options, like purchasers of the underlying common stock, believe that the price of the common stock will increase.  Mr. Javidzad lost a substantial amount on his options transactions, however, because, instead of increasing, the price of LDK stock dropped sharply when the information about fraudulent conduct at LDK was revealed to the market.

As of this filing, Movant does not know of any motion for appointment as Lead Plaintiff by a class member who claims to have sustained a greater financial loss as a result of his transactions during the Class Period.

C.    <u>Movant Satisfies the Requirements of Rule 23</u>

In addition to meeting the requirements set forth above, a Lead Plaintiff must preliminarily fulfill the requirements of Rule 23 of the Federal Rules of Civil Procedure. Rule 23(a) provides that certification of a plaintiff class is appropriate if the following prerequisites are met:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Only two of these prerequisites—typicality and adequacy—directly address individual characteristics of class representatives. Consequently, in deciding a Lead Plaintiff motion, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the Lead Plaintiff moves for class certification. *Takeda v. Turbodyne Technologies*, 67 F. Supp. 2d 1129, 1131-35 (C.D. Cal. 1999); *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 49 (S.D.N.Y. 1998). This is supported by the PSLRA, which provides that the most adequate plaintiff presumption may be rebutted only by proof that the plaintiff "will not fairly and adequately protect the interests of the class; or . . . is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

Here, Movant purchased LDK common stock during the Class Period: (a) at prices alleged to have been artificially distorted by the false and misleading statements issued by Defendants; and (b) was damaged by the alleged fraud. "Typicality … is said to require that the claims of the class representatives be typical of those of the class, and to be satisfied when each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability." *Armstrong v. Davis*, 275 F.3d 849,

868 (9th Cir. 2001) (internal quotation omitted). Here, Movant's claim and the other class members' claims arise from the same course of alleged misrepresentations by Defendants. Movant and all other class members will require the same arguments to prove Defendants' liability. As Movant's claims are co-extensive with those of the other class members, he satisfies the typicality requirement of Rule 23(a). *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998) ("Under the rule's permissive standards, representative claims are 'typical' if they are reasonably co-extensive with those of absent class members; they need not be substantially identical.").

Movant is also an adequate representative of the Class. "Resolution of two questions determines legal adequacy: (1) do the named plaintiffs and their counsel have any conflicts of interest with other class members and (2) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class?" *Hanlon*, 150 F.3d at 1020. Movant has no conflicts of interest and the Court has directed that selection of lead counsel be deferred. Movant has indicated that he will protect the interests of the Class and that he will appear before the Court at the hearing on Lead Plaintiff motions.

Additional factors weigh in favor of appointing Mr. Javidzad as Lead Plaintiff. Mr. Javidzad is an experienced investor willing and able to and oversee the prosecution of this litigation by Class Counsel. Moreover, the fact that he is a resident of California will facilitate his ability to monitor this case.

## IV. **CONCLUSION**

In light of the foregoing, Mr. Javidzad requests that the Court appoint him to serve as Lead Plaintiff in this Action and grant such other relief as the Court deems proper.

Dated: December 10, 2007                         COHEN, MILSTEIN, HAUSFELD
                                                                         & TOLL, P.L.L.C.

                                                                /s/Michael P. Lehmann
                                                          Michael P. Lehmann
                                                          Cohen, Milstein, Hausfeld & Toll, P.L.L.C.
                                                          California Bar No. 77152
                                                          One Embarcadero Center
                                                          Suite 2440
                                                          San Francisco, CA 94111
                                                          Telephone:    (415) 986-3321
                                                          Facsimile:    (415) 986-3643

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Cohen, Milstein, Hausfeld & Toll, P.L.L.C.
Steven J. Toll
Daniel S. Sommers
Matthew B. Kaplan
1100 New York Avenue, N.W.
West Tower, Suite 500
Washington, D.C. 20005
Telephone: (202) 408-4600
Facsimile: (202) 408-4699

**Counsel for Movant Shahpour Javidzad**