IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLAN CANDELORE, on behalf of himself and all others similarly situated<br><br>Plaintiff,<br><br>v.<br><br>LDK SOLAR CO., LTD. LDK SOLAR USA, INC., XIAOFENG PENG and JACK K. LAI,<br><br>Defendants. | No. C 07-05182 WHA<br><br>**COURT QUESTIONNAIRE TO LEAD PLAINTIFF CANDIDATES** |

TO EACH LEAD PLAINTIFF CANDIDATE:

The Court appreciates your interest in serving as the lead plaintiff in this lawsuit. You must personally read this statement of duties of the lead plaintiff and how class counsel will be selected and approved. It is important for you to understand that the lead plaintiff will have to take an active role in managing the lawsuit. You could not, if selected, simply leave the case for counsel to handle.

In 1996, our Congress enacted a statute known as the Private Securities Litigation Reform Act (PSLRA). The PSLRA seeks to place a real investor, not a lawyer, in charge of any securities class action. To do this, the PSLRA created a statutory position of responsibility called "the lead plaintiff." This officer acts as a fiduciary for all members of the proposed class and must manage the case to obtain the largest recovery for the proposed class consistent with good faith and meritorious advocacy.

      Over the course of the litigation, the lead plaintiff must take affirmative steps to keep himself or herself reasonably informed on the progress and status of the case, including its strengths and weaknesses, the prospects for settlement, and the resources invested in the suit or proposed to be invested. With respect to each major litigation decision — such as important motions, settlement discussions and trial preparation — the lead plaintiff shall have the authority and responsibility to manage the case and to direct class counsel, after, of course, receiving the advice of class counsel. The lead plaintiff shall meet in person with counsel periodically, shall attend all major hearings and mediation sessions, and shall attend trial. And, of course, the lead plaintiff must give deposition and trial testimony. No settlement will be approved by the Court without the lead plaintiff's careful recommendation in favor of it. Reasonable travel, telephone and business expenses incurred as a result of the lead plaintiff duties may be reimbursed as expenses from any recovery or may be advanced by class counsel.

      The first obligation of the lead plaintiff will be to select and propose class counsel for court approval, an important choice that will warrant care and due diligence. No decision by the lead plaintiff is more important than the selection of class counsel. Like any other important decision by a fiduciary, the decision should be preceded by due diligence. The extent of such due diligence will be a matter of judgment based on the facts and circumstances. Significantly, even if you have already retained a lawyer for yourself in this matter, if you are selected as the lead plaintiff, you would assume a higher responsibility, and would then be obligated to undertake due diligence appropriate to the higher responsibility. In selecting class counsel, you could not automatically keep your present lawyer.

      In selecting class counsel, the lead plaintiff has an obligation to assess the trial and securities track records of the specific lawyer candidate who would perform the actual work for the class. This requires evaluation of particular, individual lawyers. In exercising due diligence, it is also important to compare fees and expenses proposed by the candidates, *i.e.*, to comparison shop. In securities class actions, class counsel are usually awarded a fee (plus all reasonable expenses) from the recovery. Only the leftover residue is distributed to the class. The greater the fees and expenses, therefore, the less will be available for the investors. It is not

uncommon for fees and expenses, plus the costs of administration and distribution, to reduce the individual plaintiffs' recovery to a few cents per share. In the Court's experience, excellent candidates will differ substantially in their up-front fee proposals. In one securities case, for example, the fee proposals of excellent candidates varied from as low as eight percent to over twenty-five percent of the eventual recovery. The lead plaintiff has an obligation to the investor class to take such potential savings into account.

Depending upon the facts and circumstances, the Court may require the lead plaintiff to evaluate competitive proposals from various lawyers seeking the job of class counsel, including from his or her present counsel. (If so, the Court would post an order soliciting proposals and arrange for the proposals to be delivered to the lead plaintiff.) It is important to the Court, in evaluating the qualifications of lead-plaintiff candidates, to know in advance that the lead-plaintiff candidate is fully prepared to carry out his or her lead-plaintiff responsibilities, as outlined above, and to fully comply with any such process and fully prepared to serve as lead plaintiff even if his or her present counsel is not selected and/or approved as class counsel.

With the benefit of the foregoing information, please answer the following questions in your own handwriting:

1. State your name, address, phone and fax number.

   Shahpour Shawn Javidzad
   1135 Carolyn Way Beverly Hills, CA 90210
   Tel (310) 345-5977  Fax (310) 388-5953

2. What are your qualifications to be the lead plaintiff?

   I have been active in the stock market as an individual investor for the past 16 years. I own and operate various businesses. I have sustained a considerable loss because of LDK solar actions.

3. If you are an institutional investor or other organization, identify the individual who would primarily be in charge of managing your litigation responsibilities as the lead

1  plaintiff and the individual's experience and qualifications. State the location of the
2  individual's workplace.
3  N/A

4. What experience have you had in managing litigation? If you are an institution or organization, do you have an in-house counsel and, if so, what would be his or her role in this case if you were selected as lead plaintiff?

As an individual businessman I have confronted many different kinds of legal litigations in the past 25 years. I have dealt with various professional, unprofessional, ethical & unethical attorneys & individuals. I've experienced a lot.

5. List each transaction you made in the securities at issue up to the present (not just during the class period), including the dollar amounts, the number of shares, the price, and the dates. As to each, were they open-market transactions or negotiated transactions? To what extent were your transactions in the United States versus abroad?

Please see attached.

6. Are there any circumstances that might give rise to possible issues asserted against you that would not generally apply against the rest of the class? Have you ever been convicted of a crime? If so, state the circumstances. Have you ever been sued in a fraud suit? If so, state the circumstances.

United States District Court
For the Northern District of California

4

1  No.

7. Do you have the time and are you willing to travel as needed to carry out the lead-plaintiff responsibilities described above?

Yes.

8. Is your willingness to serve as a lead plaintiff contingent on being reimbursed by counsel for your expenses in the event there is no recovery in the case?

No.

9. Who prepared and/or reviewed the answers given above? Did any lawyer assist in any way? If so, identify each such lawyer.

I am Providing The answers & will forward This form To The firm of Cohen, Milstein, Hausfeld & Toll.

10. List each previous case in which the lead-plaintiff candidate has been a lead plaintiff.

None.

Read the following and if you agree with the following, insert your name in the blank and then sign below.

I have read and understand the above, including the duties of lead plaintiff and the procedure for selecting and approving class counsel. I agree and promise to faithfully execute those provisions. Once class counsel are selected and approved, I will work and cooperate fully with such counsel for the benefit of the investor class and will do so regardless of whether the selection-and-approval process for counsel results in appointment of lawyers other than my initial choice.

5

I certify under penalty of perjury that the foregoing is true and correct.

Dated: Dec, 5, 07

_____
Lead Plaintiff Candidate

_____
Name of Lead-Plaintiff Candidate if Organization

_____
Title of Person Signing on Behalf of Organization

**Transactions in LDK Securities**

| trade date | stock/option | purchase/sale | price | shares | amount (w/out commission) | commission | fees | service charge | total amt paid (received) | open/close | exp date | strike price |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **stock transactions** | | | | | | | | | | | | |
| 10/1/2007 | stock | purchase | $69.81 | 10,000 | $698,136.00 | $400.00 | $0 | $5 | $698,541.00 | | | |
| 10/3/2007 | stock | purchase | $66.92 | 5,000 | $334,615.00 | $250.00 | | | $334,865.00 | | | |
| 10/3/2007 | stock | purchase | $63.26 | 15,000 | $948,900.00 | $600.00 | | | $949,500.00 | | | |
| 10/3/2007 | stock | purchase | $61.52 | 5,000 | $307,600.00 | $250.00 | | | $307,850.00 | | | |
| 10/3/2007 | stock | purchase | $60.00 | 5,000 | $300,000.00 | $250.00 | | | $300,250.00 | | | |
| 10/3/2007 | stock | purchase | $57.87 | 5,000 | $289,328.00 | $250.00 | $5 | | $289,583.00 | | | |
| 10/3/2007 | stock | purchase | $58.00 | 5,000 | $290,000.00 | $250.00 | | | $290,250.00 | | | |
| 10/4/2007 | stock | purchase | $45.94 | 5,000 | $229,722.00 | $250.00 | | $5 | $229,977.00 | | | |
| 10/4/2007 | stock | sale | $47.00 | (5,000) | ($235,000.00) | $250.00 | $4 | $5 | ($234,741.40) | | | |
| 10/5/2007 | stock | purchase | $48.99 | 5,000 | $244,954.00 | $250.00 | | | $245,204.00 | | | |
| 10/5/2007 | stock | purchase | $46.42 | 5,000 | $232,081.00 | $250.00 | $0 | $5 | $232,336.00 | | | |
| 10/8/2007 | stock | purchase | $70.00 | 9,000 | $630,000.00 | $380.00 | $0 | $5 | $630,385.00 | | | |
| 10/12/2007 | stock | purchase | $70.00 | 1,900 | $133,000.00 | $133.00 | $0 | $5 | $133,138.00 | | | |
| 10/18/2007 | stock | purchase | $60.00 | 2,500 | $150,000.00 | $150.00 | $0 | $5 | $150,155.00 | | | |
| 10/18/2007 | stock | purchase | $70.00 | 2,500 | $175,000.00 | $75.00 | | | $175,075.00 | | | |
| 10/22/2007 | stock | purchase | $70.00 | 6,600 | $462,000.00 | $297.00 | | | $462,297.00 | | | |
| 10/22/2007 | stock | purchase | $60.00 | 7,500 | $450,000.00 | $337.50 | | | $450,337.50 | | | |
| 10/22/2007 | stock | purchase | $40.00 | 10,000 | $400,000.00 | $400.00 | $0 | $5 | $400,405.00 | | | |
| 10/24/2007 | stock | purchase | $37.20 | 10,000 | $372,000.00 | $400.00 | | | $372,400.00 | | | |
| 10/24/2007 | stock | purchase | $36.79 | 10,000 | $367,910.00 | $400.00 | $0 | $5 | $368,315.00 | | | |
| 10/24/2007 | stock | purchase | $37.00 | 10,000 | $370,000.00 | $400.00 | | | $370,400.00 | | | |
| 10/26/2007 | stock | sale | $37.99 | (30,000) | ($1,139,700.00) | $1,050.00 | $17 | $5 | ($1,138,627.56) | | | |
| 11/14/2007 | stock | sale | $29.33 | (25,500) | ($747,988.01) | $765.00 | $11 | $5 | ($747,206.56) | | | |
| 11/14/2007 | stock | sale | $29.38 | (1,100) | ($32,318.00) | $75.00 | $1 | | ($32,242.50) | | | |
| 11/15/2007 | stock | sale | $31.20 | (10,000) | ($312,000.00) | $400.00 | $5 | $5 | ($311,590.22) | | | |
| 11/15/2007 | stock | sale | $31.53 | (5,000) | ($157,649.00) | $250.00 | $2 | | ($157,396.58) | | | |
| 11/15/2007 | stock | sale | $32.49 | (8,400) | ($272,916.00) | $360.00 | $4 | | ($272,551.82) | | | |
| **options transactions (puts)** | | | | | | | | | | | | |
| 9/28/2007 | put | sale | $5.20 | (10,000) | ($52,000.00) | $350.00 | $1 | $5 | ($51,644.20) | open/uncvrd | 10/20/2007 | 70 |
| 10/1/2007 | put | sale | $5.50 | (10,000) | ($55,000.00) | $350.00 | $1 | $5 | ($54,644.15) | open/uncvrd | 10/20/2007 | 70 |
| 10/3/2007 | put | sale | $4.50 | (10,000) | ($45,000.00) | $350.00 | $1 | $5 | ($44,644.31) | open/uncvrd | 10/20/2007 | 60 |
| 10/12/2007 | put | purchase | $1.90 | 20,000 | $38,000.00 | $700.00 | | $5 | $38,705.00 | open | 10/20/2007 | 40 |
| 10/12/2007 | put | sale | $1.80 | (10,000) | ($18,000.00) | $325.00 | $0 | $5 | ($17,669.72) | open | 10/20/2007 | 40 |
| 10/12/2007 | put | sale | $1.90 | (20,000) | ($38,000.00) | $700.00 | $1 | $0 | ($37,299.41) | close | 10/20/2007 | 40 |
| **options transactions (calls)** | | | | | | | | | | | | |
| 10/5/2007 | call | sale | $3.50 | (10,000) | ($35,000.00) | $300.00 | $1 | | ($34,699.46) | open | 10/20/2007 | 55 |
| 10/5/2007 | call | sale | $4.00 | (4,500) | ($18,000.00) | $135.00 | $0 | | ($17,864.72) | open | 10/20/2007 | 55 |
| 10/5/2007 | call | sale | $3.10 | (10,000) | ($31,000.00) | $300.00 | $0 | $5 | ($30,694.52) | open | 10/20/2007 | 55 |
| 10/9/2007 | call | sale | $3.60 | (1,100) | ($3,960.00) | $38.50 | $0 | $5 | ($3,916.43) | open | 11/17/2007 | 60 |
| 10/10/2007 | call | sale | $2.50 | (3,400) | ($8,500.00) | $119.00 | $0 | $5 | ($8,375.86) | open | 11/17/2007 | 60 |
| 10/12/2007 | call | sale | $1.95 | (20,000) | ($39,000.00) | $700.00 | $1 | $5 | ($38,294.40) | open | 11/17/2007 | 60 |
| 10/23/2007 | call | sale | $1.35 | (50,000) | ($67,500.00) | $1,750.00 | $1 | $5 | ($65,743.96) | open | 11/17/2007 | 50 |

note: all transactions were made in the United States and none were privately negotiated

Dated December 5, 2007.  This chart was prepared by attorney Matthew B. Kaplan of Cohen, Milstein, Hausfeld & Toll, P.L.L.C. from transaction confirmations provided by Shahpour Javidzad and was approved by Shahpour Javidzad.