1  Cohen, Milstein, Hausfeld & Toll, P.L.L.C.
   Michael P. Lehmann
2  California Bar No. 77152
   One Embarcadero Center
3  Suite 2440
   San Francisco, CA 94111
4  Telephone:   (415) 986-3321
   Facsimile:   (415) 986-3643
5
   Cohen, Milstein, Hausfeld & Toll, P.L.L.C.
6  Steven J. Toll
   Daniel S. Sommers
7  Matthew B. Kaplan
   1100 New York Avenue, N.W.
8  Suite 500, West Tower
   Washington, DC 20005
9  Telephone:   (202) 408-4600
   Facsimile:   (202) 408-4699
10
   Counsel for Movant Shahpour Javidzad

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE LDK SOLAR SECURITIES LITIGATION<br><br>This Document Relates to:<br>ALL ACTIONS | MASTER FILE NO.: C-07-05182-WHA<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF SHAHPOUR JAVIDZAD'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND IN OPPOSITION TO COMPETING MOVANTS' MOTIONS FOR APPOINTMENT AS LEAD PLAINTIFF**<br><br><u>CLASS ACTION</u><br><br>Date:  January 3, 2008<br>Time:  9:00 a.m.<br>Judge: Hon. William Alsup<br>Courtroom: Courtroom 9, 19th Floor |

**ARGUMENT**

The sole issue before the Court is which of the three individuals who have moved to be appointed lead plaintiff in this consolidated securities class action should be appointed lead plaintiff.[1] The Private Securities Litigation Reform Act (PSLRA) establishes a relatively simple mechanism for appointing the lead plaintiff and, "[i]n the Ninth Circuit, courts must apply the statute in a strictly regimented manner." *In re Leapfrog Enter., Inc. Sec. Litig.*, No. C-03-05421, 2005 WL 3801587, at *2 (N.D. Cal. Nov. 23, 2005). The PSLRA provides that the lead plaintiff movant with the largest losses from the fraud that is the subject of the litigation must be appointed lead plaintiff, unless the movant clearly fails to meet the undemanding "adequacy" and "typicality" requirements for a class representative set forth in Rule 23(a) of the Federal Rules of Civil Procedure. "So long as the plaintiff with the largest losses satisfies the typicality and adequacy requirements, he is entitled to lead plaintiff status, even if the district court is convinced that some other plaintiff would do a better job." *In re Cavanaugh*, 306 F.3d 726, 732 (9th Cir. 2002). Since Mr. Javidzad's nearly $1.5 million in losses is, by far, the largest loss of any movant, and since he meets the requirements of Rule 23, he should be appointed lead plaintiff.

**I.    Mr. Javidzad Is The Presumptive Lead Plaintiff**

As the Ninth Circuit has emphasized, the procedure for appointing a lead plaintiff is clear:

> the district court must compare the financial stakes of the various plaintiffs and determine which one has the most to gain from the lawsuit. It must then focus its attention on *that* plaintiff and determine, based on the information he has provided in his pleadings and declarations, whether he satisfies the requirements of Rule 23(a), in particular those of "typicality" and "adequacy." If the plaintiff with the largest financial stake in the controversy provides information that satisfies these requirements, he becomes the presumptively most adequate plaintiff.

---

[1] The complaints in this case allege violations of the securities laws by LDK Solar Co. Ltd. ("LDK") and certain of its officers and directors.

*Id.* at 730 (footnotes omitted, emphasis in original).[2]

### A. Mr. Javidzad Has The Most To Gain From This Lawsuit

Mr. Javidzad has the largest loss of the three lead plaintiff movants and, consequently, he has the "most to gain from the lawsuit." His losses of $1,499,599[3] are more than 25 times greater than the $58,066 in losses claimed by Movant Frans Veldman, the movant with the next highest amount of losses.[4] Veldman Mem. at 1. The third movant, Allan Candelore, claims only $36,867 in losses. Candelore Mem. at 1. Even setting aside Mr. Javidzad's substantial losses from his options transactions, which were caused by the drop in the price of LDK stock following the disclosure of misconduct at LDK, Mr. Javidzad's $1,241,221 in losses from his purchases of LDK common stock during the class period is over $1 million more than the claimed losses of Veldman and Candelore combined.

### B. Mr. Javidzad Has Established A Prima Facie Case That He Meets The Requirements Of Rule 23

Mr. Javidzad's filings also establish that he meets the two prerequisites that Rule 23(a) requires of class representatives—"typicality" and "adequacy."[5] The tests for typicality and

---

[2] The two other lead plaintiff movants agree with Mr. Javidzad on the applicable law. *See* Mem. In Supt. of Mot. of Allan Candelore, Nov. 21, 2007 (docket no. 20) ("Candelore Mem.") at 4 (quoting PSLRA) (presumptive lead plaintiff is movant with the "largest financial interest in the relief sought by the class" who "satisfies the requirements of rule 23"); Mem. In Supt. of Mot. of Frans Veldman, Dec. 10, 2007 (docket no. 40). ("Veldman Mem.") at 6 (same).

[3] Mr. Javidzad's losses are set forth in detail in Exhibit B to the Declaration of Matthew B. Kaplan, Dec. 10, 2007 (docket no. 38-2) ("Kaplan Decl."), which was filed with Mr. Javidzad's lead plaintiff motion.

[4] On the same day it filed Veldman's lead plaintiff motion in this case, his proposed lead counsel, Murray, Frank & Sailer LLP, filed a lead plaintiff motion in three securities class actions brought against LDK in the Southern District of New York on behalf of another movant, Weichen G. Lui, who claims losses of "approximately $54,300." Mem. Of Law in Supt. of Mot. of Weichen G. Lui, Dec. 10, 2007 at 1, filed in *Tsang v. LDK Solar Co.*, No. 07-CV-8706; *Lui v. LDK Solar Co.*, No. 07-CV-8766; and *Halidou v. LDK Solar Co.*, No. 07-CV-9745 (all S.D.N.Y.). These cases allege essentially the same misconduct as the complaints in this case.

[5] The other two class action prerequisites set out in Rule 23(a), "numerosity" and "commonality," are not relevant in deciding PSLRA lead plaintiff motions because they are not related to the personal characteristics of a proposed class representative. *See Cavanaugh*, 306 F.3d at 730 & n.5.

---

adequacy are not demanding. Moreover, when appointing a lead plaintiff in a securities class action "[a] wide ranging analysis is not appropriate to determine whether [the presumptive lead plaintiff] has made a prima facie showing that he satisfies the requirements of Rule 23" and such an analysis "should be left for consideration on a motion for class certification." *Tanne v. Autobytel, Inc.*, 226 F.R.D. 659, 666 (C.D. Cal. 2005) (internal quotations omitted).

Typicality exists if the harm suffered by the representative "stems from the same event, practice, or course of conduct that forms the basis of the class claims and is based on the same legal or remedial theory." *Weisz v. Calpine Corp.*, No. 4:02-CV-1200, 2002 WL 32818827, at *8 (N.D. Cal. Aug. 19, 2002) (citation omitted). "Under Rule 23's permissive standards, representative claims are 'typical' if they are reasonably co-extensive with those of absent class members; they need not be substantially identical. Typicality thus entails an inquiry whether the named plaintiff's individual circumstances are markedly different or ... the legal theory upon which the claims are based differs from … the claims of other class members." *Tanne*, 226 F.R.D. at 667 (citing *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998) & *Takeda v. Turbodyne Techs., Inc.*, 67 F. Supp. 2d 1129, 1136-37 (C.D. Cal. 1999)) (internal quotations and brackets omitted).

Like all other members of the proposed class, Mr. Javidzad purchased LDK securities during the class period and suffered a loss when misconduct at LDK was revealed, causing the company's stock price to drop. His claim is typical of the claims of other class members.

Adequacy exists where "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a). "The Ninth Circuit has held that representation is 'adequate' when counsel for the class is qualified and competent, the representative's interests are not antagonistic to the interests of absent class members, and it is unlikely that the action is collusive." *Weisz,* 2002 WL 32818827, at *9 (quoting *Takeda*, 67 F. Supp. 2d at 1137, which cited *In re N. D. Cal., Dalkon Shield IUD Prod. Liab. Litig.*, 693 F.2d 847, 855 (9th Cir. 1982)).

Mr. Javidzad's interests are aligned with the interests of the other class members, this is clearly not a collusive action, and Mr. Javidzad has chosen qualified, and experienced counsel.[6]

---

[6] The Court has deferred approval of class counsel.

Consequently, in addition to meeting the typicality requirement, Mr. Javidzad is an adequate representative of the class.

## II. The Presumption That Mr. Javidzad Should Be Appointed Lead Plaintiff Has Not Been Rebutted

A lead plaintiff movant who, like Mr. Javidzad, has the largest losses of any movant and has made a prima facie showing that he meets Rule 23's requirements, is presumptively the lead plaintiff and must be appointed lead plaintiff unless another movant comes forward with evidence that compels the court to reject "the lead plaintiff's prima facie showing of typicality and adequacy." *Cavanaugh*, 306 F.3d at 730. The PSLRA provides that a court may deny the lead plaintiff motion of the presumptive lead plaintiff

> *only* upon *proof* by a member of the purported plaintiff class that the presumptively most adequate plaintiff—
> (aa) will not fairly and adequately protect the interests of the class; or
> (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(B)(iii) (emphasis added).

No movant has come forward—or will be able to come forward—with "proof" that Mr. Javidzad is an atypical or inadequate class representative. Mr. Javidzad has indicated that he will represent the class fairly and his enormous financial stake in this case gives him a strong incentive to seek the largest possible recovery. Moreover, he will actively participate in the conduct of this litigation and, as a businessman and experienced investor, he can do so effectively. *See* Mr. Javidzad's completed Court Questionnaire to Lead Plaintiff Candidates, Kaplan Decl. Ex. A. at 3-5 (docket no. 9-2) (on Mr. Javidzad's qualifications to supervise litigation). Furthermore, there is no reason to believe that Mr. Javidzad is subject to any unique defenses, let alone a defense that might make him "incapable" of representing the class.

## CONCLUSION

For the reasons set forth above, the Court should appoint Mr. Javidzad as lead plaintiff.

| | |
|---|---|
| Dated: December 17, 2007 | COHEN, MILSTEIN, HAUSFELD & TOLL, P.L.L.C. |

          /s/Michael P. Lehmann
Michael P. Lehmann
California Bar No. 77152
Cohen, Milstein, Hausfeld & Toll, P.L.L.C.
One Embarcadero Center
Suite 2440
San Francisco, CA 94111
Telephone:    (415) 986-3321
Facsimile:    (415) 986-3643

Cohen, Milstein, Hausfeld & Toll, P.L.L.C.
Steven J. Toll
Daniel S. Sommers
Matthew B. Kaplan
1100 New York Avenue, N.W.
West Tower, Suite 500
Washington, D.C. 20005
Telephone: (202) 408-4600
Facsimile: (202) 408-4699

**Counsel for Movant Shahpour Javidzad**