Cohen, Milstein, Hausfeld & Toll, P.L.L.C.
Michael P. Lehmann
California Bar No. 77152
One Embarcadero Center
Suite 2440
San Francisco, CA 94111
Telephone:   (415) 986-3321
Facsimile:   (415) 986-3643

Cohen, Milstein, Hausfeld & Toll, P.L.L.C.
Steven J. Toll
Daniel S. Sommers
Matthew B. Kaplan
1100 New York Avenue, N.W.
Suite 500, West Tower
Washington, DC  20005
Telephone:   (202) 408-4600
Facsimile:   (202) 408-4699

Counsel for Movant Shahpour Javidzad

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE LDK SOLAR SECURITIES LITIGATION<br><br>This Document Relates to:<br>ALL ACTIONS | MASTER FILE NO.: C-07-05182-WHA<br><br>**SHAHPOUR JAVIDZAD'S REPLY TO MOVANT CANDELORE'S OPPOSITION TO MR. JAVIDZAD'S MOTION TO BE APPOINTED LEAD PLAINTIFF**<br><br><u>CLASS ACTION</u><br><br>Date:   January 3, 2008<br>Time:  9:00 a.m.<br>Judge: Hon. William Alsup<br>Courtroom: Courtroom 9, 19th Floor |

It is undisputed that Mr. Javidzad has far larger losses than the only other remaining Lead Plaintiff Movant and that he has made a prima facie showing that he meets the typicality and adequacy requirements that apply to lead plaintiffs. Moreover, no member of the class has come forward with proof that Mr. Javidzad is not qualified to act as lead Plaintiff. Competing Movant Candelore's vague, *ad hominem* attacks on Mr. Javidzad are not only unsupported—they are undermined by the very document Candelore relies on. Mr. Javidzad should be appointed lead Plaintiff.

Movant Shahpour Javidzad submits this Reply in answer to Movant Candelore's Memorandum In Further Support Of The Motion Of Allan Candelore For Appointment As Lead Plaintiff (docket no. 51). The only other movants, Reza Karkonan and Frans Veldman, have withdrawn their lead plaintiff motions. Docket nos. 36 & 50. Veldman explained that he withdrew because "it appears that Shahpour Javidzad has the largest loss of any Movant …. [and] appears to be the presumptive Lead Plaintiff." Docket no. 50 at 1-2.

## **ARGUMENT**

There is no dispute between the two remaining movants on the applicable law. In securities class actions the lead plaintiff movant with the largest losses and who makes a prima facie showing that he meets the typicality and adequacy requirements of Rule 23(a) of the federal rules of civil procedure is the presumptive lead plaintiff. *In re Cavanaugh*, 306 F.3d 726, 729-30 (9th Cir. 2002). That person must be appointed lead plaintiff unless another class member comes forward with "proof" that the movant is subject to unique defenses or that he "will not fairly and adequately protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

Candelore does not dispute that Mr. Javidzad's losses far exceed his own or that Mr. Javidzad has made a prima facie showing that he satisfies the requirements of Rule 23. He also does not assert that Mr. Javidzad is subject to any unique defense. What Candelore is arguing is unclear. It appears, however, that he is suggesting that Mr. Javidzad and his attorneys were dishonest with the Court and, consequently, Mr. Javidzad will not "fairly and adequately" represent the class.

SHAHPOUR JAVIDZAD'S REPLY TO MOVANT CANDELORE'S OPPOSITION TO MR. JAVIDZAD'S MOTION TO BE APPOINTED LEAD
PLAINTIFF – Master File No. C-07-05182-WHA                                                                                               -2-

But, although he clearly means to raise the specter of dishonesty, Candelore is careful never to say explicitly that Mr. Javidzad or his attorneys made any false statements. It is easy to see why. There is not a shred of evidence—let alone the "proof" required to disqualify a presumptive lead plaintiff—that Mr. Javidzad has ever been anything but completely candid in his filings with this court. Not only are Candelore's insinuations completely false, but the very document Candelore relies on actually highlights the speciousness of his argument.

In a November 21 motion (docket no. 24) Mr. Javidzad asked the Court to extend the November 21 deadline it had set for lead plaintiff filings, explaining that he had not been served with the Order establishing the deadline, had only learned of it the previous day, and had believed, based on normal practice in securities cases and his interpretation of the applicable law, that he was not required to file his motion until December 10. The Court granted this motion over Candelore's objections. Docket no. 35

Candelore insinuates that Mr. Javidzad acted improperly when he told the court that he needed more time to be able to file complete and accurate information in support of the lead plaintiff motion he had reasonably believed was not due until December 10. Although it would seem obvious that it is unreasonable to insist that a class member in a complex securities case prepare and file a fully supported lead plaintiff motion on a day's notice, Candelore implies that Mr. Javidzad's argument was somehow dishonest.

Candelore cites a standard securities class action certification form that Mr. Javidzad signed several days before the initial November 21deadline.[1] According to Candelore, it "appears" that this document sets out "the details concerning all of [Mr. Javidzad's] trades and the amount of his losses calculated in accordance with the requirements of the PSLRA," implying that Javidzad had ready access to this information prior to the Court's initial deadline. Candelore mem. at 2.

Ironically, in accusing Mr. Javidzad of misrepresentations, Candelore misrepresents the document on which he bases his argument. While a number of brokerage transaction

---

[1] This document was filed with Mr. Javidzad's December 10 supplemental motion and is docket number 38-4.

confirmations are attached to Mr. Javidzad's certification, neither the certification or its attachments say anything about Mr. Javidzad's losses. As should be obvious from the 20 pages of detailed calculations submitted with Mr. Javidzad's lead plaintiff motion (docket no. 38-3), and as is confirmed in the accompanying Declaration of Matthew B. Kaplan ("Kaplan Decl.") ¶ 2, it took some time to calculate Mr. Javidzad' loses in a manner consistent with the PSLRA. These loss calculations could not have been completed with any reasonable assurance of accuracy by the initial November 21 deadline. Moreover, if Candelore had examined the complete list of LDK securities transactions Mr. Javidzad filed with his supplemental lead plaintiff motion (docket no. 38-2 at 7), he would not have asserted that the certification lists "all" of Mr. Javidzad's transactions in LDK securities. The certification sets out Mr. Javidzad's transactions during the Class Period and does not include (or claim to include) most of Mr. Javidzad's transactions in LDK securities after the class period, information that the court had ordered each lead movant to produce with their lead plaintiff motion. Court Questionnaire To Lead Plaintiff Candidates, docket no. 9-2 at 4 ("List each transaction you made in the securities at issue up to the present (not just during the class period)"). Mr. Javidzad's attorneys did not have this information on November 21. Kaplan Decl. ¶ 3.

## CONCLUSION

For the reasons set forth above, and in Mr. Javidzad's previous filings in support of his Motion, the Court should appoint Mr. Javidzad as lead Plaintiff.

Dated: December 17, 2007

COHEN, MILSTEIN, HAUSFELD
& TOLL, P.L.L.C.

   /s/Michael P. Lehmann
Michael P. Lehmann
California Bar No. 77152
Cohen, Milstein, Hausfeld & Toll, P.L.L.C.
One Embarcadero Center
Suite 2440
San Francisco, CA 94111
Telephone:   (415) 986-3321
Facsimile:   (415) 986-3643

Cohen, Milstein, Hausfeld & Toll, P.L.L.C.
Steven J. Toll
Daniel S. Sommers
Matthew B. Kaplan
1100 New York Avenue, N.W.
West Tower, Suite 500
Washington, D.C. 20005
Telephone: (202) 408-4600
Facsimile: (202) 408-4699

**Counsel for Movant Shahpour Javidzad**