IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE LDK SOLAR SECURITIES LITIGATION. | No. C 07-05182 WHA |
| This Document Relates to: <br> All Actions. | **ORDER APPOINTING LEAD PLAINTIFF** |

## INTRODUCTION

Pursuant to the Private Securities Litigation Reform Act of 1995, this order appoints Shahpour Javizdad as the lead plaintiff for the above-named action. Accordingly, this order **GRANTS** Shahpour Javizdad's motion for appointment as lead plaintiff, and **DENIES** Allan Candelore's motion for appointment as lead plaintiff. This order also sets forth the procedure to be used for the selection and approval of class counsel.

## FACTS

This is a putative class action that arises from allegations of a company making false and misleading statements in violation of federal securities laws. Defendants LDK and LDK Solar USA, Inc. (collectively "LDK") manufacture multicrystalline solar wafers, which are used to produce solar cells. LDK has over seventeen million shares of common stock issued and outstanding. The stock is traded on the New York Stock Exchange. Defendant Xiaofeng Peng is the Chairman of the Board and Chief Executive Officer of LDK. Defendant Jack Lai is the Chief Financial Officer, Vice President, and Secretary of LDK (Compl. ¶¶ 11–13).

Plaintiffs allege that LDK falsely reported its financial results during the class period, thereby inflating the price of LDK stock. The share price fell dramatically in October 2007, following a report that LDK's financial controller had resigned and alleged false financial reporting. During the class period, defendants allegedly concealed adverse information that should have been disclosed under SEC regulations, the rules of national stock exchanges, and customary business practice (*id.* at 22–27).

Mr. Candelore, an investor, filed a complaint on October 9, 2007. He later published notice of his complaint in *Business Wire* on October 9, 2007 (Dkt. 5 Exh. A). In response, Mr. Javizdad, another investor, filed a motion to be appointed lead plaintiff in this action. The Court requested that each lead-plaintiff candidate individually file a questionnaire about their qualifications, their experience in managing litigation, their transactions in LDK stock, and any potential conflicts related to the instant securities case. Both candidates submitted answers to the questionnaire. A hearing on the appointment of lead plaintiff was held on January 3, 2008. Mr. Candelore, Mr. Javizdad, and their counsel all appeared in court. Candidates were questioned on their qualifications.

Both candidates are investors who purchased LDK shares during the class period. Mr. Javizdad alleges that he lost approximately $1.5 million as a result of his transactions in LDK securities (Kaplan Decl. Exh. B). Mr. Candelore, on the other hand, estimates his loss at $36,867.30 in connection with his purchases of LDK shares (Lawrence Decl. Exh. B).

**ANALYSIS**

The PSLRA aims to prevent "lawyer-driven" securities litigation by placing a real party-in-interest in charge of the litigation. This statutory responsibility now resides in the lead plaintiff, who acts as a fiduciary for all members of the proposed class. The lead plaintiff must provide fair and adequate representation and management to obtain the largest recovery for the proposed class consistent with good faith and meritorious advocacy. Having a single lead plaintiff has in the past proven advantageous. A single lead plaintiff speaking on behalf of the class reduces potential conflicts in deciding litigation and settlement strategy. Also, having a

single lead plaintiff means that a single entity has sole responsibility and accountability to the class.

Under the PSLRA, the Court "shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be the most capable of adequately representing the interests of the class members in accordance with this subparagraph." 15 U.S.C. 78u-4(a)(3)(B)(i). The PSLRA creates a rebuttable presumption that the most adequate plaintiff should be the plaintiff who: (1) has brought the motion for appointment of lead counsel in response to the publication of notice; (2) has the "largest financial interest" in the relief sought by the class; and (3) otherwise satisfies the requirements of FRCP 23. 15 U.S.C. 78u-4(a)(3)(b)(I)(aa)–(cc). The above presumption may be rebutted only upon proof that the presumptive lead plaintiff (1) will not fairly and adequately protect the interests of the class or (2) is subject to "unique defenses" the render such plaintiff incapable of adequately representing the class. 15 U.S.C. 78u-4(a)(3)(B)(iii)(II)(aa)–(bb).

The PSLRA sets up a three-step inquiry for appointing a lead plaintiff. First, a plaintiff files the action and posts notice, allowing other lead-plaintiff candidates to file motions. Next, the district court considers which of those plaintiffs has the largest financial interest in the action, and whether that plaintiff meets FRCP 23's requirements. Finally, other candidates have the opportunity to rebut the presumption that the putative lead plaintiff can adequately represent the class. *In re Cavanaugh*, 306 F.3d 726, 729–730 (9th Cir. 2002).

   **1.   LARGEST FINANCIAL INTEREST.**

In the Ninth Circuit, the test for which plaintiff has the largest financial interest is strictly applied. *Id.* at 729. The PSLRA does not indicate a specific method for calculating which plaintiff has the "largest financial interest." *See* 15 U.S.C. 78u-4(a)(3)(B)(iii)(I)(bb). In this district, two judges have equated "largest financial interest" with the largest amount of potential recovery. *See In Re Critical Path, Inc. Sec. Litig.*, 76 F. Supp.2d 1017, 1030 (N.D. Cal. 1999); *Weisz v. Calpine Corp.*, 2002 WL 32818827, (N.D. Cal. 2002). Here, Mr. Javizdad appears to be that plaintiff. Although he engaged in options trading at the end of and after the

3

1 proper class period, it seems uncontested that he has the largest amount of potential recovery.
2 Mr. Javizdad therefore has the largest financial interest.

### 2. REQUIREMENTS OF TYPICALITY AND ADEQUACY UNDER FRCP 23.

The district court must then inquire whether the putative lead plaintiff satisfies the requirements of FRCP 23(a). *In re Cavanaugh*, 306 F.3d at 730. The inquiry focuses on the "typicality" and "adequacy" requirements, as the other requirements in FRCP 23 of numerosity and commonality would preclude class certification by themselves. *Id.* at n5. "Once [the court] determines which plaintiff has the biggest stake, the court must appoint that plaintiff as lead, unless it finds that he does not satisfy the typicality or adequacy requirements. . ." *Id.* at 732.

The "typicality" requirement is satisfied when the named plaintiffs have (1) suffered the same injuries as class members; (2) as a result of the same course of conduct; and (3) their claims are based on the same legal issues. *Armour v. Network Assoc., Inc.*, 171 F. Supp.2d 1044, 1050 (N.D. Cal. 2001). Here, Mr. Javizdad suffered the same injuries as class members, namely purchasing LDK common stock during the class period at artificially inflated prices. His injuries arose from the same course of conduct, the alleged false financial reporting. Finally, the claims are based on the same legal issues.

The "adequacy" requirement is satisfied when the proposed lead plaintiff does not have interests antagonistic to the proposed class. *In re Emulex Corp. Secur. Litig.*, 210 F.R.D. 717, 720 (C.D. Cal. 2002). Mr. Javizdad has the same interest as the rest of the class. He wishes to recover against LDK for the alleged damages suffered because of misrepresentations made in LDK's financial reports. He was present at the January 3 hearing. His answers to the lead-plaintiff questionnaire were satisfactory. He has agreed to perform due diligence in selecting class counsel.

### 3. ATTEMPTS TO REBUT PRESUMPTION.

Other plaintiffs may rebut the presumption that the putative lead plaintiff has satisfied the requirements of typicality and adequacy. *Cavanaugh*, 306 F.3d at 730. Mr. Candelore has argued that he would be a more adequate lead plaintiff because Mr. Javizdad continued to engage in options trading after the end of the class period. Although Javidzad traded in options

4

and purchased stock at the very end of—or after—the class period, this order finds that he is an adequate and typical plaintiff. This issue may have to be revisited at the time of the class certification. Defendants have not yet had a fair opportunity to address this issue.

**PROCEDURE FOR SELECTING AND APPROVING CLASS COUNSEL**

Under the PSLRA, "[t]he most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class." 15 U.S.C. 78u-4(a)(3)(B)(v). Selection and approval of class counsel are important responsibilities for the lead plaintiff and the court. The selection and approval require an assessment of the strengths, weaknesses and experience of counsel as well as the financial burden – in terms of fees and costs – on the class. *Wenderhold v. Cylink Corp.*, 191 F.R.D. 600, 602–03 (N.D. Cal. 2000).

Any important decision made by a fiduciary should be preceded by due diligence. A lead plaintiff is a fiduciary for the investor class. No decision by the lead plaintiff is more important than the selection of class counsel. Consequently, the lead plaintiff should precede his or her choice with due diligence. The extent of such due diligence is a matter of judgment and reasonableness based on the facts and circumstances.

The lead plaintiff should immediately proceed to perform their due diligence in the selection of class counsel, and to interview appropriate candidates, and through counsel, move for the appointment and approval of their selected counsel no later than **FEBRUARY 4, 2008**. The motion should be accompanied by declarations from the lead plaintiff explaining the due diligence undertaken by each with respect to the selection of class counsel. The declarations should also explain why the counsel selected was favored over other potential candidates. The declarations should be filed under seal and not served on defendants. The motion for approval of lead plaintiff's choice of counsel, however, should be served on defense counsel. No hearing will be held on the motion unless the Court determines that it would be beneficial. Once class counsel is approved, the first order of business will be to file a consolidated complaint. This will be done **NO LATER THAN 35 DAYS** from the date of the order approving

5

1  class counsel. Defendant may then file a motion to dismiss (or answer) **WITHIN 35 DAYS** of the
2  filing of the consolidated complaint is filed, any such motion to be heard on the normal 35-day
3  track. Other deadlines for the case management conference and alternative dispute resolution
4  are hereby **VACATED**.

   This appointment is conditioned on Mr. Javizdad filing a certification in writing, within seven calendar days that he has read this order and is willing and able to meet the schedule and its fiduciary obligations.

   **IT IS SO ORDERED.**

   Dated: January 4, 2008.

   WILLIAM ALSUP
   UNITED STATES DISTRICT JUDGE