Cohen, Milstein, Hausfeld & Toll, P.L.L.C.
Michael P. Lehmann
California Bar No. 77152
One Embarcadero Center
Suite 2440
San Francisco, CA 94111
Telephone:  (415) 986-3321
Facsimile:  (415) 986-3643

Cohen, Milstein, Hausfeld & Toll, P.L.L.C.
Steven J. Toll
Mark S. Willis
Matthew B. Kaplan
1100 New York Avenue, N.W.
Suite 500, West Tower
Washington, DC  20005
Telephone:  (202) 408-4600
Facsimile:  (202) 408-4699

Counsel for Movant Shahpour Javidzad

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE LDK SOLAR SECURITIES LITIGATION<br><br>This Document Relates to:<br>ALL ACTIONS | MASTER FILE NO.: C-07-05182-WHA<br><br>**NOTICE OF MOTION AND MOTION OF SHAHPOUR JAVIDZAD FOR APPOINTMENT OF LEAD COUNSEL**<br><br><u>CLASS ACTION</u><br><br>No Hearing Scheduled |

## NOTICE OF MOTION AND MOTION

PLEASE TAKE NOTICE that, pursuant to the Court's Order of January 4, 2008 and the Private Securities Litigation Reform Act ("PSLRA"), 15 U.S.C. § 78u-4, lead plaintiff Shahpour Javidzad hereby moves the Court for an order appointing the law firm of Cohen, Milstein, Hausfeld & Toll, P.L.L.C. as lead counsel in this class action securities case. Pursuant to the Court's Order, no hearing will be held on this motion unless the Court orders otherwise.

This motion is based on this Notice of Motion and Motion and the accompanying Declaration of Michael P. Lehmann, the accompanying Declaration of Shahpour Javidzad, the filings in this matter, and such other written or oral argument permitted by the Court.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

Movant respectfully submits this memorandum of law in support of his motion for an order appointing the law firm of Cohen, Milstein, Hausfeld & Toll, P.L.L.C. as lead counsel for the proposed class in this consolidated securities class action litigation. Mr. Javidzad selected Cohen Milstein after conducting extensive due diligence. Ninth Circuit cases make it clear that a lead plaintiff's selection of class counsel may be rejected only if the proposed attorneys are clearly unqualified. Cohen Milstein is highly qualified to serve as lead counsel and the Court should approve Mr. Javidzad's selection of the firm to represent the class.

### II.   BACKGROUND

In a January 4, 2008 Order the Court appointed Mr. Javidzad as lead plaintiff and provided him with guidance on how to select lead counsel for the Class. The Court instructed him to "precede his or her choice [of Lead counsel] with due diligence." Order (Dkt. 57), at 5. It further advised that "[t]he extent of such due diligence is a matter of judgment and reasonableness based on the facts and circumstances." *Id.* The Court indicated that Mr. Javidzad should, "through counsel, move for the appointment and approval of [his] selected counsel no later than FEBRUARY 4, 2008." *Id.* The Court also instructed that this motion should be accompanied by a declaration, filed *ex parte* and under seal, "from the lead plaintiff explaining [his] due diligence … with respect to the selection of

class counsel." *Id.* Such a declaration is attached as Attachment A to this Notice of Motion and Motion.

## III. ARGUMENT

### A. As A Lead Plaintiff in a Securities Class Action Mr. Javidzad is Entitled to Choose His Attorneys

The PSLRA provides that the lead plaintiff "shall, subject to the approval of the court, select and retain counsel to represent the class." 15 U.S.C. § 78u-4(a)(3)(B). In *In re Cavanaugh*, 306 F.3d 726 (9th Cir. 2002), the Ninth Circuit emphasized that, in enacting the PSLRA, "Congress gave the lead plaintiff, and not the court, the power to select a lawyer for the class." *Id.* at 733 n.11. *Cavanaugh* noted that, under the PSLRA, "the district court has no authority to select for the class what it considers to be the best possible lawyer or the lawyer offering the best possible fee schedule." *Id.* at 732. It is "the lead plaintiff's authority and responsibility to select counsel who he believes will best serve his own interests and the interests of the class." *Id.* at 734. Consequently, a district court may reject a lead plaintiff's selection of lead counsel only in unusual circumstances, such as where the selected attorneys have a conflict of interest or where "lead plaintiff has selected a lawyer who just graduated from law school, or a sole practitioner who appears to lack the staff to handle a major class action lawsuit" and the lawyer cannot explain how he "proposes to get the job done." *Id.* at 733.

More recently, in *In re New Mexico State Investment Council*, No. 07-71032, 2007 WL 2980024 (9th Cir. Oct. 5, 2007), a securities class action, the Ninth Circuit granted mandamus and reversed a district court's refusal to approve the lead counsel selected by the lead plaintiff. It explained that "[t]he approach utilized by the district court for selecting lead class counsel is contrary to the express language of the [PSLRA] and the previous guidance from this court." *Id.* at *1. It cited *Cavanaugh* for the proposition "that the 'Reform Act clearly leaves the choice of class counsel in the hands of the lead plaintiff.'" *Id.* (quoting *Cavanaugh*, 306 F.3d at 734).

### B. Mr. Javidzad Conducted Due Diligence in Choosing His Attorneys

Although *Cavanaugh* and *New Mexico State Investment Counsel* suggest that a lead plaintiff need not comparison shop when choosing attorneys for the class, in this case Mr. Javidzad has done so. As set forth in his declaration, attached as Attachment A (filed under seal), Mr. Javidzad contacted seven law firms with experience in securities class actions. In deciding which firm should represent the class he considered both the past record of the firms and the terms of the fee agreement that the firms were willing to enter into with respect to this case.

At the conclusion of this process Mr. Javidzad opted to seek the Court's approval for the appointment of Cohen Milstein, Hausfeld & Toll, P.L.L.C. as lead counsel. Cohen Milstein is eminently qualified to represent the class—it is one of the most respected and successful class action firms in the country. The firm's resume is attached as Attachment B to this Notice of Motion and Motion.

## IV. CONCLUSION

In light of the foregoing, Mr. Javidzad requests that the Court appoint Cohen Milstein, Hausfeld & Toll, P.L.L.C. to serve as lead plaintiff in this Action and grant such other relief as the Court deems proper.

Dated: February 4, 2008

COHEN, MILSTEIN, HAUSFELD
& TOLL, P.L.L.C.

/s/Michael P. Lehmann
Michael P. Lehmann
Cohen, Milstein, Hausfeld & Toll, P.L.L.C.
California Bar No. 77152
One Embarcadero Center
Suite 2440
San Francisco, CA 94111
Telephone:    (415) 986-3321
Facsimile:    (415) 986-3643

Cohen, Milstein, Hausfeld & Toll, P.L.L.C.
Steven J. Toll
Mark S. Willis
Matthew B. Kaplan
1100 New York Avenue, N.W.
West Tower, Suite 500
Washington, D.C. 20005
Telephone: (202) 408-4600
Facsimile: (202) 408-4699

**Counsel for Movant Shahpour Javidzad**