LATHAM & WATKINS LLP
   James J. Farrell (Bar No. 166595)
   james.farrell@lw.com
633 West Fifth Street, Suite 4000
Los Angeles, California 90071-2007
Telephone: (213) 485-1234
Facsimile: (213) 891-8763

LATHAM & WATKINS LLP
   Philip J. Wang (Bar No. 218349)
   philip.wang@lw.com
140 Scott Drive
Menlo Park, California 94025
Telephone: (650) 328-4600
Facsimile: (650) 463-2600

Attorneys for Defendants LDK Solar Co., Ltd., LDK Solar USA, Inc., Xiaofeng Peng, and Jack Lai

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re LDK SOLAR SECURITIES LITIGATION<br><br>This Document Relates To:<br><br>ALL ACTIONS. | MASTER FILE NO. C-07-05182-WHA<br><br>**DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS LEAD PLAINTIFF'S CONSOLIDATED CLASS ACTION COMPLAINT PURSUANT TO RULE 12(b)(6)**<br><br>**[FRE 201]**<br><br>Judge: Hon. William H. Alsup<br>Date: May 15, 2008<br>Time: 8:00a.m.<br>Courtroom: 9, 19th Floor |

LATHAM & WATKINS LLP
ATTORNEYS AT LAW

1

DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS LEAD PLAINTIFF'S CONSOLIDATED CLASS ACTION COMPLAINT PURSUANT TO RULE 12(b)(6)

Pursuant to Federal Rule of Evidence 201, Defendants LDK Solar Co., Ltd., LDK Solar USA, Inc., Xiaofeng Peng, and Jack Lai (collectively, "Defendants") hereby request the Court to take judicial notice of the content of the following documents in support of their Motion to Dismiss Lead Plaintiff's Consolidated Amended Complaint Pursuant to Rule 12(b)(6)[1]:

| | |
|---|---|
| **Exhibit A**: | LDK's Form F-1 Registration Statement Under the Securities Act of 1933 for Certain Foreign Private Issuers, filed with the SEC on May 11, 2007. Attached hereto is a true and correct copy of this document. |
| **Exhibit B**: | LDK's October 4, 2007 Form 6-K, filed pursuant to Rule 13a-16 or 15(d)-16 Under the Securities and Exchange Act of 1934. Attached hereto is a true and correct copy of this document. |
| **Exhibit C:** | LDK's December 17, 2007 Form 6-K, filed pursuant to Rule 13a-16 or 15(d)-16 Under the Securities and Exchange Act of 1934. Attached hereto is a true and correct copy of this document. |
| **Exhibit D:** | LDK's December 20, 2007 Form 6-K, filed pursuant to Rule 13a-16 or 15(d)-16 Under the Securities and Exchange Act of 1934. Attached hereto is a true and correct copy of this document. |
| **Exhibit E:** | The Press Release dated May 31, 2007, issued by LDK, entitled "LDK Solar Prices Initial Public Offering of American Depository Shares." Attached hereto is a true and correct copy of this document. |
| **Exhibit F:** | Email from Charley Situ to Jack Lai, Louis Hsieh, KPMG Hong Kong (carbon copies to the SEC and the Public Company Accounting Oversight Board), dated September 25, 2007, entitled "LDK Solar Co., Ltd. (NYSE: LDK) False or Misleading Statements." Attached hereto is a true and correct copy of this document. |
| **Exhibit G:** | Letter from the SEC to James Kreissman of Simpson Thacher & Bartlett LLP, dated March 24, 2008, indicating the SEC's intention of no enforcement action against LDK. Attached hereto is a true and correct copy of this document. |

---

[1] For the Court's convenience, the portions of text quoted and/or referenced in Defendants' Motion to Dismiss are highlighted in the exhibits.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW

1

DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS LEAD PLAINTIFF'S CONSOLIDATED CLASS ACTION COMPLAINT PURSUANT TO RULE 12(b)(6)

| | | |
|---|---|---|
| 1 2 3 | **Exhibit H**: | Piper Jaffray's Company Note regarding LDK, issued on October 3, 2007, entitled "LDK Solar Update; Takeaways From Management Meetings." Attached hereto is a true and correct copy of this document. |
| 4 5 6 | **Exhibit I**: | Piper Jaffray's Company Note regarding LDK, issued on October 4, 2007, entitled "Management Defends Financials; Ind Audit Pending; Some Risk Priced In." Attached hereto is a true and correct copy of this document. |
| 7 8 9 | **Exhibit J**: | Piper Jaffray's Company Note regarding LDK, issued on October 31, 2007, entitled "Reduce 2008 Estimates on Tightening Scrap Supply; Downgrade to MP." Attached hereto is a true and correct copy of this document. |
| 10 11 12 | **Exhibit K**: | Oppenheimer & Co.'s Quarterly Update regarding LDK, issued on February 26, 2008, entitled "4Q07 Results: Inventory Questions Resurface – Likely to Be a Negative." Attached hereto is a true and correct copy of this document. |
| 13 14 15 16 17 | **Exhibit L**: | Needham & Co.'s Investment Analysis regarding LDK, issued October 4, 2007, entitled "LDK: Allegations of Poor Controls and Inventory Discrepancy by ex Financial Controller Drives Stock Down 24%. Management Reassures there are no Issues. Reiterate BUY." Attached hereto is a true and correct copy of this document. |
| 18 19 20 21 | **Exhibit M**: | Needham & Co.'s Investment Analysis regarding LDK, issued October 10, 2007, entitled "LDK: Upgrade to Strong Buy on Conviction that Accounting Concerns related to Scrap are Unwarranted (Intraday price $45.23 at 2:00pm)." Attached hereto is a true and correct copy of this document. |
| 22 23 24 25 | **Exhibit N**: | Needham & Co.'s Investment Analysis regarding LDK, issued March 7, 2008, entitled "LDK: Reiterate SB. Management Visits with Investors in NYC to Provide Answers to Key Questions. LDK Undervalued @ 6x 09 EPS Est." Attached hereto is a true and correct copy of this document. |
| 26 27 28 | **Exhibit O**: | CIBC World Markets Equity Research Company Update regarding LDK, issued December 17, 2007, entitled "Clean Bill of Health from Independent Audit |

LATHAM&WATKINS LLP
ATTORNEYS AT LAW

2   DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS LEAD PLAINTIFF'S CONSOLIDATED CLASS ACTION COMPLAINT PURSUANT TO RULE 12(b)(6)

| | |
|---|---|
| | Priced In from Recent Share Gains." Attached hereto is a true and correct copy of this document. |
| **Exhibit P:** | CIBC World Markets Equity Research Company Update regarding LDK, issued September 23, 2007, entitled "Downgrading to SP: Shares Pricing in Early Success from New Poly Comps." Attached hereto is a true and correct copy of this document. |
| **Exhibit Q**: | Transcript of LDK Conference Call dated August 1, 2007. Attached hereto is a true and correct copy of this document. |
| **Exhibit R**: | Transcript of LDK Conference Call dated February 25, 2008. Attached hereto is a true and correct copy of this document. |
| **Exhibit S:** | LDK's Form 20-F Annual Report filed with the SEC on April 7, 2008, pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934. Attached hereto is a true and correct copy of this document. |
| **Exhibit T:** | October 24, 2007 China Energy Weekly Article entitled "Inventory Allegations Only Paint a Partial Picture – LDK." Attached hereto is a true and correct copy of this document. |
| **Exhibit U:** | LDK's February 26, 2008 Form 6-K, filed pursuant to Rule 13a-16 or 15(d)-16 Under the Securities and Exchange Act of 1934. Attached hereto is a true and correct copy of this document. |
| **Exhibit V:** | LDK's March 2008 Presentation entitled "2007 Q4 Results and Business Update," <u>available</u> <u>at</u> http://media.corporate-ir.net/media_files/irol/19/196973/ March_LDK_Management_Presentation_2008.pdf. Attached hereto is a true and correct copy of this document. |

LATHAM&WATKINS LLP
ATTORNEYS AT LAW

3   DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS LEAD PLAINTIFF'S CONSOLIDATED CLASS ACTION COMPLAINT PURSUANT TO RULE 12(b)(6)

## I. ARGUMENT

Judicial notice of the documents listed above is appropriate because they are documents that were filed with the SEC and/or referenced or relied upon in Lead Plaintiff's Consolidated Class Action Complaint ("Complaint"). These are precisely the types of documents that should be considered in connection with a motion to dismiss the Complaint under the Federal Rules of Civil Procedure and the Private Securities Litigation Reform Act.

### A. Standard for Judicial Notice.

A district court reviewing a motion to dismiss may consider matters of which the court may take judicial notice. See Hoey v. Sony Electronics Inc., 515 F. Supp. 2d 1099, 1102 (N.D. Cal. 2007) (On a motion to dismiss, "the court's review is limited to the face of the complaint, documents referenced in the complaint, and matters of which the court may take judicial notice."). Judicial notice may be taken of any adjudicative fact that is "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). A court must take judicial notice if a party requests it and supplies the court with the requisite information. See Fed. R. Evid. 201(d).

### B. Judicial Notice of Documents Filed with the SEC Is Proper.

Exhibits A, B, C, D, S and U are documents that LDK was required to file with the SEC. On a motion to dismiss, a court may properly take judicial notice of public filings with the SEC. See In re CNET Networks, Inc., 483 F. Supp. 2d 947, 953 (N.D. Cal. 2007) (Alsup, J.) ("For . . . publicly filed documents, '[a] court may take judicial notice of public filings when adjudicating a motion to dismiss a complaint for failure to state a claim upon which relief can be granted.'" (quotation omitted); In re Calpine Corp. Sec. Litig., 288 F. Supp. 2d at 1076 (holding that "the Court may properly take judicial notice of SEC filings . . . without converting the motions to dismiss into motions for summary judgment"); In re Silicon Graphics, Inc. Sec. Litig., 970 F. Supp. 746, 758 (N.D. Cal. 1997) ("[A] district court may take judicial notice of the contents of relevant public disclosure documents required to be filed with the SEC as facts capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.") (quoting Kramer v. Time Warner, Inc., 937 F.2d 767, 774 (2d Cir.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW

4

DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS LEAD PLAINTIFF'S CONSOLIDATED CLASS ACTION COMPLAINT PURSUANT TO RULE 12(b)(6)

1991)); In re Gupta Corp. Sec. Litig., 1995 WL 338893, at *5 (N.D. Cal. Apr. 18, 1995) ("On a motion to dismiss . . . the court may consider 'public disclosure documents required by law to be and which actually have been filed with the SEC.'") (quoting Cortec Indus., Inc. v. Sum Holding, L.P., 949 F.2d 42, 47 (2d Cir. 1991), cert. denied, 503 U.S. 960 (1992)); In re Valence Tech. Sec. Litig., 1996 WL 37788, at *3 (N.D. Cal. Jan. 23, 1996) (similar). Accordingly, the Court should take judicial notice of the contents of Exhibits A, B, C, D, S and U.

### C. Judicial Notice of LDK's Press Releases Is Proper.

Exhibit E is a Press Release that LDK issued on May 31, 2007, announcing the pricing of its initial public offering of American Depository Shares. Similar to a press release, exhibit V is a corporate presentation that was published on LDK's Internet Website in March 2008. Courts routinely take judicial notice of press releases in considering allegations of fraud in securities cases. See In re Homestore.com, Inc. Sec. Litig., 347 F. Supp. 2d 814, 817 (C.D. Cal. 2004) ("the Court may take judicial notice of press releases."); see also In re LeapFrog Enterprises, Inc., 527 F. Supp. 2d 1033, 1042 n.3 (N.D. Cal. 2007) (noting that the district court would take judicial notice of exhibits attached to declaration, which included press releases); In re Network Assocs. Sec.Litig., 2003 U.S. Dist. LEXIS 14442, at *3 (N.D. Cal. Mar. 25, 2003) (judicially noticing press releases); Wietschner v. Monterey Pasta Co., 294 F. Supp. 2d 1102, 1109 (N.D. Cal. 2003) (same). Accordingly, the Court should take judicial notice of the contents of Exhibits E and V.

### D. Judicial Notice of Documents Referenced in the Complaint Is Proper.

Exhibits F, G, H, I, J, K, L, M, N, O, P, Q, R and T are referenced and relied upon in Plaintiff's Complaint. These documents can be divided into five categories: (1) Charley Situ's email to Jack Lai, Louis Hsieh and KPMG Hong Kong (with carbon copies to the SEC and the Public Company Accounting Oversight Board), dated September 25, 2007, entitled "LDK Solar Co., Ltd. (NYSE: LDK) False or Misleading Statements"; (2) the SEC's letter to James Kreissman of Simpson Thacher & Bartlett LLP, dated March 24, 2008, indicating the SEC's intention of not pursuing an enforcement action against LDK; (3) analysts' notes and research reports regarding LDK; (4) transcripts of LDK's conference calls; and (5) an October 24, 2007

LATHAM&WATKINS LLP
ATTORNEYS AT LAW

5   DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS LEAD PLAINTIFF'S CONSOLIDATED CLASS ACTION COMPLAINT PURSUANT TO RULE 12(b)(6)

China Energy Weekly article regarding LDK's inventory allegations.

On a motion to dismiss, a district court may properly consider the full content of documents whose authenticity no party questions, and which are expressly referenced, or relied upon, in the complaint. See, e.g., In re Silicon Graphics, Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); Fecht v. Price Co., 70 F.3d 1078, 1080 n.1 (9th Cir. 1995) (the full text of documents relied upon in a complaint alleging securities fraud may be considered on a motion to dismiss); In re Tibco Software, Inc. Sec. Litig., 2006 WL 1469654, at * 17 (N.D. Cal. 2006) (taking judicial notice of SEC filings, press releases and conference call transcripts in granting a motion to dismiss in a class action under Section 10(b)); In re Calpine Corp. Sec. Litig., 288 F. Supp. 2d 1054, 1076 (N.D. Cal. 2003) (noting that the court took judicial notice of 40 documents, including various filings with the SEC and other documents that were explicitly referenced in the complaint). Moreover, the court may consider the full text of a document that the complaint quotes or references only in part. See, e.g., In re Stac Elecs. Sec. Litig., 89 F.3d 1399, 1405 n.4 (9th Cir. 1996) (holding that it was appropriate for the district court to consider the full text of the Prospectus, including those portions not mentioned in the complaint, in the context of a motion to dismiss).

Plaintiff's Complaint specifically references Situ's September 25, 2007 email (¶¶ 36, 37, 38, 40, 65 (Ex. F)), various analysts' reports, including Piper Jaffray's October 3, 2007 (¶ 78 (Ex. H)) and October 4, 2007 (¶ 82 (Ex. I)) Company Notes, and Oppenheimer & Co's February 26, 2008 Quarterly Update (¶ 59 (Ex. K)), LDK's August 1, 2007 (¶¶ 13, 15, 27, 32, 45, 73, 111, 112, 113, 114, 115, 116, 117, 118 (Ex. Q)) and February 25, 2008 (¶¶ 58, 59 (Ex. R)) conference calls, as well as the October 24, 2007 China Energy Weekly Article entitled *Inventory Allegations Only Paint a Partial Picture* (¶ 54 (Ex. T)). Accordingly, it is appropriate that the Court take judicial notice of the contents of Exhibits F, H, I, K, Q, R and T.

For the documents that are not specifically referenced in the Complaint, the Court should take judicial notice of those documents under the incorporation by reference doctrine. See In re CNET Networks, Inc., 483 F. Supp. 2d at 953 ("On considering a motion to dismiss,

LATHAM&WATKINS LLP
ATTORNEYS AT LAW

6

DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS LEAD PLAINTIFF'S CONSOLIDATED CLASS ACTION COMPLAINT PURSUANT TO RULE 12(b)(6)

1  judicial notice of the full text of documents referenced in a complaint is proper under the
2  doctrine of incorporation by reference.") (citing No. 84 Employer-Teamster Joint Council
3  Pension Trust Fund v. Am. W. Holding Corp., 320 F. 3d 920 n.2 (9th Cir. 2003)).  Under the
4  incorporation by reference doctrine, a court may consider documents "whose contents are
5  alleged in a complaint and whose authenticity no party questions, but which are not physically
6  attached to the [plaintiff's] pleading."  See Branch v. Tunnell, 14 F.3d 449, 454 (9th Cir. 1994).
7  A court may also take judicial notice of documents on which allegations in the complaint
8  necessarily rely, even if not expressly referenced in the complaint, provided that the authenticity
9  of those documents are not in dispute.  See In re Autodesk, Inc. Sec. Litig., 132 F. Supp. 2d 833,
10  837-38 (N.D. Cal. 2000).

11  With respect to the analysts' reports that are not referred to in the Complaint, the
12  Complaint states that "After Situ's allegation became public, analysts and investors realized that
13  LDK had been understating its costs." (¶ 47.)  Plaintiff then cites, as an example of one such
14  analyst who had realized LDK's alleged fraudulent scheme, a Piper Jaffray Company Note dated
15  October 25, 2007.  In addition, Plaintiff notes in the Complaint that after LDK's February 2008
16  conference call, "several analysts expressed concern that LDK was playing games with its
17  inventory numbers." Id. at 59. The Complaint then cites two reports from Piper Jaffray and
18  Oppenheimer & Co. as examples to support his allegation.  Id.  There is no dispute as to the
19  authenticity of such reports.  Thus, under the incorporation by reference doctrine, the Court
20  should take judicial notice of the contents of Exhibits J, L, M, N, O and P.  See Wietschner v.
21  Monterey Pasta Co., 294 F. Supp. 2d 1102, 1109 (N.D. Cal. 2003) (finding that "documents
22  crucial to the plaintiff's claims but not explicitly incorporated in a complaint can be noticed in
23  order to prevent a plaintiff from surviving a Rule 12(b)(6) motion by deliberately omitting
24  references to documents upon which their claims are based.").

25  Likewise, under Wietschner, the Court should take judicial notice of the SEC's
26  March 24, 2008 letter to James Kreissman of Simpson Thacher & Bartlett LLP, indicating the
27  SEC's decision that it is not pursuing an enforcement action against LDK.  Plaintiff's Complaint
28  expressly refers to an investigation initiated by the SEC in October 2007 and alleges that such an

LATHAM&WATKINS LLP
ATTORNEYS AT LAW

7

DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT
OF MOTION TO DISMISS LEAD PLAINTIFF'S CONSOLIDATED
CLASS ACTION COMPLAINT PURSUANT TO RULE 12(b)(6)

investigation weighs in favor of finding fraud by LDK: "The SEC seems to be taking Situ seriously. In three terse sentences in an October 30, 2007 press release the Company disclosed that it had been contacted by the SEC, which is apparently investigating Situ's revelations about LDK's accounting." (¶ 55.) There is no dispute as to the authenticity of the SEC's letter. Accordingly, the Court should take judicial notice of the contents of Exhibit G.

## II.  CONCLUSION

For the reasons stated above, the documents attached as Exhibits A through V hereto may properly be judicially noticed, and Defendants respectfully request that such notice be taken.

Dated:  April 7, 2008

Respectfully submitted,

LATHAM & WATKINS LLP

By: ____/s/____
James J. Farrell

Attorneys for Defendants LDK Solar Co., Ltd., LDK Solar USA, Inc., Xiaofeng Peng, and Jack Lai

LATHAM & WATKINS LLP
ATTORNEYS AT LAW

8

DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS LEAD PLAINTIFF'S CONSOLIDATED CLASS ACTION COMPLAINT PURSUANT TO RULE 12(b)(6)