Cohen, Milstein, Hausfeld & Toll P.L.L.C.
Steven J. Toll
Mark S. Willis
Matthew B. Kaplan
stoll@cmht.com
1100 New York Avenue, N.W.
Suite 500, West Tower
Washington, DC 20005
Telephone:    (202) 408-4600
Facsimile:    (202) 408-4699

Cohen, Milstein, Hausfeld & Toll P.L.L.C.
Michael Lehmann
mlehmann@cmht.com
One Embarcadero Center
Suite 526
San Francisco, CA 94111
Telephone:    (415) 623-2048
Facsimile:    (415) 433-5994

Lead Counsel for the Proposed Class

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re LDK Solar Securities Litigation<br><br>This Document Relates To:<br><br>All Actions | Master File No. C-07-05182-WHA<br><br>PLAINTIFF'S OPPOSITION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE<br><br>Judge:      Hon. William H. Alsup<br>Date:       May 15, 2008<br>Time:       8:00 a.m.<br>Courtroom:  9, 19th Floor |

      The Defendants' central argument in support of their motion to dismiss this litigation is that evidence outside the Complaint supposedly proves that many of the facts asserted in the Complaint are false. To support this argument the Defendants urge the Court to take judicial notice of more than a thousand pages of documents and to accept as true the facts asserted in those documents. But, "faced with a … motion to dismiss a § 10(b) action, courts must, as with any motion to dismiss for failure to plead a claim on which relief can be granted, accept all

factual allegations in the complaint as true." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 127 S. Ct. 2499, 2509 (2007). The limited doctrine of judicial notice does not permit defendants to use "evidence" of untested accuracy on a motion to dismiss to controvert a complaint's factual allegations. "Indeed, factual challenges to a plaintiff's complaint have no bearing on the legal sufficiency of the allegations under Rule 12(b)(6)." *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) (reversing 12(b)(6) dismissal because "the district court's decision to dismiss plaintiffs' federal claims was rooted in defendants' factual assertions").

This case illustrates why it would be unfair to allow defendants to make such fact-based arguments—the documents the Defendants insist that the Court should accept as accurately recounting events relevant to this lawsuit are essentially the Defendants' own statements, made directly to investors or indirectly through analysts. At the motion to dismiss stage, Plaintiff has not had any opportunity to use discovery or to cross-examine witnesses to test the accuracy of the Defendants' self-serving factual assertions.

## I. DEFENDANTS MAY NOT PUT THEIR OWN VERSION OF DISPUTED FACTS ON THE RECORD AT THE PLEADING STAGE

On a motion to dismiss a court may consider the "complaint in its entirety," accepting its factual allegations "as true," particularly "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs*, 127 S. Ct. at 2509; *see also In re Northpoint Commc'ns Group, Inc., Sec. Litig.*, 221 F. Supp. 2d 1090, 1094 (N.D. Cal. 2002) (Alsup, J.) (citing *Parrino v. FHP, Inc.*, 146 F.3d 699, 705-06 (9th Cir. 1998)) ("When ruling on a motion to dismiss, the district court may consider the facts alleged in the complaint, documents attached to the complaint, documents relied upon but not attached to the complaint when authenticity is not contested, and matters of which the Court takes judicial notice."). Otherwise, "if … matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment …. [and] [a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d).

A court may take judicial notice of a "fact" "that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). "A party is entitled … to an opportunity to be heard as to the propriety of taking judicial notice and the tenor of the matter noticed." *Id.* at 201(e). In considering a motion to dismiss a court my take judicial notice "of **undisputed** matters of public record," but may not take judicial notice "of **disputed** facts stated in public records." *Lee*, 250 F.3d at 690 (emphasis in original).

In securities cases a court generally may judicially notice SEC filings—the fact that such documents were filed and their contents are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." But the accuracy of any facts asserted in an SEC filing, as opposed to the fact that the contents of the filing was available to investors, is not the proper subject of judicial notice—an assertion a person or entity makes in an SEC filing is not necessarily true.

In other words, "SEC filings 'should be considered only for the purpose of determining what statements the documents contain, not to prove the truth of the documents' contents.'" *Troy Group, Inc. v. Tilson*, 364 F. Supp. 2d 1149, 1152 (C.D. Cal. 2005) (quoting *Lovelace v. Software Spectrum, Inc.*, 78 F.3d 1015, 1018 (5th Cir. 1996)). This Court expressed a similar view in *Northpoint*, 221 F. Supp. 2d at 1095, finding it appropriate to judicially notice one SEC filing "to gauge [the defendants'] challenged disclosures in light of all publicly available information," but refusing to judicially notice two other SEC filings because "defendants would have the Court review them for notice of disputed facts therein." *Id.* at 1095; *see also Roth v. Jennings*, 489 F.3d 499, 509 (2d Cir. 2007) (quoting *Kramer v. Time Warner Inc.*, 937 F.2d 767, 774) (in securities fraud cases a court may consider public documents, but "it does so in order to determine **what** statements they contained—but **again not for the truth of the matters asserted**") (quotations and brackets omitted, emphasis by the court)*; Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 921, 925 ( 9th Cir. 2001) (improper to consider police incident report to prove truth of the matter asserted on motion to dismiss).

COHEN, MILSTEIN, HAUSFELD & TOLL P.L.L.C.

In their most egregious effort to misapply the judicial notice rule, the Defendants wrongly insist that the Court should conclude that they did nothing wrong because, after the Class Period an investigation by LDK's audit committee, which included one of the Defendants, supposedly cleared LDK and the other Defendants of wrongdoing. *See, e.g.*, LDK Form 6-K (Dec. 17, 2007), Request for Judicial Notice in Support of Motion to Dismiss ("RJN"), ex. C. This investigation is not referred to in the Complaint and the Defendants do not provide any report resulting from the investigation, only their unsourced charectorization of the investigation's supposed conclusions.

## II. THE DEFENDANTS' OVERBROAD REQUESTS FOR JUDICIAL NOTICE SHOULD BE DENIED

To the extant that the Defendants improperly ask the Court to judicially notice self serving documents for the truth of the matters asserted, these items should be stricken from the record. Specifically, Plaintiff objects to the taking of judicial notice or otherwise considering the documents attached as exhibits to the Defendants' Request for Judicial Notice in Support of Motion to Dismiss as follows:

- Plaintiff objects to the taking of judicial notice or otherwise considering Exhibits A-D, S and U, which are SEC filings, to the extent that the Defendants would have the Court rely on these documents for the truth of matters asserted within them. Plaintiff does not object to the extent that these documents are used to indicate that the information in these documents was disclosed to the market during the Class Period, but documents C, D, S and U, none of which are quoted or referred to in the Complaint, cannot be used for such a purpose since they were filed after the Class Period.

- Plaintiff objects to the taking of judicial notice or otherwise considering Exhibit G, a letter from the SEC to the Defendants' counsel, to the extent that the Defendants rely on this letter as evidence that they did not violate the securities laws.

- Plaintiff objects to the taking of judicial notice or otherwise considering in any way Exhibit V, which is a PowerPoint slide presentation apparently prepared by

LDK's management and "published on LDK's Internet Website in March 2008." RJN at 5. These slides are not mentioned in the Complaint and none of the cases LDK cites suggest that a court may judicially notice a PowerPoint presentation posted on the Internet after the Class Period for the truth of the matters asserted therein. In fact, LDK itself thinks the presentation should not be relied upon—one of the first slides warns that "[t]his presentation is provided without any warranty or representation of any kind, either expressed or implied. The Company specifically disclaims all responsibilities in respect of any use or reliance of any information, whether financial or otherwise, contained in this presentation." Ex. V at 2. Since these PowerPoint slides, which are not available at the internet cite referenced by the Defendants, were "published" in March 2008 they have no relevance to what information was available to the market during the Class Period, which ended on October 7, 2007.

- Plaintiff objects to the taking of judicial notice or otherwise considering Exhibits Q and R, which are transcripts of LDK investor conference calls by LDK's senior management, to the extent that the Defendants would have the Court rely on these documents for the truth of matters asserted within them. Plaintiff does not object to the extent that these documents are used to indicate what information Defendants' disclosed to the market during the Class Period, but Exhibit R cannot be used for such a purpose since it deals with a conversation that occurred after the Class Period.

- Plaintiff objects to the taking of judicial notice or otherwise considering Exhibits Q and R, and I-P which are analyst reports not referred to in the Complaint, most of which were published after the Class Period. These documents are not the proper subjects of judicial notice, especially since the Defendants do not claim that they have provided a complete set or representative sample of analyst reports on

LDK. Presumably the Defendants have presented to the Court only those analyst reports that they believe support their case.

## III. CONCLUSION

For the reasons discussed herein, the Defendants request for judicial notice should be denied to the extent set forth above.[1]

Dated: April 24, 2008

COHEN, MILSTEIN, HAUSFELD & TOLL P.L.L.C.

By:   /s/ Michael Lehmann
        Michael Lehmann

Cohen, Milstein, Hausfeld & Toll P.L.L.C.
mlehmann@cmht.com
One Embarcadero Center
Suite 526
San Francisco, CA 94111
Telephone:    (415) 623-2048
Facsimile:    (415) 433-5994

Cohen, Milstein, Hausfeld & Toll P.L.L.C.
Steven J. Toll
Mark S. Willis
Matthew B. Kaplan
stoll@cmht.com
1100 New York Avenue, N.W.
Suite 500, West Tower
Washington, DC  20005
Telephone:    (202) 408-4600
Facsimile:    (202) 408-4699

Lead Counsel for the Proposed Class

---

[1] Many of the documents that the Defendants improperly seek to have judicially noticed actually undermine the Defendants' arguments and are consequently relied upon in the Plaintiff's Opposition to the Defendants Motion to Dismiss. To the extent that the Court does allow the Defendants to use judicially noticed documents to support their motion the Plaintiff should also be allowed to rely on these documents in their Opposition.

## CERTIFICATE OF SERVICE

I hereby certify that on this date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses of the parties of record.

I further certify that Service Pursuant to Local Rule 23-2 will be made electronically to:

>Securities Class Action Clearinghouse
>Att. Juan-Carlos Sanchez/Cara Mia Perlas
>Stanford University School of Law
>Crown Quadrangle
>Stanford, CA 94305-8612
>scac@law.stanford.edu

           /s/ Michael P. Lehmann
Michael P. Lehmann

April 24, 2008