1  LATHAM & WATKINS LLP
      James J. Farrell (Bar No. 166595)
2     james.farrell@lw.com
   633 West Fifth Street, Suite 4000
3  Los Angeles, California 90071-2007
   Telephone: (213) 485-1234
4  Facsimile: (213) 891-8763

5  LATHAM & WATKINS LLP
      Philip J. Wang (Bar No. 218349)
6     philip.wang@lw.com
   140 Scott Drive
7  Menlo Park, California 94025
   Telephone: (650) 328-4600
8  Facsimile: (650) 463-2600

9  Attorneys for Defendants LDK Solar Co.,
   Ltd., LDK Solar USA, Inc., Xiaofeng Peng,
10 and Jack Lai

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| In re LDK SOLAR SECURITIES LITIGATION<br><br>This Document Relates To:<br><br>ALL ACTIONS. | MASTER FILE NO. C-07-05182-WHA<br><br>**DEFENDANTS' REPLY TO REQUEST FOR JUDICIAL NOTICE**<br><br>Judge: Hon. William H. Alsup<br>Date: May 15, 2008<br>Time: 8:00 a.m.<br>Courtroom: 9, 19th Floor |
|---|---|

I. ARGUMENT

Plaintiff's opposition to Defendants' Request for Judicial Notice (the "Opposition") is overreaching and should be rejected. The Complaint expressly alleges that events after the Class Period corroborate Situ's assertions (Compl. ¶¶ 54 -60), but in Plaintiff's Opposition, he argues that all documents after the Class Period must not be considered by the Court. Plaintiff expressly alleges that the SEC's ongoing investigation corroborates Situ's allegations (Compl. ¶ 55). But Plaintiff objects to the Court's consideration of the SEC's letter confirming that there is no ongoing investigation and will be no enforcement action. The Complaint discusses LDK's statements for six months after the Class Period, and alleges that the 2007 third quarter and fourth quarter results (released in December 2007 and February 2008) actually corroborate Situ's "accounting fraud" theory (Compl. ¶¶ 56-60). But Plaintiff then objects to this Court's review of those results and the complete context of those allegedly corroborating statements. Fortunately, the law prohibits Plaintiff's attempt to impose a one-sided view of these events on the Court. Under Ninth Circuit law, this Court can and should consider the full and complete context of the events discussed in the Complaint.

### A. Plaintiff Cannot Limit The Court's Review Of Documents Put At Issue In The Complaint

The law is clear that Plaintiff cannot "cherry pick" amongst snippets of the same documents – relying on some while trying to silence others. The United States Supreme Court has admonished that in considering a motion to dismiss, particularly a motion to dismiss under the PSLRA's heightened pleading standard, courts must consider *all* judicially noticeable documents and weigh competing inferences based in context. See Tellabs, Inc. v. Makor Issues & Rights, Ltd., 127 S. Ct. 2499 (2007) ("[C]ourts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."); see also Gompper v. VISX, Inc., 298 F.3d 893 (9th Cir. 2002); Pirraglia v. Novell, Inc., 339 F.3d 1182 (10th Cir. 2003).

1  In In re CNET, 483 F. Supp. 2d 947, 953 (N.D. Cal. 2007) (Alsup., J.), this Court noted
2  that while "Plaintiffs are entitled to inferences in their favor at the pleading stage," they "are not
3  entitled to pick and choose which of defendants' statements in public documents favor them and
4  have all others ignored."  Similarly, In re Silicon Graphics Inc. Sec. Litig., 970 F. Supp. 746,
5  758-59 (N.D. Cal. 1997), this Court rejected the contention that judicial notice of defendants'
6  SEC forms was improper where plaintiffs, as here, relied on the information contained in those
7  filings in pleading their allegations:  "Having raised questions about defendants' stock sales,
8  based on their allegations on defendants' SEC filings . . . plaintiffs can hardly complain when
9  defendants refer to the same information in their defense."  Id.
10  Furthermore, the law is also clear that the Court may draw reasonable inferences from
11  judicially noticed documents.  See In re Tibco Software, Inc., No. C 05-2146 SBA., 2006 WL
12  1469654, at *18 (N.D. Cal. May 25, 2006) (in considering statements by defendant in judicially
13  noticed documents, court could reasonably infer from statements that defendants may not have
14  been aware of extent of Company's problems until after purportedly false statements were
15  made).  In deciding whether plaintiffs have alleged facts establishing a strong inference of fraud,
16  the Court "'must consider all reasonable inferences to be drawn from the allegations, including
17  inferences unfavorable to the plaintiffs.'"  In re Metricom Sec. Litig., 2004 WL 966291, at *11
18  (N.D. Cal. Apr. 29, 2004), aff'd, 2006 WL 1477585 (9th Cir. May 26, 2006) (quoting Gompper
19  v. VISX, Inc., 298 F.3d 893, 897 (9th Cir. 2002)).  Here, Defendants ask the Court to take
20  judicial notice of documents – *all of which are referenced directly or indirectly in Plaintiff's*
21  *Complaint* – and which are routinely noticed by Courts to provide context for Plaintiff's
22  allegations.  Defendants' Request for Judicial Notice ("Request") should therefore be granted in
23  its entirety.
24  Plaintiff overreaches in his Opposition and argues that Defendants are asking the Court to
25  "conclude that they did nothing wrong because, after the Class-Period an investigation by LDK's
26  audit committee, which included one of the Defendants, supposedly cleared LDK and the other
27  Defendants of wrongdoing."  Opp. at 4.  To avoid a full and fair presentation of the events that
28  are put at issue in the Complaint or to pre-determine what inferences this Court will draw from

1  such documents, Plaintiff argues that Defendants' Request is far more reaching than it is.
2  Defendants' Request, however, does not ask the Court to take judicial notice of such sweeping
3  issues such as whether "Defendants did anything wrong." Rather, as in all such typical requests
4  for judicial notice, occurring in nearly every motion to dismiss in a securities case, Defendants'
5  request that the Court take judicial notice of the *full context* in which the statements and events
6  put at issue by Plaintiff in his Complaint.

7  Here, Defendants request that the Court take judicial notice of the facts relating to the
8  Special Committee's investigation because those post Class Period events are put at issue in the
9  Complaint, which alleges that such post Class Period events corroborate Situ's allegations. The
10 Complaint alleges that LDK's CFO said that "the information released by Situ is authentic and
11 accurate" (Compl. ¶ 54) and that nearly six months of post Class Period statements and acts by
12 LDK (through March 2008) are all relevant to the Complaint, including the 3Q07 and 4Q07
13 financials disclosed in December 2007 and February 2008 and surrounding statements are
14 relevant to Situ's claim. (Compl. ¶¶ 44, 56-60.) The Complaint wrongly alleges that the non-
15 current classification of inventory amounts to a concession by LDK that it committed accounting
16 fraud and was a forced disclosure under pressure of KPMG's audit. (Compl. ¶¶ 57-60.)

17 After making these allegations that LDK senior management said Situ was correct, and
18 that the LDK statements over the course of six months following the Class Period corroborate
19 Situ's baseless attack, Plaintiff cannot prohibit this Court's review of the actual statements and
20 the full context in which they were made, including the fact that LDK did not concede Situ's
21 information was authentic and accurate. Simply stated, Plaintiff cannot selectively disclose only
22 half truths in its Complaint and then preclude this Court from considering the full context. See
23 Silicon Graphics, 970 F. Supp. at 758-59.

24  **B.  Judicial Notice Of Documents Referenced In The Complaint Is Proper**

25  Plaintiff objects to the taking of judicial notice of Exhibit G (letter from the SEC to James
26 Kreissman of Simpson Thacher & Bartlett), Exhibits Q & R (transcripts of LDK investor
27 conference calls by LDK's management), and Exhibits I, J, K, L, M, N, O, P (analysts' reports
28 regarding LDK) on grounds that the documents were not referred to in the Complaint, or,

because Defendants are seeking to assert the truth of matters asserted in those documents. Plaintiff is mistaken.

As established in Defendants' Request for Judicial Notice, each of these documents is referred to, either directly or indirectly, in Plaintiff's Complaint:

- Exh. G (letter from the SEC to James Kreissman of Simpson Thacher & Bartlett): Plaintiff's Complaint expressly refers to an investigation initiated by the SEC in October 2007 and alleges that such an investigation weighs in favor of finding fraud by LDK. The Complaint states: "The SEC seems to be taking Situ seriously. In three terse sentences in an October 30, 2007 press release the Company disclosed that it had been contacted by the SEC, which is apparently investigating Situ's revelations about LDK's accounting." (Compl. ¶ 55.)

- Exhs. Q & R (transcripts of LDK investor conference calls by LDK's management): Plaintiff makes numerous references to LDK's August 1, 2007 and February 25, 2008 conference calls throughout his Complaint. See Compl. ¶¶ 13, 15, 27, 32, 45, 73, 111, 112, 113, 114, 115, 116, 117, 118 (references to August 1, 2007 conference call); Compl. ¶¶ 58, 59 (references to February 25, 2007 conference calls).

- Exhs. I, J, K, L, M, N, O, P (analysts' reports regarding LDK): Plaintiff's Complaint expressly refers to Piper Jaffray's October 4, 2007 Company Note regarding LDK (Compl. ¶ 82 (Ex. I)) and Oppenheimer & Co's February 26, 2008 (Compl. ¶ 59 (Ex. K)) Research Note. In addition to these analysts' reports, the Complaint also alleges generally that "After Situ's allegation became public, analysts and investors realized that LDK had been understating its costs." (Compl. ¶ 47.) Plaintiff then cites, *as an example* of one such analyst who had realized LDK's alleged fraudulent scheme, an analyst report prepared by Piper Jaffray to support that allegation. Moreover, in paragraph 59 of the Complaint, Plaintiff alleges that after LDK's February 2008 conference call, "*several analysts* expressed concern that LDK was playing games with its inventory numbers." (Compl. ¶ 59) (emphasis added).

1     Defendants seek to judicially notice each of these documents to provide the full context 2 behind Plaintiff's unsupported allegations. As noted, Plaintiff cannot seek to introduce a portion 3 of the text of these documents while at the same time objecting to Defendants' request to have 4 the document offered *as a whole*. See In re CNET, 483 F. Supp. 2d at 966 (holding that while 5 "Plaintiffs are entitled to inferences in their favor at the pleading stage," they "are not entitled to 6 pick and choose which of defendants' statements in public documents favor them and have all 7 others ignored"). Accordingly, because Defendants' Request for Judicial Notice establishes that 8 these documents were referred to – either directly or indirectly – in Plaintiff's Complaint, 9 judicial notice of Exhibits G, I, J, K, L, M, N, O, P, Q and R is proper.

10     **C.    Judicial Notice of Documents Filed with the SEC Is Proper**

11     Plaintiff does not dispute Defendants' well-supported proposition that on a motion to 12 dismiss, courts routinely take judicial notice of public filings with the SEC. See RJN at 4. 13 Moreover, Plaintiff does not object to Defendants' request for judicial notice as to *any* of the 14 documents filed with the SEC "to the extent that these documents are used to indicate that the 15 information in these documents were disclosed to the market during the Class Period . . . ." See 16 Opp. at 4.

17     Plaintiff, however, objects to the Court's taking of judicial notice of documents C, D, S 18 and U, which are LDK's publicly filed Form 6-Ks and Form 20-F Annual Report, on grounds 19 that "none are quoted or referred to in the Complaint" and "cannot be used for such a purpose 20 since they were filed after the Class Period." Id. But Plaintiff's attempt to impose the Class-21 Period as a bright-line limitation on the documents that may be considered by this Court is 22 completely disingenuous given Plaintiff's allegations regarding the post Class Period events. 23 The Complaint alleges boldly that "Post Class Period Disclosures Lend Credence to the 24 Allegations" but then Plaintiff argues that the Court should not consider the content of any of 25 those post Class Period disclosures. (See Compl. ¶¶ 54 – 60.)

26     Moreover, as established in Defendants' Request, courts *routinely* take judicial notice of 27 public filings with the SEC. See In re CNET Networks, Inc., 483 F. Supp. 2d 947, 953 (N.D. 28 Cal. 2007) (Alsup, J.) ("For . . . publicly filed documents, '[a] court may take judicial notice of

1  public filings when adjudicating a motion to dismiss a complaint for failure to state a claim upon
2  which relief can be granted.'") (quotation omitted); In re Calpine Corp. Sec. Litig., 288 F. Supp.
3  2d at 1076 (holding that "the Court may properly take judicial notice of SEC filings . . . without
4  converting the motions to dismiss into motions for summary judgment"); In re Gupta Corp. Sec.
5  Litig., 1995 WL 338893, at *5 (N.D. Cal. Apr. 18, 1995) ("On a motion to dismiss . . . the court
6  may consider 'public disclosure documents required by law to be and which actually have been
7  filed with the SEC.'") (quoting Cortec Indus., Inc. v. Sum Holding, L.P., 949 F.2d 42, 47 (2d
8  Cir. 1991), cert. denied, 503 U.S. 960 (1992)); In re Valence Tech. Sec. Litig., 1996 WL 37788,
9  at *3 (N.D. Cal. Jan. 23, 1996) (similar).

10       Plaintiff's attempt to confuse the issue by arguing that the SEC filings cannot be
11  judicially noticed because they were not referred or cited to in the Complaint lacks credibility
12  and is without merit.  Again, Plaintiff seeks to simultaneously embrace and disclaim portions of
13  LDK's public filings by self-selecting only favorable facts contained in the judicially noticeable
14  documents, while at the same time attempting to hide documents that establish the weakness of
15  his allegations.  Notably, Plaintiff alleges numerous times in the Complaint that, though various
16  SEC filings, Defendants mislead investors regarding LDK's valuation of its polysilicon stock.
17  Plaintiff, however, now objects to Defendants' attempt to judicially notice SEC filings directly
18  relevant to those claims on grounds that information contained within those public filings are not
19  referred to in the Complaint or otherwise not relevant.  Plaintiff's endeavor to prevent this Court
20  from considering the information in these public filings is disingenuous and impermissible.
21  Judicial notice of Exhibits C, D, S and U, along with all of the documents filed with the SEC, is
22  therefore proper.

23       **D.    Judicial Notice of LDK's Corporate Presentation Press Release Is Proper**

24       Plaintiff objects to the taking of judicial notice of Exhibit V, LDK's Corporate Presentation
25  published on LDK's website in March 2008, on grounds that the presentation was not referred to in
26  the Complaint and has no relevance to what information was available to the market during the
27  Class Period.  Plaintiff's arguments fail for two reasons.  First, as noted, the Court should reject
28  Plaintiff's argument that all documents after the Class Period should not be considered.  The

1  Complaint expressly puts these statements at issue, so the law mandates that the Court be allowed
2  to consider the full context of these statements. The March 2008 powerpoint was used in
3  connection with an investor conference, which is discussed in paragraph 44 of the Complaint.
4      Plaintiff cannot make allegations about the March 2008 investor conference and the
5  alleged statements made about the "value of polysilicon feedstock" and at the same time seek to
6  preclude consideration of the powerpoint from that March 2008 investor presentation,
7  particularly, the slide discussing the quantity and value of LDK's polysilicon feedstock.
8  Moreover, the presentation is similar to a press release in that it was made available to all
9  investors on its website[1], and on *that basis alone*, may be judicially noticeable. See In re
10  Homestore.com, Inc. Sec. Litig., 347 F. Supp. 2d 814, 817 (C.D. Cal. 2004) ("[T]he Court may
11  take judicial notice of press releases."); see also In re LeapFrog Enterprises, Inc., 527 F. Supp.
12  2d 1033, 1042 n.3 (N.D. Cal. 2007) (noting that the district court would take judicial notice of
13  exhibits attached to declaration, which included press releases); In re Network Assocs.
14  Sec.Litig., 2003 U.S. Dist. LEXIS 14442, at *3 (N.D. Cal. Mar. 25, 2003) (judicially noticing
15  press releases); Wietschner v. Monterey Pasta Co., 294 F. Supp. 2d 1102, 1109 (N.D. Cal.
16  2003) (same). Plaintiff's contention that the presentation was not referred to in the Complaint
17  merely seeks to conflate the two issues, and has no bearing upon whether the presentation may
18  be judicially noticed. Accordingly, judicial notice of LDK's March 2008 Corporate
19  Presentation is proper.

20     **E.**     **Plaintiff Has Waived Any Objection To Judicial Notice Of The Documents By Using The Same Documents To Support His Allegations**
21

22      Finally, Plaintiff's use of the very documents that he objects to constitutes a waiver of
23  any objection to those materials. See e.g., Wilson v. Attaway, 757 F.2d 1227, 1242 (11th Cir.
24  1985) (noting that objections to the admission of evidence are waived if the objecting party
25  introduces evidence of the same or similar import himself); United States v. Truitt, 440 F.2d

---

[1] Plaintiff's assertion that LDK's March 2008 Corporate Presentation is not available on LDK's Internet Website is incorrect. The link provided in Defendants' Request for Judicial Notice is functional, but is repeated here for the Court's convenience: http://media.corporate-ir.net/media_files/irol/19/196973/March_LDK_Management_Presentation_2008.pdf.

1070, 1071 (11th Cir. 1971) ("It is settled law that one waives his right to object to the admission of evidence if he later introduces evidence of the same or similar import himself."); Trouser Corp. of America v. Goodman & Theise, Inc., 153 F.2d 284, 287-88 (3d Cir. 1946) (finding that an objection to evidence "is lost if the objecting party himself offers the same" as evidence). In essence, Plaintiff tries to create "Catch-22" procedural trap, by arguing that the Court should draw conclusions favorable to Plaintiff from these documents, but if the Court is unwilling to draw such an inference, then the documents are objectionable. See Opp., p 6, n. 1.

Plaintiff's gamesmanship, designed to create a "heads plaintiff wins, tales defendants lose" effect, whereby relevant documents are only considered if deemed favorable to Plaintiff, must be rejected. Defendants' Request is not similarly conditioned on such a one-sided tactical loop that only allows the Court to consider relevant documents – referenced in the Complaint, filed with the SEC and otherwise proper for judicial notice – but only if the Court agrees to draw an inference favorable to Defendants. By electing to argue that the Court should draw inferences favorable to Plaintiff from these documents, Plaintiff has waived any objection to their consideration.

## II.   CONCLUSION

For the reasons stated above, Defendants respectfully request that the Court take judicial notice of all of the documents referenced in their Request for Judicial Notice.

Dated: May 1, 2008

Respectfully submitted,

LATHAM & WATKINS LLP

By: _____/s/_____
James J. Farrell

Attorneys for Defendants LDK Solar Co., Ltd., LDK Solar USA, Inc., Xiaofeng Peng, and Jack Lai