Cohen, Milstein, Hausfeld & Toll P.L.L.C.
Herbert E. Milstein
Steven J. Toll
Mark S. Willis
Matthew B. Kaplan
stoll@cmht.com
1100 New York Avenue, N.W.
Suite 500, West Tower
Washington, DC 20005
Telephone:    (202) 408-4600
Facsimile:    (202) 408-4699

Cohen, Milstein, Hausfeld & Toll P.L.L.C.
Michael P. Lehmann
mlehmann@cmht.com
One Embarcadero Center
Suite 526
San Francisco, CA 94111
Telephone:    (415) 623-2048
Facsimile:    (415) 433-5994

Lead Counsel for the Proposed Class

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re LDK Solar Securities Litigation | Master File No. C-07-05182-WHA |
| This Document Relates To:<br><br>All Actions | PLAINTIFF'S NOTICE OF MOTION AND MOTION TO AUTHORIZE SERVICE TO UNSERVED DEFENDANTS LOCATED ABROAD PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 4(F)(3)<br><br>Judge:    Hon. William H. Alsup<br>Date:     June 19, 2008<br>Time:     8:00 a.m.<br>Courtroom: 9, 19th Floor |

COHEN, MILSTEIN,
HAUSFELD & TOLL
P.L.L.C.

Pltfs. Notice Of Mo. And Mot. To Authorize Service To Unserved Defs. Located Abroad Pursuant To Federal Rule Of Civil Procedure 4(F)(3)—Master File No. C-07-05182-WHA

## NOTICE OF MOTION AND MOTION

PLEASE TAKE NOTICE that Lead Plaintiff Shahpour Javidzad hereby moves for an order permitting him to serve the Defendants not yet served in this case ("the Unserved Defendants") through Defendant LDK's office located in this District, as permitted by Rule 4(f)(3) of the Federal Rules of Civil Procedure. The Motion is scheduled to be heard at 8:00 a.m. on June 19, 2008, in the courtroom of the Honorable William H. Alsup, in the United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, California.

## STATEMENT OF ISSUE TO BE DECIDED

Whether Plaintiff's motion should be granted.

## MEMORANDUM OF POINTS AND AUTHORITIES

This case is brought against LDK Solar Co., Ltd. ("LDK" or "the Company"), a Chinese Company that last year chose to list itself on the New York Stock exchange in order to access the U.S. capital markets. In doing so the Company and its officers and directors voluntarily subjected themselves to the provisions of the U.S. securities laws. Nevertheless, five individual defendants ("the Unserved Individual Defendants"), each of whom personally signed the Company's initial public offering registration statement, and each of whom undoubtedly has actual knowledge of this litigation, have refused to allow counsel for the Company to accept service on their behalf, as has a Chinese subsidiary of LDK. Ignoring the Federal Rules of Civil Procedure's mandate that they attempt in good faith to minimize the cost of service, the Unserved Individual Defendants, who are residents of China, apparently want to avoid service entirely or, at the least, to make service unreasonably difficult and expensive. At a minimum, the Unserved Individual Defendants' tactics will complicate and may delay these proceedings—any Defendants served after the Court rules on the pending motion to dismiss are likely to argue that they are not bound by the Court's ruling since the Court did not have jurisdiction over them when it made its decision.

When a court is faced with such a situation, the Federal Rules allow it to approve reasonable alternatives to the costly, time consuming and possibly fruitless procedure of

COHEN, MILSTEIN, HAUSFELD & TOLL P.L.L.C.

Pltfs. Notice Of Mo. And Mot. To Authorize Service To Unserved Defs. Located Abroad Pursuant To Federal Rule Of Civil Procedure 4(F)(3)—Master File No. C-07-05182-WHA   - 1 -

attempting service outside the country through the cumbersome procedures of the Hague Convention on Service Abroad. Consequently, to expedite this litigation, and to reduce the costs associated with it, Plaintiff respectfully moves the Court to permit that the Unserved Defendants be served through LDK's California office on the reasonable premise that that office will transmit the relevant documents to the Unserved Defendants, each of which is a director, senior officer or subsidiary of LDK. A similar procedure for service has been specifically approved by the Ninth Circuit.

## I. BACKGROUND

This is a consolidated class action brought under the federal securities laws against LDK, a Cayman Islands-incorporated Chinese company traded on the New York Stock Exchange, and certain of its officers, directors and subsidiaries. Plaintiff filed a Consolidated Class Action Complaint on March 10, 2008 and Defendants responded on April 7, 2008 with a motion to dismiss. A hearing on that motion is set for May 15, 2008. Each of the individual Defendants made statements specifically directed at American investors about LDK, including by signing LDK's proxy statement, that the Complaint alleges were materially false and misleading.

There are ten Defendants in this case, four of whom have been served—LDK itself; LDK Solar USA, Inc., a subsidiary of LDK; Xiaofeng Peng, LDK's Chief Executive Officer; and Jack Lai, LDK's Chief Financial Officer. Six Defendants also named in the Complaint have not been served—Jiangxi LDK Solar, a Chinese subsidiary of LDK; Xingxue Tong, LDK's President and Chief Operating Officer; Qiqiang Yao, LDK's Vice President and Chief Accounting Officer; Liangbao Zhu, LDK's Executive Vice President and a member of the Company's board of directors; Yonggang Shao, LDK's Senior Vice President and a member of the Company's board; and Gang Wang, also a member of the Company's board.

Counsel for LDK (who initially claimed to represent none of LDK's officers, but who subsequently indicated that they represented Defendants Peng and Lai after these two Defendants had been served) have been unwilling to accept service for any of the Unserved Defendants or even to clarify which, if any, of the Unserved Defendants they represent. *See* Declaration of Matthew B. Kaplan, ¶ 2, attached. Despite counsel's apparent position that they do not represent

COHEN, MILSTEIN, HAUSFELD & TOLL P.L.L.C.

Pltfs. Notice Of Mo. And Mot. To Authorize Service To Unserved Defs. Located Abroad Pursuant To Federal Rule Of Civil Procedure 4(F)(3)—Master File No. C-07-05182-WHA     - 2 -

1  the Unserved Defendants, and therefore cannot accept service for them, counsel has argued to the
2  Court on their behalf, claiming that the Complaint supposedly does not adequately tie the
3  Unserved Individual Defendants to the fraud and should, therefore, be dismissed against them.
4  *See, e.g.*, Defendants' Reply Memorandum Of Points And Authorities In Support Of Motion To
5  Dismiss at 10-11 (Wrongly asserting that "Plaintiff's Complaint fails to plead *a single specific*
6  *fact* regarding any statements, acts or the state of mind of five of the seven Defendants: Xingxue
7  Tong, Qiqiang Yao, Liangbao Zhu, Yonggang Shao and Gang Wang.") (emphasis in original).

8      Each of the Unserved Individual Defendants works at LDK's headquarters in China and
9  resides in China.  Service of process in China is theoretically possible pursuant to the Hague
10 Convention but, is extraordinarily burdensome and time consuming.  *See Cincinnati Ins. Co. v.*
11 *Belkin Corp.*, No. 07-0615, 2008 WL 60402, at *1 (S.D. Ala. Jan. 2, 2008) (according to
12 affidavit, "service of process on Dongguan in China pursuant to the Hague Convention will take
13 between four and six months").  Moreover, in this case counsel for LDK has suggested that it may
14 not be possible to ever serve the Unserved Individual Defendants pursuant to the Hague
15 Convention.  *See* Kaplan Decl. ¶ 3.

16     According to LDK's web site, "LDK's headquarters [is]…located in Hi-Tech Industrial
17 Park, Xinyu City, Jiangxi province in the People's Republic of China" and "[t]he company's USA
18 office is located in Sunnyvale, California."  http://investor.ldksolar.com/phoenix.zhtml?c=
19 196973&p=irol-faq (viewed May 6, 2008).  The address given for the Sunnyvale Office is 1290
20 Oakmead Parkway, Suite 306, Sunnyvale, CA 94085.  *Id.*

21 **II.**     **ARGUMENT**
22     Service of process outside the United States is governed by Federal Rule of Civil
23 Procedure 4(f), which provides that such service may be made by means that include international
24 agreements such as the Hague Convention or, under subsection 4(f)(3), "by other means not
25 prohibited by international agreement, as the court orders."  According to the Ninth Circuit,

26     "[a]s obvious from its plain language, service under Rule 4(f)(3)
    must be (1) directed by the court; and (2) not prohibited by
27     international agreement.  No other limitations are evident from the
    text.  In fact, as long as court-directed and not prohibited by an
28     international agreement, service of process ordered under Rule

COHEN, MILSTEIN, HAUSFELD & TOLL P.L.L.C.

Pltfs. Notice Of Mo. And Mot. To Authorize Service To Unserved Defs. Located Abroad
Pursuant To Federal Rule Of Civil Procedure 4(F)(3)—Master File No. C-07-05182-WHA   - 3 -

> 4(f)(3) may be accomplished in contravention of the laws of the foreign country.

*Rio Properties, Inc. v. Rio Intern. Interlink*, 284 F.3d 1007, 1014 (9th Cir. 2002).

*Rio Properties* rejected a defendant's argument that plaintiffs must use the other methods of overseas service authorized by Rule 4(f), such as the Hague Convention, before asking a court to authorize service by "other means." The court explained that

> We find no support for [the defendant's] position. No such requirement is found in the Rule's text, implied by its structure, or even hinted at in the advisory committee notes.
>
> By all indications, court-directed service under Rule 4(f)(3) is as favored as service available under Rule 4(f)(1) or Rule 4(f)(2). Indeed, Rule 4(f)(3) is one of three separately numbered subsections in Rule 4(f), and each subsection is separated from the one previous merely by the simple conjunction "or." Rule 4(f)(3) is not subsumed within or in any way dominated by Rule 4(f)'s other subsections; it stands independently, on equal footing. Moreover, no language in Rules 4(f)(1) or 4(f)(2) indicates their primacy, and certainly Rule 4(f)(3) includes no qualifiers or limitations which indicate its availability only after attempting service of process by other means.

*Id.* at 1015 (footnote and citations omitted); *see also Bank Julius Baer & Co. Ltd. v. Wikileaks*, No. C 08-00824 JSW 2008 WL 413737, at *2 (N.D.Cal. Feb. 13, 2008) ("a plaintiff is not first required to attempt service under Rule 4(f)(1) or Rule 4(f)(2)" before seeking court approval to serve under rule 4(f)(3)).

Relying on *Rio Properties*, the district court in *Nanya Technology Corp. v. Fujitsu Ltd.*, No. CIV 06-00025, 2007 WL 269087 (D. Guam Jan. 25, 2007), rejected the defendant's argument that a court can only authorize Rule 4(f)(3) service "where the recipient party does not live in a member country of the Hague Convention" or in "urgent circumstances." *Id.* at *5. Emphasizing that "[w]e should not lose sight of what service of process is about, it is about giving a party notice of the pendency of an action and the opportunity to respond," the Court upheld a magistrate judge's authorization of service by alternate means under Rule 4(f)(3) because "service was sufficient enough to give [defendant] Fujitsu notice and an opportunity to respond." *Id.* at *5; *see also Seiko Epson Corp. v. Glory South Software Manufacturing, Inc.*, No. 06-CV-477, 2007 WL 219944, at *2 (D. Or. Jan. 24, 2007) (noting that the federal rule "stresses

COHEN, MILSTEIN, HAUSFELD & TOLL P.L.L.C.

Pltfs. Notice Of Mo. And Mot. To Authorize Service To Unserved Defs. Located Abroad
Pursuant To Federal Rule Of Civil Procedure 4(F)(3)—Master File No. C-07-05182-WHA    - 4 -

actual notice, rather than strict formalism").

Service of the Unserved Defendants through LDK is appropriate in this case. Since LDK and two of its top officers are actively participating in this lawsuit there can be no reasonable doubt that the Unserved Individual Defendants—each an officer or director of LDK—are aware of it, especially since it is discussed in some detail in the Company's recently filed Form F-20 annual report, a document that any competent officer or director would be familiar with. *See* Defendants' Request for Judicial Notice, Dkt. No. 69, Ex. S at 20, 49-50. Nevertheless, although a defendant, including a defendant outside the United States, "has a duty to avoid unnecessary expenses of serving the summons," Fed. R. Civ. P. 4(d)(1), the Unserved Defendants have not authorized counsel for LDK to accept service on their behalf.

The Unserved Individual Defendants' attempt to evade service is especially troublesome because the statements alleged to be false include statements in LDK's initial public offering registration statement, a document each Unserved Individual Defendant signed. Congress imposed especially "heav[y] legal liability" on "persons signing [a] registration statement" because such persons have a "moral responsibility to the public [that] is particularly heavy." *Gustafson v. Alloyd Co., Inc.*, 513 U.S. 561, 581 (1995) (quoting H.R. Rep. No. 85, 73d Cong., 1st Sess., 5 (1933)). Signatories of registration statements who happen to reside outside the United States have the same "moral responsibility to the public" and should not be allowed to use their location to diminish or evade liability. Since each of the Unserved Individual Defendants voluntarily signed a registration statement on behalf LDK, allowing the Company to sell shares in the United States, it would be fair and reasonable for the Court to allow them to be served through LDK's U.S. office.

Any "method of service crafted by the district court [pursuant to Rule 4(f)(3)] must be 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Rio Properties* at 1016-17 (quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)). In *Rio Properties* the court held that the district court had met this standard when it authorized service on a Costa Rican defendant's "international courier" in Miami even though that courier

COHEN, MILSTEIN,
HAUSFELD & TOLL
P.L.L.C.

Pltfs. Notice Of Mo. And Mot. To Authorize Service To Unserved Defs. Located Abroad
Pursuant To Federal Rule Of Civil Procedure 4(F)(3)—Master File No. C-07-05182-WHA   - 5 -

apparently made delivery to the defendant's "Costa Rican courier" rather than to the defendant itself. *Rio Properties* at 1013.

The facts in this case present a better case for service pursuant to Rule 4(f)(3) than the facts the court found sufficient in *Rio Properties*. Plaintiff here does not propose to serve a courier working (possibly indirectly) for the Unserved Defendants, but to directly serve the Unserved Defendants' employer (or owner in the case of LDK's Chinese subsidiary). It is reasonable to assume that important documents hand delivered to LDK's offices and addressed to specific officers and directors of the Company will actually be transmitted to those officers and directors. This is especially so since, if service is made on LDK's U.S. office, LDK will undoubtedly advise the Court if for some reason it is no longer able to contact any of the Unserved Defendants.

Courts have also frequently permitted service by email pursuant to Rule 4(f)(3). *See, e.g. Bank Julius Baer* at *2 (approving email service); *Philip Morris USA Inc. v. Veles Ltd.*, No. 06 CV 2988, 2007 U.S. Dist. LEXIS 19780 at *4-*9 & n.3 (S.D.N.Y. Mar. 12, 2007) (same, citing cases). The method of service proposed by Plaintiff here is more likely to actually reach the Unserved Defendants than is service through sometimes unreliable email. *See* Hall Tim, "Mystery of lost messages as millions of emails fall into black hole," Daily Telegraph (London) May 31, 2007, at 12 (available on Westlaw at 2007 WLNR 10146682) ("Millions of emails have been falling into a 'black hole' without any warning that they have disappeared, a major internet provider admitted yesterday.").

### III. CONCLUSION

For the reasons set forth above Plaintiff's motion should be granted.

COHEN, MILSTEIN, HAUSFELD & TOLL P.L.L.C.

Pltfs. Notice Of Mo. And Mot. To Authorize Service To Unserved Defs. Located Abroad Pursuant To Federal Rule Of Civil Procedure 4(F)(3)—Master File No. C-07-05182-WHA    - 6 -

| | | |
|---|---|---|
| 1 | Dated: May 6, 2008 | COHEN, MILSTEIN, HAUSFELD & TOLL P.L.L.C. |

By:   /s/ Michael P. Lehmann
      Michael Lehmann

Cohen, Milstein, Hausfeld & Toll P.L.L.C.
mlehmann@cmht.com
One Embarcadero Center
Suite 526
San Francisco, CA 94111
Telephone:   (415) 623-2048
Facsimile:   (415) 433-5994


Cohen, Milstein, Hausfeld & Toll P.L.L.C.
Steven J. Toll
Herbert E. Milstein
Mark S. Willis
Matthew B. Kaplan
stoll@cmht.com
1100 New York Avenue, N.W.
Suite 500, West Tower
Washington, DC  20005
Telephone:   (202) 408-4600
Facsimile:   (202) 408-4699

Lead Counsel for the Proposed Class

COHEN, MILSTEIN, HAUSFELD & TOLL P.L.L.C.

Pltfs. Notice Of Mo. And Mot. To Authorize Service To Unserved Defs. Located Abroad Pursuant To Federal Rule Of Civil Procedure 4(F)(3)—Master File No. C-07-05182-WHA   - 7 -

# **CERTIFICATE OF SERVICE**

I hereby certify that on this date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses of the parties of record.

I further certify that Service Pursuant to Local Rule 23-2 will be made electronically to:

> Securities Class Action Clearinghouse
> Att. Juan-Carlos Sanchez/Cara Mia Perlas
> Stanford University School of Law
> Crown Quadrangle
> Stanford, CA 94305-8612
> scac@law.stanford.edu

      /s/ Michael P. Lehmann
Michael P. Lehmann

May 6, 2008

COHEN, MILSTEIN,
HAUSFELD & TOLL
P.L.L.C.

Op. To Defendants' Motion To Dismiss Plaintiffs' Consolidated Class Action Compl.—Master File No. C-07-05182-WHA