LATHAM & WATKINS LLP
James J. Farrell (Bar No. 166595)
james.farrell@lw.com
633 West Fifth Street, Suite 4000
Los Angeles, California 90071-2007
Telephone: (213) 485-1234
Facsimile: (213) 891-8763

LATHAM & WATKINS LLP
Philip J. Wang (Bar No. 218349)
philip.wang@lw.com
140 Scott Drive
Menlo Park, California 94025
Telephone: (650) 328-4600
Facsimile: (650) 463-2600

Attorneys for Defendants LDK Solar Co., Ltd., LDK Solar USA, Inc., Xiaofeng Peng, and Jack Lai

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

In re LDK SOLAR SECURITIES LITIGATION

This Document Relates To:

ALL ACTIONS.

MASTER FILE NO. C-07-05182-WHA

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO AUTHORIZE SERVICE TO UNSERVED DEFENDANTS LOCATED ABROAD PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 4(f)(3)**

Judge: Hon. William H. Alsup
Date: June 19, 2008
Time: 8:00 a.m.
Courtroom: 9, 19th Floor

LATHAM & WATKINS LLP
ATTORNEYS AT LAW

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO AUTHORIZE SERVICE TO UNSERVED DEFENDANTS LOCATED ABROAD PURSUANT TO RULE 4(f)(3)

## STATEMENT OF ISSUE TO BE DECIDED

Whether the Court should allow Plaintiff to circumvent proper methods of service provided under the Hague Service Convention ("Hague Service Convention" or "Convention") and grant Lead Plaintiff Shahpour Javidzad's ("Plaintiff's") Motion to Authorize Service to Unserved Defendants Located Abroad pursuant to Federal Rule of Civil Procedure 4(f)(3) (the "Motion").

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. PRELIMINARY STATEMENT

Plaintiff's Motion for court-directed service under Rule 4(f)(3) asks the Court to circumvent the Hague Service Convention, of which China is a party, without so much as a ***single attempt*** to serve any of the remaining Unserved Defendants ("Unserved Defendants") through that mandated process. Plaintiff readily admits that service of process in China is possible and effective pursuant to the Hague Service Convention but contends in conclusory fashion that alternative service is warranted because service through the Convention would be "extraordinarily burdensome and time consuming." Mot. at 3. Plaintiff offers nothing to suggest that this case is unique or has some specific compelling fact which requires deviating from the normal and typical service procedures and the controlling Hague Service Convention. Respect for international law and due process rights of the Unserved Defendants outweigh Plaintiff's unsupported assertion that the Court deviate from the normal process in this case.

In considering the propriety of requests for court-directed service, courts have deferred to the Convention where service involves a country that is a signatory to the Convention, and where plaintiff has an available means to properly effect service. In doing so, courts have consistently rejected arguments in favor of alternative service on grounds that the proposed means of service would be less expensive and more expeditious. Here, China is a signatory to the Hague Service Convention and Plaintiff can properly effect service through means prescribed under the Convention. Plaintiff asks the Court to make a special case for him, but he provides no reasoning for doing so. Rather, Plaintiff argues that the normal course of service will involve time and expense. But he does not suggest any reason why it would take exceptional or unusual

LATHAM&WATKINS LLP
ATTORNEYS AT LAW

1

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO AUTHORIZE SERVICE TO UNSERVED DEFENDANTS LOCATED ABROAD PURSUANT TO RULE 4(f)(3

expense in this case, as compared to any other case where a plaintiff seeks to use the US Courts to litigate a dispute with a foreign individual. Indeed, this case was initially filed in October 2007 – ***over seven months ago*** – which should have provided ample time to serve any appropriate defendant.[1] But in the months that have passed, Plaintiff made no effort to serve any of the Unserved Defendants. Plaintiff's squandering months of time, while he made no effort to serve the Unserved Defendants, completely undermines his hollow assertion that the Court should deviate from the normal procedures because of the time and burden of those procedures in this case.

In addition, Plaintiff's assertion the Unserved Defendants have been elusive and evaded attempts at service are completely unfounded. Nowhere in the Motion does Plaintiff allege that the location of any of the Unserved Defendants is unknown, or, that they have attempted to evade any proper means of service. Without the slightest justification or effort on his part, Plaintiff seeks to impose on this Court to extend its reach to individuals residing in China and then worse, deviate from the mandated normal process for service of those individuals. Simply stated, Plaintiff fails to present any compelling argument that warrants court-directed service and Plaintiff's Motion should therefore be denied.

## II. BACKGROUND

LDK is incorporated in the Cayman Islands and with its headquarters in Xinyu City, Jiangxi province, in the People's Republic of China. On March 10, 2008, Plaintiff filed a Consolidated Class Action Complaint against LDK and several of its officers, directors and subsidiaries alleging violations under various federal securities laws. Specifically, Plaintiff named ten defendants in this case, only four of whom have been served to date: 1) LDK; 2) LDK

---

[1] Plaintiff filed his Motion to Appoint Lead Plaintiff and Lead Counsel in this case on November 21, 2007, which was subsequently granted by the Court on January 4, 2007. Thereafter, Plaintiff filed his Consolidated Class Action Complaint ("CAC") on March 10, 2008. At the time Plaintiff filed his CAC, he knew then that he was naming individuals that reside in China and did not object to the cost or difficulty of serving the individuals at that time. Only now, well ***over five months after*** Plaintiff was appointed as Lead Plaintiff in this action, Plaintiff comes before the court seeking exceptional relief from the normal service procedures by requesting court-directed service, without any attempt to serve the individuals through the proper channels. Moreover, Plaintiff's CAC alleges hundreds of millions of dollars in damages on behalf of a class, making the time and expense of serving the remaining Unserved Defendants essentially negligible.

Solar USA, Inc., a subsidiary of LDK; 3) Xiaofeng Peng, LDK's Chief Executive Officer; and 4) Jack Lai, LDK's Chief Financial Officer. Plaintiff has not served the remaining six Defendants – all of whom reside, work or are otherwise located in China.[2]

China is a party to the Hague Convention on Service Abroad of Judicial and Extra-Judicial Documents in Civil and Commercial Matters. The Hague Service Convention entered into force between the United States and China in 1991. See Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, Nov. 15, 1965, 20 U.S.T. 361, T.I.A.S. 6638, 658 U.N.T.S. 163, at n.3a. Pursuant to the Convention, service can be effected in China through the Chinese Central Authority ("Central Authority"), located at China's Bureau of International Judicial Assistance, Ministry of Justice, in Beijing, China. Id. China, however, has objected to Article 10 of the Convention, which provides for service through postal channels or other informal means. Id. at n.3a(3) (China "oppose[s] the service of documents in the territory of the People's Republic of China by the methods provided in Article 10 of the Convention."). Accordingly, the only method of service of persons in China under the Hague Service Convention is through personal service to China's Central Authority.

To date, Plaintiff has not made any attempts to serve any of the Unserved Defendants through China's Central Authority as required under the Hague Service Convention. Nonetheless, Plaintiff brings the present motion seeking court-directed service, based on nothing more than Plaintiff's realization that it is suing several individuals who live abroad and the proper means of serving them will require some time and expense. Mot. at 2.

## III. ARGUMENT

Federal Rule of Civil Procedure 4(f) requires a plaintiff to serve foreign defendants in accordance with "any internationally agreed means reasonably calculated to give notice," such as the Hague Service Convention. Fed. R. Civ. P. 4(f)(1). Notwithstanding this provision, under

---

[2] Jiangxi LDK Solar, a Chinese subsidiary of LDK; Xingxue Tong, LDK's President and Chief Operating Officer; Qiqiang Yao, LDK's Vice President and Chief Accounting Officer; Liangbao Zhu, LDK's Executive Vice President and a member of LDK's board of directors; Yonggang Shao, LDK's Senior Vice President and a member of LDK's board of directors; and Gang Wang, a non-executive director (collectively referred to as the "Unserved Defendants").

LATHAM&WATKINS LLP
ATTORNEYS AT LAW

3

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO AUTHORIZE SERVICE TO UNSERVED DEFENDANTS LOCATED ABROAD PURSUANT TO RULE 4(f)(3

Rule 4(f)(3), district courts may nonetheless direct service "by other means not prohibited by international agreements." Fed. R. Civ. P. 4(f)(3).

However, court-directed service is appropriate only where service involves a country that is not a signatory to the Hague Service Convention or the signatory has refused to cooperate for substantive reasons. See Agha v. Jacobs, 2008 WL 2051061 *2 (N.D. Cal. May 13, 2008) (denying request under Rule 4(f)(3) for court-directed service where plaintiff "has available to him the method of accomplishing service under the auspices of the Hague Convention."); Resnick v. Shepard, 2007 WL 2481431 *1 (S.D. Cal. Aug. 29, 2007) (rejecting application for service under Rule 4(f)(3) where plaintiff failed to indicate whether location of service was a signatory to the Hague Service Convention). Indeed, federal courts throughout the United States have demonstrated "great deference to the Hague Convention as 'the law of the land' under the supremacy clause of the Constitution." Furukawa Elec. Co. of North America v. Yangtze Optical Fibre and Cable, 2005 WL 3071244 *3 (D. Mass. Nov. 16, 2005) (holding that plaintiffs failed to demonstrate good cause to circumvent the Hague Service Convention because China is a signatory and plaintiffs failed to attempt service on defendants pursuant to the Convention); see also Golub v. Isuzu Motors, 924 F. Supp. 324, 328 (D.Mass 1996) (requiring Plaintiff to proceed under the Hague Service Convention where there is a "reasonable prospect that the plaintiff will ultimately be able to serve defendant properly.").

Moreover, "a plaintiff seeking relief under Rule 4(f)(3) must adequately support his request with affirmative evidence of the lack of judicial assistance by the host nation . . . . " Arista Records LLC v. Media Services LLC, 2008 WL 563470 *1 (S.D.N.Y. Feb. 25, 2008). Mere conclusory assertions of the futility or the expense of service through the Hague Service Convention are unavailing and do not warrant court-directed service. See e.g., Gateway v. Overseas, Inc. v. Nishat (Chunian) Ltd., 2006 WL 2015188 *4 (S.D.N.Y July 13, 2006) (rejecting plaintiff's request for court-directed service based on plaintiff's assertion that attempting to effect service through Pakistan's central authority pursuant to the Hague Service Convention would be futile); U.S. Aviation Underwriters, Inc. v . Nabtesco Corp., 2007 WL 3012612 *2 (W.D. Wash. Oct. 11, 2007); ("[P]laintiff's request to use Rule 4(f)(3) simply

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
4
DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO AUTHORIZE SERVICE TO UNSERVED DEFENDANTS LOCATED ABROAD PURSUANT TO RULE 4(f)(3

because it 'will be much faster, thus moving this case forward in an expeditious and cost-effective manner . . . by itself is not sufficient justification for the Court to authorize service by alternative method.").

Plaintiff does not dispute that China is a signatory to the Hague Service Convention, admitting that "Service of process in China is theoretically possible pursuant to the Hague Convention . . . ." Mot. at 3. Accordingly, this Court should defer to the Hague Service Convention unless Plaintiff can demonstrate that China has refused to cooperate in the process of effecting service. Plaintiff cannot make this showing.

As an initial matter, Plaintiff fails to provide any evidence of an attempt to serve the Unserved Defendants through China's Central Authority as specified under the Convention. Indeed, Plaintiff's Motion is completely bereft of any facts suggesting such an attempt at service. This fact alone constitutes grounds for denial of Plaintiff's request for alternative service. See Trask v. Service Merchandise Co., Inc., 135 F.R.D. 17, 22 (D. Mass. 1991) ("[T]he absence of at least a good faith attempt to comply with the Hague Convention prohibits this court from applying the liberal standards of Fed. R. Civ. P. 4 in analyzing the propriety of service. . . ."); Nabulsi v. H. H. Sheikh Issa Bin Zayed Al Nahyan, 2007 WL 2964817 *4 (S.D. Tex. Oct. 9, 2007) (noting that in considering request for court-directed service, courts may require plaintiff to show that he has attempted to effectuate service on defendant and that the court's intervention is necessary to obviate the need for methods of service are unduly burdensome or are untried but likely to be futile).

The reasoning in Agha v. Jacobs, 2008 WL 2051061 (N.D. Cal. May 13, 2008) is instructive. In Agha, this Court denied plaintiff's request for court-directed service on defendants located in the Federal Republic of Germany. While the Court noted that plaintiff "made a reasonable showing that service in the manner he proposes is fairly likely to give actual notice[,]" the Court nonetheless denied plaintiff's request for alternative service because plaintiff had "available to him the method of accomplishing service in Germany under the auspicies of the Hague Convention." Id. at *1. In so holding, the Court specifically rejected application of Rio Properties, Inc. v. Rio International Interlink, 284 F. 3d 1007, 1014 (9th Cir. 2002) and

LATHAM&WATKINS LLP
ATTORNEYS AT LAW

5

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO AUTHORIZE SERVICE TO UNSERVED DEFENDANTS LOCATED ABROAD PURSUANT TO RULE 4(f)(3

Nanya Tech. Corp. v. Fujitsu, Ltd., 2007 WL 296087 (D. Guam April 17, 2007) – the same two cases Plaintiff relies on here – on grounds that those cases involve a foreign country that is not a member of the Hague Service Convention, or if they were, had not exercised their rights under Article 10 of that Convention to object to service through "postal channels." Id.

The facts in this case are virtually identical to those in Agha. Like Germany, China is a signatory to the Hague Service Convention. And, like Germany, the only method of service in China that complies with the Convention is personal service through China's Central Authority. See Seiko, 2007 WL 282145 *2. China has explicitly rejected postal or other informal channels of service by objecting to Article 10 of the Hague Service Convention. See Hague Service Convention, at n.3a(3); Seiko, 2007 WL 282145 *2 . Accordingly, because Plaintiff has an available method of accomplishing service in China pursuant to the Hague Service Convention, and because Plaintiff has failed to attempt such service, Plaintiff's request for court-directed service should be denied.

Plaintiff's Motion should also be denied because he has not presented any facts indicating that China has refused to cooperate with the provisions regarding service as set forth in the Hague Service Convention. As noted, "a plaintiff seeking relief under Rule 4(f)(3) must adequately support his request with *affirmative evidence* of the *lack of judicial assistance* by the host nation . . . . " Arista Records LLC v. Media Services LLC, 2008 WL 563470 *1 (S.D.N.Y. Feb. 25, 2008) (emphasis added). Far from demonstrating any lack of judicial assistance by China, Plaintiff concedes that service of the Unserved Defendants through China's central authority *is* possible. See Mot. at 3. Plaintiff's argument in favor of court-directed service is therefore based solely on the contention that service of process in China might entail time and expense to complete. However, courts have considered and rejected that very argument.

In U.S. Aviation Underwriters, Inc. v. Nabtesco Corp., 2007 WL 3012612 *2 (W.D. Wash. Oct. 11, 2007), the court denied plaintiff's motion to authorize service by alternative means on defendant, a Japanese corporation, under Rule 4(f)(3) by international certified mail, fax, email and Federal Express overnight courier. Relying on Rio Properties, plaintiff sought court-directed service on grounds that service would "be much faster, thus moving this case

LATHAM&WATKINS LLP
ATTORNEYS AT LAW

6

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO AUTHORIZE SERVICE TO UNSERVED DEFENDANTS LOCATED ABROAD PURSUANT TO RULE 4(f)(3

forward in an expeditious and cost-effective manner[.]" Id. at *2. The court rejected plaintiff's argument and held that allegations of cost-effectiveness and judicial expedition "by itself is not sufficient justification for the Court to authorize service by alternative method." Id.; see also Agha, 2008 WL 2051061 *1 (requiring plaintiff to attempt service through the Hague Service Convention despite the fact that complying with the provisions of the Convention "would be more cumbersome."). The court ultimately concluded that "Because the requirements for due process and respect for international law outweigh plaintiff's desire to proceed expeditiously, the Court finds insufficient cause to authorize service by alternative means." Nabtesco, 2007 WL 3012612 *2.

In desperation, Plaintiff argues that the Unserved Defendants have been evasive, but his argument is clearly baseless. Plaintiff essentially concedes that he knows where to locate the Unserved Defendants; he has a specific address for each of them in Xinyu, China. But Plaintiff has simply declined to attempt to serve them. After conceding that he knows where and how to properly serve these defendants, he cannot provide evidence that the defendants have evaded service when Plaintiff admittedly never tried to properly serve them. Accordingly, Plaintiff's request for alternative service should be denied.

## IV. CONCLUSION

For the foregoing reasons, Defendants respectfully request that Plaintiff's Motion to Authorize Service to Unserved Defendants Located Abroad pursuant to Federal Rule of Civil Procedure 4(f)(3) be denied in its entirety.

Dated: May 29, 2008

Respectfully submitted,

LATHAM & WATKINS LLP

By: /s/
James J. Farrell

Attorneys for Defendants LDK Solar Co., Ltd., LDK Solar USA, Inc., Xiaofeng Peng, and Jack Lai

LATHAM&WATKINS LLP
ATTORNEYS AT LAW

7

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO AUTHORIZE SERVICE TO UNSERVED DEFENDANTS LOCATED ABROAD PURSUANT TO RULE 4(f)(3