Cohen, Milstein, Hausfeld & Toll P.L.L.C.
Herbert E. Milstein
Steven J. Toll
Mark S. Willis
Matthew B. Kaplan
stoll@cmht.com
1100 New York Avenue, N.W.
Suite 500, West Tower
Washington, DC 20005
Telephone:   (202) 408-4600
Facsimile:   (202) 408-4699

Cohen, Milstein, Hausfeld & Toll P.L.L.C.
Michael P. Lehmann
mlehmann@cmht.com
One Embarcadero Center
Suite 526
San Francisco, CA 94111
Telephone:   (415) 623-2048
Facsimile:   (415) 433-5994

Lead Counsel for the Proposed Class

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re LDK Solar Securities Litigation | Master File No. C-07-05182-WHA |
| This Document Relates To:<br><br>All Actions | PLAINTIFF'S REPLY IN FURTHER SUPPORT OF HIS MOTION TO AUTHORIZE SERVICE TO UNSERVED DEFENDANTS LOCATED ABROAD PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 4(F)(3)<br><br>Judge:       Hon. William H. Alsup<br>Date:        June 19, 2008<br>Time:        8:00 a.m.<br>Courtroom:   9, 19th Floor |

COHEN, MILSTEIN, HAUSFELD & TOLL P.L.L.C.

Pls.' Reply In Further Supp. of Mot. To Authorize Service To Unserved Defs. Located Abroad Pursuant To Fed. R. Civ. P. 4(f)(3)—Master File No. C-07-05182-WHA
378261.4 4

The Opposition by the Defendants who have been served in this case ("the Served Defendants") to Plaintiff's Motion to authorize service of process on the remaining Defendants ("the Unserved Defendants") through the U.S. office of Served Defendant LDK Solar Co., Ltd. ("LDK"), is an improper effort at gamesmanship. The Court has now denied the Served Defendants' motion to dismiss, entered a scheduling order and set a trial date. Discovery is about to begin. Nevertheless, counsel for the Unserved Defendants—advocating on behalf of clients who are not before the Court and who they supposedly do not represent—insist that this Court should do nothing to facilitate service on the Unserved Defendants. Effecting service in the manner proposed by Defendants would probably mean that the Unserved Defendants would not be brought into this case for a year or more. They would then likely demand a new round of discovery and perhaps even separate trial dates.

In addition to the Served Defendants' apparent unconcern about issues of judicial economy, the legal arguments advanced in their Opposition are unsound. There is nothing inappropriate or unfair in Plaintiff's request that the Court facilitate, in a manner specifically authorized by the Federal Rules of Civil Procedure, his efforts to bring before it officers and directors of a company that chose both to do business in the U.S. and to list itself on the New York Stock Exchange, when those officers and directors are accused of engaging in conduct at the company which constituted a fraud against American investors. The views of the Served Defendants notwithstanding, "service of process is not intended to be a game of cat and mouse." *First Horizon Home Loan Corp. v. Phillips*, No. CV 07-0250, 2008 WL 906698, at *4 (D. Ariz. Mar. 31, 2008). Plaintiff's Motion should be granted so that this case can be fully and expeditiously decided on the merits.

Although they ignore this obvious threshold issue, counsel for the Served Defendants have no right or authority to oppose Plaintiff's Motion. Generally, "a party cannot, absent certain circumstances, raise the rights of another." *Playboy Enterprises, Inc. v. Public Service Comm'n of Puerto Rico*, 906 F.2d 25, 32 n.9 (1st Cir. 1990). The Served Defendants do not explain why they or their attorneys are entitled to assert arguments on behalf of third parties who refuse to submit to the jurisdiction of this Court.

COHEN, MILSTEIN,
HAUSFELD & TOLL
P.L.L.C.

Pls.' Reply In Further Supp. of Mot. To Authorize Service To Unserved Defs. Located Abroad
Pursuant To Fed. R. Civ. P. 4(f)(3)—Master File No. C-07-05182-WHA                                    - 1 -
378261.4 4

In any event, the Served Defendants do not dispute Plaintiff's description of the relevant facts. They do not deny that service in China through the Hague Convention is difficult, time consuming and expensive. Indeed, service under the Convention could easily take more than a year, if it can be done at all. See Decl. of Rick Hamilton ¶ 4, attached as Exhibit A. They also do not dispute that they advised counsel for Plaintiff that, notwithstanding the Hague Convention, it might be impossible to serve all of the Unserved Defendants in China—perhaps meaning to imply that some of the Unserved Defendants would attempt to evade Hague Convention service. And the served defendants do not take issue with Plaintiff's view that service through LDK would almost certainly provide actual notice of this litigation to any of the Unserved Defendants who do not already have such notice. Nevertheless, the Served Defendants insist that, instead of making Service through LDK's U.S. office, Plaintiff should be required to pay the costs of requesting service through the Hague Convention and then wait, perhaps a year or more, to hear back from the Chinese authorities, who may or may not be able to serve the Unserved Defendants.

## I.   NOTHING IN THE HAGUE CONVENTION BARS THE PROPOSED MEANS OF SERVICE

The Served Defendants' insistence that, with respect to anyone in China, service through the Hague Convention is the "mandated" and only "proper" "means of service" (Opp'n at 1-2) ignores the Ninth Circuit's holding in *Rio Properties, Inc. v. Rio International Interlink*, 284 F.3d 1007 (9th Cir. 2002). The *Rio Properties* court, relying on the plain language of Rule 4(f), said that "court-directed service under Rule 4(f)(3)," which is the basis for this Motion, "is as favored as service available under Rule 4(f)(1)," which provides for service pursuant to international agreements, such as the Hague Convention. *Id.* at 1015. When executing service overseas, Plaintiffs can pursue any of the alternative service procedures set forth in Rule 4(f), they are not required to use the costly and time consuming procedures set out in Rule 4(f)(1) before seeking the Court's permission to utilize the procedures permitted by Rule 4(f)(3).

The Defendants also say that the motion must be denied because "China … has objected to Article 10 of the Convention, which provides for service through postal channels ***or other***

COHEN, MILSTEIN, HAUSFELD & TOLL P.L.L.C.

Pls.' Reply In Further Supp. of Mot. To Authorize Service To Unserved Defs. Located Abroad Pursuant To Fed. R. Civ. P. 4(f)(3)—Master File No. C-07-05182-WHA     - 2 -
378261.4 4

*informal means*." (Opp'n. at 3 (emphasis added).) While it is true that China has opted out of Article 10, and that Article 10 provides for service through "postal channels," China's opt out of Article 10 does not bar "other informal means" of service because Article 10 says nothing about service through "other informal means."[1] 20 U.S.T. 361 at Article 10.

The Defendants insist that *Agha v. Jacobs*, No. C 07-1800, 2008 WL 2051061 (N.D. Cal. May 13, 2008), stands for the proposition that, because China has opted out of Article 10, "the only method of service in China that complies with the Convention is personal service through China's Central Authority." (Opp'n at 6.) But *Agha* stands for nothing of the sort. Magistrate Judge Seeborg simply held that a plaintiff's proposal to serve by email or fax was improper because the country where service was to take place had opted out of Article 10 and that transmission by email or fax in the manner proposed by the plaintiff would be the functional equivalent of service by mail. *Agha*, 2008 WL 2051061, at *2 (holding that "Agha's attempt to distinguish email and facsimile from the 'postal channels' … is unavailing," but recognizing that "[t]here might be some circumstances under which such a distinction could be drawn"). The *Agha* court may have taken into account the fact that Article 10 could not have provided guidance on service by fax or email since this technology did not exist in 1965, when the Convention was finalized.

While it may be true that China's objection to Article 10 means that Plaintiff cannot use the mails to serve the Unserved Defendants in China, Plaintiff does not propose to serve anybody via mail. Instead, Plaintiff asks permission to serve the unserved Defendants through the U.S. office of LDK. This is entirely reasonable—LDK is traded on the New York Stock Exchange and each Unserved Defendant (except for the Unserved Defendant which is a subsidiary of LDK) is one of LDK's senior leaders.

The Served Defendants' insistence that China's opt out of Article 10 means that all service affecting persons in China must be made through Convention procedures is untenable.

---

[1] In addition to service by mail Article 10 also deals with, and allows parties to the Convention to opt out of, service "through the judicial officers, officials or other competent persons of the State of destination." 20 U.S.T. 361, Article 10 (b) & (c). But service through such persons is not "informal" and, in any event, this provision has no relevance to this case.

COHEN, MILSTEIN, HAUSFELD & TOLL P.L.L.C.

Pls.' Reply In Further Supp. of Mot. To Authorize Service To Unserved Defs. Located Abroad Pursuant To Fed. R. Civ. P. 4(f)(3)—Master File No. C-07-05182-WHA         - 3 -
378261.4 4

1   Article 10 refers only to "postal channels"—nothing in the Convention allows parties to bar ***all***
2   means of service not specifically authorized by the Convention.  If the Convention drafters had
3   wanted to insert such a provision they would have done so.  Moreover, although the Served
4   Defendants raise the issue of international comity, the Ninth Circuit's view that Rule 4(f)(3)
5   service can be authorized even if it is to be done "in contravention of the laws of the foreign
6   country," *Rio Properties*, 284 F.3d at 1014, suggests that comity concerns do not require this
7   Court to accept an interpretation of China's opt out that is so expansive that it would preclude all
8   means of alternative service.  This is especially so since there is no indication that China itself has
9   ever suggested that its opt out should be so interpreted.

10      The court's reasoning in *RSM Production Corp. v. Fridman*, No. 06 Civ. 11512, 2007
11  U.S. Dist. LEXIS 58194 (S.D.N.Y. Aug. 10, 2007), is instructive.  In that case the court
12  authorized Rule 4(f)(3) service on the American attorney of a person located in Russia, rejecting
13  the argument, advanced by Served Defendants here, that such service would be inconsistent with
14  Russia's opt out of Article 10—nothing in Article 10 was relevant to service through a U.S.
15  attorney, *id.* at *11, just as China's opt out of Article 10 is irrelevant to Plaintiff's Motion here.
16  *See also Arista Records LLC v. Media Services LLC*, No. 06 Civ. 15319, 2008 U.S. Dist. LEXIS
17  16485 (S.D.N.Y. Feb. 25, 2008) (authorizing service on American attorney of person in Russia
18  despite Russia's opt out of Article 10).

19
20  **II.     THIS *IS* A SPECIAL CASE**

21      Although *Rio Properties* makes it clear that unusual circumstances are not required to
22  authorize rule 4(f)(3) service, the Served Defendants are wrong when they insist that this case is
23  not a "special case."  In fact, the circumstances here are highly unusual.  This is not a run-of-the-
24  mine dispute between a U.S. Plaintiff and a foreigner.  The individual Unserved Defendants here
25  are leaders of a Company that decided to list itself on a U.S. securities exchange.  Each of the
26  individual Unserved Defendants opted to sign and certify the accuracy of a registration statement
27  that they knew would be filed with the Securities and Exchange Commission and disseminated to
28  U.S. investors.  Each of the individual Unserved Defendants is alleged to have engaged in a fraud

COHEN, MILSTEIN, HAUSFELD & TOLL P.L.L.C.

Pls.' Reply In Further Supp. of Mot. To Authorize Service To Unserved Defs. Located Abroad
Pursuant To Fed. R. Civ. P. 4(f)(3)—Master File No. C-07-05182-WHA                - 4 -
378261.4 4

1  that cost persons who traded on the U.S. markets hundreds of millions of dollars. Yet, having
2  affirmatively taken steps to participate in the U.S. securities markets, and having apparently been
3  enriched enormously by that participation, they now seek to discourage efforts to hold them
4  accountable for violations of the securities laws by making it as difficult, time consuming and
5  costly as possible to bring them before a U.S. court.

6      The implications of the Served Defendants' Argument that the Hague Convention is the
7  only means through which service can be made on anyone in China are especially troubling. The
8  Served Defendants suggest that the Plaintiff should first try his luck at the Hague Convention
9  process and then, if that fails, seek permission to serve pursuant to Rule 4(f)(3). But if any
10 method of service outside the four corners of the Hague Convention is prohibited, than Rule
11 4(f)(3) service will be just as improper in the future as it is today. If the Served Defendants' view
12 of the law is correct, anyone who stays in China, regardless of his connections to this country, and
13 who is able to avoid Hague Convention service, whether through artifice or luck, will have
14 obtained de facto immunity from the consequences of violating U.S. law.

### III. <u>CONCLUSION</u>

17     If it decides to consider the arguments counsel for the Served Defendants advance on
18 behalf of persons they do not represent, the Court should reject them. Nothing in the Hague
19 Convention or U.S. law even suggests that service through LDK's U.S. Office is improper. And
20 there is no reason that this Court should facilitate the efforts by officers and Directors of a New
21 York Stock Exchange traded company to evade its jurisdiction.

COHEN, MILSTEIN, HAUSFELD & TOLL P.L.L.C.

Pls.' Reply In Further Supp. of Mot. To Authorize Service To Unserved Defs. Located Abroad
Pursuant To Fed. R. Civ. P. 4(f)(3)—Master File No. C-07-05182-WHA    - 5 -
378261.4 4

1  Dated: June 5, 2008

                                        By:    /s/ Michael P. Lehmann
                                               Michael Lehmann

                                        Cohen, Milstein, Hausfeld & Toll P.L.L.C.
                                        mlehmann@cmht.com
                                        One Embarcadero Center
                                        Suite 526
                                        San Francisco, CA 94111
                                        Telephone:    (415) 623-2048
                                        Facsimile:    (415) 433-5994


                                        Cohen, Milstein, Hausfeld & Toll P.L.L.C.
                                        Steven J. Toll
                                        Herbert E. Milstein
                                        Mark S. Willis
                                        Matthew B. Kaplan
                                        stoll@cmht.com
                                        1100 New York Avenue, N.W.
                                        Suite 500, West Tower
                                        Washington, DC  20005
                                        Telephone:    (202) 408-4600
                                        Facsimile:    (202) 408-4699

                                        Lead Counsel for the Proposed Class

COHEN, MILSTEIN,
HAUSFELD & TOLL
P.L.L.C.

Pls.' Reply In Further Supp. of Mot. To Authorize Service To Unserved Defs. Located Abroad
Pursuant To Fed. R. Civ. P. 4(f)(3)—Master File No. C-07-05182-WHA                    - 6 -
378261.4 4

# **CERTIFICATE OF SERVICE**

I hereby certify that on this date, I caused to be electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses of the parties of record.

I further certify that Service Pursuant to Local Rule 23-2 will be made electronically to:

> Securities Class Action Clearinghouse
> Att. Juan-Carlos Sanchez/Cara Mia Perlas
> Stanford University School of Law
> Crown Quadrangle
> Stanford, CA 94305-8612
> scac@law.stanford.edu

                          /s/ Michael P. Lehmann
                          Michael P. Lehmann

June 5, 2008

COHEN, MILSTEIN,
HAUSFELD & TOLL
P.L.L.C.

Pls.' Reply In Further Supp. of Mot. To Authorize Service To Unserved Defs. Located Abroad Pursuant To Fed. R. Civ. P. 4(f)(3)—Master File No. C-07-05182-WHA
378261.4 4