IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE LDK SOLAR SECURITIES LITIGATION.<br><br>_____/<br><br>This Document Relates to:<br><br>    All Actions.<br><br>_____/ | No. C 07-05182 WHA<br><br>**ORDER GRANTING PLAINTIFFS' MOTION TO AUTHORIZE SERVICE TO UNSERVED DEFENDANTS LOCATED ABROAD AND VACATING HEARING** |

**INTRODUCTION**

In this federal securities class action, only four out of the ten defendants have been served. The remaining six defendants are located in China. Plaintiffs therefore move to authorize service on the unserved defendants located abroad pursuant to FRCP 4(f)(3). For the reasons stated below, the motion is **GRANTED**.

**STATEMENT**

In March 2008, plaintiffs filed a consolidated class action complaint against corporation LDK, its two subsidiaries (one in China and one in the United States), and seven individual defendants. Plaintiffs alleged violations under various federal securities laws. Only LDK, LDK Solar USA, Inc. (LDK's United States subsidiary), chief executive officer Xiaofeng Peng, and chief financial officer Jack Lai have been served. The remaining six defendants who reside, work, and/or are located in China are: Jiangxi LDK Solar (LDK's Chinese subsidiary), president and chief operating officer Xingxue Tong, vice president and chief accounting officer

1  Qiqiang Yao, executive vice president and board member Liangbao Zhu, senior vice president
2  and board member Yonggang Shao, and non-executive director Gang Wang.
3  China is a party to the Hague Convention on the Service Abroad of Judicial and
4  Extra-Judicial Documents in Civil or Commercial Matters. The provisions entered into force
5  between the United States and China in 1991. Pursuant to the Convention, service can be
6  effected in China through the Chinese Central Authority. China, however, objected to Article
7  10 of the Convention, which stated:

> Provided the State of destination does not object, the present Convention shall not interfere with —
>
> a) the freedom to send judicial documents, by postal channels, directly to persons abroad,
>
> b) the freedom of judicial officers, officials or other competent persons of the State of origin to effect service of judicial documents directly through the judicial officers, officials or other competent persons of the State of destination,
>
> c) the freedom of any person interested in a judicial proceeding to effect service of judicial documents directly through the judicial officers, officials or other competent persons of the State of destination.

Convention on Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, Nov. 15, 1965, 20 U.S.T. 361, 658 U.N.T.S. 163. Service therefore cannot be effected "by postal channels" or through the judicial officers, officials or other individuals of the state of destination. To date, plaintiffs have not tried to serve any of the unserved defendants through the Chinese Central Authority, claiming that the procedure is too time-consuming, costly, and potentially fruitless.

**ANALYSIS**

FRCP 4(f) directs how to effect service on an individual in a foreign country. An individual may be served at a place not within any judicial district of the United States "by an internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents." FRCP 4(f)(1). The rule further provides service "by any other means not prohibited by international agreement, as the court orders." FRCP 4(f)(3).

2

Plaintiffs move for an order pursuant to FRCP 4(f)(3), permitting them to serve the six yet-unserved defendants through LDK's office, which is located in California. That way, plaintiffs say, the office can transmit the relevant documents to the unserved defendants, each of whom is a director, senior officer, or subsidiary of LDK.

The four defendants who have been served oppose this motion. They first argue that FRCP 4(f) requires plaintiffs to serve foreign defendants in accordance with "any internationally agreed means reasonably calculated to give notice," such as the Hague Service Convention. This is not true, as FRCP 4(f)(3) allows for an alternate means of service as long as it is directed by a court and not prohibited by international agreement. Significantly, FRCP 4(f)(3) stands independently of FRCP 4(f)(1); it is not necessary for plaintiffs to first attempt service through "internationally agreed means' before turning to "any other means not prohibited by international agreement." In *Rio Properties, Inc. v. Rio Intern. Interlink*, 284 F.3d 1007, 1014 (9th Cir. 2002), the Ninth Circuit stated:

> By all indications, court-directed service under Rule 4(f)(3) is as favored as service available under Rule 4(f)(1) or Rule 4(f)(2). Indeed, Rule 4(f)(3) is one of three separately numbered subsections in Rule 4(f), and each subsection is separated from the one previous merely by the simple conjunction "or." Rule 4(f)(3) is not subsumed within or in any way dominated by Rule 4(f)'s other subsections; it stands independently, on equal footing. Moreover, no language in Rules 4(f)(1) or 4(f)(2) indicates their primacy, and certainly Rule 4(f)(3) includes no qualifiers or limitations which indicate its availability only after attempting service of process by other means.
>
> \* \* \*
>
> The advisory committee notes ("advisory notes") bolster our analysis. Beyond stating that service ordered under Rule 4(f)(3) must comport with constitutional notions of due process and must not be prohibited by international agreement, the advisory notes indicate the availability of alternate service of process under Rule 4(f)(3) without first attempting service by other means. Specifically, the advisory notes suggest that in cases of "urgency," Rule 4(f)(3) may allow the district court to order a "special method of service," even if other methods of service remain incomplete or unattempted.

Consequently, plaintiffs are free to attempt an alternate means of service without having to show an attempt of service through the Chinese Central Authority — *assuming plaintiffs do not violate any international agreement*.

3

Defendants then contend that plaintiffs' requested form of service *does* violate an international agreement. The Ninth Circuit has held:

> As obvious from its plain language, service under Rule 4(f)(3) must be (1) directed by the court; and (2) not prohibited by international agreement. No other limitations are evident from the text. In fact, as long as court-directed and not prohibited by an international agreement, service of process ordered under Rule 4(f)(3) may be accomplished in contravention of the laws of the foreign country.

*Rio Properties, Inc. v. Rio Intern. Interlink*, 284 F.3d 1007, 1014 (9th Cir. 2002). Neither party disputes that China is a signatory to the Convention. As a signatory to the Convention, however, China explicitly objected to Article 10 of the Convention. Article 10 allowed for service "by postal channels" or through judicial officers, officials, or other persons in the state of destination.

Defendants then say that the reasoning in *Agha v. Jacobs*, 2008 WL 2051061, *1 (N.D. Cal. 2008) (Judge Seeborg), is instructive. There, the court denied plaintiff's request to serve the summons and complaint — via email or facisimile — to the defendants, who were located in the Federal Republic of Germany. Judge Seeborg rejected *Rio* because it "involved service in a country that is not a member of the Hague Convention." *Agha*, 2008 WL 2051061 at *1 n.1. Like the situation in *Agha*, defendants say, the instant action involves a country that is a signatory to the Convention and that has objected to service by postal channels. *Rio* therefore does not apply.

Defendants' argument is unpersuasive. It is true that *Rio* involved a non-signatory country. Nonetheless, the Ninth Circuit's reasoning in the *Rio* decision is still applicable — as long as the service is "court-directed and not prohibited by an international agreement," service can be effected pursuant to FRCP 4(f)(3). *Rio*, 284 F.3d at 1014. Here, plaintiffs do not request to effect service in China via mail; rather, they request to serve the remaining six unserved defendants through LDK's California office. There is no service by postal channels, as was the case in *Agha* (where the judge concluded that service by email or facsimile was the functional equivalent of service by mail). Plaintiffs are therefore correct that nothing in the Convention bars the requested means of service.

United States District Court
For the Northern District of California

Defendants further argue that plaintiffs must show that the signatory destination nation has refused to cooperate. "[A] plaintiff seeking relief under Rule 4(f)(3) must adequately support the request with affirmative evidence of the lack of judicial assistance by the host nation — conclusory assertions of the futility of Hague service are unavailing." *Arista Records LLC v. Media Services LLC*, 2008 WL 563470, *1 (S.D.N.Y. 2008) (Judge Buchwald). Because plaintiffs have not presented any facts indicating that China has refused to cooperate with the service provisions set forth in the Convention, the motion should be denied, defendants say.

Again, this argument has little merit. The Ninth Circuit held, "As obvious from its plain language, service under Rule 4(f)(3) must be (1) directed by the court; and (2) not prohibited by international agreement. *No other limitations are evident from the text*." *Rio*, 284 F.3d at 1014 (emphasis added). It is unnecessary for plaintiffs to show the lack of judicial assistance by the host nation. Instead, plaintiffs "needed only to demonstrate that the facts and circumstances of the present case necessitated the district court's intervention. Thus, when [the plaintiff] presented the district court with its inability to serve an elusive international defendant, striving to evade service of process, the district court properly exercised its discretionary powers to craft alternate means of service." *Id.* at 1016. In the instant action, plaintiffs have shown the difficulty of serving the unserved defendants located abroad. Defense counsel have refused to accept service on behalf of the unserved defendants on the ground that they do not represent the international defendants. (Yet, oddly, defense counsel oppose this motion on behalf of the unserved defendants.) According to the sworn declaration of plaintiffs' counsel, defense counsel has said that "it might be impossible to serve some of [the unserved defendants]" (Kaplan Decl. ¶ 3).

Finally, the court-ordered method of service must still be reasonable. "Even if facially permitted by Rule 4(f)(3), a method of service of process must also comport with constitutional notions of due process. To meet this requirement, the method of service crafted by the district court must be 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Rio*,

5

284 F.3d at 1016. This order finds that the proposed form of service is constitutionally acceptable. Serving the remaining six defendants through the California office is reasonably calculated, under these circumstances, to apprise them of the pendency of the action and afford them with the opportunity to respond. After all, LDK trades on the New York Stock Exchange, its subsidiary is located in California, and the remaining defendants are all sophisticated officers, directors, or the Chinese subsidiary of LDK. Accordingly, plaintiffs' motion to authorize service to the unserved defendants abroad is granted.

## CONCLUSION

Because plaintiffs' requested form of service is not prohibited by international agreement, the motion authorizing service through LDK's California office to unserved defendants located abroad is **GRANTED**. Because a hearing is unnecessary, the hearing set for June 19, 2008, is **VACATED**.

**IT IS SO ORDERED.**

Dated: June 12, 2008.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE