LATHAM & WATKINS LLP
   James J. Farrell (Bar No. 166595)
355 South Grand Ave.
Los Angeles, California  90071-1560
Telephone:  (213) 485-1234
Facsimile:  (213) 891-8763

LATHAM & WATKINS LLP
   Phillip J. Wang (Bar No. 218349)
140 Scott Drive
Menlo Park, California  94025
Telephone:  (650) 328-4600
Facsimile:  (650) 463-2600

Attorneys for Defendants LDK Solar Co.,
Ltd., LDK Solar USA, Inc., Xiaofeng Peng,
and Jack Lai

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re LDK SOLAR SECURITIES LITIGATION | CASE NO. C-07-05182-WHA |
| _____ | **ANSWER OF DEFENDANTS TO CONSOLIDATED CLASS ACTION COMPLAINT** |
| This Document Relates To: | |
| ALL ACTIONS. | |

1    Defendants LDK Solar Co., Ltd. and LDK Solar USA, Inc. ("LDK") and

2    individual defendants Xiaofeng Peng and Jack Lai ("Individual Defendants") (collectively,

3    "Defendants") hereby answer Plaintiff's Consolidated Class Action Complaint ("Complaint") as

4    follows without prejudice to and without waiving any of the arguments raised in their Motion to

5    Dismiss Lead Plaintiff's Consolidated Class Action Complaint filed on April 7, 2008 (DE #68)

6    and Motion for Leave to File Motion Reconsideration; or Alternatively Certification of Issues for

7    Appeal filed on June 13, 2008 (DE # 93).  To the extent not explicitly admitted, all allegations of

8    the Consolidated Complaint are denied.

9                                    **ANSWER**

10    1.    Answering paragraph 1, with regard to the first, second, and third

11    sentence, Defendants lack knowledge or information sufficient to form a belief as to the truth of

12    the allegations.  Defendants admit the allegations of the fourth sentence.

13    2.    Defendants deny the allegations of paragraph 2 and aver that Plaintiff's

14    claims purport to be a federal class action brought under the Exchange Act of 1934 on behalf of

15    certain individuals who purchased LDK securities from June 1, 2007, through October 7, 2007.

16    3.    Answering paragraph 3, Defendants admit that LDK began producing

17    solar wafers in 2006 and that the global solar wafer industry might be considered capital

18    intensive and competitive.  Defendants deny the remaining allegations of this paragraph.

19    4.    Answering paragraph 4, Defendants deny the allegations of the first,

20    second, and third sentences.  Defendants aver that generally accepted accounting principles

21    ("GAAP") are written rules and they are the best evidence of their content.  To the extent that

22    there are complexities in connection with the application of GAAP rules to a factual

23    circumstance, that issue may require expert testimony.  Defendants aver that LDK's financial

24    statements for the relevant period were stated consistent with GAAP in all material respects.

25    5.    Defendants deny the allegations of paragraph 5.

26    6.    Answering paragraph 6, Defendants deny the allegations of the first

27    sentence.  As to the second sentence, Defendants aver that LDK's financial statements, and it

28    accounting classification of its inventory as reflected in LDK's filings with the SEC, speak for

1   themselves.  Regarding the third sentence, Defendants aver that the transcript of the March 2008

2   conference call speaks for itself.  Defendants further aver that, for the year ended December 31,

3   2006, LDK's cost of polysilicon feedstock accounted for approximately 75% of its cost of goods

4   sold.  Defendants deny the allegations of the fourth and fifth sentences.

5           7.      Answering paragraph 7, with regard to the first and second sentence,

6   Defendants deny that they violated accounting rules or knew that they violated accounting rules.

7   Defendants deny the allegations of the third and fourth sentence.

8           8.      Answering paragraph 8, Defendants deny the allegations of the first

9   sentence.  With regard to the second sentence, Defendants deny the allegations and aver that

10  Charley Situ claimed to have had at least fifteen years of experience in financial reporting when

11  LDK hired him.  Defendants deny the allegations of the third sentence.

12          9.      Answering paragraph 8, Defendants deny the allegations and aver that Situ

13  was fired for cause due to absenteeism and performance-related reasons.

14          10.     Defendants lack knowledge or information sufficient to form a belief as to

15  the truth of the allegations in paragraph 10.

16          11.     Defendants deny the allegations of paragraph 11 and aver that Mr.

17  Javidzad purports to represent a proposed Class comprised of all persons who, during the Class

18  Period: a) purchased American Depository Shares of LDK Solar Co., Ltd. ("LDK Stock")'; (b)

19  purchased call options for LDK Stock; or c) sold put options for LDK Stock.

20          12.     Answering paragraph 12, Defendants admit the allegations of the first

21  sentence that LDK was incorporated in the Cayman Islands in 2006.  With regard to the second

22  third sentence, Defendants admit that Jiangxi LDK Solar was incorporated under the laws of

23  China on July 5, 2005.  With regard to the third sentence, Defendants admit that LDK Solar

24  USA, Inc. is a subsidiary of LDK Solar Co., Ltd.  Defendants admit the allegations of the fourth,

25  fifth, sixth, and seventh sentences.  Defendants deny the allegations of the eighth sentence.

26          13.     Answering paragraph 13, with regard to the first sentence, Defendants

27  admit that Suzhou Liouxin Industry Co., Ltd., and Liouxin Industrial Ltd., each beneficially

28  owned by Xiaofeng Peng ("Peng"), incorporated Jiangxi LDK Solar on July 5, 2005 and that

Peng served as chairman and chief executive officer of LDK Solar, Ltd. since May 2006.  With

regard to the second sentence, Defendants admit that Peng owns approximately 70% of LDK's

ordinary shares as of May 31, 2007.  With regard to the third sentence, Defendants deny the

allegations and aver that Peng founded Liouxin Industrial Group, which manufactures gloves, in

1997, and aver that the allegation "Peng had never worked in the solar wafer or semiconductor

industries" is vague and ambiguous.  With regard to the fourth sentence, Defendants deny that

Peng made, approved, or adopted any false statements regarding LDK.

14.    Answering paragraph 14, Defendants deny the allegations of the first

sentence and aver that Xingxue Tong ("Tong") became President and Chief Operating Officer of

LDK in January 2007.  With regard to the second sentence, Defendants deny that Tong made,

approved, or adopted any false statements regarding LDK.

15.    Answering paragraph 15, Defendants deny the allegations of the first

sentence and aver that Jack Lai ("Lai") joined LDK as Chief Financial Officer in August 2006.

Defendants admit that Lai was also an executive vice president and the secretary of the

Company.  With regard to the third sentence, Defendants deny that Lai made, approved, or

adopted any false statements regarding LDK.

16.    Answering paragraph 16, Defendants deny the allegations of the first

sentence and aver that Quiqiang Yao ("Yao") joined LDK in February 2006 and is currently

serving as Vice President and Chief Accounting Officer.  With regard to the second sentence,

Defendants admit that Yao is a registered accountant in China and not a U.S. Certified Public

Accountant.  With regard to the third sentence, Defendants deny that Yao made, approved, or

adopted any false statements regarding LDK.

17.    Answering paragraph 17, Defendants deny the allegations of the first

sentence and aver that Liangbao Zhu ("Zhu") joined LDK in November 2005.  He is currently

the Executive Vice President of Operations and serves on LDK's Board of Directors.  With

regard to the second sentence, Defendants deny that Zhu made, approved, or adopted any false

statements regarding LDK.

18.    Answering paragraph 18, Defendants deny the allegations of the first

1   sentence and aver that Yonggang Shao ("Shao") joined LDK as Senior Vice President in

2   February 2006 and serves on LDK's Board of Directors.  With regard to the second sentence,

3   Defendants deny that Shao made, approved, or adopted any false statements regarding LDK.

4           19.     Answering paragraph 19, Defendants deny the allegations of the first

5   sentence and aver that Gang Wang ("Wang") became a member of LDK's Board of Directors in

6   July 2006.  With regard to the second sentence, Defendants deny that Wang made, approved, or

7   adopted any false statements regarding LDK.

8           20.     Defendants neither admit nor deny the statement in paragraph 20 because

9   this statement is not an allegation.

10          21.     Defendants deny the allegations of paragraph 21.

11          22.     Answering paragraph 22, with regard to the first sentence, Defendants

12  deny the allegations and aver that LDK was incorporated in 2006 and endeavors to be a leading

13  manufacturer in the solar wafer industry.  Defendants further aver that the phrases "new player"

14  and "huge ambitions" are vague and ambiguous.  With regard to the second sentence, Defendants

15  deny that LDK "essentially produced nothing" and aver that this phrase is vague and ambiguous,

16  but admit that LDK went public in 2007.  Defendants admit the allegations of the third sentence.

17  Defendants deny the allegations of the fourth sentence and aver that numerous factors impact the

18  market demand for solar energy.

19          23.     Answering paragraph 23, Defendants admit that polysilicon is an input in

20  the wafer manufacturing process.  With regard to the second, third, and fourth sentences,

21  Defendants deny that there are only two primary ways to obtain polysilicon and aver that wafer

22  manufacturers may use a range of technologies, including manufacturing polysilicon in-house.

23  Defendants admit that during 2007 purchasing virgin polysilicon from third parties was more

24  expensive than purchasing recycled polysilicon from third parties, but deny that recycled

25  polysilicon is "considerably cheaper" and aver that this phrase is vague and ambiguous.

26  Defendants also aver that the price of recycled polysilicon increased over the class period and

27  continues to rise.  Defendants admit the allegations of the fifth sentence.  Defendants lack

28  knowledge or information sufficient to form a belief as to the truth of the allegations in the sixth

1    sentence as it pertains to LDK's competitors, but admit that LDK purchased scrap polysilicon for

2    use in its production process.  Defendants deny the allegations of the seventh sentence as stated

3    and aver that purchasing recycled silicon from third parties is generally less expensive than

4    purchasing virgin polysilicon from third parties.  With regard to the eighth sentence, Defendants

5    admit that recycled silicon can be mixed with other forms of polysilicon to produce wafers of an

6    acceptable quality at a lower cost than would be the case if only virgin silicon purchased from

7    third parties was used.  Defendants deny the allegations of the ninth sentence.

8            24.    Answering paragraph 24, Defendants admit that LDK purchased for its

9    wafer production process both virgin polysilicon and scrap material to extract polysilicon

10   through recycling, but deny the remaining allegations in the first sentence.  With regard to the

11   second sentence, Defendants aver that LDK employs procedures to analyze and determine the

12   quality of the inventory.

13           25.    Answering paragraph 25, Defendants admit that Peng founded LDK and

14   has served as chairman and chief executive officer of LDK Solar, Ltd. since May 2006, but deny

15   the remaining allegations of the first and second sentences.  With respect to the third sentence,

16   Defendants admit that the LDK IPO prospectus contains the quoted language, but deny that this

17   language was "in the fine print."

18           26.    Answering paragraph 26, with regard to the first sentence, Defendants

19   admit that manufacturing wafers at competitive prices is a difficult technical task and requires

20   the purchase and installation of multi-million dollar equipment.  With respect to the second

21   sentence, Defendants aver that customers demand a high quality product and that the phrase

22   "picky" is vague and ambiguous.  Defendants further deny that manufacturing wafers requires

23   finding reliable suppliers of polysilicon feedstock and aver that wafer manufacturing may be

24   accomplished through a range of technologies including producing polysilicon feedstock in-

25   house.

26           27.    Answering paragraph 27, Defendants deny the allegations of the first

27   sentence.  With regard to the second sentence, Defendants aver that the transcript of the August

28   2007 conference call speaks for itself.  With regard to the third sentence, Defendants admit that

1   the Company's business plan involved growth, but deny Plaintiff's characterization of this

2   growth as "explosive." With regard to the allegations of the fourth sentence, Defendants aver

3   that the prospectus speaks for itself. Defendants admit the allegations of the fifth sentence. With

4   regard to the sixth sentence, Defendants admit that it began building a plant to produce raw

5   polysilicon feedstock in 2007, but deny the remaining allegations. With regard to the seventh

6   sentence, Defendants deny the allegations and aver that the phrase "enormous capital infusions"

7   is vague and ambiguous. Defendants also aver that LDK's business plan required investment in

8   capital. With regard to the eighth sentence, Defendants deny the allegations and aver that to

9   secure stable supply of polysilicon, LDK has made prepayments to certain suppliers.

10          28.    Answering paragraph 28, Defendants deny the allegations of the first,

11   second, and third sentences. With regard to the fourth sentence, Defendants deny the allegations

12   and aver that LDK acknowledged in its prospectus, "Our ability to obtain external financing in

13   the future is subject to a number of uncertainties, including: our future financial condition, results

14   of operations and cash flows; general market conditions for financing activities by companies in

15   our industry; and economic, political and other conditions in China and elsewhere."

16          29.    Answering paragraph 29, Defendants deny the allegations of the first and

17   second sentences. Defendants admit the allegations of the third sentence. Defendants deny the

18   allegations of the fourth sentence.

19          30.    Answering paragraph 30, Defendants lack knowledge or information

20   sufficient to form a belief as to the truth of the allegations in the first sentence. With regard to

21   the second, third, fourth, fifth, sixth, seventh, and eighth sentences, Defendants deny the

22   allegations and Plaintiff's characterization of polysilicon supply. Defendants aver that, as LDK

23   acknowledged in the IPO prospectus, "Insufficient supply of polysilicon may hinder the growth

24   of the solar power industry… Access to a secure and stable supply of polysilicon feedstock

25   continues to be a critical factor that could limit our production output…[and] We believe that the

26   supply of polysilicon feedstock will significantly increase in the next few years, thus easing

27   supply constraints to solar wafer manufacturers." With regard to the allegations of the ninth

28   sentence, Defendants aver that the document speaks for itself.

1      31.    Answering paragraph 31, Defendants deny the allegations in the

2  paragraph, and aver that the document speaks for itself.

3      32.    Answering paragraph 32, Defendants deny the allegations of the first

4  sentence.  With regard to the allegations of the second and third sentences, Defendants aver that

5  the prospectus and press release speak for themselves and deny the characterization of LDK's

6  inventory as having "grown," but admits that inventories were $173,778 million as of June 30,

7  2007.  Regarding the fourth, fifth, sixth, seventh, eighth, and ninth sentences, Defendants aver

8  that the documents speak for themselves.

9      33.    Answering paragraph 33, Defendants lack knowledge or information

10  sufficient to form a belief as to the truth of the allegations in the first sentence.  With regard to

11  the second sentence, Defendants admit that as of June 30, 2007, inventory was 21.9% of total

12  assets and 30.4% of current assets listed on the unaudited condensed consolidated balance sheet.

13  With regard to the third sentence, Defendants aver that the document speaks for itself.

14  Defendants deny the allegations of the fourth sentence.  With regard to the fifth sentence,

15  Defendants lack knowledge or information sufficient to form a belief as to the truth of the

16  allegations.

17      34.    Answering paragraph 34, Defendants deny the allegations of the first

18  sentence.  With regard to the allegations of the second sentence, Defendants admit that Charley

19  Situ ("Situ") was hired to work for LDK as a financial controller in March 2007, but deny that

20  Situ was a whistleblower.  Defendants further aver that Situ was terminated for cause.  With

21  regard to the third sentence, Defendants admit that Situ accused LDK of incorrectly stating

22  LDK's inventory for the first time in September, 2007.

23      35.    Answering paragraph 35, Defendants deny the allegations of the first

24  sentence.  With regard to the second, third, fourth, and fifth sentences, Defendants lack

25  knowledge or information sufficient to form a belief as to the truth of the allegations.  With

26  regard to the sixth sentence, Defendants aver that the document speaks for itself.

27      36.    Answering paragraph 36, Defendants admit that Situ sent an email to the

28  S.E.C. and LDK's Audit Committee on September 25, 2007 alleging that LDK's incorrectly

LATHAM&WATKINS<sub>LLP</sub>
ATTORNEYS AT LAW

SV\621129.2

8

ANSWER OF DEFENDANTS TO CONSOLIDATED
CLASS ACTION COMPLAINT
CASE NO. C-07-05182-WHA

1    accounted for its inventory. but deny the remaining allegations in the first and second sentences

2    of the paragraph.  Defendants lack knowledge or information sufficient to form a belief as to the

3    truth of the allegations contained in the third and fourth sentences of the paragraph.

4         37.    Answering paragraph 37, Defendants admit that Situ's September 25,

5    2007 e-mail contains accusations that 284 metric tons did not exist and that other inventory was

6    unusable, but deny the remaining allegations of the paragraph.

7         38.    Answering paragraph 38, Defendants deny the allegations of the first

8    sentence.  Defendants admit that Situ, among others, reported to Defendant Yao, the company's

9    chief accounting officer, who in turn reported to Defendant Lai, but deny the remaining

10   allegations in the second sentence.  Defendants deny the allegations of the third sentence.  With

11   regard to the allegations of the fourth sentence, Defendants admit that the Company's

12   headquarters and manufacturing facilities are located in Xinyu City, China.  Defendants deny the

13   allegations of the fifth, sixth, seventh, and eighth sentences.

14        39.    Defendants deny the allegations of paragraph 39.

15        40.    Defendants deny the allegations of paragraph 40.

16        41.    Defendants deny the allegations of paragraph 41.

17        42.    Answering paragraph 42, with regard to the allegations of the first and

18   third sentences, Defendants aver that the document speaks for itself.  With regard to the second

19   sentence, Defendants admit that the price at which LDK acquires feedstock inventory varies, and

20   aver that variation in price is due to many factors.  Defendants deny the remaining allegations of

21   the paragraph.

22        43.    Answering paragraph 43, Defendants lack knowledge or information

23   sufficient to form a belief as to the truth of the allegations.

24        44.    Answering paragraph 44, Defendants deny the allegations of the first

25   sentence.  With regard to the allegations of the second sentence, Defendants aver that that the

26   transcript for the conference call speaks for itself.

27        45.    Answering paragraph 45, Defendants lack knowledge or information

28   sufficient to form a belief as to the truth of the allegations in the first sentence.  Defendants aver

1    that the transcript of the conference call speaks for itself.

2         46.    Defendants deny the allegations of paragraph 46.

3         47.    Answering paragraph 47, Defendants deny the allegations of the first

4    sentence.  With regard to the allegations of the second sentence, Defendants aver that the

5    document speaks for itself.

6         48.    Defendants deny the allegations of paragraph 48.

7         49.    Answering paragraph 49, Defendants admit the allegations of the first

8    sentence. Defendants deny the allegations of the second sentence.  Defendants also admit that

9    LDK asserted that the financial statements released in connection with its IPO and during the

10    Class Period had been prepared in accordance with GAAP, but deny the allegations in the

11    remainder of the paragraph.

12         50.    Defendants aver that GAAP are written rules and they are the best

13    evidence of their content.  To the extent that there are complexities in connection with the

14    application of GAAP rules to a factual circumstance, that issue may require expert testimony.

15    Defendants aver that LDK's financial statements for the relevant period were stated consistent

16    with GAAP in all material respects and deny the remaining allegations contained in paragraph

17    50.

18         51.    Defendants deny the allegations as stated in paragraph 51, but aver that

19    LDK's financial statements speak for themselves.

20         52.    Answering paragraph 52, Defendants deny the allegations of the first and

21    second sentences.  As to the third sentence, Defendants aver that LDK's financial statements,

22    and its disclosures relating to its inventory, speak for themselves.  With regard to the fourth,

23    fifth, sixth, and seventh sentences, Defendants deny the allegations.

24         53.    Defendants deny the allegations of paragraph 53.

25         54.    Answering paragraph 54, Defendants deny the allegations of the first,

26    second, and third sentences.  Defendants aver that the document speaks for itself.  Defendants

27    deny the allegations of the fourth sentence.

28         55.    Answering paragraph 55, Defendants deny the allegations of the first

1   sentence.  With regard to the second sentence, Defendants aver that the document speaks for

2   itself.

3       56.    Answering paragraph 56, Defendants admit the allegations of the first

4   sentence.  Defendants deny the allegations of the second sentence.

5       57.    Answering paragraph 57, Defendants deny the allegations of the first and

6   second sentences.  With regard to the third sentence, Defendants aver that LDK's 4Q07 financial

7   statements speak for themselves, and deny that this inventory was "probably unsusable."

8       58.    Answering paragraph 58, Defendants deny the allegations and aver that on

9   February 25, 2008, a conference call took place and the non-current inventory line item was

10  discussed.  Defendants also aver that the document speaks for itself.

11      59.    Answering paragraph 59, Defendants deny the allegations of the first and

12  second sentences.  With regard to the third and fourth sentences, Defendants aver that the

13  documents speak for themselves.

14      60.    Defendants deny the allegations of paragraph 60.

15      61.    Defendants deny the allegations of paragraph 61.

16      62.    Answering paragraph 62, Defendants admit that *The Wall Street Journal*

17  published an article regarding Situ's allegations, but deny the remaining allegations of the

18  paragraph.

19      63.    Answering paragraph 64, Defendants admit that Situ sent an e-mail to

20  Defendant Lai on September 10, 2007 containing the referenced quotes among other things, but

21  deny the truth of those allegations.

22      64.    Answering paragraph 65, Defendants admit that *The Wall Street Journal*

23  reported Situ's allegations and reported the assertion that there was an internal call dated

24  September 13, 2007, but deny the remaining allegations contained in the paragraph.

25      65.    Answering paragraph 66, with regard to the first sentence, Defendants

26  deny the allegations and aver that Situ was terminated for cause.  With regard to the second and

27  third sentences, Defendants aver that the e-mail speaks for itself.  Defendants deny the

28  allegations of the fourth sentence.

1      66.     Answering paragraph 67, Defendants deny the allegations of the first

2  sentence. With regard to the allegations of the second and third sentences, Defendants aver that

3  the *Greentech Media* article speaks for itself, and deny the remaining allegations.

4      67.     Answering paragraph 67, Defendants deny the allegations of the first

5  sentence. With regard to the allegations of the second sentence, Defendants deny that Situ's

6  accusations are supported by internal LDK documents, press reports, or by LDK's own

7  admissions. Defendants admit that the *Barron's* claimed to have spoken with an anonymous

8  source, but lack knowledge or information sufficient to form a belief as to the truth of whether

9  this alleged anonymous source exists or is knowledgeable as Plaintiff claims. With regard to the

10  allegations of the third, fourth, and fifth sentences, Defendants lack knowledge or information

11  sufficient to form a belief as to the truth of the allegations.

12      68.     Defendants deny the allegations of paragraph 68.

13      69.     Answering paragraph 69, Defendants deny the allegations as stated.

14      70.     Answering paragraph 70, Defendants admit that LDK hired Situ as one

15  employee among many others within LDK's financial process, but deny the remaining

16  allegations as stated.

17      71.     Defendants deny the allegations of paragraph 71.

18      72.     Defendants deny the allegations of paragraph 72.

19      73.     Answering paragraph 73, Defendants deny the allegations of the first,

20  second, and third sentences. With regard to the fourth sentence, Defendants aver that that the

21  transcript for the conference call speaks for itself. With regard to the fifth and sixth sentences,

22  Defendants deny the allegations.

23      74.     Defendants deny the allegations of paragraph 74.

24      75.     Defendants deny the allegations of paragraph 75.

25      76.     Defendants deny the allegations of paragraph 76.

26      77.     Defendants deny the allegations of paragraph 77.

27      78.     Answering paragraph 78, Defendants aver that the analyst report speaks

28  for itself.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SV\621129.2

12

ANSWER OF DEFENDANTS TO CONSOLIDATED
CLASS ACTION COMPLAINT
CASE NO. C-07-05182-WHA

1    79.    Answering paragraph 79, Defendants admit that LDK shares closed at $68.31 on October 2, 2007, and $51.65 on October 3, 2007, but deny the remaining allegations of the paragraph.

4    80.    Answering paragraph 80, Defendants admit that *Barron's* published an article regarding Situ's allegations, but deny the remaining allegations of the paragraph. Defendants aver that the article speaks for itself.

7    81.    Answering paragraph 81, Defendants admit the LDK shares closed at $37.50 on October 8, 2007, and $50.95 on October 5, 2007, but deny the remaining allegations of the paragraph.

10    82.    Answering paragraph 82, Defendants deny the allegations of the first and second sentences.  Defendants admit the allegations of the third sentence.  With regard to the fourth sentence, Defendants deny the allegations and aver that LDK shares closed at $51.65 on October 3, 2007.  Defendants admit that on October 8, 2007, LDK's stock price closed at $37.50 per share, but deny the remaining allegations of the fifth and sixth sentences.

15    83.    Answering paragraph 83, Defendants admit that the Individual Defendants owned LDK options, but deny the remaining allegations of the first sentence.  With regard to the second sentence, Defendants aver that Defendant Tong had at least 1.3 million options, Defendants Zhu and Shao had at least 1 million options and Defendant Wang had at least 100,000 options as of June 1, 2007.  With regard to the third sentence, Defendants admit that Lai and Yao each hold less than 1% of LDK's outstanding ordinary shares and together with four other LDK officers, held stock options exercisable for 1,360,000 ordinary shares.

22    84.    Defendants deny the allegations of paragraph 84.

23    85.    Answering paragraph 85, Defendants admit that Peng, Tong, and Lai signed the registration statement regarding the IPO, and that Peng signed this registration as attorney-in-fact on behalf of Zhu, Shao, and Wang.

26    86.    Answering paragraph 86, with regard to the allegations of the first sentence, Defendants aver that the prospectus speaks for itself.  Defendants deny the allegations of the second sentence.

87. Defendants deny the allegations of paragraph 87 and incorporate their response to paragraph 37.

88. Answering paragraph 88, with regard to the allegations of the first sentence, Defendants aver that the prospectus speaks for itself. Defendants deny the allegations of the second sentence.

89. Defendants aver that GAAP are written rules and they are the best evidence of their content. To the extent that there are complexities in connection with the application of GAAP rules to a factual circumstance, that issue may require expert testimony. Defendants aver that LDK's financial statements for the relevant period were stated consistent with GAAP in all material respects, and deny the remaining allegations contained in paragraph 89. Defendants incorporate their response to paragraph 50.

90. Answering paragraph 90, Defendants aver that GAAP are written rules and they are the best evidence of their content. To the extent that there are complexities in connection with the application of GAAP rules to a factual circumstance, that issue may require expert testimony. Defendants aver that LDK's financial statements for the relevant period were stated consistent with GAAP in all material respects. Defendants deny the remaining allegations contained in paragraph 90 and incorporate their response to paragraph 51.

91. Defendants deny the allegations of paragraph 91 and incorporate their response to paragraph 52.

92. Answering paragraph 92, Defendants aver that the prospectus speaks for itself and incorporate their response to paragraph 91. Defendants deny the allegations of the second sentence.

93. Answering paragraph 93, Defendants aver that the prospectus speaks for itself and incorporate their response to paragraph 87. Defendants deny the allegations of the second sentence.

94. Defendants deny the allegations of paragraph 94.

95. Answering paragraph 95, Defendants aver that the prospectus speaks for itself and incorporate their responses to paragraphs 87 and 95. Defendants deny the allegations

1   of the second sentence.  With regard to the third sentence, Defendants admit that raw material

2   constituted the largest component of LDK's inventory as of March 31, 2007.  Defendants deny

3   the allegations of the fourth sentence.

4           96.    Answering paragraph 96, Defendants aver that the press release speaks for

5   itself.

6           97.    Answering paragraph 97, Defendants aver that the press release speaks for

7   itself.

8           98.    Defendants deny the allegations of paragraph 98.

9           99.    Defendants deny the allegations of paragraph 99 and incorporate their

10   response to paragraph 37.

11           100.    Defendants deny the allegations of paragraph 100 and incorporate their

12   response to paragraph 42.

13           101.    Defendants lack knowledge or information sufficient to form a belief as to

14   the truth of the allegations in paragraph 101, and incorporate their response to paragraph 43.

15           102.    Answering paragraph 102, Defendants incorporate their response to

16   paragraph 44.  Defendants lack knowledge or information sufficient to form a belief as to the

17   truth of the allegations of the in the first sentence.  Defendants deny the allegations of the second

18   sentence and aver that the transcript of the conference call speaks for itself.

19           103.    Answering paragraph 103, Defendants incorporate their response to

20   paragraphs 46 and 47.  Defendants deny the allegations of the first, second, third, and fourth

21   sentences.  With regard to the fifth sentence, Defendants aver that the analyst report speaks for

22   itself.  Defendants deny the remaining allegations of the fifth sentence.

23           104.    Answering paragraph 104, with regard to the first and second sentences,

24   Defendants aver that the press release speaks for itself.  Defendants deny the allegations of the

25   third sentence.

26           105.    Defendants deny the allegations of paragraph 105 and incorporate their

27   response to paragraph 99.

28           106.    Answering paragraph 106, with respect to the first sentence, Defendants

1    aver that the press release speaks for itself.  Defendants deny the allegations of the second

2    sentence.

3           107.    Answering paragraph 107, Defendants aver that GAAP are written rules

4    and they are the best evidence of their content.  To the extent that there are complexities in

5    connection with the application of GAAP rules to a factual circumstance, that issue may require

6    expert testimony.  Defendants aver that LDK's financial statements for the relevant period were

7    stated consistent with GAAP in all material respects, and deny the remaining allegations

8    contained in paragraph 107.  Defendants incorporate their response to paragraph 50.

9           108.    Answering paragraph 108, Defendants incorporate their response to

10    paragraph 51.  With regard to the allegations of the first and second sentences, Defendants aver

11    that GAAP are written rules and they are the best evidence of their content.  To the extent that

12    there are complexities in connection with the application of GAAP rules to a factual

13    circumstance, that issue may require expert testimony.  Defendants aver that LDK's financial

14    statements for the relevant period were stated consistent with GAAP in all material respects.

15    Defendants deny the allegations of the third sentence.

16           109.    Defendants deny the allegations of paragraph 109 and incorporate their

17    response to paragraph 52.

18           110.    Answering paragraph 110, Defendants aver that the prospectus speaks for

19    itself and incorporate their response to paragraph 108.  Defendants deny the allegations of the

20    second sentence.

21           111.    Defendants admit that LDK hosted a conference call on August 1, 2007,

22    but deny the remaining allegations of paragraph 111.

23           112.    Answering paragraph 112, Defendants aver that the transcript of the

24    conference call speaks for itself.  Defendants deny the allegations of the second sentence.

25           113.    Defendants deny the allegations of paragraph 113 and incorporate their

26    response to paragraph 37.

27           114.    Answering paragraph 114, Defendants aver that the transcript of the

28    conference call speaks for itself.  Defendants deny the allegations of the second sentence.

1    115.    Defendants deny the allegations of paragraph 115 and incorporate their

2    response to paragraph 113.

3    116.    Answering paragraph 116, Defendants aver that the transcript of the

4    conference call speaks for itself.  Defendants deny the remaining allegations of paragraph 116.

5    117.    Defendants deny the allegations of paragraph 117.

6    118.    Defendants deny the allegations of paragraph 118 and incorporate their

7    response to paragraph 113.

8    119.    Answering paragraph 119, Defendants incorporate their response to

9    paragraph 42.  Defendants deny the allegations of the first sentence.  With regard to the

10   allegations of the second and fourth sentences, Defendants aver that the prospectus speaks for

11   itself.  With regard to the third sentence, Defendants admit that the price at which LDK acquires

12   feedstock inventory varies, and aver that variation in price is due to many factors.  Defendants

13   deny the remaining allegations of the paragraph.

14   120.    Answering paragraph 120, Defendants incorporate their response to

15   paragraph 43.  Defendants lack knowledge or information sufficient to form a belief as to the

16   truth of the allegations.

17   121.    Answering paragraph 121, Defendants incorporate their response to

18   paragraph 44.  Defendants deny the allegations of the first sentence.  With regard to the second

19   sentence, Defendants aver that the transcript of the conference call speaks for itself.

20   122.    Answering paragraph 122, Defendants incorporate their response to

21   paragraphs 46 and 47.  Defendants deny the allegations of the first, second, third, and fourth

22   sentences.  With regard to the fifth sentence, Defendants aver that the analyst report speaks for

23   itself.  Defendants deny the remaining allegations of the fifth sentence.

24   123.    Answering paragraph 123, with regard to the allegations of the first

25   sentence, Defendants aver that the analyst report speaks for itself.  Defendants deny the

26   allegations of the second sentence.

27   124.    Defendants deny the allegations of paragraph 124.

28   125.    Defendants deny the allegations of paragraph 125 and incorporate their

1    response to paragraph 37.

2         126.    Defendants deny the allegations of paragraph 126 and incorporate their

3    response to paragraph 68.

4         127.    Defendants deny the allegations of paragraph 127.

5         128.    Answering paragraph 128, Defendants admit that the closing price for

6    LDK stock was $68.31 on October 2, 2007, and $51.65 on October 3, 2007.  Defendants deny

7    the remaining allegations of the paragraph.

8         129.    Answering paragraph 129, Defendants admit that the closing price for

9    LDK stock was $50.95 on October 5, 2007, and $37.50 on October 8, 2007, and aver that the

10    article speaks for itself.  Defendants deny the remaining allegations of the paragraph.

11        130.    Defendants deny the allegations of paragraph 130.

12        131.    Defendants deny the allegations of paragraph 131.

13        132.    Defendants deny the allegations of paragraph 132, and incorporate their

14    response to paragraphs 10, 34, 40, 42, and 50, 58-59, 79, and 95.

15        133.    Defendants deny the allegations of paragraph 133.

16        134.    Defendants deny the allegations of paragraph 134.

17        135.    Answering paragraph 135, Defendants deny the allegations and aver that

18    the fraud-on-the-market doctrine does not apply.  Defendants deny the allegations of

19    subparagraph (a).  With regard to subparagraph (b), Defendants admit that LDK stock is listed on

20    the New York Stock Exchange, but deny the remaining allegations.  Defendants deny the

21    allegations of subparagraph (c).  Defendants lack knowledge or information sufficient to form a

22    belief as to the truth of the allegations in subparagraph (d).  With regard to subparagraph (e),

23    Defendants admit the allegations of the first sentence, but Defendants lack knowledge or

24    information sufficient to form a belief as to the truth of the allegations in the second sentence.

25        136.    Answering paragraph 136, Defendants aver that Lead Plaintiff's claims

26    purport to be a federal class action, consisting of certain purchasers of LDK securities from June

27    1, 2007 through October 7, 2007, pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3).

28        137.    Defendants lack knowledge or information sufficient to form a belief as to

1   the truth of the allegations in paragraph 137.

2          138.   Defendants lack knowledge or information sufficient to form a belief as to

3   the truth of the allegations in paragraph 138.

4          139.   Defendants lack knowledge or information sufficient to form a belief as to

5   the truth of the allegations in paragraph 139.

6          140.   Defendants lack knowledge or information sufficient to form a belief as to

7   the truth of the allegations in paragraph 140.

8          141.   Defendants deny the allegations of paragraph 141.

9          142.   Defendants admit the allegations of paragraph 142.

10          143.   Defendants admit the allegations of paragraph 143.

11          144.   Defendants admit the allegations of paragraph 144.

12          145.   Defendants deny the allegations of paragraph 145.

13          146.   Defendants aver that because paragraph 146 does not contain allegations,

14   Defendants need not respond to the paragraph.

15          147.   Defendants deny the allegations of paragraph 147.

16          148.   Defendants deny the allegations of paragraph 148.

17          149.   Defendants deny the allegations of paragraph 149.

18          150.   Defendants deny the allegations of paragraph 150.

19          151.   Defendants deny the allegations of paragraph 151.

20          152.   Defendants deny the allegations of paragraph 152.

21          153.   Defendants deny the allegations of paragraph 153.

22          154.   Defendants deny the allegations of paragraph 154.

23          155.   Defendants deny the allegations of paragraph 155.

24          156.   Defendants deny the allegations of paragraph 156.

25          157.   Defendants deny the allegations of paragraph 157.

26          158.   Defendants deny the allegations of paragraph 158.

27          159.   Defendants deny the allegations of paragraph 159.

28                     **<u>AFFIRMATIVE DEFENSES</u>**

1    Without admitting or acknowledging that the Defendants bear any burden of
2    proof as to any of them, Defendants assert the following affirmative defenses:

3    **First Affirmative Defense**

4    The Complaint, and each claim thereof, fails to state a claim upon which relief
5    can be granted.

6    **Second Affirmative Defense**

7    Plaintiff's claims are barred in whole or in part by the doctrines of waiver,
8    estoppel, ratification, or unclean hands.

9    **Third Affirmative Defense**

10    Certain alleged untrue statements of material fact, omissions of material fact,
11    misleading statements, or other challenged statements allegedly made by Defendants are
12    rendered non-actionable by the Safe Harbor provisions of the Private Securities Litigation
13    Reform Act of 1995, adding Section 21E to the Securities Exchange Act of 1934, as codified at
14    15 U.S.C. § 78u-5(c).

15    **Fourth Affirmative Defense**

16    Factors other than the allegedly untrue statements of material fact, omissions of
17    material fact, misleading statements, or other actions by any of the Defendants, which actions the
18    Defendants deny, influenced the value of the shares when plaintiff or the alleged plaintiff class
19    members allegedly acquired their shares, and these other factors or similar factors led to any
20    alleged decline in the value of the shares.

21    **Fifth Affirmative Defense**

22    Plaintiff and members of the alleged class have failed to mitigate any damage
23    they may have suffered.

24    **Sixth Affirmative Defense**

25    Some or all of the members of the alleged plaintiff class did not rely on the
26    statements alleged in the Consolidated Complaint to be false or misleading.

27    **Seventh Affirmative Defense**

28    Certain matters alleged to be the subject of misrepresentations and omissions

1   were publicly disclosed or were in the public domain, and as such were available to plaintiff,

2   other members of the purported class, or the securities markets.

3   **Eighth Affirmative Defense**

4          Certain plaintiff class members had actual or constructive knowledge of some or

5   all of the facts alleged in the Consolidated Complaint upon which Defendants' liability is

6   asserted, at the time that such class members purchased LDK common stock.  These persons

7   assumed the risk that the value of the LDK common stock could decline.

8   **Ninth Affirmative Defense**

9          Plaintiff's claims are barred in whole or part because the statements, reports,

10  and/or filings allegedly issued by defendants contained sufficient cautionary language, and

11  bespoke caution with respect to the subject matter of each misrepresentation or omission alleged

12  in the Complaint, so as to warn Plaintiff and all others of the risks of investing in LDK stock.

13  **Tenth Affirmative Defense**

14         Certain plaintiff class members would have acquired LDK common stock even if,

15  at the time the stock was acquired, the plaintiff class members had known of the allegedly untrue

16  statements of material fact, omissions of material fact, misleading statements, or other wrongful

17  conduct upon which Defendants' liability is asserted.

18  **Eleventh Affirmative Defense**

19         When they acquired shares of LDK common stock, certain plaintiff class

20  members knew, or in the exercise of reasonable care should have known, of facts with respect to

21  the allegedly untrue statements of material fact, omissions of material fact, misleading

22  statements, or other actions by Defendants alleged in the Consolidated Complaint, and each such

23  plaintiff class member was negligent, and this negligence was a cause-in-fact and a proximate

24  cause of any alleged damages.  Such negligence bars recovery in whole or in part by each such

25  plaintiff class member.

26  **Twelfth Affirmative Defense**

27         No act or omission attributed to any Defendant in the Consolidated Complaint

28  was the actual or proximate cause of any injury suffered by any member of the plaintiff class.

**Thirteenth Affirmative Defense**

Any recovery for damages allegedly incurred by Plaintiff, if any, is limited to the percentage of responsibility of Defendants in proportion to the total fault of all persons, named as parties to this action or not, who caused or contributed to Plaintiff's alleged damages, pursuant to the Proportionate Liability provisions of the Private Securities Litigation Reform Act of 1995, as codified at 15 U.S.C. §78u-4(f)(3)(A).  The acts and practices of persons or entities not associated with Defendants and ongoing economic events constitute independent intervening and superseding causes of the alleged harm, if any, suffered by plaintiff or the alleged plaintiff class members, relieving Defendants of any liability.

**Fourteenth Affirmative Defense**

Each and every one of Defendants alleged to be a control person under Section 20(a) of the 1934 Act acted in good faith and did not directly or indirectly induce any acts constituting the alleged violations and causes of action.

**Fifteenth Affirmative Defense**

Defendants are not liable for certain statements alleged in the Consolidated Complaint to be untrue or to have omitted a material fact because plaintiff abandoned or waived claims based on these alleged statements.

**Sixteenth Affirmative Defense**

Any recovery for damages allegedly incurred by plaintiff, if any, is subject to offset in the amount of any tax benefits actually received by plaintiff through its investments.

**Seventeenth Affirmative Defense**

With respect to plaintiff's claims under Section 10(b) and Section 20(a) of the 1934 Act, any recovery for damages allegedly incurred by plaintiff, if any, is limited to the percentage of responsibility of Defendants in proportion to the total fault of all persons, whether or not named as parties to this action, who caused or contributed to plaintiff's alleged damages, if any, pursuant to the Proportionate Liability provisions of the Private Securities Litigation Reform Act of 1995, as codified at 15 U.S.C. § 78u-4(f)(3)(A).

**Eighteenth Affirmative Defense**

1    Each and every one of the Defendants acted in good faith and did not materially

2 assist in any violation of law or directly or indirectly induce any act or acts constituting any

3 alleged violations or causes of action.

4    **Nineteenth Affirmative Defense**

5    In executing or authorizing the execution and/or publication of any document

6 containing the statements complained of in the complaint, Defendants were entitled to, and did,

7 reasonably and in good faith rely upon the work and conclusions of other professionals and

8 experts.

9    **Twentieth Affirmative Defense**

10    If any false or misleading statement was made, or if any material fact required to

11 be stated or necessary to make any statement made not misleading was omitted, which

12 Defendants deny, then every act or omission was done or omitted in good faith conformity with

13 the rules and regulations of the Securities and Exchange Commission and, therefore, pursuant to

14 Section 23(a) of the Securities Exchange Act of 1934, there is no liability for any act or omission

15 so alleged.

16    **Twenty-First Affirmative Defense**

17    If any false or misleading statement was made, or if any material fact required to

18 be stated or necessary to make any statement made not misleading was omitted, which

19 Defendants deny, then no Defendant acted with the state of mind required to support liability

20 under Section 10(b) of the 1934 Act, Rule 10(b)-5 promulgated thereunder, and/or Section 20(a)

21 of the 1034 Act.

22    **Twenty-Second Affirmative Defense**

23    Plaintiff's claims are barred, in whole or in part, because each and every

24 Defendant acted in good faith and in conformity with all applicable federal statutes, including the

25 1934 Act, as amended, the Private Securities Litigation Reform Act of 1995, and all applicable

26 rules and regulations promulgated thereunder.

27    **Twenty-Third Affirmative Defense**

28    Plaintiff lacks standing to assert the claims set forth in the Consolidated

1  Complaint.

2  **Twenty-Fourth Affirmative Defense**

3  The Complaint fails to meet the pleading requirements of the Federal Rules of

4  Civil Procedure and the pleading requirements for securities fraud actions of the Private

5  Securities Litigation Reform Act of 1995, as codified at 15 U.S.C. § 78u-4(b)(1)-(2).

6  Defendants believe that the Consolidated Complaint fails to plead fraud against

7  them with the specificity required by the Federal Rules of Civil Procedure and the Private

8  Securities Litigation Reform Act of 1995.  The lack of specificity makes it impossible for

9  Defendants to determine at this time whether additional affirmative defenses may exist.

10 Defendants reserve the right to assert additional affirmative defenses once the precise nature of

11 the relevant circumstances or events is determined through discovery.

12 WHEREFORE, Defendants pray that this Court enter judgment as follows:

13 1.     That judgment be entered in favor of Defendants;

14 2.     That plaintiff and the purported plaintiff class take nothing from Defendants

15 by their Consolidated Complaint, and that the same be dismissed with prejudice;

16 3.     For costs, attorneys' fees, expert witness fees, and court hearing fees incurred

17 herein;

18 4.     For such other and further relief as this Court deems just and proper.

19 **Demand for Jury Trial**

20 Defendants hereby demand trial by jury.

21

22

23

24

25

26

27

28

1 | Dated:  June 26, 2008

2 |                                         LATHAM & WATKINS LLP
                                          James J. Farrell
3 |                                         Philip J. Wang

4 |

5 |                                         By /s/ _____
                                          James J. Farrell
6 |                                         Attorneys for Defendants
                                          LDK Solar Co., Ltd., LDK Solar USA, Inc.,
7 |                                         Xiaofeng Peng, and Jack Lai

8 |

9 |

10 |

11 |

12 |

13 |

14 |

15 |

16 |

17 |

18 |

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |