1  LATHAM & WATKINS LLP
       James J. Farrell (Bar No. 166595)
2        james.farrell@lw.com
   355 South Grand Avenue
3  Los Angeles, California  90071-1560
   Telephone:  (213) 485-1234
4  Facsimile:  (213) 891-8763

5  LATHAM & WATKINS LLP
       Philip J. Wang (Bar No. 218349)
6        philip.wang@lw.com
   140 Scott Drive
7  Menlo Park, California  94025
   Telephone:  (650) 328-4600
8  Facsimile:  (650) 463-2600

9  Attorneys for Defendants LDK Solar Co.,
   Ltd., LDK Solar USA, Inc., Xiaofeng Peng,
10 Jack Lai, Jiangxi LDK Solar, Xingxue Tong,
   Qiqiang Yao, Liangbao Zhu, Yonggang
11 Shao, and Gang Wang

12                    UNITED STATES DISTRICT COURT

13                   NORTHERN DISTRICT OF CALIFORNIA

14

15 In re LDK SOLAR SECURITIES          MASTER FILE NO. C-07-05182-WHA
   LITIGATION

16 _____     **DEFENDANTS JIANGXI LDK SOLAR'S,
                                       XINGXUE TONG'S, QIQIANG YAO'S,**
17 This Document Relates To:           **LIANGBAO ZHU'S, YONGGANG SHAO'S,
                                       AND GANG WANG'S NOTICE OF MOTION**
18 ALL ACTIONS.                        **AND MOTION TO DISMISS LEAD
                                       PLAINTIFF'S CONSOLIDATED CLASS**
19                                     **ACTION COMPLAINT PURSUANT TO
                                       FEDERAL RULES OF CIVIL PROCEDURE**
20                                     **12(b)(2) AND 12(b)(6)**

21                                     Judge:        Hon. William H. Alsup
                                       Date:         August 28, 2008
22                                     Time:         8:00 a.m.
                                       Courtroom: 9, 19th Floor
23

24

25

26

27

28

LATHAM&WATKINS LLP
ATTORNEYS AT LAW

1

# TABLE OF CONTENTS

2

**Page**

3  I.    PRELIMINARY STATEMENT ................................................................................. 1

4  II.   STATEMENTS OF FACTS .................................................................................... 2

5        A.    Jiangxi LDK Solar .................................................................................. 3

6        B.    Xingxue Tong ......................................................................................... 3

7        C.    Qiqiang Yao ........................................................................................... 4

8        D.    Liangbao Zhu ......................................................................................... 4

9        E.    Yonggang Shao ...................................................................................... 4

10       F.    Gang Wang ............................................................................................. 5

11 III.   ARGUMENT ........................................................................................................... 5

12       A.    There Is No Personal Jurisdiction Over the Non-Speaking
              Defendants .............................................................................................. 5
13
         B.    Plaintiff's Section 10(b) Claims Against the Non-Speaking
14             Defendants Fail As a Matter of Law ...................................................... 11

15       C.    The Complaint Fails To State A Section 20(a) Claim ........................... 19

16 IV.    CONCLUSION ........................................................................................................ 19

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF AUTHORITIES

**Page**

## CASES

Bancroft & Masters v. Augusta Nat'l,
  223 F.3d 1082 (9th Cir. Cal. 2000) ..................................................................... 7

Berson v. Applied Signal Tech., Inc.,
  527 F.3d 982 (9th Cir. 2008) ............................................................... 20, 21, 22

Burger King Corp. v. Rudzewicz,
  471 U.S. 462 (1985) .......................................................................................... 9

Calder v. Jones,
  465 U.S. 783 (U.S. 1984) ............................................................................ 11, 12

Communs. Workers of Am. Plan for Employees' Pensions & Death Bens. v. CSK
  Auto Corp.,
  No. CV06-1580-PHX-JWS (Consolidated), 2007 U.S. Dist. LEXIS 22782,
  *11-12 (D. Ariz. Mar. 28, 2007) ................................................................ 14, 15

Core-Vent Corp. v. Nobel Indus. AB
  11 F.3d 1482 (9th Cir. 1993) ............................................................................ 8

Data Disc., Inc. v. Systems Tech. Assocs., Inc.,
  557 F.2d 1280 (9th Cir. 1977) .......................................................................... 6

Doe v. Unocal Corp.,
  248 F.3d 915 (9th Cir. 2001) ............................................................................ 5

Dura Pharms., Inc. v. Broudo,
  544 U.S. 336 (2005) ........................................................................................ 13

In re 2TheMart.com, Inc. Sec. Litig.,
  114 F. Supp. 2d 955 (C.D. Cal. 2000) ............................................................. 16

In re Apple Computer, Inc.,
  243 F. Supp. 2d 1012 (N.D. Cal. 2002) ........................................................... 19

In re Astrazeneca Sec. Litig.,
  No. 05 Civ. 2688(TPG), 2008 WL 2332325 (S.D.N.Y. June 3, 2008) ............... 10

In re Dura Pharmaceuticals, Inc. Sec. Litig.,
  548 F. Supp. 2d 1126 (S.D. Cal. 2008) ...................................................... 13, 14

In re FVC.COM Sec. Litig.,
  136 F. Supp. 2d 1031 (N.D. Cal. 2000) ........................................................... 18

LATHAM&WATKINS LLP
ATTORNEYS AT LAW

In re Hansen Natural Corp. Sec. Litig.,
    527 F. Supp. 2d 1142 ................................................................................. 13, 17

In re Infonet Services Corp. Sec. Litig.,
    310 F. Supp. 2d 1080 (C.D. Cal. 2003) .............................................................. 17

In re Infosonics Corp. Sec. Litig.,
    NO. 06cv1231 BTM(WMc), 2007 U.S. Dist. LEXIS 57784 (S.D. Cal. 2007) ................... 16

In re Int'l Rectifier Corp. Secs. Litig.,
    No. CV 07-02544-JFW (VBKx), 2008 U.S. Dist. LEXIS 44872 (C.D. Cal.
    May 23, 2008) ........................................................................... 13, 14, 17, 19

In re LDK Solar Sec. Litig.,
    No. C 07-05182 WHA, 2008 U.S. Dist. LEXIS 42425 (3d Cir. 2007) ................... 17, 21, 22

In re Pacific Gateway Exch., Inc., Sec. Litig.,
    169 F. Supp. 2d 1160 (N.D. Cal. 2001) .............................................................. 18

In re Silicon Graphics, Inc. Sec. Litig.,
    183 F.3d 970 (9th Cir. 1999) .......................................................................... 16

In re Wireless Facilities, Inc. Deriv. Litig.,
    No. 04CV1663 JAH (NLS), 2008 WL 2521748 (S.D. Cal. February 26, 2008) ................. 11

In re Worlds of Wonder Sec. Litig.,
    35 F.3d 1407 (9th Cir. 1994) .......................................................................... 18

LeDuc v. Kentucky Cent. Life Ins. Co.,
    814 F. Supp. 820 (N.D. Cal. 1992) .................................................................... 11

Lipton v. Pathogenesis Corp.,
    284 F.3d 1027 (9th Cir. 2002) ......................................................................... 22

Rano v. Sipa Press, Inc.,
    987 F.2d 580 (9th Cir. 1993) ............................................................................ 9

Reebok International, Ltd. v. McLaughlin,
    49 F.3d 1387 (9th Cir. 1995) ............................................................................ 6

Schwarzenegger v. Fred Martin Motor Co.,
    374 F.3d 797 (9th Cir. 2004) ..................................................................... 6, 7, 9

Siemers v. Wells Fargo & Co.,
    No. C 05-04518 WHA, 2006 U.S. Dist. LEXIS 81097 (N.D. Cal. Oct. 24,
    2006) ..................................................................................................... 14

Sinatra v. National Enquirer, Inc.,
    854 F.2d 1191 (9th Cir. 1988) ........................................................................... 8

LATHAM&WATKINS LLP
ATTORNEYS AT LAW

iii

NOTICE OF MOTION AND MOTION TO DISMISS
CONSOLIDATED CLASS ACTION COMPLAINT
MASTER FILE NO. C-07-5182-WHA

*Southland Securities Corp. v. INSpire Insurance Solutions, Inc.*,
   365 F.3d 353 (5th Cir. 2004) ............................................................................... 17

*Stoneridge Inv. Partners, LLC v. Scientific-Atlanta, Inc.*,
   128 S. Ct. 761 (2008) ......................................................................................... 13

*Weiss v. Amkor Tech., Inc.*,
   527 F. Supp. 2d 938 (D. Ariz. 2007) ................................................................. 20

*Winer Family Trust v. Queen*,
   503 F.3d 319 (3d Cir. 2007)............................................................................... 17

*World-Wide Volkswagen Corp. v. Woodson*,
   444 U.S. 286 (1980).............................................................................................. 6

*Yahoo! Inc. v. La Ligue Contre Le Racisme Et L' Antisemittisme*,
   433 F.3d 1119 (9th Cir. 2006) ........................................................................... 10

**STATUTES**

15 U.S.C. § 78u-4 .................................................................................................... 1

15 U.S.C. § 78u-4(b)(2) ......................................................................................... 13

**OTHER AUTHORITIES**

Asahi Metal Indus. Co., Ltd.,
   Super Ct. of Cal., 480 U.S. 102 (1987)............................................................... 7

**RULES**

Fed. R. Civ. P. 12(b)(2).......................................................................................... 1

Fed. R. Civ. P. 12(b)(6)...................................................................................... 1, 18

1  **NOTICE OF MOTION AND MOTION**

2      PLEASE TAKE NOTICE that Defendants Jiangxi LDK Solar, Xingxue Tong, Qiqiang

3  Yao, Liangbao Zhu, Yonggang Shao, and Gang Wang (collectively, the "Non-Speaking

4  Defendants") hereby move to dismiss this action under Federal Rules of Civil Procedure 12(b)(2)

5  and 12(b)(6). The Motion is scheduled to be heard at 8:00 a.m. on August 28, 2008, in the

6  courtroom of the Honorable William H. Alsup, in the United States District Court for the

7  Northern District of California, 450 Golden Gate Avenue, San Francisco, California. The Non-

8  Speaking Defendants request that all claims asserted in Lead Plaintiff's Consolidated Class

9  Action Complaint be dismissed with prejudice.

10  **STATEMENT OF ISSUES TO BE DECIDED**

11      1.  Whether the Court has personal jurisdiction over the Non-Speaking Defendants, all of

12          whom are domiciled or reside in the People's Republic of China and have no

13          meaningful "contacts" with the United States.

14      2.  Whether the federal securities claims asserted against the Non-Speaking Defendants

15          should be dismissed for failure to meet the heightened pleading standards under the

16          Private Securities Litigation Reform Act ("PSLRA"), 15 U.S.C. § 78u-4.

17  **MEMORANDUM OF POINTS AND AUTHORITIES**

18  **I.**    **PRELIMINARY STATEMENT**

19      Without identifying any specific false statements made by Defendants Jiangxi LDK

20  Solar, Xingxue Tong, Qiqiang Yao, Liangbao Zhu, Yonggang Shao, and Gang Wang

21  (collectively "Non-Speaking Defendants"), the Consolidated Class Action Complaint

22  ("Complaint") alleges that the Non-Speaking Defendants violated federal securities laws by

23  overstating LDK's polysilicon inventory. In addition to the grounds asserted by Defendants

24  LDK Solar Co., Ltd. ("LDK"), LDK Solar USA, Xiaofeng Peng, and Jack Lai's motion to

25  dismiss (see DE #68), the clams against the Non-Speaking Defendants should be dismissed for

26  failure to plead personal jurisdiction and failure to identify any specific false statements to the

27  Non-Speaking Defendants.

28      First, Plaintiff's claims against the Non-Speaking Defendants should be dismissed for

LATHAM&WATKINS LLP
ATTORNEYS AT LAW

1

DEFENDANTS' NOTICE OF MOTION AND MOTION TO
DISMISS LEAD PLAINTIFF'S CONSOLIDATED AMENED
COMPLAINT PURSUANT TO RULE 12(b)(6)
MASTER FILE NO. C-07-5182-WHA

1    lack of personal jurisdiction.  None of the Non-Speaking Defendants reside in the United States

2    or otherwise satisfy the "minimum contacts" requirements under the Due Process Clause of the

3    Fourteenth Amendment to the United States Constitution.  In addition, Plaintiff cannot allege

4    that the Non-Speaking Defendants committed or directed any conduct at residents in the United

5    States.  As a result, this Court lacks personal jurisdiction over the Non-Speaking Defendants.

6        Moreover, the 10(b) and 20(a) claims against the Non-Speaking Defendants should be

7    dismissed because Plaintiff cannot attribute any false or misleading statements to any of the Non-

8    Speaking Defendants.  The PSLRA requires Plaintiff to <u>specify with particularity</u> the false or

9    misleading statements or omissions attributable to each of the Non-Speaking Defendants.  The

10   PSLRA also requires Plaintiffs to plead a "strong inference of scienter" against each individual

11   defendant.  However, the Complaint relies solely on boilerplate and conclusory allegations that

12   as a group, the Non-Speaking Defendants made, approved or adopted numerous false statements

13   and knowingly and substantially participated or acquiesced in the dissemination of false and

14   misleading statements.  These conclusory allegations fall far short of the requirements of the

15   PSLRA and should therefore be dismissed.

16   **II.    STATEMENTS OF FACTS**

17        The facts of this case were extensively documented in the Statement of Facts contained in

18   the Defendants' Motion to Dismiss Lead Plaintiff's Consolidated Class Action Complaint

19   Pursuant to Rule 12(b)(6) and the Court's May 29, 2008 Order Denying Defendants' Motion to

20   Dismiss.  Accordingly, the Non-Speaking Defendants will only address those facts necessary to

21   the disposition of this motion.

22        Based solely on the allegations of a disgruntled former employee, Charley Situ, the

23   Complaint alleges that Defendants LDK Solar and various officers and directors of LDK

24   (collectively "Defendants") fraudulently overstated LDK's polysilicon inventory in violation of

25   federal securities laws.  While the Complaint attributes various misstatements to defendants

26   Xiaofeng Peng, LDK's Chief Executive Officer, and Jack Lai, LDK's Executive Vice President

27   and Chief Financial Officer, the Complaint is <u>entirely devoid</u> of any allegations that the Non-

28   Speaking Defendants made any allegedly false statements or knew that any statement was

allegedly false when made.  Without any specific allegations of false statements, Plaintiff seeks

liability against the Non-Speaking Defendants based on nothing but boilerplate language that is

not supported by any factual basis:

> [D]efendants acted with scienter in that they knew that the public documents and
> statements issued or disseminated in the name of the Company were materially
> false or misleading; knew that such statements would be issued or disseminated to
> the investing public; and knowingly and substantially participated or acquiesced
> in the issuance or dissemination of such statements or documents as primary
> violators of the federal securities laws.

(¶ 133.)

### A.    Jiangxi LDK Solar

Jiangxi LDK Solar ("Jiangxi") is a Chinese company that was incorporated in China on

July 5, 2005.  See Declaration of Qiqiang Yao for Jiangxi LDK Solar ("Jiangxi Decl.") ¶ 2.

Jiangxi operates as a manufacturer of multicrystalline wafers, and is headquartered and located in

Xinyu City, China.  Id.  Jiangxi does not have any operations in the United States.  Id. ¶ 3.  In

addition, Jiangxi does not own property and does not pay income or property tax in any state of

the United States.  Id. ¶ 4.  Jiangxi does not maintain or occupy any offices or business facilities,

post office boxes, mailing addresses or telephone numbers in any state of the United States.  Id.

Jiangxi does not have employees or agents for service of process in the United States.  Id. ¶ 5.

Finally, none of Jiangxi's officers, directors or employees reside or work in the United States.

Id. ¶ 6.

### B.    Xingxue Tong

Xingxue Tong ("Tong") has served as a Director, President and Chief Operating

Officer of LDK since January 2007.   See Declaration of Xingxue Tong ("Tong Decl.") ¶ 1.

Tong resides in Xinyu, China, and works out of the LDK office in that city.  Id. ¶ 4.  Prior to

joining LDK, since 2004, Tong served as general manager for GT Solar in its Beijing office.  Id.

¶ 3.  Mr. Tong received a diploma in Industrial Economic Management from Renmin University

of China in 1988 and a diploma from Hebei University in 1998.  Id. ¶ 2.  Tong has never lived,

worked, or been domiciled anywhere in the United States.   Id. ¶ 5. Tong does not own property,

does not pay taxes, and is not registered to vote in the United States.  Id. ¶ 6.  Finally, Tong does

not have any agents for service of process in the United States.  Id. ¶ 7.

C.  Qiqiang Yao

Qiqiang Yao ("Yao") has served as Vice President of LDK since 2006. See Declaration of Qiqiang Yao ("Yao Decl.") ¶ 1. Yao resides in Xinyu, China and works out of the LDK office there. Id. ¶ 4. Prior to joining LDK, Yao held finance and accounting positions in various companies in China. Id. ¶ 3. Yao received a bachelor's degree from Anhui University of Accounting in 1993, and an MBA from China Southeast University in 2003. Id. ¶ 2. Yao is a registered accountant in China, but not in the United States. Id. ¶ 3. Yao has never lived, worked, or been domiciled anywhere in the United States. Id. ¶ 5. Yao does not own property, does not pay taxes, and is not registered to vote in the United States. Id. ¶ 6. Finally, Yao does not have any agents for service of process in the United States. Id. ¶ 7.

D.  Liangbao Zhu

Liangbao Zhu ("Zhu") joined LDK in November 2005 and serves as a Director and Executive Vice President. See Declaration of Liangbao Zhu ("Zhu Decl.") ¶ 1. Zhu resides in Xinyu, China and works out of the LDK office in that city. Id. ¶ 3. Zhu was educated in China; in 1982, he graduated from Yangzhou Normal College with a bachelor's degree, and subsequently received an MBA from Suzhou University in 2002. Id. ¶ 2. Zhu received a Doctor's Degree in business management from Suzhou University in 2005. Id. Zhu has never lived, worked, or been domiciled anywhere in the United States. Id. ¶ 4. Zhu does not own property, does not pay taxes, and is not registered to vote in the United States. Id. ¶ 5. Finally, Zhu does not have any agents for service of process in the United States. Id. ¶ 6.

E.  Yonggang Shao

Yonggang Shao ("Shao") is a Director and Senior Vice President of Corporate Strategy for LDK, where he has been employed since February 2006. See Declaration of Yonggang Shao ("Shao Decl.") ¶ 1. Shao lives and works in Shanghai, China. Id. ¶ 4. Prior to joining LDK, Shao was employed with Guotai Junan Securities Company Limited from 1998 to 2006. Id. ¶ 3. Mr. Shao graduated from Shanghai University in 1990 with a bachelor's degree in industrial management and from Beijing University Guanghua School of Management with an executive MBA degree in 2002. Id. ¶ 2. Shao has never lived, worked, or been domiciled in California, or

1   anywhere in the United States.  Id. ¶ 5.  Shao does not own property, does not pay taxes, and is

2   not registered to vote in the United States.  Id. ¶ 6.  Finally, Shao does not have any agents for

3   service of process in the United States.  Id. ¶ 7.

4          F.      Gang Wang

5          Gang Wang ("Wang") is not an officer or employee of LDK.  See Declaration of Gang

6   Wang ("Wang Decl.") ¶ 5.  He has served as a non-executive director of LDK since July 2006.

7   Id. ¶ 1.  Wang resides in Shanghai, China, and is a director and chief representative of Natexis

8   Private Equity Asia Limited in China.  Id. ¶ 4.  Prior to July 2006, Wang held various senior

9   financial management positions in a number of technology and manufacturing companies from

10  1999 to 2002 in New Zealand and China.  Id. ¶ 3.  Wang received his bachelor's degree in

11  mechanical engineering from the Hefei University of Technology of China in 1989 and an MBA

12  degree from the Massey University in New Zealand in 1995.  Id. ¶ 2.  Wang has never lived,

13  worked, or been domiciled in anywhere in the United States.  Id. ¶ 6.  Since 2002, Wang has

14  visited California four times.  Id. ¶ 9.  Wang's trips to the United States, however, were only for

15  a few days at a time.  Id.  Other than those short trips, Wang has not visited the United States.

16  Id.  Wang does not own property, does not pay taxes, and is not registered to vote in the United

17  States.  Id. ¶ 7.  Finally, Wang does not have any agents for service of process in the United

18  States.  Id. ¶ 8.

19  **III.    ARGUMENT**

20         A.      There Is No Personal Jurisdiction Over the Non-Speaking Defendants

21                 1.      Plaintiff Bears The Burden of Establishing Personal Jurisdiction

22         Plaintiff bears the burden of establishing personal jurisdiction over the Non-Speaking

23  Defendants.  See Doe v. Unocal Corp., 248 F.3d 915, 922 (9th Cir. 2001) ("It is plaintiff's

24  burden to establish the Court's personal jurisdiction over a defendant.").  In order to withstand a

25  motion to dismiss, Plaintiff must make a prima facie showing of the facts upon which

26  jurisdiction is predicated.  See Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 800

27  (9th Cir. 2004).  The Due Process Clause of the Fourteenth Amendment permits this Court to

28  exercise jurisdiction over the Non-Speaking Defendants only where "there exists 'minimum

1    contacts' between the defendant and the forum state." <u>World-Wide Volkswagen Corp. v.</u>

2    <u>Woodson</u>, 444 U.S. 286, 291 (1980).  The "minimum contacts" rule prevents a defendant from

3    being forced to litigate in a jurisdiction where he has no meaningful contacts.  Indeed, as the

4    Supreme Court noted in <u>World-Wide Volkswagen</u>:

5              Even if the defendant would suffer minimal or no inconvenience
           from being forced to litigate before the tribunals of another State . .
6           . even if the forum State is the most convenient location for
           litigation, the Due Process Clause, acting as an instrument of
7           interstate federalism, may sometimes act to divest the State of its
           power to render a valid judgment.

8
    <u>Id.</u> at 291.

9
       There are two types of personal jurisdiction: general and specific.  <u>See</u> <u>Reebok</u>

10   <u>International, Ltd. v. McLaughlin</u>, 49 F.3d 1387, 1391 (9th Cir. 1995), <u>cert. denied</u>, 516 U.S.

11   908, 116 S.Ct. 276, 133 L.Ed.2d 197 (1995).  The Court may only exercise general jurisdiction if

12   a defendant's contacts with the United States are "substantial" or "systematic and continuous."

13   <u>See</u> <u>Data Disc., Inc. v. Systems Tech. Assocs., Inc.</u>, 557 F.2d 1280, 1287 (9th Cir. 1977).  In the

14   absence of general jurisdiction, specific jurisdiction is only appropriate if the quality and nature

15   of the defendant's activity in relation to the particular cause of action justifies specific

16   jurisdiction over that defendant.  <u>See</u> <u>Schwarzenegger</u>, 374 F.3d at 802.

17       As detailed below, Plaintiff fails to meet his burden of demonstrating the requisite criteria

18   for the exercise of personal jurisdiction over the Non-Speaking Defendants.

19           2.      <u>Plaintiff Fails to Establish General Jurisdiction</u>

20       The standard for establishing general jurisdiction is "'fairly high,' and requires that the

21   defendant's contacts be of the sort that approximate physical presence." <u>Bancroft & Masters v.</u>

22   <u>Augusta Nat'l</u>, 223 F.3d 1082, 1086 (9th Cir. Cal. 2000).  "This is an exacting standard, as it

23   should be, because a finding of general jurisdiction permits a defendant to be haled into court in

24   the forum state to answer for any of its activities anywhere in the world." <u>Schwarzenegger</u>, 374

25   F.3d at 801.  In <u>Bancroft</u>, the Ninth Circuit noted that in determining whether general jurisdiction

26   exists, the "[f]actors to be taken into consideration are whether the defendant makes sales,

27   solicits or engages in business in the state, serves the state's markets, designates an agent for

28

1    service of process, holds a license, or is incorporated there." <u>Bancroft</u>, 223 F.3d at 1086.

2    Plaintiff does not come close to meeting this high standard for the Non-Speaking Defendants.

3            Jiangxi is a Chinese company that is headquartered and located in China. <u>See</u> Jiangxi

4    Decl ¶ 1. Jiangxi does not have any operations anywhere in the United States. <u>Id.</u> ¶ 3. Jiangxi

5    does not maintain or occupy any offices or business facilities, post office boxes, mailing

6    addresses or telephone numbers in any state of the United States. <u>Id.</u> ¶ 4. None of Jiangxi's

7    officers, directors or employees reside in or work in the United States. <u>Id.</u> ¶ 6. In addition,

8    Jiangxi does not have agents for service of process in the United States. <u>Id.</u> ¶ 5. In the absence of

9    any such contacts, the Court cannot exercise general jurisdiction over Jiangxi.

10           With respect to the individual Non-Speaking Defendants, none reside or work in the

11   United States. <u>See</u> Tong Decl. ¶ 5; Yao Decl. ¶ 5; Zhu Decl. ¶ 4; Shao Decl. ¶ 5; Wang Decl. ¶

12   6. None of the individual Non-Speaking Defendants own property, pay taxes or are registered to

13   vote in any state in the United States. <u>See</u> Tong Decl. ¶ 6; Yao Decl. ¶ 6; Zhu Decl. ¶ 5; Shao

14   Decl. ¶ 6; Wang Decl. ¶ 7. Nor do any of the individuals employ agents for service of process,

15   maintain offices, mailing addresses, or telephone numbers in the United States. <u>See</u> Tong Decl.

16   ¶¶ 6,7; Yao Decl. ¶¶ 6,7; Zhu Decl. ¶¶ 5,6; Shao Decl. ¶¶ 6,7; Wang Decl. ¶¶ 7,8. Finally, while

17   some of the Non-Speaking Defendants have traveled to the United States, their trips to the

18   United States are insufficient to establish personal jurisdiction. <u>See</u> <u>Core-Vent Corp. v. Nobel</u>

19   <u>Indus. AB</u>, 11 F.3d 1482, 1490 (9th Cir. 1993) (internal quotation marks omitted) (finding that

20   Swedish defendant's five visits to California over the course of four years was insufficient to

21   establish general jurisdiction because a "[defendant] cannot be haled into a jurisdiction as a result

22   of random, fortuitous, or attenuated contacts.").

23           Simply stated, none of the Non-Speaking Defendants have ever submitted to the personal

24   jurisdiction of United States courts or otherwise sought the benefits of United States residency

25   and law. Accordingly, the court cannot exercise general jurisdiction over the Non-Speaking

26   Defendants.

27           3.    <u>Plaintiff Fails to Establish Specific Jurisdiction</u>

28           The Ninth Circuit has created a three-prong test for analyzing whether a court has

specific personal jurisdiction over a non-resident defendant:

> (1)    The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
>
> (2)    the claim must be one which arises out of or relates to the defendant's forum-related activities; and
>
> (3)    the exercise of jurisdiction must be reasonable.

Sinatra v. National Enquirer, Inc., 854 F.2d 1191, 1195 (9th Cir. 1988).  "[L]itigation against an alien defendant requires a higher jurisdictional barrier than litigation against a citizen from a sister state."  Rano v. Sipa Press, Inc., 987 F.2d 580, 588 (9th Cir. 1993).  Accordingly, the "unique burdens" placed on a foreign national defending itself locally "should have significant weight" in assessing the "reasonableness" of a local court's exercise of personal jurisdiction. Asahi Metal Indus. Co., Ltd., Super Ct. of Cal., 480 U.S. 102, 114 (1987).

### a.    *Plaintiff Has Not Established "Purposeful Availment."*

A defendant purposefully avails himself of a forum when he "purposefully directs" his activities at the residents of that forum.  Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472-73 (1985).  A showing that a defendant "purposefully availed" itself to the privilege of doing business in a forum "typically consists of evidence of the defendant's actions in the forum, such as executing or performing a contract there."   Schwarzenegger, 374 F.3d at 802 (emphasis added).

Plaintiff's Complaint does not allege that any of the Non-Speaking Defendants purposefully availed themselves or directed any activities at residents in the United States.  In fact, the Complaint does not contain a single allegation that the Non-Speaking Defendants engaged in any specific activity in the United States.  Plaintiff does not, and cannot, provide evidence of such specific activities for one reason: the Non-Speaking Defendants have taken no action to purposefully avail themselves of  any forum in the United States.  As noted, none of the Non-Speaking Defendants have any contacts or have otherwise availed themselves of the benefits of United States residency and law.

1     Moreover, Plaintiff's cursory argument that the Non-Speaking Defendants purposefully

2     directed conduct towards United States residents from outside the forum by signing, approving

3     and causing the distribution of LDK's May 2007 F-1 fails as a matter of law.  While specific

4     jurisdiction may be based on acts occurring outside the United States, there must be evidence

5     that the defendant: "(1) committed an intentional act, (2) expressly aimed at the forum state, (3)

6     causing harm that the defendant knows is likely to be suffered in the forum state."  Yahoo! Inc.

7     v. La Ligue Contre Le Racisme Et L' Antisemittisme, 433 F.3d 1119, 1206 (9th Cir. 2006).

8     Here, Plaintiff fails even to allege, let alone provide evidence, that the Non-Speaking Defendants

9     "expressly aimed" any conduct alleged in the Complaint at residents in the United States.

10     Indeed, the mere foreseeability that LDK's May 2007 F-1 would have an effect in the

11     United States or that some stockholders reside in the United States, is insufficient to confer

12     personal jurisdiction if the alleged illicit actions did not specifically target the United States.  In

13     In re Astrazeneca Sec. Litig., No. 05 Civ. 2688(TPG), 2008 WL 2332325 * 13 (S.D.N.Y. June 3,

14     2008), the Court dismissed claims for lack of personal jurisdiction against two foreign

15     defendants who were alleged to have "caused the distribution of false and misleading reports and

16     statements to [ ] investors in the U.S." and "had actual knowledge that each of the

17     representations alleged . . . were materially false or misleading. . . ."  Id. at * 13.  The Court held

18     that plaintiff's allegations were "applicable to all individual defendants as a result of their

19     positions within the company[,]" and therefore, "such conclusory allegations of participation in

20     the fraud are insufficient" for purposes of establishing personal jurisdiction.  Id.

21     The Court in Astrazeneca further denied plaintiff's request for leave to amend the

22     complaint, based on plaintiff's proposed amendment that the foreign defendants signed the

23     company's F-3, an SEC filing that was incorporated into the Company's 20-F.  Id.   The Court

24     concluded that "[t]his signing, undoubtedly in a foreign country, is insufficient for personal

25     jurisdiction in this case."  Id. ; see also In re Wireless Facilities, Inc. Deriv. Litig., No.

26     04CV1663 JAH (NLS), 2008 WL 2521748, * 6 fn. 5 (S.D. Cal. February 26, 2008),  (allegations

27     of participating in the preparation and issuance of false and misleading press releases and SEC

28     filings are insufficient to establish a prima facie case of personal jurisdiction).  Like Astrazeneca,

1   Plaintiff's allegations against the Non-Speaking Defendants based on their signing a single SEC

2   filing while abroad are wholly insufficient to establish personal jurisdiction over the Non-

3   Speaking Defendants.

4        Moreover, LDK's contacts with the United States, no matter how pervasive, have no

5   bearing on whether the Non-Speaking Defendants purposefully availed themselves.  <u>See</u> <u>Calder</u>

6   <u>v. Jones</u>, 465 U.S. 783, 790 (U.S. 1984) ).  Rather "each defendant's contacts . . . must be

7   assessed individually" and "are not to be judged according to their employer's activities there."

8   <u>Id</u>.  "A court does not have jurisdiction over individual officers and employees of a corporation

9   just because the court has jurisdiction over the corporation . . . .  Personal jurisdiction over

10  officers of a corporation in their individual capacities must be based on their personal contacts

11  with the forum, not their acts and contacts carried out solely in a corporate capacity."  <u>See</u> <u>LeDuc</u>

12  <u>v. Kentucky Cent. Life Ins. Co.</u>, 814 F. Supp. 820, 825 (N.D. Cal. 1992) (finding no personal

13  jurisdiction over officers and directors even though general personal jurisdiction existed over the

14  company itself).  As such, LDK's activities and maintenance of an office in the United States are

15  irrelevant to the inquiry into whether personal jurisdiction over the Non-Speaking Defendants is

16  proper.

17              b.      *Plaintiff's Alleged Claims Do Not "Arise Out Of" Or "Relate To"*
                        *The Non-Speaking Defendants' Activities In The United States.*
18

19       The Court also lacks jurisdiction over the Non-Speaking Defendants because Plaintiff has

20  failed to allege that any of his claims "arise out of" or "relate to" any activity undertaken by the

21  Non-Speaking Defendants in the United States.  As an initial matter, Plaintiff fails to allege or

22  identify any specific activities from which his claims against the Non-Speaking Defendants

23  could spring.  Nor does the Complaint allege any specific acts or omissions undertaken on the

24  part of any single individual defendant in the United States.  Because each individual defendant's

25  activities must be assessed independently for purposes of establishing jurisdiction, Plaintiff's

26  "group pleading" make such individual assessment impossible.  <u>See</u> <u>Calder</u>, 465 U.S. at 790.

27       In sum, Plaintiff alleges only in a brief, conclusory form that the Non-Speaking

28  Defendants engaged in activities that may be related to this lawsuit <u>somewhere</u>.  However,

1   Plaintiff fails to allege that the Non-Speaking Defendants performed these activities in the

2   United States or targeted these activities at its residents.  In addition, Plaintiff fails to provide

3   specific allegations of such conduct as to each individual defendant.  Unless Plaintiff makes such

4   allegations or provides relevant supporting evidence, Plaintiff has not satisfied his burden to

5   establish specific jurisdiction.[1]  Accordingly, the Court should dismiss the claims against the

6   Non-Speaking Defendants.

7       B.    Plaintiff's Section 10(b) Claims Against the Non-Speaking Defendants Fail As a
              Matter of Law

8           1.    The Complaint Fails to Attribute Any False Or Misleading Statement To
9                 Any of the Non-Speaking Defendants

10          To state a claim under Section 10(b), Plaintiff must allege that, in connection with the

11  purchase or sale of securities, (1) a material misrepresentation or omission of fact, (2) made with

12  scienter, (3) on which plaintiffs relied, (4) that proximately caused plaintiff's economic loss.

13  Dura Pharmaceuticals, Inc. v. Broudo, 544 U.S. 336, 341-42 (2005).  Under the heightened

14  pleading standards of the PSLRA, Plaintiff must specify with particularity a false or misleading

15  statement or omission attributable to each defendant.  See Stoneridge Inv. Partners, LLC v.

16  Scientific-Atlanta, Inc., 128 S. Ct. 761, 768 (2008); see also In re Int'l Rectifier Corp. Secs.

17  Litig., No. CV 07-02544-JFW (VBKx), 2008 U.S. Dist. LEXIS 44872, *32-36 (C.D. Cal. May

18  23, 2008),  (noting that "courts since Stoneridge have continued to dismiss actors (including

19  insiders) who have not made any misleading statements, either explicitly or implicitly because

20  plaintiffs could not prove reliance on their actions"); In re Dura Pharmaceuticals, Inc. Sec. Litig.,

21  548 F. Supp. 2d 1126 (S.D. Cal. 2008) (dismissing 10(b)claims against the Senior Vice President

22  of Sales & Marketing in part because he did not make any materially false statements).  Of the

23  one hundred and sixty-five paragraphs contained in Plaintiff's Complaint, there is not a single

24  allegation that any of the Non-Speaking Defendants made any false statements or participated in

25  the preparation of any publicly filed document or press release.  Thus, the claims against the

26  Non-Speaking Defendants must be dismissed.

27

28  [1]  Moreover, even if the Court decides to exercise personal jurisdiction over the Non-Speaking
    officer defendants, Plaintiff has still not established that jurisdiction exists over Wang, a non-
    executive board member with no operational responsibilities.

1    In <u>In re Hansen Natural Corp. Sec. Litig.</u>, 527 F. Supp. 2d 1142, a recent opinion

2  interpreting the Supreme Court's decision in <u>Stoneridge</u>, the Court dismissed allegations of

3  securities fraud against defendants because plaintiffs failed to identify any false and misleading

4  statements as to each of the individual defendants.  <u>See</u> 527 F. Supp. 2d 1142, 1153 n.3 (C.D.

5  Cal. 2007) (noting that "[a] defendant <u>must actually make</u> a false or misleading statement in

6  order to be held liable under Section 10(b).") (emphasis added) (citations omitted).  Similarly, in

7  <u>International Rectifier</u>, the court dismissed with prejudice Section 10(b) claims against two

8  defendants because neither "[we]re alleged to have made a material misrepresentation or

9  omission, nor [we]re they alleged to have substantially participated or been intricately involved

10  in the preparation of the fraudulent statements." 2008 U.S. Dist. LEXIS 44872, at *35-36.  Here,

11  because Plaintiff fails to allege misleading statements made by any of the Non-Speaking

12  Defendants, the claims against them should be dismissed.

13    Nor does Plaintiff allege any facts to show that any of the Non-Speaking Defendants

14  "substantial[ly] participat[ed]" or were "intricate[ly] involve[d]" in the purported

15  misrepresentations in order to maintain a Section 10(b) claim against them.  <u>See</u> <u>Siemers v.</u>

16  <u>Wells Fargo & Co.</u>, No. C 05-04518 WHA, 2006 U.S. Dist. LEXIS 81097 (N.D. Cal. Oct. 24,

17  2006) (Section 10(b) claims against the non-speaking defendants dismissed because plaintiffs

18  failed to allege that the individual defendants substantially participated or were intricately

19  involved in the alleged misstatements) (Alsup, J.); <u>see also</u> <u>Int'l Rectifier</u>, 2008 U.S. Dist. LEXIS

20  44872 at *29-31.  The act of signing financial statements does not constitute "substantial

21  participation or intricate involvement," as "[n]onspecific allegations of . . . 'involvement' and

22  'participation in drafting'" allegedly false financial statements and press releases "do[es] not

23  satisfy the PSLRA's heightened requirement for pleading falsity or scienter." <u>Dura Pharm.</u>, 548

24  F. Supp. 2d 1126 at *38-39; <u>see also</u> <u>Communs. Workers of Am. Plan for Employees' Pensions</u>

25  <u>& Death Bens. v. CSK Auto Corp.</u>, No. CV06-1580-PHX-JWS (Consolidated), 2007 U.S. Dist.

26  LEXIS 22782, *11-12 (D. Ariz. Mar. 28, 2007) (holding that a President and Chief Operating

27  Officer did not "substantially participate[]" in the allegedly false and misleading statements even

28  though he was on 12 conference calls during the Class Period where he allegedly publicly

1   misrepresented the Company's reported financials, because "the Complaint d[id] not explain [the

2   President and COO's] involvement or participation in any of the phone calls, other than claiming

3   he was present").  Moreover, "[v]ague and repetitive allegations that 'defendants . . . reiterated

4   the financial results'" were "not sufficient to show that [the defendant] substantially participated

5   or was intricately involved" in the purported misrepresentations, stating that it "[could] not find,

6   any binding authority for the position that mere presence equates with substantial participation."

7   See  CSK Auto Corp., 2007 U.S. Dist. LEXIS 22782 at *11-12.

8          Here, the Complaint alleges only four specific false statements:  (1) the statement in

9   LDK's June 1, 2007, prospectus stating "we believe that our polysilicon feedstock inventory and

10  commitments from suppliers are sufficient to satisfy over 90% of our estimated requirements for

11  2007 and approximately 50% of our estimated requirements for 2008," see Compl. at ¶¶ 85-86;

12  (2) an August 1, 2007, LDK press release regarding cost advantages and the value of LDK's

13  inventory, which quoted by Defendant Peng in, see Compl. at ¶¶ 97, 104; (3) an August 1, 2007,

14  conference call hosted by Defendants Peng and Lai regarding the value of LDK's inventory, the

15  quantity of raw materials, and cost advantages, see Compl. at ¶¶ 111-112, 114, 116; and (4)

16  LDK's October 4, 2007, press release regarding Situ's allegations, which stated that "[t]he

17  management team believes that these allegations have no merit."  See Compl. at ¶ 123.  Plaintiff

18  does not allege that any of these statements were made by the Non-Speaking Defendants, and do

19  not allege a single fact showing that any of the Non-Speaking Defendants – in any way –

20  participated in the making of these statements or had knowledge of them being made.  Instead,

21  Plaintiff merely alleges in a conclusory fashion that the Non-Speaking Defendants signed a

22  proxy statement and somehow participated or acquiesced in the issuance or dissemination of

23  false or misleading documents and statements.  Compl. ¶¶ 14, 16-19, 133.  These allegations fail

24  to tie any of the Non-Speaking Defendants to the preparation of the allegedly false statements or

25  to the statements themselves and are unsupported by any specific facts of wrongdoing.

26  Accordingly, Plaintiff's claims against the Non-Speaking Defendants should be dismissed.

27          2.      The Complaint Fails to Establish A Strong Inference of Scienter Against
                   Any of the Non-Speaking Defendants

28          To adequately plead scienter under the PSLRA, Plaintiff must "state with particularity

1   facts giving rise to a strong inference" (15 U.S.C. § 78u-4(b)(2)) that <u>each</u> Defendant acted with

2   the intent "to deceive, manipulate, or defraud" LDK's investors.  <u>In re Infosonics Corp. Sec.</u>

3   <u>Litig.</u>, NO. 06cv1231 BTM(WMc), 2007 U.S. Dist. LEXIS 57784, *10 (S.D. Cal. 2007),

4   (citations omitted).  In doing so, Plaintiff "must plead, in great detail, facts that constitute strong

5   circumstantial evidence of deliberately reckless or conscious misconduct."  <u>In re Silicon</u>

6   <u>Graphics, Inc. Sec. Litig.</u>, 183 F.3d 970, 974 (9th Cir. 1999).

7        Despite the PSLRA's requirement that Plaintiff "state with particularity facts giving rise

8   to a strong inference that the defendant acted with the required state of mind" as to "<u>each</u> alleged

9   misrepresentation or omission," as noted above, the Complaint lacks any facts about the Non-

10  Speaking Defendants' state of mind, let alone any allegations to infer a strong inference of

11  scienter.  <u>In re 2TheMart.com, Inc. Sec. Litig.</u>, 114 F. Supp. 2d 955, 960 (C.D. Cal. 2000)

12  (quoting 15 U.S.C. § 78u-4(b)(2)) (emphasis added).  Indeed, the Complaint does not allege that

13  the Non-Speaking Defendants made any misstatements at all, let alone give rise to a strong

14  inference of scienter.  Plaintiff's generic boilerplate allegations does not satisfy Plaintiff's

15  obligation to plead specific facts that create a strong inference of scienter as to each Defendant

16  individually.  The failure to allege any facts that could support a strong inference of scienter as to

17  the Non-Speaking Defendants is, by itself, fatal to the claims against those defendants.

18        Moreover, Plaintiff can place no reliance on the "group pleading" doctrine to cure this

19  defect.  As this Court has already stated, the "group pleading" doctrine "contradicts the PSLRA's

20  requirements."  <u>See</u> <u>In re LDK Solar Sec. Litig.</u>, No. C 07-05182 WHA, 2008 U.S. Dist. LEXIS

21  42425, *34 (N.D. Cal. May 29, 2008)<u>In re LDK</u>, 2008 U.S. Dist. LEXIS 42425 at *34 (citing

22  <u>Winer Family Trust v. Queen</u>, 503 F.3d 319 (3d Cir. 2007) ; <u>Southland Securities Corp. v.</u>

23  <u>INSpire Insurance Solutions, Inc.</u>, 365 F.3d 353 (5th Cir. 2004)).  This position was further

24  affirmed in <u>International Rectifier</u>, in which the court there held that "the group pleading

25  doctrine did not survive the PSLRA."  <u>See</u> 2008 U.S. Dist. LEXIS 44872 at *35 (citing <u>In re</u>

26  <u>Hansen</u>, 527 F. Supp. 2d at 1153-1163).

27        Furthermore, Plaintiff's allegation that the Non-Speaking Defendants signed a document

28  that was filed with the SEC does not, by itself, establish a "strong inference" of scienter.  <u>See</u> <u>In</u>

1  re Infonet Services Corp. Sec. Litig., 310 F. Supp. 2d 1080, 1103 (C.D. Cal. 2003) (finding

2  strong showing of scienter not satisfied with general allegations that individual defendants signed

3  registration statement).  As noted in Hansen, if that were all that was required, "scienter would

4  be established in every case where there was an accounting error or auditing mistake made by a

5  publicly traded company, thereby eviscerating the pleading requirements for scienter set forth in

6  the PSLRA."  In re Hansen, 527 F. Supp. 2d at 1159-1160 (citations omitted).  Therefore, that

7  the Non-Speaking Defendants signed an SEC filing does not give rise to a strong inference of

8  scienter.

9         Finally, Plaintiff's unsupported allegation that LDK's accounting violated GAAP also

10  does not establish a "strong inference" of scienter.  As this Court explained in In re Pacific

11  Gateway Exch., Inc., Sec. Litig., mere "allegations of failure to follow GAAP are not adequate to

12  establish scienter, because scienter requires more than a misapplication of accounting

13  principles."  169 F. Supp. 2d 1160, 1167 (N.D. Cal. 2001) (quoting In re Worlds of Wonder Sec.

14  Litig., 35 F.3d 1407, 1426 (9th Cir. 1994)).  To plead a strong inference of fraud in cases

15  alleging GAAP violations and accounting fraud, Plaintiff must provide copious detail of such

16  misconduct, rather than alleging in general terms that Defendants failed to comply with GAAP.

17  See, e.g., In re FVC.COM Sec. Litig., 136 F. Supp. 2d 1031, 1037 (N.D. Cal. 2000) (dismissing

18  complaint that failed to plead accounting fraud in detail).

19         Here, Plaintiff does not allege any facts that actually establish any GAAP violations.

20  Indeed, as LDK's April 7, 2008 MTD explained, every single other person or entity that

21  examined the financials – including several accounting experts – found them GAAP compliant.

22  See LDK's April 7, 2008 MTD at 6-7.  Because Plaintiff has not provided any details regarding

23  the purported misconduct on the part of the Non-Speaking Defendants, Plaintiff falls far short of

24  the standard necessary for inferring scienter for the Non-Speaking Defendants from the alleged

25  GAAP violations.

26         3.    Scienter Cannot Be Inferred Solely From The Non-Speaking Individual
                Defendants' Position Within The Company

27  Grasping at straws to establish a legitimate basis for alleging scienter, Plaintiff alleges as

28

1    a last resort that "by their receipt of information reflecting the true facts regarding LDK" and

2    their "associations with the Company which made them privy to confidential proprietary

3    information concerning LDK," the Non-Speaking Defendants "participated in the fraudulent

4    scheme alleged." See Compl. ¶ 133.  However, Plaintiff's unsupported conclusion is insufficient

5    to plead a strong inference of scienter as a matter of law.   See In re Apple Computer, Inc., 243

6    F. Supp. 2d 1012, 1023 (N.D. Cal. 2002) ("Mere access to data is insufficient to support a

7    securities claim under the PSLRA."); see also Int'l Rectifier, 2008 U.S. Dist. LEXIS at *46

8    (citing In re Apple Computer, Inc., 243 F. Supp. 2d 1012, 1023 (N.D. Cal. 2002).

9         International Rectifier is particularly instructive.  While the plaintiff there did not allege

10   any basis for the court to conclude that the CEO or CFO actually reviewed the information that

11   the plaintiff claimed they were privy to, the court held that "[m]ore importantly, even if [the

12   CEO] and [the CFO] had reviewed [the relevant] reports . . . it does not give rise to a strong

13   inference of scienter," because there was "no basis for presuming that [the CEO] and [the CFO]

14   should have noticed [the alleged discrepancies], or that if they did, they should have been aware

15   of the significance of such [discrepancies]."  See Int'l Rectifier, 2008 U.S. Dist. LEXIS at *46-

16   47.  Similarly here, Plaintiff does not allege any basis for the Court to conclude that any of the

17   Non-Speaking Defendants reviewed, or should have reviewed, the purportedly available

18   information, or that they should have been aware of the significance of any purported

19   deficiencies.

20        Plaintiff's reliance on the Non-Speaking Defendants' "associations with the Company" as

21   a means to establish a strong inference of scienter is also misplaced.  See Compl. ¶ 133.  In

22   Apple Computer, this Court made clear that it is not enough to merely allege that because of a

23   defendant's position in a company that person must have known of the relevant facts.  See 243 F.

24   Supp. 2d at 1026 ("It is not enough for Plaintiffs to allege that Defendants could have known

25   about the [ ] problems, or even that they should have known about them.  Plaintiffs must allege

26   something approaching actual knowledge on the part of [senior officers] who made statements

27   regarding the company."); see also In re Autodesk, Inc. Sec. Litig., 132 F. Supp. 2d 833, 844

28   (N.D. Cal. 2000) ("[P]laintiffs must do more than allege that these key officers had the requisite

1   knowledge by virtue of their 'hands on' positions, because that would eliminate the necessity for

2   specially pleading scienter, as any corporate officer could be said to possess the requisite

3   knowledge by virtue of his or her position.").

4       Here, however, Plaintiff fails to allege any <u>facts</u> from which could draw a "strong

5   inference" of scienter, *i.e.*, facts that establish that the Non-Speaking Defendants had knowledge

6   of the purported accounting deficiencies.  Therefore, Plaintiff's generic allegations – without any

7   averment showing that any of the Non-Speaking Defendants had anything approaching actual

8   knowledge and then made false or misleading statements – fail as a matter of law.[2]

9       The recent Ninth Circuit holding in <u>Berson v. Applied Signal Tech., Inc.</u>, 527 F.3d 982

10  (9th Cir. 2008), does not rescue Plaintiff's deficient Complaint.  In that case, the Court held that

11  the plaintiffs were entitled to infer that the defendants were aware of facts that were "prominent

12  enough that it would be 'absurd to suggest' that top management was unaware of them."  <u>Id.</u> at

13  *17.  The prominent fact in <u>Berson</u>, however, was the existence and effect of stop-work orders,

14  of which the Court stated that "it [wa]s hard to believe that [the defendants] would not have

15  known about stop-work orders," because they were "high-level managers" who were "directly

16  responsible for [the Company's] day-to-day operations," and the stop-work orders had a

17  "devastating effect on the corporation's revenue."  <u>Id.</u> at *12-14.  The Court further stated that

18  "any number of company employees would be in a position to infer the issuance of stop-work

19  orders," because they "have had the very obvious effect of putting numerous employees out of

20  work."  <u>Id.</u>  at *4.  Simply put, in <u>Berson</u>, the Court held only that it may be inferred that those

21  individuals that are directly involved in the day-to-day operations of a company possess

22  knowledge of those obvious corporate events about which would be apparent to  "any number of

23  company employees."

24

25  [2]  It should be noted that Plaintiff's failure to establish knowledge of such purported accounting
    deficiencies is particularly obvious with regard to Wang, a non-executive board member who did
26  not have any responsibility for the Company's day-to-day management.  <u>See</u> <u>Weiss v. Amkor
    Tech., Inc.</u>, 527 F. Supp. 2d 938, 950 (D. Ariz. 2007)  (dismissing plaintiffs' securities class
27  action complaint and finding that "[w]hat is missing from the [complaint] regarding the outside
    directors' scienter are factual allegations setting forth what information was presented to the
28  outside directors about any of the alleged misrepresentations, omissions, GAAP violations etc.
    that put them on actual or constructive notice of fraudulent activity.").

1    <u>Berson</u> is clearly distinguishable from the facts before this Court.  Plaintiff has not come

2    close to alleging that the purported inventory discrepancies at LDK were so obvious that "any

3    number of employees would be in a position to infer" their existence.  Indeed, quite the contrary,

4    assuming that inventory discrepancies did exist – which they did not – they escaped detection

5    from every qualified professional who looked for them.  This includes two sets of independent

6    auditors, one independent world-class law firm, and two independent outside directors.  <u>See</u> <u>In re</u>

7    <u>LDK Solar Sec. Litig.</u>, No. C 07-05182 WHA, 2008 U.S. Dist. LEXIS 42425, *14-16 (N.D. Cal.

8    May 29, 2008) LDK's April 9, 2008 MTD at 6-7.  There is quite simply no way to conclude that

9    "any number of company employees" at LDK would have been in a position to infer the

10   existence alleged accounting deficiencies, given that trained experts were unable to detect any

11   deficiencies.  Also, unlike <u>Berson</u>, here, the source of Plaintiff's Complaint – Situ's e-mail –

12   shows that Situ did not communicate his concerns to any of the Non-Speaking Defendants.

13   Unlike <u>Berson</u>, the Court here should not accept an inference that is directly contrary to facts in

14   Situ's judicially noticeable e-mail.

15          Moreover, the stop-work orders in <u>Berson</u> were sent from the company's customers

16   (usually government agencies) to the company and the court concluded that it was reasonable to

17   assume that such a document would make its normal distribution within the company.  <u>See</u>

18   <u>Berson</u>, 527 F.3d at 984, 987-89.  But here, the determination of the quantity and quality of

19   LDK's inventory admittedly involves more.  As the Complaint and Situ's e-mail allege, LDK's

20   inventory was maintained in several different locations and Situ's contention that it was wrong in

21   September 2007 arose from his review of various different records in August 2007.[3]  There is no

22   allegation establishing a strong inference that the Non-Speaking Defendants similarly counted or

23   tested LDK's inventory and nothing to indicate the Non-Speaking Defendants were apprised of

24   any different opinions.  Therefore, the inference drawn by the Court in <u>Berson</u> is not warranted

25   here.

26

27

28   [3] The Complaint's source, Situ's e-mail, shows Situ did not verify the inventory in all those
     sources and did nothing to determine its usability.

1    C.    The Complaint Fails To State A Section 20(a) Claim

2        As discussed above, because there is no violation of §10(b), there can be no control

3    person liability under Section 20(a) for any of the individual defendants.  See Lipton v.

4    Pathogenesis Corp., 284 F.3d 1027, 1035 n.15 (9th Cir. 2002)  ("to prevail on their claims for

5    violations of § 20(a) and § 20A, plaintiffs must first allege a violation of § 10(b) or Rule 10b-5").

6    For this reason alone, Plaintiff's 20(a) claim should be dismissed.

7    **IV.    CONCLUSION**

8        For the foregoing reasons, Plaintiff's Complaint against the Non-Speaking Defendants

9    should be dismissed with prejudice.[4]

10   Dated:  July 21, 2008                          Respectfully submitted,
                                                    LATHAM & WATKINS LLP
11

12                                                  By _____/s/_____
13                                                            James J. Farrell

14

15

16

17

18

19

20

21

22

23

24

25

26

27   _____

28   [4] The Non-Speaking Defendants also incorporate by reference the arguments made by
     Defendants LDK Solar Co., LDK Solar USA, Inc., Xiaofeng Peng and Jack Lai in the previous
     motion to dismiss.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW

NOTICE OF MOTION AND MOTION TO DISMISS
CONSOLIDATED CLASS ACTION COMPLAINT
MASTER FILE NO. C-07-5182-WHA