1  LATHAM & WATKINS LLP
    James J. Farrell (Bar No. 166595)
2      james.farrell@lw.com
355 South Grand Avenue
3  Los Angeles, California 90071-1560
Telephone: (213) 485-1234
4  Facsimile: (213) 891-8763

5  LATHAM & WATKINS LLP
    Philip J. Wang (Bar No. 218349)
6      philip.wang@lw.com
140 Scott Drive
7  Menlo Park, California 94025
Telephone: (650) 328-4600
8  Facsimile: (650) 463-2600

9  Attorneys for Defendants LDK Solar Co.,
Ltd., LDK Solar USA, Inc., Xiaofeng Peng,
10  Jack Lai, Jiangxi LDK Solar, Xingxue Tong,
Qiqiang Yao, Liangbao Zhu, Yonggang
11  Shao, and Gang Wang

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| In re LDK SOLAR SECURITIES LITIGATION | MASTER FILE NO. C-07-05182-WHA |
|---|---|
| This Document Relates To:<br><br>ALL ACTIONS. | **DEFENDANTS' NOTICE OF MOTION AND MOTION TO STAY DISCOVERY**<br><br>Judge:    Hon. William H. Alsup<br>Date:    August 28, 2008<br>Time:    8:00 a.m.<br>Courtroom: 9, 19th Floor |

**NOTICE OF MOTION AND MOTION**

PLEASE TAKE NOTICE that Defendants hereby move to stay discovery in this case pending the resolution of all motions to dismiss. The Motion is set for hearing at 8:00 a.m. on August 28, 2008, in the courtroom of the Honorable William H. Alsup, United States District Court for the Northern District of California, 450 Golden Gate Ave., San Francisco, California.

With this Motion, Defendants requests that all discovery in this case be stayed pending the Court's ruling on Defendants Jiangxi LDK Solar's, Xingxue Tong's, Qiqiang Yao's, Liangbao Zhu's, Yonggang Shao's, and Gang Wang's Motion to Dismiss Lead Plaintiff's Consolidated Class Action Complaint Pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6). Defendants also assert that discovery is premature under Rule 26 of the Federal Rules of Civil Procedure.

**STATEMENT OF ISSUE TO BE DECIDED**

Whether discovery in this action is premature under Rule 26 of the Federal Rules of Civil Procedure and whether discovery should be stayed pending the resolution of all motions to dismiss under the automatic stay provision of the Private Securities Litigation Reform Act ("PSLRA" or "Reform Act"), codified at 15 U.S.C. § 78u-4(b)(3)(B).

**MEMORANDUM OF POINTS AND AUTHORITIES**

I.   **PRELIMINARY STATEMENT**

With this consolidated class action, Lead Plaintiff asserts claims against LDK Solar Co., Ltd. ("LDK" or the "Company"), two of its subsidiaries (Jiangxi LDK Solar and LDK Solar USA, Inc.), and seven LDK officers and directors in connection with LDK's polysilicon inventory accounting. Lead Plaintiff alleges violations of Sections 10(b) and 20(a) of the Securities and Exchange Act of 1934.

Contemporaneously with this motion, Defendants Jiangxi LDK Solar, Xingxue Tong, Qiqiang Yao, Liangbao Zhu's, Yonggang Shao, and Gang Wang (collectively the "Moving Defendants") are filing a motion to dismiss Lead Plaintiff's Consolidated Class Action Complaint pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6). As discussed in more detail below, all discovery in this case should be stayed pending this Court's ruling on the

1  Moving Defendants' motion to dismiss, and until the discovery is proper under the Federal Rules
2  of Civil Procedure.
3       A discovery stay is mandated by the PSLRA, which imposes a heightened pleading
4  standard for securities fraud claims under the Securities and Exchange Act of 1934 and expressly
5  provides that discovery must be stayed pending <u>any</u> motion to dismiss such a claim.  <u>See</u> 15
6  U.S.C. § 78u-4(b)(3)(B) ("In any private action arising under [the Exchange Act], all discovery
7  and other proceedings shall be stayed during the pendency of <u>any motion to dismiss</u>, unless the
8  court finds upon the motion of any party that particularized discovery is necessary to preserve
9  evidence or to prevent undue prejudice to that party.") (emphasis added).
10      Notwithstanding the plain language of the PSLRA, which requires the automatic stay of
11 all discovery pending "any motion to dismiss," Lead Plaintiff is seeking discovery that is both
12 untimely and improper.  Accordingly, under the PSLRA, because the Moving Defendants have
13 filed a motion to dismiss concurrently with this motion to stay discovery, discovery should be
14 stayed pending a ruling on the Moving Defendants' motion to dismiss.  Separately, discovery is
15 premature under Rule 26(d)(1) because the parties have not yet completed their Rule 26(f)
16 conference.

17 **II.    BACKGROUND**

18      The facts of this case have been extensively developed in other motions, including the
19 pending motion to dismiss by the Moving Defendants and the Defendants' Motion to Dismiss
20 Lead Plaintiff's Consolidated Class Action Complaint Pursuant to Rule 12(b)(6), filed on April
21 7, 2008.  Accordingly, this motion will only provide those additional facts necessary for the
22 disposition of this motion.
23      On April 7, 2008, Defendants LDK Solar Co., Ltd., LDK Solar USA, Inc., Xiaofeng
24 Peng, and Jack Lai moved to dismiss Plaintiff's Complaint.  While the Complaint named the
25 Moving Defendants as defendants, at that time they had not been served with a summons or the
26 Complaint.  In ruling on the April 7, 2008, motion to dismiss, the Court declined to address
27 issues relating to the Moving Defendants.  <u>See</u> <u>In re LDK Solar Sec. Litig.</u>, No. C 07-05182
28 WHA, 2008 U.S. Dist. LEXIS 42425, *5 (N.D. Cal. May 29, 2008).

1   On June 3, 2008, the Court issued a Case Management Order. This Order preceded both the parties' Rule 26(f) conference and Rule 26(f) report to the Court. However, because the Court issued a Case Management Order without a Case Management Conference and because of the automatic discovery stay, the parties have yet to complete all of the Rule 26(f) elements.

On June 30, 2008, Lead Plaintiff served the Moving Defendants with summons and the Complaint. The Moving Defendants had until July 21, 2008, to file a responsive pleading; therefore, discovery would not commence – due to the PSLRA discovery stay – until at least August, 2008. In an effort to circumvent the Reform Act, on July 3, 2008, Lead Plaintiff served his First Request for Production of Documents, and on July 16, 2008, LDK received a copy of a document subpoena that Lead Plaintiff intends to serve on LDK's outside counsel Simpson Thacher. See Lead Plaintiff's First Request for Production of Documents to Defendants LDK Solar Co., Inc., LDK Solar USA, Inc., Xiaofeng Peng and Jack Lai, a true and correct copy of which is attached to the Declaration of Raymond A. Gallenberg In Support of Defendants Motion to Stay Discovery ("Gallenberg Decl.") as Exhibit A; July 16, 2008 Letter from Matthew B. Kaplan to Philip J. Wang, a true and correct copy of which is attached to the Gallenberg Decl. as Exhibit B.

Lead Plaintiff's document requests and document subpoena to Simpson Thacher specifically seek work product and privileged documents or information arising out of LDK's Special Committee investigation. Because that investigation was conducted in anticipation of potential litigation and conducted under the supervision of LDK's independent outside counsel, those documents are privileged and protected from discovery under the attorney work product privilege.[1] Also, the contents of the communications between Simpson Thacher and its client,

---

[1]   See, e.g., In re Veeco Instruments, Inc. Secs. Litig., No. 05 MD 1695(CM)(GAY), 2007 U.S. Dist. LEXIS 5274, *4-8 (S.D.N.Y. Jan. 24, 2007) (holding that all documents related to the investigation of the company's accounting and the restatement of its financials were "prepared in the anticipation of litigation" and were therefore, protected from disclosure by the work product doctrine, and that disclosures summarizing the findings and conclusions of the investigation "does not constitute a waiver of the work product privilege") (citations omitted), aff'd, 05-MD-01695 (CM)(GAY), 2007 U.S. Dist. LEXIS 16922 (S.D.N.Y. Mar. 9, 2007); In re McKesson HBOC, Inc. Secs. Litig., 2005 U.S. Dist. LEXIS 7098, *15-16, 28-29, 46-48 (N.D. Cal. Mar. 31, 2005) (holding that the audit committee report and all documents related to its internal investigation, which was performed by its independent outside law firm and its independent auditors, were subject to the protection of the work product doctrine, and that disclosure of the

1  the Special Committee, were never shared with anyone outside of that attorney-client

2  relationship, so those communications are also privileged under the attorney-client privilege.

3       On July 8, 2008, in response to Lead Plaintiff's First Request for Production of

4  Documents, Defendants informed Lead Plaintiff's counsel that the then pending motion for

5  reconsideration mandated that discovery remain stayed until its resolution, and also that the

6  recently served defendants intended to file a motion to dismiss, which would further stay

7  discovery due to the PSLRA's automatic stay on discovery "during the pendency of any motion

8  to dismiss." See July 8, 2008 Letter from Philip J. Wang to Matthew B. Kaplan, a true and

9  correct copy of which is attached to the Gallenberg Decl. as Exhibit C.  As such, Defendants

10 requested that the Lead Plaintiff voluntarily withdraw the discovery requests due to discovery

11 being stayed.  Id.  Lead Plaintiff did not agree to this request.  See July 10, 2008 Letter from

12 Matthew B. Kaplan to Philip J. Wang, a true and correct copy of which is attached to the

13 Gallenberg Decl. as Exhibit D.  After being served with summons and the Complaint, the

14 Moving Defendants filed a motion to dismiss the claims asserted against them in the Complaint

15 (filed concurrently with this motion to stay).

16 **III.     ARGUMENT**

17      As noted above, Defendants have expressly communicated to Lead Plaintiff's counsel

18 that discovery was not appropriate until the threshold issues of the defendants' motion for

19 reconsideration the Moving Defendants' motion to dismiss were resolved.  Nevertheless, Lead

20 Plaintiff launched inappropriate and premature discovery.  Lead Plaintiff's discovery requests are

21 inappropriate because – in an attempt to assert leverage and create more pressure on the

22 Defendants – they seek privileged documents that Lead Plaintiff's counsel knows are non-

23 discoverable.  The discovery is premature because it precedes the resolution of the pleadings

24 issues, which will be resolved by the pending motion to dismiss, and which should be resolved

25 before all parties waste resources addressing issues that the Court may conclude are dismissed

26 from the case.  Also, the discovery is untimely because the requests have been issued before the

27

28 information to the SEC and the USAO did not constitute a waiver of the work product
protection).

1  parties have had an opportunity to meet and confer under Rule 26(f), which should occur after
2  the motions to dismiss are fully resolved.  The rationale for that sequence, embraced by the
3  Federal Rules of Civil Procedure, is that it allows for the parties to potentially agree on the order
4  and scope of discovery, to the extent possible, and avoid costly discovery battles.

5        Defendants are happy to participate in discovery at an appropriate time according to the
6  Reform Act and the Federal Rules of Civil Procedure, because the facts of this case will prove
7  that there was no inventory missing or unusable.  But this type of litigation tactic by Lead
8  Plaintiff, attempting to circumvent the Reform Act and the Federal Rules, is pure gamesmanship.
9  As explained fully below, the Court should stay discovery here as provided by the Reform Act,
10 the Federal Rules of Civil Procedure, and applicable case law.

11     A.    Under The PSLRA, Discovery Must Be Stayed During The Pendency Of Any Motion To Dismiss Lead Plaintiff's Exchange Act Claims
12

13       The PSLRA provides that "[i]n any private action arising under this title [i.e., the
14 Exchange Act], all discovery and other proceedings shall be stayed during the pendency of any
15 motion to dismiss, unless the court finds upon the motion of any party that particularized
16 discovery is necessary to preserve evidence or to prevent undue prejudice to that party."  15
17 U.S.C. § 78u-4(b)(3)(B) (emphasis added); see also Sedona Corp. v. Ladenburg Thalmann &
18 Co., 2005 U.S. Dist. LEXIS 23905, *10 (S.D.N.Y. Oct. 14, 2005) (holding that because there is
19 "no ambiguity in the plain language of the PSLRA's stay provision[,] the automatic stay applies
20 while 'any motion to dismiss' is pending") (emphasis added).  Especially like here, where the
21 sufficiency of the complaint has not been tested as to all of the defendants, the purpose of the
22 stay provision and the PSLRA are clear – plaintiffs should not be allowed to use the "immense
23 cost of discovery in such suits . . . as leverage to force settlements" prior to a showing of
24 wrongdoing on the part of each defendant.  See Fazio v. Lehman Bros., Inc., Nos. 1:02CV157,
25 1:02CV370, 1:02CV382, 2002 U.S. Dist. LEXIS 15157, *5-6 (N.D. Ohio May 16, 2002)
26 ("Congress [has] expressed concern over the rising abuse of the securities fraud statutes by
27 which shareholders would bring suits, often as class actions, when disappointed about a drop in
28 the price of a particular company's stock . . . [and] that the immense cost of discovery in such

suits was often being used as leverage to force settlements even absent any wrongdoing."). In accordance with that policy, the PSLRA requires that discovery be stayed during the pendency of any motion to dismiss. See id. (holding that "[t]he reference in the statute to a stay of 'all discovery' is to be interpreted broadly," and that "[i]t applies even as to discovery against co-defendants who have not filed motions to dismiss").

Here, concurrent with this motion to stay, the Moving Defendants have filed a motion to dismiss Lead Plaintiff's claims pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6). And both of Lead Plaintiff's causes of action arise under the Exchange Act. See Compl. ¶¶ 146-159 (asserting violations of Sections 10(b) and 20(a) of the Exchange Act, as well as violations of SEC Rule 10b-5). Under the PSLRA, as shown above, all discovery (and the immense "leverage" it provides Lead Plaintiff) must be stayed until the sufficiency of the Complaint has been tested as to all defendants. Therefore, the automatic stay under the PSLRA applies while this motion to dismiss is pending.

### B. Discovery Is Premature Prior To Conferring Under Rule 26(f)

Under Rule 26(d)(1) "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)." Rule 26(f) requires the parties to confer at least 21 days before the initial scheduling conference.

Here, while on June 3, 2008, the Court issued a Case Management Order pursuant to Rule 16, this Order preceded both the parties' Rule 26(f) conference and Rule 26(f) report. Therefore, because the initial scheduling conference has not taken place, the parties have not conferred as required under Rule 26(f) of the Federal Rules of Civil Procedure. In addition, the defendants have not conferred with Lead Plaintiff regarding discovery because defendants believe that, due to the pending motion to dismiss, discovery is automatically stayed under the PSLRA. Because the parties have not conferred as required under Rule 26(f), at this time no "party may seek discovery from any source." Therefore, Lead Plaintiff's discovery requests are premature.

/ / /

/ / /

C. **Discovery Was Premature While Defendants' Motion For Reconsideration Was Pending**

On June 13, 2008, Defendants LDK Solar Co., Ltd., LDK Solar USA, Inc., Xiaofeng Peng, and Jack Lai filed a Motion for Leave to File Motion for Reconsideration; or Alternatively Certification of Issues for Appeal. This motion was pending from June 13, 2008, until the Court issued its Order on July 14, 2008. During the pendency of this motion, discovery was improper, because discovery remains stayed where there is a pending motion for reconsideration of a court's order denying a motion to dismiss federal securities fraud claims. See, e.g., Powers v. Eichen, 961 F. Supp. 233, 235-36 (S.D. Cal. 1997) (holding that the term "pendency" in section 21D(b)(3)(B) must be read to include a district court's reconsideration of a ruling on a motion to dismiss, because "discovery should be permitted in securities class actions only after the court has sustained the legal sufficiency of the complaint," and because "a motion to dismiss may remain pending for a period of time . . . If the Reform Act was read more narrowly, defendants would be afforded very little of the protection that Congress intended in passing the Reform Act."); In re Southern Pac. Funding Corp. Secs. Litig., 83 F. Supp. 2d 1172, 1175 n.1 (D. Or. 1999) (noting that, "with the pendency of these new dismissal motions [which the court earlier characterizes as motions for reconsideration due to new controlling precedent], discovery has been stayed again."); Hockey v. Medhekar, 932 F. Supp. 249 (N.D. Cal. 1996) (noting that all discovery and disclosures required by the Federal Rules of Civil Procedure and the Local Rules were stayed "pending the resolution of the motion for reconsideration"). Therefore, here, discovery was properly stayed from June 13, 2008, to July 14, 2008, due to the Defendants' pending motion for reconsideration.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

## IV. CONCLUSION

For the foregoing reasons, the Court should briefly stay all discovery in this action until after the motions to dismiss are fully resolved and the parties then complete their Rule 25(f) conference. This brief stay is called for by the Reform Act and the Federal Rules of Civil Procedure.

Dated: July 21, 2008

Respectfully submitted,
LATHAM & WATKINS LLP

By /s/
James J. Farrell