1   LATHAM & WATKINS LLP
        James J. Farrell (Bar No. 166595)
2        james.farrell@lw.com
    355 South Grand Avenue
3   Los Angeles, California  90071-1560
    Telephone:  (213) 485-1234
4   Facsimile:  (213) 891-8763

5   LATHAM & WATKINS LLP
        Philip J. Wang (Bar No. 218349)
6        philip.wang@lw.com
    140 Scott Drive
7   Menlo Park, California  94025
    Telephone:  (650) 328-4600
8   Facsimile:  (650) 463-2600

9   Attorneys for Defendants LDK Solar Co.,
    Ltd., LDK Solar USA, Inc., Xiaofeng Peng,
10  Jack Lai, Jiangxi LDK Solar, Xingxue Tong,
    Qiqiang Yao, Liangbao Zhu, Yonggang
11  Shao, and Gang Wang

12

                    UNITED STATES DISTRICT COURT

13

                   NORTHERN DISTRICT OF CALIFORNIA

14

15  In re LDK SOLAR SECURITIES          MASTER FILE NO. C-07-05182-WHA
    LITIGATION

16  _____    **DECLARATION OF RAYMOND A.
                                            GALLENBERG IN SUPPORT OF
17  This Document Relates To:               DEFENDANTS' MOTION TO STAY
                                            DISCOVERY**
18  ALL ACTIONS.

19                                          Judge:      Hon. William H. Alsup
                                            Date:       August 28, 2008
                                            Time:       8:00 a.m.
20                                          Courtroom:  9, 19th Floor

21

22

23

24

25

26

27

28

## DECLARATION OF RAYMOND A. GALLENBERG

I, Raymond A. Gallenberg, declare as follows:

1.　　I am an active member of the State Bar of California and an attorney with the law firm of Latham & Watkins LLP, attorneys for Defendants LDK Solar Co., Ltd., LDK Solar USA, Inc., Xiaofeng Peng, Jack Lai, Jiangxi LDK Solar, Xingxue Tong, Qiqiang Yao, Liangbao Zhu, Yonggang Shao, and Gang Wang in the above captioned matters.  I have personal knowledge of the matters stated in this declaration, and if called upon to testify to do so, could and would do so competently.

2.　　I submit this declaration in support of Defendants' Motion to Stay Discovery.

3.　　Attached hereto as **Exhibit A** is a true and correct copy of Lead Plaintiff's First Request for Production of Documents to Defendants LDK Solar Co., Inc., LDK Solar USA, Inc., Xiaofeng Peng and Jack Lai.

4.　　Attached hereto as **Exhibit B** is a true and correct copy of the July 16, 2008 Letter from Matthew B. Kaplan, Cohen, Milstein, Hausfield & Toll P.L.L.C., to Philip J. Wang, Latham & Watkins, LLP.

5.　　Attached hereto as **Exhibit C** is a true and correct copy of the July 8, 2008 Letter from Philip J. Wang, Latham & Watkins, LLP, to Matthew B. Kaplan, Cohen, Milstein, Hausfield & Toll P.L.L.C..

6.　　Attached hereto as **Exhibit D** is a true and correct copy of the July 10, 2008 Letter from Matthew B. Kaplan, Cohen, Milstein, Hausfield & Toll P.L.L.C., to Philip J. Wang, Latham & Watkins, LLP.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 21st day of July, 2008.

_____
Raymond A. Gallenberg

# Exhibit A

1    Cohen, Milstein, Hausfeld & Toll P.L.L.C.
     Herbert E. Milstein
2    Steven J. Toll
     Mark S. Willis
3    Joshua S. Devore
     Matthew B. Kaplan
4    stoll@cmht.com
     1100 New York Avenue, N.W.
5    Suite 500, West Tower
     Washington, DC 20005
6    Telephone:    (202) 408-4600
     Facsimile:    (202) 408-4699
7
     Cohen, Milstein, Hausfeld & Toll P.L.L.C.
8    Michael P. Lehmann
     mlehmann@cmht.com
9    One Embarcadero Center
     Suite 526
10   San Francisco, CA 94111
     Telephone:    (415) 623-2048
11   Facsimile:    (415) 433-5994

12   Lead Counsel for the Proposed Class

13                   UNITED STATES DISTRICT COURT

14                   NORTHERN DISTRICT OF CALIFORNIA

15

16   In re LDK Solar Securities Litigation          Master File No. C-07-05182-WHA

17                                                   **LEAD PLAINTIFF'S FIRST REQUEST
18   This Document Relates To:                       FOR PRODUCTION OF DOCUMENTS TO
                                                      DEFENDANTS LDK SOLAR CO., LTD.,
19   All Actions                                      LDK SOLAR USA, INC., XIAOFENG
                                                      PENG AND JACK LAI**

20

21

22

23

24

25

26

27

28
Cohen, Milstein,
Hausfeld & Toll
P.L.L.C.

LEAD PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO
DEFENDANTS LDK SOLAR CO., LTD. LDK SOLAR USA, INC., XIAOFENG PENG AND
JACK LAI — Master File No. C-07-05182-WHA

384946.1 1

1

2  **I.    DEFINITIONS**

3        The following definitions shall be used in construing the meaning of this Document

4  Request:

5        1.    "Defendants" means all persons who are Defendants in this case, regardless of

6  whether they have been served.

7        2.    "Document or Documents" includes writings, drawings, graphs, charts,

8  photographs, sound recordings, images, and other data or data compilations stored in any

9  medium from which information can be obtained.  This term should be interpreted broadly

10  and encompasses electronically stored information.

11        3.    "Electronically Stored Information" or "ESI" is any information capable of

12  being stored electronically and includes, without limitation, the following:

13        (a)   information that is generated, received, processed, and recorded by computers

14              and other electronic devices including, without limitation, voicemail;

15        (b)   internal or external web sites;

16        (c)   output resulting from the use of any software program, including, without

17              limitation, word processing documents, spreadsheets, database files, charts, graphs

18              and outlines, electronic mail, instant message programs, bulletin board programs,

19              operating systems, ASCII files, and all miscellaneous media on which they reside

20              and regardless of whether said electronic data exists in an active file, a deleted file, or

21              file fragment;

22        (d)   activity listings of electronic mail receipts and/or transmittals; and any and all

23              items stored on computer memories, hard disks, floppy disks, CD-ROM, magnetic

24              tape, microfiche, or on any other media for digital data storage or transmittal, such

25              as, but not limited to, a personal digital assistant, e.g., Palm Pilot, Blackberry, or

26              similar device, and file folder tabs, or containers and labels appended to, or relating

27

28

COHEN, MILSTEIN, HAUSFELD & TOLL P.L.L.C.

LEAD PLAINTIFF'S INITIAL DISCLOSURES PURSUANT TO RULE 26(a)(1) —
Master File No. C-07-05182-WHA                                                    - 1 -

1    to, any physical storage device associated with each original or copy of all

2    documents requested herein.

3        4.    "LDK" means "LDK Solar Co., Ltd." or any of its predecessors, successors or

4    subsidiaries.

5        5.    "Person" includes any natural person, corporation, company, partnership, joint

6    venture, governmental entity or association, or any other association, organization or

7    entity.

8        6.    "You" and "Your" refers to the Defendants in this case, and each of them, and

9    includes their counsel, representatives, agents, contractors, successors, or predecessors

10    subsidiaries, affiliates, employees, servants, investigators and consultants.

11
**II.    INSTRUCTIONS**

12

13    You shall respond to this Document Request in a manner consistent with the Federal

14    Rules of Civil Procedure and the following instructions:

15        1.    Unless otherwise indicated, each request in this Document Request

16    encompasses all responsive Documents that were created, modified or reviewed on or

17    after January 1, 2004.

18        2.    You should construe these requests as follows: (a) the singular includes the

19    plural and the plural includes the singular; (b) the masculine, feminine, or neuter pronoun

20    includes the other genders; (c) the conjunctions "and" and "or" should be read either

21    disjunctively or conjunctively to bring within the scope of the request all information that

22    might otherwise be construed to be outside its scope; (d) the words "any" and "all" shall

23    include each and every; and (e) the present tense of a verb includes its past tense and vice

24    versa.

25        3.    Documents attached to each other should not be separated.

26        4.    Documents not otherwise responsive to this discovery request shall be produced

27    if such documents mention, discuss, refer to or explain the documents which are called for

28

COHEN, MILSTEIN,
HAUSFELD & TOLL
P.L.L.C.

LEAD PLAINTIFF'S INITIAL DISCLOSURES PURSUANT TO RULE 26(a)(1) —
Master File No. C-07-05182-WHA                                              - 2 -

384946.1 1

1    by this Document Request, or if such documents are attached to or accompany Documents

2    called for by this Document Request.

3         5.    You should either produce the requested Documents as they are kept in the

4    usual course of business or organize and label them to correspond to the categories in the

5    request.

6         6.    Form of Production for Email:  All electronic mail responsive to these requests

7    that is maintained in the usual course of business in electronic format shall be produced in

8    properly unitized, mulit-page TIFF Group IV format complete with full text extracts and

9    the following fields of metadata:

10            (a)   Custodian (Name of Custodian);

11            (b)   Author (FROM field);

12            (c)   CC;

13            (d)   BCC;

14            (e)   Recipient (TO field);

15            (f)   ConversationIndex;

16            (g)   NotProcessed (Y/N);

17            (h)   ProducingParty;

18            (i)   DateSent (Date the email was sent);

19            (j)   DateReceived (Date the file was received);

20            (k)   TimeSent (Time the email was received);

21            (l)   TimeReceived (Time the email was received);

22            (m)  ItemType (e.g. Email, Task, Calendar, etc.);

23            (n)   Page Count;

24            (o)   MailboxFile Name;

25            (p)   EmailFolder (e.g. Sent, Inbox, Deleted Items);

26            (q)   BatesBegin (Beginning Production Number);

27            (r)   BatesEnd (Ending Production Number);

28            (s)   AttachBegin (Beginning Attachment Range Number);

COHEN, MILSTEIN,
HAUSFELD & TOLL
P.L.L.C.

LEAD PLAINTIFF'S INITIAL DISCLOSURES PURSUANT TO RULE 26(a)(1) —
Master File No. C-07-05182-WHA                                      - 3 -

384946.1 1

1       (t)    AttachEnd (Ending Attachment Range Number);

2       (u)    Redacted (Y/N);

3       (v)    RedactionReason.

4       (w)   Unicode (UTF-8)

5       7.    Form of Production for Databases:  All databases responsive to these requests

6 that are maintained in the usual course of business in electronic format shall be produced,

7 or made available for inspection, in their native format along with the software necessary

8 to interpret such files if such software is not readily available.  Databases or underlying

9 data should not be produced without first discussing production format issues with Lead

10 Plaintiffs' Counsel.

11       8.    Form of Production for Other ESI:  All other documents responsive to these

12 requests that are maintained in the usual course of business in electronic format shall be

13 produced in properly unitized, multi-page TIFF Group IV format complete with full text

14 extracts and the following fields of metadata:

15       (a)    Custodian (Name of Custodian);

16       (b)    Author;

17       (c)    NotProcessed;

18       (d)    ProducingParty;

19       (e)    DocTitle (Title of file from properties);

20       (f)    DocSubject (Subject of file from properties);

21       (g)    CreatedDate (Date the file was created);

22       (h)    CreatedTime (Time the file was created);

23       (i)    LastModifiedDate (Date the file was last modified);

24       (j)    LastModifiedTime (Time the file was last modified);

25       (k)    LastSavedBy (Name of user who last saved the file);

26       (l)    FileType (Application used to create the file);

27       (m)   Page Count;

28       (n)    FileExt (Extension for the file);

Cohen, Milstein,
Hausfeld & Toll
P.L.L.C.

LEAD PLAINTIFF'S INITIAL DISCLOSURES PURSUANT TO RULE 26(a)(1) —
Master File No. C-07-05182-WHA           - 4 -

384946.1 1

1  (o) Path (Full path of the original location where the file was located);

2  (p) MD5 Hash (MD5 hash value of the original native file);

3  (q) BatesBegin (Beginning Production Number);

4  (r) BatesEnd (Ending Production Number);

5  (s) Redacted (Y/N);

6  (t) RedactionReason.

7  (u) Unicode (UTF-8)

8  9. Form of Production for Spreadsheets:  All spreadsheets responsive to these

9 requests that are maintained in the usual course of business in electronic format shall be

10 produced in native format in addition to the format set forth in Paragraph 8.

11  10. Load Files:  Images shall be produced with an Opticon (or similar viewer

12 application) load file indicating the appropriate document boundaries.  Metadata fields

13 shall be produced as set forth above in a Concordance DAT file format.  Text extracted

14 from ESI shall be produced in a TXT file format such that one TXT file is provided per

15 document.  The TXT file name shall be consistent with the BatesBegin field.

16  11. Preservation of ESI as Ordinarily Maintained:  ESI shall be preserved in the

17 form in which it is ordinarily maintained.

18  12. Not Reasonably Accessible ESI:  If you decline to search or produce ESI on the

19 grounds that such ESI is not reasonably accessible because of undue burden or cost,

20 identify such information by category or source and provide detailed information

21 regarding the burden or cost you claim is associated with the search or production of such

22 ESI including, but not limited to, the specific media on which the ESI is stored, the

23 software used to store such ESI, the date(s) on which you assert the ESI became not

24 reasonably accessible, all instances in which the ESI was restored to a more accessible

25 form for reasons other than disaster recovery, indices and catalogues of such ESI.

26  13. Identification of Sources Not Searched:  If you decline to search any sources of

27 potentially relevant ESI without asserting that such ESI is not reasonably accessible,

28 identify such sources and explain why you are not searching such sources.

Cohen, Milstein,
Hausfeld & Toll
P.L.L.C.

LEAD PLAINTIFF'S INITIAL DISCLOSURES PURSUANT TO RULE 26(a)(1) —
Master File No. C-07-05182-WHA   - 5 -

384946.1 1

14.  De-Duplication:  For each individual custodian, the responding party shall carry out electronic de-duplication of the ESI within each custodian's email account or file directory(ies) and will produce one electronic copy of each document, except insofar as electronic de-duplication does not eliminate multiple copies or a duplicate document is an email attachment, in which case the duplicate document shall be produced in conjunction with the parent email.

15.  Search Terms:  Use of search terms, date restrictions and/or file types shall be disclosed and subject to review and approval by the requesting party.

16.  All documents or things that respond in whole or in part to any portion of these requests are to be produced in their entirety, including attachments and enclosures.

17.  If you object to any part of these Document Requests, please (a) state each objection you assert in sufficient detail to permit the Court to determine the validity of the objection; and (b) produce all responsive documents (or portions of documents) to which your objection does not apply.

18.  If you claim that all or any part of any Document Request is vague or ambiguous, please identify the specific language you consider vague or ambiguous and state the interpretation of the language in question you used to frame your response.

19.  If you redact information or otherwise withhold information or Documents (including attachments to documents) responsive to this Document Request based upon any claim of privilege, or for any other reason, provide a log that includes at least the following information on a Document-by-Document basis: (a) the specific privilege asserted or other particular reason you rely upon for not producing the document or information; (b) the date of the document and any different date when it was prepared; (c) the author, addressee(s) and copyee(s) of each document; (d) the subject matter of the document or information withheld; (e) the medium (e.g., paper or electronic), type (e.g., letter, memorandum, presentation) and length of the document as well as the existence of any attachments if they are also being withheld as privileged.

20.   The requests contained in this Document Request are continuing and require supplemental responses as provided for in the Federal Rules of Civil Procedure if you (or any person acting on your behalf) should obtain additional information called for by the requests between the time of the original responses and the time set for trial.  Each supplemental response shall be served on Plaintiffs no later than thirty days after the discovery of the further information.

21.   One copy of each requested Document should be produced.  A Document that varies in any way from the original or from any other copy, including drafts or a document with handwritten notations or deletions constitutes a separate Document and must be produced, whether or not the original is in your possession, custody, or control.  Color (*i.e.,* not black and white) originals should be produced in color.  If an identical copy cannot be produced for any reason (e.g., faint writing, erasures, etc.), produce the original.  Indicate the origin of each document and number each document with consecutive Bates numbers.

III.    **DOCUMENTS REQUESTED**

You shall produce the following Documents to the extent that any such Documents are in any way in your custody or control:

1.    All reports, including all annexes and attachments, and any other documents or Electronically Stored Information evidencing the findings of any investigation or inquiry, whether conducted by LDK employees or by others, into any type of possible wrongdoing whatsoever by LDK relating to the subject matter of this litigation, or by any of its current or former directors, officers, employees or agents.  This request encompasses, but is not limited to both informal and formal investigations and inquiries and formal and informal reports of the findings of such investigations or inquiries, including notes and other records of oral presentations that set forth such findings.

2.    All documents setting forth the scope of any investigation or inquiry, whether conducted by LDK employees or by others, into any type of possible wrongdoing

1  whatsoever by LDK relating to the subject matter of this litigation, or by any of it current

2  or former directors, officers, employees or agents.  This request encompasses, but is not

3  limited to any retainer or similar agreement between LDK and any person charged with

4  conducting such an investigation.

5      3.   All documents or electronically stored information collected or reviewed in the

6  course of any investigation or inquiry, whether conducted by LDK employees or by

7  others, into any type of possible wrongdoing whatsoever by LDK relating to the subject

8  matter of this litigation, or by any of it current or former directors, officers, employees or

9  agents.

10      4.   All documents provided by LDK to any government agency, quasi-government

11  agency or regulatory or judicial entity of any type in connection with any investigation by

12  any such entity relating to the subject matter of this litigation.

13      5.   All minutes of all meetings of LDK's board of Directors and of its

14  subcommittees.

15      6.   All briefing materials prepared for any LDK director in preparation for any

16  meeting of LDK's board of Directors or any of its subcommittees.

17      7.   Documents sufficient to show LDK's current document retention policy and any

18  previous policy.

19      8.   All personnel records of Charley Situ.

20      9.   All communication with any person outside LDK with respect to any

21  investigation that occurred all, or in part on or after June 1, 2007 which investigation did

22  or was meant to provide LDK or any of its officers, directors or employees with

23  information about Charley Situ.

24      10.  Documents sufficient to show the current holdings of any LDK securities and all

25  prior transactions in such securities by each Defendant, their immediate families or any

26  entity controlled by a Defendant or his immediate family.

27      11.  Documents sufficient to identify the actual owners of LDK New Energy

28  Holding LTD and the percentage of ownership of each such owner.

COHEN, MILSTEIN,
HAUSFELD & TOLL
P.L.L.C.

LEAD PLAINTIFF'S INITIAL DISCLOSURES PURSUANT TO RULE 26(a)(1) —
Master File No. C-07-05182-WHA        - 8 -

384946.1 1

Dated: July 3, 2008

By:   /s/ Herbert E. Milstein
         Herbert E. Milstein

Cohen, Milstein, Hausfeld & Toll P.L.L.C.
mlehmann@cmht.com
One Embarcadero Center
Suite 526
San Francisco, CA 94111
Telephone:    (415) 623-2048
Facsimile:    (415) 433-5994


Cohen, Milstein, Hausfeld & Toll P.L.L.C.
Steven J. Toll
Herbert E. Milstein
Mark S. Willis
Joshua S. Devore
Matthew B. Kaplan
stoll@cmht.com
1100 New York Avenue, N.W.
Suite 500, West Tower
Washington, DC  20005
Telephone:    (202) 408-4600
Facsimile:    (202) 408-4699

Lead Counsel for the Proposed Class

COHEN, MILSTEIN,
HAUSFELD & TOLL
P.L.L.C.

LEAD PLAINTIFF'S INITIAL DISCLOSURES PURSUANT TO RULE 26(a)(1) —
Master File No. C-07-05182-WHA                                           - 9 -

384946.1 1

1

## <u>CERTIFICATE OF SERVICE</u>

2

3        I hereby certify that on this date, I caused the foregoing to be mailed to counsel for

Defendants at the following address:

4

5        James J. Farrell
        Latham & Watkins LLP

6        633 West Fifth Street, Suite 4000
        Los Angeles, California 90071-2007

7

8        I also caused a copy of the foregoing to be delivered to counsel for the Defendants via

9

email, including to the following email address: james.farrell@lw.com

10

11

12                        ___/s/ Matthew B. Kaplan____
                        Matthew B. Kaplan

13

14                        July 3, 2008

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LEAD PLAINTIFF'S INITIAL DISCLOSURES PURSUANT TO RULE 26(a)(1) —
Master File No. C-07-05182-WHA

384946.1 1

# Exhibit B



**COHEN MILSTEIN**
HAUSFELD & TOLL P.L.L.C.

Matthew B. Kaplan
(202) 408-3650
mkaplan@cmht.com

July 16, 2008

**VIA US MAIL AND ELECTRONIC MAIL**

Philip J. Wang
Latham & Watkins LLP
140 Scott Drive
Menlo Park, CA 94025-1008
United States of America

        *In re: LDK Solar Securities Litigation*

Dear Phil:

        Attached please find a copy of a subpoena that we intend to serve in the above-captioned litigation as soon as practicable. As a courtesy, I am sending you a copy of this letter and its attachment by email in addition the copy being sent through the U.S. mail.

Sincerely,

Matthew B. Kaplan

MBK/tjh

AO88  (Rev. 12/07) Subpoena in a Civil Case

# UNITED STATES DISTRICT COURT
## Northern District of California

In re LDK Solar Securities Litigation

**SUBPOENA IN A CIVIL CASE**

V.

Case Number:[1] C-07-05182-WHA

TO:  Simpson Thacher & Bartlett LLP

2550 Hanover St., Palo Alto, CA 94304

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

The documents and objects specified in the Document Request attached hereto as Schedule A.

| PLACE Cohen, Milstein, Hausfeld & Toll, P.L.L.C., One Embarcadero Center Suite 526, San Francisco, CA 94111 | DATE AND TIME<br>August 29, 2008 |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

   Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rule of Civil Procedure 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br>*Matthew B. Kaplan*    Attorney for Plaintiff | DATE<br>July 16, 2008 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Matthew B. Kaplan, Cohen, Milstein, Hausfeld & Toll, P.L.L.C., Suite 500 W. Tower
1100 New York Ave., N.W., Washington, DC 20005 202-408-3650

(See Federal Rule of Civil Procedure 45 (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88  (Rev.  12/07) Subpoena in a Civil Case (Page 2)

---

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED |  |  |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
|  |  |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
|  |  |

---

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER

_____

ADDRESS OF SERVER

_____

---

Federal Rule of Civil Procedure 45 (c), (d), and (e), as amended on December 1, 2007:

**(c) Protecting a Person Subject to a Subpoena.**

(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) Command to Produce Materials or Permit Inspection.

(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) Quashing or Modifying a Subpoena.

(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial

(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:

(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.

(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) Claiming Privilege or Protection.

(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) CONTEMPT.**

The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

**SCHEDULE A**

## I.    DEFINITIONS

The following definitions shall be used in construing the meaning of this Document Request:

1.    "Document or Documents" includes writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations stored in any medium from which information can be obtained.  This term should be interpreted broadly and encompasses electronically stored information.

2.    "Electronically Stored Information" or "ESI" is any information capable of being stored electronically and includes, without limitation, the following:

(a)    information that is generated, received, processed, and recorded by computers and other electronic devices including, without limitation, voicemail;

(b)    internal or external web sites;

(c)    output resulting from the use of any software program, including, without limitation, word processing documents, spreadsheets, database files, charts, graphs and outlines, electronic mail, instant message programs, bulletin board programs, operating systems, ASCII files, and all miscellaneous media on which they reside and regardless of whether said electronic data exists in an active file, a deleted file, or file fragment;

(d)    activity listings of electronic mail receipts and/or transmittals

(e)    all items stored on computer memories, hard disks, floppy disks, CD-ROM, magnetic tape, microfiche, or on any other media for digital data storage or transmittal, such as, but not limited to, a personal digital assistant, e.g., Palm Pilot, Blackberry, or similar device, and labels appended to, or relating to, any physical storage device associated with each original or copy of all documents requested herein.

3.    "LDK" means "LDK Solar Co., Ltd." or any of its predecessors, successors or subsidiaries, including, but not limited to, LDK's board of directors, its audit committee and any entity purporting to act as a committee of LDK's board of directors or audit committee.

4.    "Person" includes any natural person, corporation, company, partnership, joint venture, governmental entity or association, or any other association, organization or entity.

5.    "You" and "Your" refers to Simpson Thacher & Bartlett LLP and includes the firm's counsel, representatives, agents, contractors, successors, predecessors,

subsidiaries, affiliates, employees, servants, investigators, consultants and contractors (including any accounting firm working for Simpson Thacher & Bartlett LLP).

## II.    INSTRUCTIONS

You shall respond to this Document Request in a manner consistent with the Federal Rules of Civil Procedure and the following instructions:

1.    Unless otherwise indicated, each request in this Document Request encompasses all responsive Documents that were created, modified or reviewed on or after June 1, 2004.

2.    You should construe these requests as follows: (a) the singular includes the plural and the plural includes the singular; (b) the masculine, feminine, or neuter pronoun includes the other genders; (c) the conjunctions "and" and "or" should be read either disjunctively or conjunctively to bring within the scope of the request all information that might otherwise be construed to be outside its scope; (d) the words "any" and "all" shall include each and every; and (e) the present tense of a verb includes its past tense and vice versa.

3.    Documents attached to each other should not be separated.

4.    Documents not otherwise responsive to this discovery request shall be produced if such Documents mention, discuss, refer to or explain the Documents which are called for by this Document Request, or if such Documents are attached to or accompany Documents called for by this Document Request.

5.    You should either produce the requested Documents as they are kept in the usual course of business or organize and label them to correspond to the categories in the request.

6.    Form of Production for Email:  All electronic mail responsive to these requests that is maintained in the usual course of business in electronic format shall be produced in properly unitized, multi-page TIFF Group IV format complete with full text extracts and the following fields of metadata:

    (a)    Custodian (Name of Custodian);

    (b)    Author (FROM field);

    (c)    CC;

    (d)    BCC;

    (e)    Recipient (TO field);

    (f)    ConversationIndex;

    (g)    NotProcessed (Y/N);

    (h)    ProducingParty;

(i)     DateSent (Date the email was sent);

(j)     DateReceived (Date the file was received);

(k)     TimeSent (Time the email was received);

(l)     TimeReceived (Time the email was received);

(m)    ItemType (e.g. Email, Task, Calendar, etc.);

(n)     Page Count;

(o)     MailboxFile Name;

(p)     EmailFolder (e.g. Sent, Inbox, Deleted Items);

(q)     BatesBegin (Beginning Production Number);

(r)     BatesEnd (Ending Production Number);

(s)     AttachBegin (Beginning Attachment Range Number);

(t)     AttachEnd (Ending Attachment Range Number);

(u)     Redacted (Y/N);

(v)     RedactionReason;

(w)     Unicode (UTF-8).

7.     Form of Production for Databases:  All databases responsive to these requests that are maintained in the usual course of business in electronic format shall be produced, or made available for inspection, in their native format along with the software necessary to interpret such files if such software is not readily available.  Databases or underlying data should not be produced without first discussing production format issues with Lead Plaintiffs' Counsel.

8.     Form of Production for Other ESI:  All other documents responsive to these requests that are maintained in the usual course of business in electronic format shall be produced in properly unitized, multi-page TIFF Group IV format complete with full text extracts and the following fields of metadata:

(a)     Custodian (Name of Custodian);

(b)     Author;

(c)     NotProcessed;

(d)     ProducingParty;

(e)     DocTitle (Title of file from properties);

(f)     DocSubject (Subject of file from properties);

(g)     CreatedDate (Date the file was created);

(h)     CreatedTime (Time the file was created);

(i)     LastModifiedDate (Date the file was last modified);

    (j)      LastModifiedTime (Time the file was last modified);

    (k)      LastSavedBy (Name of user who last saved the file);

    (l)       FileType (Application used to create the file);

    (m)    Page Count;

    (n)      FileExt (Extension for the file);

    (o)      Path (Full path of the original location where the file was located);

    (p)      MD5 Hash (MD5 hash value of the original native file);

    (q)      BatesBegin (Beginning Production Number);

    (r)       BatesEnd (Ending Production Number);

    (s)      Redacted (Y/N);

    (t)       RedactionReason;

    (u)      Unicode (UTF-8).

9.     Form of Production for Spreadsheets:  All spreadsheets responsive to these requests that are maintained in the usual course of business in electronic format shall be produced in native format in addition to the format set forth in Paragraph 8.

10.     Load Files:  Images shall be produced with an Opticon (or similar viewer application) load file indicating the appropriate document boundaries.  Metadata fields shall be produced as set forth above in a Concordance DAT file format.  Text extracted from ESI shall be produced in a TXT file format such that one TXT file is provided per document.  The TXT file name shall be consistent with the BatesBegin field.

11.     Preservation of ESI as Ordinarily Maintained:  ESI shall be preserved in the form in which it is ordinarily maintained.

12.     Not Reasonably Accessible ESI:  If you decline to search or produce ESI on the grounds that such ESI is not reasonably accessible because of undue burden or cost, identify such information by category or source and provide detailed information regarding the burden or cost you claim is associated with the search or production of such ESI including, but not limited to, the specific media on which the ESI is stored, the software used to store such ESI, the date(s) on which you assert the ESI became not reasonably accessible, all instances in which the ESI was restored to a more accessible form for reasons other than disaster recovery, indices and catalogues of such ESI.

13.     Identification of Sources Not Searched:  If you decline to search any sources of potentially relevant ESI without asserting that such ESI is not reasonably accessible, identify such sources and explain why you are not searching such sources.

14.     De-Duplication:  For each individual custodian, the responding party shall carry out electronic de-duplication of the ESI within each custodian's email account or file directory(ies) and will produce one electronic copy of each document, except insofar as

electronic de-duplication does not eliminate multiple copies of email attachments, in which case the duplicate document shall be produced in conjunction with the parent email.

15.    Search Terms:  Use of search terms, date restrictions and/or file types shall be disclosed and subject to review and approval by the requesting party.

16.    All documents or things that respond in whole or in part to any portion of these requests are to be produced in their entirety, including attachments and enclosures.

17.    If you object to any part of these Document Requests, please (a) state each objection you assert in sufficient detail to permit the Court to determine the validity of the objection; and (b) produce all responsive documents (or portions of documents) to which your objection does not apply.

18.    If you claim that all or any part of this Document Request is vague or ambiguous, please identify the specific language you consider vague or ambiguous and state the interpretation of the language in question you used to frame your response.

19.    If you redact information or otherwise withhold information or Documents (including attachments to documents) responsive to this Document Request based upon any claim of privilege, or for any other reason, provide a log that includes at least the following information on a Document-by-Document basis: (a) the specific privilege asserted or other particular reason you rely upon for not producing the document or information; (b) the date of the document and any different date when it was prepared or modified; (c) the author, addressee(s) and copyee(s) of each document; (d) the subject matter of the document or information withheld; (e) the medium (e.g., paper or electronic), (f) type (e.g., letter, memorandum, presentation) and (g) length of the document as well as the existence of any attachments if they are also being withheld as privileged.

20.    The requests contained in this Document Request are continuing and require supplemental responses as provided for in the Federal Rules of Civil Procedure if you (or any person acting on your behalf) should obtain additional information called for by the requests between the time of the original responses and the time set for trial.  Each supplemental response shall be served on Plaintiffs no later than thirty days after the discovery of the further information.

21.    One copy of each requested Document should be produced.  A Document that varies in any way from the original or from any other copy, including drafts or a document with handwritten notations or deletions constitutes a separate Document and must be produced, whether or not the original is in your possession, custody, or control. Color (i.e., not black and white) originals should be produced in color.  If an identical copy cannot be produced for any reason (e.g., faint writing, erasures, etc.), produce the original.  Indicate the origin of each document and number each document with consecutive Bates numbers.

## III.    DOCUMENTS REQUESTED

You shall produce the following Documents to the extent that any such Documents are in any way in your custody or control:

1.    All reports, including all annexes and attachments, and any other Documents evidencing the findings of any investigation or inquiry into any type of possible wrongdoing whatsoever by LDK or by any of its current or former directors, officers, employees or agents.  This request encompasses, but is not limited to, both informal and formal investigations and inquiries and formal and informal reports of the findings of such investigations or inquiries, including notes and other records of oral presentations that set forth such findings.

2.    All Documents setting forth the scope of any investigation or inquiry conducted by You into any type of possible wrongdoing whatsoever by LDK, or by any of its current or former directors, officers, employees or agents.  This request encompasses, but is not limited to any retainer or similar agreement between You and LDK.

3.    All Documents collected or reviewed in the course of any investigation or inquiry into any type of possible wrongdoing whatsoever by LDK or by any of it current or former directors, officers, employees or agents.

4.    All Documents created by You (including any contractor) during any investigation or inquiry conducted by You into any type of possible wrongdoing whatsoever by LDK, or by any of its current or former directors, officers, employees or agents, which documents contain any information related to such investigation.

5.    All documents that you provided on LDK's behalf to any government agency, quasi-government agency or regulatory or judicial entity of any type in connection with any investigation by any such entity relating to any type of possible wrongdoing whatsoever by LDK or by any of its current or former directors, officers, employees or agents.

6.    All documents related to any investigation that occurred all, or in part, on or after June 1, 2007 which investigation did or was meant to provide LDK or any of its officers, directors or employees with information about Charley Situ.

# Exhibit C

140 Scott Drive
Menlo Park, California 94025
Tel: +1.650.328.4600  Fax: +1.650.463.2600
www.lw.com

# LATHAM&WATKINS<sup>LLP</sup>

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Barcelona | New Jersey |
| Brussels | New York |
| Chicago | Northern Virginia |
| Frankfurt | Orange County |
| Hamburg | Paris |
| Hong Kong | San Diego |
| London | San Francisco |
| Los Angeles | Shanghai |
| Madrid | Silicon Valley |
| Milan | Singapore |
| Moscow | Tokyo |
| Munich | Washington, D.C. |

File No. 044423-0001

July 8, 2008

**BY E-MAIL AND U.S. MAIL**

Matthew B. Kaplan
Cohen, Milstein, Hausfield & Toll P.L.L.C.
1100 New York Avenue, N.W.
Suite 500, West Tower
Washington, DC 20005

      Re:    <u>In re LDK Solar Securities Litigation,</u>
               Master File No. C-07-05182-WHA

Dear Mr. Kaplan:

    I write regarding Lead Plaintiff's First Request for Production of Documents to Defendants LDK Solar Co., Ltd., LDK Solar USA, Inc., Xiaofeng Peng and Jack Lai ("Defendants"), served by e-mail on July 3, 2008. The plain language of the Reform Act provides that in "any action private action arising under this chapter, <u>all discovery</u> and other proceedings shall be stayed during the pendency of <u>any motion to dismiss</u>." 15 U.S.C. § 78u-4(b)(3)(B) (emphasis added). As you previously acknowledged, the recently-served defendants (Defendants LDK Jiangxi, Tong, Yao, Zhu, Shao, and Wang) will be filing motions to dismiss the claims asserted against them in the complaint. Therefore, under the plain terms of the Reform Act, all discovery in this action remain stayed.

    Separately, as we previously discussed, the discovery stay remains in place pending the Court's ruling on Defendants' motion for leave to file a motion for reconsideration. <u>See Hockey v. Medhekar</u>, 932 F. Supp. 249 (N.D. Cal. 1996); <u>Powers v. Eichen</u>, 961 F. Supp. 233 (S.D. Cal. 1997); <u>In re Southern Pac. Funding Corp. Secs. Litig.</u>, 83 F. Supp. 2d 1172 (D. Or. 1999).

Matthew B. Kaplan
July 8, 2008
Page 2

# LATHAM&WATKINS LLP

Therefore, Defendants request that you withdraw the July 3, 2008 Request for Production of Documents in order to save all parties the time and expense of formally briefing and filing motions on this point.

Please do not hesitate to contact me should you have any questions or concerns.

Best regards,

Philip J. Wang
of LATHAM & WATKINS LLP

# Exhibit D



**COHEN MILSTEIN**
**HAUSFELD & TOLL**ᴾᴸᴸᶜ

Matthew B. Kaplan
(202) 408-3650
mkaplan@cmht.com

July 10, 2008

**VIA ELECTRONIC MAIL ONLY**

Philip J. Wang
Latham & Watkins LLP
140 Scott Drive
Menlo Park, CA 94025-1008
philip.wang@lw.com

      Re:     *In re LDK Solar Co., Ltd. Securities Litigation*

Dear Mr. Wang:

      I write in response to your letter of July 8, 2008 requesting that we withdraw our First Request for Production of Documents, which we served on you on July 3, 2008. We have considered your arguments, but we will not agree to withdraw this Request.

      Judge Alsup's June 3, 2008 Order makes it clear that discovery in this case has begun. Although you have filed a motion for reconsideration of the Court's rejection of your motion to dismiss, the Court has not granted that motion. It has also not amended its scheduling order, nor have you asked it to do so. We do not believe that any provision of the PSLRA mandates reimposition of the discovery stay on the mere filing of a motion for reconsideration. Indeed, the plain language of the statute, which you emphasize, applies only to "the pendency of any motion <u>to dismiss</u>," not a motion for reconsideration.

      Further, although we acknowledge that in certain circumstances (*i.e.,* at the beginning of a securities class action, before any motion to dismiss has been adjudicated) the mere intention of defendants to file a motion to dismiss might make a delay in discovery appropriate, that logic does not apply here. Plaintiff's claims have already survived a motion to dismiss by some of the defendants—discovery will undoubtedly go forward against those defendants and there is no reason to delay that discovery. Even if the newly-served Defendants do file motions to dismiss, the PSLRA discovery stay should not apply to Plaintiff's claims against the Defendants whose motion to dismiss has already been denied.

1100 New York Avenue, N.W.    Suite 500, West Tower    Washington, D.C. 20005    t: 202 408 4600    f: 202 408 4699    www.cmht.com

Washington, D.C.    New York    Philadelphia    Chicago    San Francisco    London



Philip J. Wang
July 10, 2008
Page 2


        We look forward to receiving your response to our First Request for Production of Documents.  Given the short timeline for discovery in this matter, should you wish to meet and confer on those requests prior to the deadline for serving your responses we are happy to do so.

                Sincerely,


                Matthew B. Kaplan


MBK/TH


387749.5 5