LATHAM & WATKINS LLP
   James J. Farrell (Bar No. 166595)
   james.farrell@lw.com
355 South Grand Avenue
Los Angeles, California 90071-1560
Telephone: (213) 485-1234
Facsimile: (213) 891-8763

LATHAM & WATKINS LLP
   Philip J. Wang (Bar No. 218349)
   philip.wang@lw.com
140 Scott Drive
Menlo Park, California 94025
Telephone: (650) 328-4600
Facsimile: (650) 463-2600

Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re LDK SOLAR SECURITIES LITIGATION<br><br>———————————————<br><br>This Document Relates To:<br><br>ALL ACTIONS. | MASTER FILE NO. C-07-05182-WHA<br><br>**DECLARATION OF JAMES G. KREISSMAN IN SUPPORT OF DEFENDANTS' MOTION FOR PROTECTIVE ORDER**<br><br>Judge:      Hon. William H. Alsup<br>Date:       September 25, 2008<br>Time:       8:00 a.m.<br>Courtroom: 9, 19th Floor |

## DECLARATION OF JAMES G. KREISSMAN

I, James G. Kreissman, declare as follows:

1.      I am an active member of the State Bar of California and a partner with the law firm of Simpson Thacher & Bartlett LLP ("Simpson Thacher"), attorneys for the Audit Committee of LDK Solar Co., Ltd. ("LDK"), acting through its independent directors, Louis T. Hsieh and Bing Xiang. I submit this declaration in support of Defendants' Motion for Protective Order. I have personal knowledge of the matters stated in this declaration, and if called upon to testify, could and would do so competently.

2.      While Xiaofeng Peng, Chairman of LDK, was at all relevant times a member of the company's Audit Committee, to the best of my knowledge, he recused himself from participation in the internal investigation, which was solely supervised by Messrs. Hsieh and Xiang. Simpson Thacher attorneys did not seek direction from Chairman Peng or receive instructions from him in connection with the investigation.

3.      Simpson Thacher was retained by the independent directors of the Audit Committee (Louis T. Hsieh and Bing Xiang), in anticipation of litigation, to provide legal advice and to assist the Audit Committee in its independent investigation into the allegations made by LDK's former employee, Mr. Charley Situ, that LDK incorrectly reported its inventories of silicon feedstock.

4.      As part of this investigation, I, and/or attorneys within my firm, performed various tasks and work, all of which reflects my or my colleagues' mental impressions, conclusions, opinions, legal theories, thoughts, and/or judgments. Also, the investigation included the work of several independent expert consultants, who worked under the direction of me or other attorneys within my firm. These independent experts included a Big Four accounting firm that analyzed LDK's records and experts who tested the quality of LDK's polysilicon feedstock.

5.      Simpson Thacher did not prepare a written report of findings and conclusions reached as a result of this investigation. A summary of the findings and conclusions of the independent directors of the Audit Committee based upon the investigation was disclosed to the

1   public in a December 17, 2007 press release and Form 6-K.  Attached hereto as **Exhibit A** is a

2   true and correct copy of the Form 6-K, which was filed with the SEC on December 17, 2007, and

3   which includes the LDK press release.  Exhibit A accurately reflects the findings and

4   conclusions of Simpson Thacher, which were subsequently adopted by the independent directors

5   of the Audit Committee.

6          6.     A true and correct copy of  Plaintiff's subpoena to Simpson Thacher and Simpson

7   Thacher's written objections thereto are attached as **Exhibit B**.

8          I declare under penalty of perjury that the foregoing is true and correct.

9          Executed this 21st day of August, 2008, in  Palo Alto, California.

12                                     James G. Kreissman

KREISSMAN DECLARATION ISO DEFENDANTS' MOTION
FOR PROTECTIVE ORDER
MASTER FILE NO. C-07-5182-WHA

Exhibit A

# LDK SOLAR CO., LTD.

# FORM 6-K
(Report of Foreign Issuer)

## Filed 12/17/07 for the Period Ending 12/17/07

| | |
|---|---|
| Telephone | 86 790 686-0171 |
| CIK | 0001385424 |
| Symbol | LDK |
| SIC Code | 3674 - Semiconductors and Related Devices |
| Industry | Semiconductors |
| Sector | Technology |
| Fiscal Year | 12/31 |

http://www.edgar-online.com
© Copyright 2008, EDGAR Online, Inc. All Rights Reserved.
Distribution and use of this document restricted under EDGAR Online, Inc. Terms of Use.

**UNITED STATES**
**SECURITIES AND EXCHANGE COMMISSION**
**Washington, D.C. 20549**

# FORM 6-K

**REPORT OF FOREIGN PRIVATE ISSUER**
**PURSUANT TO RULE 13a-16 OR 15d-16 UNDER**
**THE SECURITIES EXCHANGE ACT OF 1934**

**For the month of December 2007**

**Commission File Number: 001-33464**

# LDK SOLAR CO., LTD.

(Translation of registrant's name into English)

———————————————

**Hi-Tech Industrial Park**
**Xinyu City**
**Jiangxi Province 338032**
**People's Republic of China**
(Address of principal executive offices)

———————————————

Indicate by check mark whether the registrant files or will file annual reports under cover Form 20-F or Form 40-F.

Form 20-F  ☑               Form 40-F  ☐

Indicate by check mark if the registrant is submitting the Form 6-K in paper as permitted by Regulation S-T Rule 101(b)(1): ☐

Indicate by check mark if the registrant is submitting the Form 6-K in paper as permitted by Regulation S-T Rule 101(b)(7): ☐

Indicate by check mark whether by furnishing the information contained in this Form, the registrant is also thereby furnishing the information to the Commission pursuant to Rule 12g3-2(b) under the Securities Exchange Act of 1934.

Yes  ☐               No  ☑

If "Yes" is marked, indicate below the file number assigned to the registrant in connection with Rule 12g3-2(b): 82- _____

# LDK Solar Announces Conclusion of Independent Audit Committee Investigation Into Alleged Inventory Discrepancies and Date for Reporting Third Quarter 2007 Financial Results

Xinyu City, China and Sunnyvale, CA, December 17, 2007 — LDK Solar Co., Ltd. (NYSE: LDK), a leading manufacturer of multicrystalline solar wafers, announced today that its Audit Committee has completed its independent investigation into the recent allegations made by LDK's former employee, Mr. Charley Situ, that the Company incorrectly reported its inventories of silicon feedstock, as evidenced by an alleged inventory discrepancy as of August 31 st , 2007. The investigation found no material errors in the Company's stated silicon inventory quantities as of August 31 st , 2007, and concluded that Mr. Situ's allegations of an inventory discrepancy were incorrect because he had not taken into account all locations in which the Company stored its silicon feedstock. The investigation further concluded that the Company is using each of its various types of silicon feedstock in the production of its multicrystalline solar wafers, and that a provision for obsolete or excess silicon feedstock is not required.

The Audit Committee's two outside directors, Louis T. Hsieh and Bing Xiang, oversaw the investigation, which was primarily conducted by the Audit Committee's independent counsel, Simpson Thacher & Bartlett LLP and a Big Four independent accounting and consulting firm that was separate from the Company's external auditors, as well as independent experts in the evaluation of silicon feedstock and the production of multicrystalline solar wafers. In reaching its conclusion, the Audit Committee relied on various forensic procedures performed by its independent accountants, testing of the Company's feedstock by independent experts, review of company and third party documentation and interviews of certain present and former Company personnel and third parties. Commenting on the results of the investigation, Mr. Hsieh stated: "The Audit Committee and its highly qualified professionals have conducted an extremely detailed and thorough investigation into these matters. We are confident that we have reached a well-reasoned, objective and correct result."

LDK further announced today that it expects to release its financial results for its third fiscal quarter 2007 following the NYSE market close on Wednesday, December 19, 2007. The Company will host a earnings conference call and live webcast at 6:00 p.m. Eastern Time (ET) the same day. To listen to the live conference call, please dial 800-366-7449 (within U.S.) or 303-262-2193 (outside U.S.) at 5:50 p.m. ET on December 19, 2007. An audio replay of the call will be available to investors through December 24, 2007, by dialing 800-405-2236 (within U.S.) or 303-590-3000 (outside U.S.) and entering the passcode 11104747#.

A live webcast of the call will be available on the Company's investor relations website at http://investor.ldksolar.com .

## About LDK Solar

LDK Solar Co., Ltd. is a leading manufacturer of multicrystalline solar wafers, which are the principal raw material used to produce solar cells. LDK sells multicrystalline wafers globally to manufacturers of photovoltaic products, including solar cells and solar modules. In addition, the company provides wafer processing services to monocrystalline and multicrystalline solar cell and module manufacturers. LDK's headquarters and manufacturing facilities are located in Hi-Tech Industrial Park, Xinyu City, Jiangxi province in the People's Republic of China. The company's office in the United States is located in Sunnyvale, California.

## Safe Harbor Statement

This press release includes statements that may constitute forward-looking statements made pursuant to the safe harbor provisions of the U.S. Private Securities Litigation Reform Act of 1995. Although LDK believes that the expectations reflected in such forward-looking statements are based on reasonable assumptions, such statements are subject to risk and uncertainties that could cause actual results to differ materially from those projected.

For more information contact:
Jack Lai
Executive VP and CFO
LDK Solar Co., Ltd.
IR@ldksolar.com
+1- 408-245-8801

## SIGNATURES

Pursuant to the requirements of the Securities Exchange Act of 1934, the registrant has duly caused this report to be signed on its behalf by the undersigned, thereunto duly authorized.

**LDK SOLAR CO., LTD.**

By:     /s/ *Jack Lai*
Name:  Jack Lai
Title:   Chief Financial Officer

Date: December 17, 2007

3

Exhibit B

AO88 (Rev. 12/07) Subpoena in a Civil Case

# UNITED STATES DISTRICT COURT
### Northern District of California

In re LDK Solar Securities Litigation

**SUBPOENA IN A CIVIL CASE**

V.

Case Number:[1]  C-07-05182-WHA

TO:  Simpson Thacher & Bartlett LLP

2550 Hanover St., Palo Alto, CA 94304

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below
to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition
in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the
place, date, and time specified below (list documents or objects):

The documents and objects specified in the Docurment Request attached hereto as Schedule A.

| PLACE Cohen, Milstein, Hausfeld & Toll, P.L.L.C., One Embarcadero Center Suite 526, San Francisco, CA 94111 | DATE AND TIME August 29, 2008 |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

  Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers,
directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the
matters on which the person will testify.  Federal Rule of Civil Procedure 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *Matt M Kaplan*   Attorney for Plaintiff | July 16, 2008 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Matthew B. Kaplan, Cohen, Milstein, Hausfeld & Toll, P.L.L.C., Suite 500 W. Tower
1100 New York Ave., N.W., Washington, DC 20005 202-408-3650

(See Federal Rule of Civil Procedure 45 (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 12/07) Subpoena in a Civil Case (Page 2)

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                          DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

---

Federal Rule of Civil Procedure 45 (c), (d), and (e), as amended on December 1, 2007:

(c) Protecting a Person Subject to a Subpoena.
(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.
(2) Command to Produce Materials or Permit Inspection.
(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.
(3) Quashing or Modifying a Subpoena.
(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information;
(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial
(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

(d) Duties in Responding to a Subpoena.
(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:
(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
(2) Claiming Privilege or Protection.
(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT.
The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

**SCHEDULE A**

## I.   DEFINITIONS

The following definitions shall be used in construing the meaning of this Document Request:

1.   "Document or Documents" includes writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations stored in any medium from which information can be obtained.  This term should be interpreted broadly and encompasses electronically stored information.

2.   "Electronically Stored Information" or "ESI" is any information capable of being stored electronically and includes, without limitation, the following:

(a)   information that is generated, received, processed, and recorded by computers and other electronic devices including, without limitation, voicemail;

(b)   internal or external web sites;

(c)   output resulting from the use of any software program, including, without limitation, word processing documents, spreadsheets, database files, charts, graphs and outlines, electronic mail, instant message programs, bulletin board programs, operating systems, ASCII files, and all miscellaneous media on which they reside and regardless of whether said electronic data exists in an active file, a deleted file, or file fragment;

(d)   activity listings of electronic mail receipts and/or transmittals

(e)   all items stored on computer memories, hard disks, floppy disks, CD-ROM, magnetic tape, microfiche, or on any other media for digital data storage or transmittal, such as, but not limited to, a personal digital assistant, e.g., Palm Pilot, Blackberry, or similar device, and labels appended to, or relating to, any physical storage device associated with each original or copy of all documents requested herein.

3.   "LDK" means "LDK Solar Co., Ltd." or any of its predecessors, successors or subsidiaries, including, but not limited to, LDK's board of directors, its audit committee and any entity purporting to act as a committee of LDK's board of directors or audit committee.

4.   "Person" includes any natural person, corporation, company, partnership, joint venture, governmental entity or association, or any other association, organization or entity.

5.   "You" and "Your" refers to Simpson Thacher & Bartlett LLP and includes the firm's counsel, representatives, agents, contractors, successors, predecessors,

subsidiaries, affiliates, employees, servants, investigators, consultants and contractors (including any accounting firm working for Simpson Thacher & Bartlett LLP).

## II.    INSTRUCTIONS

You shall respond to this Document Request in a manner consistent with the Federal Rules of Civil Procedure and the following instructions:

1.    Unless otherwise indicated, each request in this Document Request encompasses all responsive Documents that were created, modified or reviewed on or after June 1, 2004.

2.    You should construe these requests as follows: (a) the singular includes the plural and the plural includes the singular; (b) the masculine, feminine, or neuter pronoun includes the other genders; (c) the conjunctions "and" and "or" should be read either disjunctively or conjunctively to bring within the scope of the request all information that might otherwise be construed to be outside its scope; (d) the words "any" and "all" shall include each and every; and (e) the present tense of a verb includes its past tense and vice versa.

3.    Documents attached to each other should not be separated.

4.    Documents not otherwise responsive to this discovery request shall be produced if such Documents mention, discuss, refer to or explain the Documents which are called for by this Document Request, or if such Documents are attached to or accompany Documents called for by this Document Request.

5.    You should either produce the requested Documents as they are kept in the usual course of business or organize and label them to correspond to the categories in the request.

6.    Form of Production for Email: All electronic mail responsive to these requests that is maintained in the usual course of business in electronic format shall be produced in properly unitized, multi-page TIFF Group IV format complete with full text extracts and the following fields of metadata:

    (a)    Custodian (Name of Custodian);

    (b)    Author (FROM field);

    (c)    CC;

    (d)    BCC;

    (e)    Recipient (TO field);

    (f)    ConversationIndex;

    (g)    NotProcessed (Y/N);

    (h)    ProducingParty;

 (i)  DateSent (Date the email was sent);

 (j)  DateReceived (Date the file was received);

 (k)  TimeSent (Time the email was received);

 (l)  TimeReceived (Time the email was received);

 (m)  ItemType (e.g. Email, Task, Calendar, etc.);

 (n)  Page Count;

 (o)  MailboxFile Name;

 (p)  EmailFolder (e.g. Sent, Inbox, Deleted Items);

 (q)  BatesBegin (Beginning Production Number);

 (r)  BatesEnd (Ending Production Number);

 (s)  AttachBegin (Beginning Attachment Range Number);

 (t)  AttachEnd (Ending Attachment Range Number);

 (u)  Redacted (Y/N);

 (v)  RedactionReason;

 (w)  Unicode (UTF-8).

7. Form of Production for Databases:  All databases responsive to these requests that are maintained in the usual course of business in electronic format shall be produced, or made available for inspection, in their native format along with the software necessary to interpret such files if such software is not readily available.  Databases or underlying data should not be produced without first discussing production format issues with Lead Plaintiffs' Counsel.

8. Form of Production for Other ESI:  All other documents responsive to these requests that are maintained in the usual course of business in electronic format shall be produced in properly unitized, multi-page TIFF Group IV format complete with full text extracts and the following fields of metadata:

 (a)  Custodian (Name of Custodian);

 (b)  Author;

 (c)  NotProcessed;

 (d)  ProducingParty;

 (e)  DocTitle (Title of file from properties);

 (f)  DocSubject (Subject of file from properties);

 (g)  CreatedDate (Date the file was created);

 (h)  CreatedTime (Time the file was created);

 (i)  LastModifiedDate (Date the file was last modified);

(j)   LastModifiedTime (Time the file was last modified);

(k)   LastSavedBy (Name of user who last saved the file);

(l)   FileType (Application used to create the file);

(m)   Page Count;

(n)   FileExt (Extension for the file);

(o)   Path (Full path of the original location where the file was located);

(p)   MD5 Hash (MD5 hash value of the original native file);

(q)   BatesBegin (Beginning Production Number);

(r)   BatesEnd (Ending Production Number);

(s)   Redacted (Y/N);

(t)   RedactionReason;

(u)   Unicode (UTF-8).

9.    Form of Production for Spreadsheets: All spreadsheets responsive to these requests that are maintained in the usual course of business in electronic format shall be produced in native format in addition to the format set forth in Paragraph 8.

10.   Load Files: Images shall be produced with an Opticon (or similar viewer application) load file indicating the appropriate document boundaries. Metadata fields shall be produced as set forth above in a Concordance DAT file format. Text extracted from ESI shall be produced in a TXT file format such that one TXT file is provided per document. The TXT file name shall be consistent with the BatesBegin field.

11.   Preservation of ESI as Ordinarily Maintained: ESI shall be preserved in the form in which it is ordinarily maintained.

12.   Not Reasonably Accessible ESI: If you decline to search or produce ESI on the grounds that such ESI is not reasonably accessible because of undue burden or cost, identify such information by category or source and provide detailed information regarding the burden or cost you claim is associated with the search or production of such ESI including, but not limited to, the specific media on which the ESI is stored, the software used to store such ESI, the date(s) on which you assert the ESI became not reasonably accessible, all instances in which the ESI was restored to a more accessible form for reasons other than disaster recovery, indices and catalogues of such ESI.

13.   Identification of Sources Not Searched: If you decline to search any sources of potentially relevant ESI without asserting that such ESI is not reasonably accessible, identify such sources and explain why you are not searching such sources.

14.   De-Duplication: For each individual custodian, the responding party shall carry out electronic de-duplication of the ESI within each custodian's email account or file directory(ies) and will produce one electronic copy of each document, except insofar as

4

electronic de-duplication does not eliminate multiple copies of email attachments, in which case the duplicate document shall be produced in conjunction with the parent email.

15.     Search Terms:  Use of search terms, date restrictions and/or file types shall be disclosed and subject to review and approval by the requesting party.

16.     All documents or things that respond in whole or in part to any portion of these requests are to be produced in their entirety, including attachments and enclosures.

17.     If you object to any part of these Document Requests, please (a) state each objection you assert in sufficient detail to permit the Court to determine the validity of the objection; and (b) produce all responsive documents (or portions of documents) to which your objection does not apply.

18.     If you claim that all or any part of this Document Request is vague or ambiguous, please identify the specific language you consider vague or ambiguous and state the interpretation of the language in question you used to frame your response.

19.     If you redact information or otherwise withhold information or Documents (including attachments to documents) responsive to this Document Request based upon any claim of privilege, or for any other reason, provide a log that includes at least the following information on a Document-by-Document basis: (a) the specific privilege asserted or other particular reason you rely upon for not producing the document or information; (b) the date of the document and any different date when it was prepared or modified; (c) the author, addressee(s) and copyee(s) of each document; (d) the subject matter of the document or information withheld; (e) the medium (e.g., paper or electronic), (f) type (e.g., letter, memorandum, presentation) and (g) length of the document as well as the existence of any attachments if they are also being withheld as privileged.

20.     The requests contained in this Document Request are continuing and require supplemental responses as provided for in the Federal Rules of Civil Procedure if you (or any person acting on your behalf) should obtain additional information called for by the requests between the time of the original responses and the time set for trial.  Each supplemental response shall be served on Plaintiffs no later than thirty days after the discovery of the further information.

21.     One copy of each requested Document should be produced.  A Document that varies in any way from the original or from any other copy, including drafts or a document with handwritten notations or deletions constitutes a separate Document and must be produced, whether or not the original is in your possession, custody, or control. Color (i.e., not black and white) originals should be produced in color.  If an identical copy cannot be produced for any reason (e.g., faint writing, erasures, etc.), produce the original.  Indicate the origin of each document and number each document with consecutive Bates numbers.

III.    **DOCUMENTS REQUESTED**

You shall produce the following Documents to the extent that any such Documents are in any way in your custody or control:

1.    All reports, including all annexes and attachments, and any other Documents evidencing the findings of any investigation or inquiry into any type of possible wrongdoing whatsoever by LDK or by any of its current or former directors, officers, employees or agents. This request encompasses, but is not limited to, both informal and formal investigations and inquiries and formal and informal reports of the findings of such investigations or inquiries, including notes and other records of oral presentations that set forth such findings.

2.    All Documents setting forth the scope of any investigation or inquiry conducted by You into any type of possible wrongdoing whatsoever by LDK, or by any of its current or former directors, officers, employees or agents. This request encompasses, but is not limited to any retainer or similar agreement between You and LDK.

3.    All Documents collected or reviewed in the course of any investigation or inquiry into any type of possible wrongdoing whatsoever by LDK or by any of it current or former directors, officers, employees or agents.

4.    All Documents created by You (including any contractor) during any investigation or inquiry conducted by You into any type of possible wrongdoing whatsoever by LDK, or by any of its current or former directors, officers, employees or agents, which documents contain any information related to such investigation.

5.    All documents that you provided on LDK's behalf to any government agency, quasi-government agency or regulatory or judicial entity of any type in connection with any investigation by any such entity relating to any type of possible wrongdoing whatsoever by LDK or by any of its current or former directors, officers, employees or agents.

6.    All documents related to any investigation that occurred all, or in part, on or after June 1, 2007 which investigation did or was meant to provide LDK or any of its officers, directors or employees with information about Charley Situ.

SIMPSON THACHER & BARTLETT LLP
JAMES G. KREISSMAN (206740)
2550 Hanover Street
Palo Alto, California 94304
Telephone: (650) 251-5000
Facsimile:  (650) 251-5002
jkreissman@stblaw.com

Attorney for Non-party
SIMPSON THACHER & BARTLETT LLP

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

|  |  |
|---|---|
| In Re LDK SOLAR SEC. LITIG. | Case No. C-7-05182-WHA |
| | **NON-PARTY SIMPSON THACHER & BARTLETT LLP'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S SUBPOENA** |

1    Pursuant to Federal Rule of Civil Procedure 45(c)(2)(B), non-party Simpson

2  Thacher & Bartlett LLP ("Simpson Thacher") hereby objects to the Subpoena in a Civil

3  Case (the "Subpoena") served on it by plaintiffs in the above-captioned action.

4                        **PRELIMINARY STATEMENT**

5    Each of Simpson Thacher's responses is made subject to the General

6  Objections set forth below. These limitations and objections form a part of the response to

7  each and every Request, and are set forth herein to avoid duplication and repetition.

8  Although these General Objections may be specifically referred to in a response, failure to

9  mention a General Objection specifically should not be construed as a waiver of any such

10  objection. Moreover, the assertion of the same, similar, or additional objections in specific

11  responses to Requests does not waive any other of Simpson Thacher's objections as set forth

12  below. Simpson Thacher reserves the right to supplement, amend, or correct any and/or all

13  of their objections and responses.

14                        **GENERAL OBJECTIONS**

15    The following general responses and objections ("General Objections") are

16  incorporated into each specific response and objection as if fully set forth therein, whether or

17  not referenced explicitly.

18    1.    Simpson Thacher objects to each Request, and each definition and

19  instruction, to the extent it calls for the production of documents subject to the attorney-

20  client, attorney work product, legal-professional, common interest, or other privileges under

21  any and all applicable law. Simpson Thacher was retained by the independent directors of

22  the Audit Committee of LDK Solar Co., Ltd. ("LDK"), Messrs. Louis Hsieh and Bing

23  Xiang, to assist the Audit Committee in its independent investigation into the allegations

24  made by LDK's former employee, Mr. Charley Situ, that LDK incorrectly reported its

25  inventories of silicon feedstock. Any and all documents in Simpson Thacher's possession

26  relating to that investigation are protected from disclosure by the attorney-client and work

27  product privileges. To the extent that any document that is properly the subject of such

28  privilege(s) is inadvertently produced, such production is not to be construed as a waiver of

1  such privilege.

2        2.      Simpson Thacher objects to each Request, and each definition and
3  instruction, to the extent it seeks to impose obligations on Simpson Thacher that are
4  inconsistent with or greater than the obligations imposed by the Federal Rules of Civil
5  Procedure, the Civil Local Rules of the Northern District of California, and any other
6  applicable law.

7        3.      Simpson Thacher objects to each Request, and each definition and
8  instruction, to the extent it seeks information not relevant to the claims or defenses of any
9  party and not reasonably calculated to lead to the discovery of admissible evidence.

10       4.      Simpson Thacher objects to each Request, and each definition and
11 instruction, to the extent it is overbroad, unduly burdensome, or seeks documents that are
12 unreasonably cumulative or duplicative.

13       5.      Simpson Thacher objects to each Request, and each definition and
14 instruction, to the extent it seeks documents protected by any protective order,
15 confidentiality order, or non-disclosure agreement binding on Simpson Thacher.

16       6.      Simpson Thacher objects to each Request, and each definition and
17 instruction, to the extent that it seeks documents related to any person or entity other than
18 Simpson Thacher or not within Simpson Thacher's possession, custody, or control, and to
19 the extent it seeks to require Simpson Thacher to respond on behalf of any other person or
20 entity.  Simpson Thacher will not produce any documents in the possession, custody, or
21 control of any third party, including any agent or outside advisor of Simpson Thacher.

22       7.      Simpson Thacher objects to each Request, and each definition and
23 instruction, to the extent that it seeks information that is not maintained by Simpson Thacher
24 in its normal course of business or is no longer available to Simpson Thacher.

25       8.      Simpson Thacher objects to each Request, and each definition and
26 instruction, to the extent that it seeks "all" documents in a specified category or categories
27 because it is not reasonably practical to review each document in every one of Simpson
28 Thacher's files to determine if any document contained therein may be responsive to the

Requests.

9.    Simpson Thacher objects to each Request, and each definition and instruction, to the extent it calls for the creation of any new documents.

10.    Simpson Thacher objects to each Request, and each definition and instruction, to the extent it seeks documents located outside of the United States.

11.    Simpson Thacher objects to each Request, and each definition and instruction, to the extent it seeks documents that are already in the possession, custody, or control of plaintiffs or the other parties to the above-captioned litigation, documents that are equally available to plaintiffs as to Simpson Thacher, documents that are obtainable from another source that is more convenient, less burdensome, or less expensive, documents created by companies other than Simpson Thacher that happen to be found in Simpson Thacher's files, or documents that are a matter of public record or are publicly available.

12.    Simpson Thacher objects to each Request, and each definition and instruction, to the extent that it fails to take reasonable steps to avoid imposition of undue burden and expense upon non-party Simpson Thacher, as required by Federal Rule of Civil Procedure 45(c)(1).  Simpson Thacher objects to each Request, and each definition and instruction, to the extent it imposes extreme hardship, is interposed solely for purposes of harassment or annoyance, or would result in the expenditure of unnecessary time and resources by a non-party.

13.    Simpson Thacher objects to each Request, and each definition and instruction, to the extent it assumes the existence of facts that Simpson Thacher disputes, constitutes an inaccurate characterization of the facts, or includes legal conclusions.  By responding to the Subpoena, Simpson Thacher does not admit, adopt, or agree with any factual or legal conclusion or characterization.

14.    Simpson Thacher objects to each Request, and each definition and instruction, to the extent that it seeks documents that contain trade secrets and confidential or proprietary business or other information of Simpson Thacher or any of its clients.

15.    Simpson Thacher objects to the Definitions as follows:

     (a)    Simpson Thacher objects to each and every definition to the extent it purports to abrogate any of Simpson Thacher's rights or add to any of Simpson Thacher's obligations under the Federal Rules of Civil Procedure and any and all other applicable law.

     (b)    Simpson Thacher objects to each and every definition to the extent it purports to define words beyond their plain and ordinary meaning.

     (c)    Simpson Thacher objects to the definition of "Document or Documents" as vague, ambiguous, overbroad, and unduly burdensome.  Simpson Thacher further objects to this Definition to the extent that it exceeds the scope of the term in Federal Rule of Civil Procedure 34(a).

     (d)    Simpson Thacher objects to the definition of "Electronically Stored Information" as vague, ambiguous, overbroad, unduly burdensome, and outside the scope of the Federal Rules of Civil Procedure to the extent it purports to include unlimited types of metadata associated with any Documents.  This definition covers a vast number of data sources without regard to whether these sources are likely to contain responsive data and without tailoring to reduce the burden and expense to non-party Simpson Thacher, as required by Federal Rule of Civil Procedure 45(c)(1).

     (e)    Simpson Thacher objects to the definition of "LDK" as vague, ambiguous, overbroad, and unduly burdensome.  Simpson Thacher cannot and is not required to attempt to determine the scope and boundaries of this definition with respect to "any entity purporting to act as a committee of LDK's board of directors or audit committee."

     (f)    Simpson Thacher objects to the definition of "You" and "Your" to the extent it purports to impose an obligation on Simpson Thacher to produce documents in the possession, custody, or control of entities other than Simpson Thacher.

     16.    Simpson Thacher objects to the Instructions as follows:

     (a)    Simpson Thacher objects to each and every Instruction to the extent that it purports to abrogate any of Simpson Thacher's rights or add to any of Simpson Thacher's obligations under the relevant law.

(b)     Simpson Thacher objects to Instruction No. 1 as overbroad and unduly burdensome.  The putative class period of the above-styled action begins on June 1, 2007.  Accordingly, Simpson Thacher should not be required to undertake the burden and expense of searching and reviewing documents dated before June 1, 2007.

(c)     Simpson Thacher objects to Instruction No. 2 as overbroad and unduly burdensome to the extent it requires Simpson Thacher to interpret any request beyond its plain and ordinary meaning.

(d)     Simpson Thacher objects to Instruction No. 3 as overbroad and unduly burdensome to the extent it requires Simpson Thacher to produce any documents in any condition other than the condition in which they are currently maintained by Simpson Thacher.

(e)     Simpson Thacher objects to Instruction No. 4 as overbroad and unduly burdensome.  This instruction imposes a limitless obligation on Simpson Thacher. Simpson Thacher cannot reasonably be expected to review every single document in its possession to determine whether any such documents "mention, discuss, refer to or explain the Documents which are called for by this Document Request."  Simpson Thacher further objects to this Instruction to the extent it requires Simpson Thacher to produce any documents in any condition other than the condition in which they are currently maintained. Simpson Thacher further objects to the term "accompany" as undefined, vague, and ambiguous.

(f)     Simpson Thacher objects to Instruction No. 5 as overbroad and unduly burdensome and beyond the scope of the Federal Rules of Civil Procedure. Simpson Thacher further objects to this Instruction to the extent it purports to impose obligations on Simpson Thacher beyond those contained in the Federal Rules of Civil Procedure.

(g)     Simpson Thacher objects to Instruction No. 6 as overbroad, unduly burdensome and beyond the scope of the Federal Rules of Civil Procedure.  Simpson Thacher further objects to this Instruction as overbroad and unduly burdensome to the extent it requires Simpson Thacher to create or search for additional metadata.

1        (h)     Simpson Thacher objects to Instruction No. 7 as overbroad and

2  unduly burdensome and beyond the scope of the Federal Rules of Civil Procedure.  Simpson

3  Thacher further objects to the extent this Instruction contains any undefined obligations for

4  production.

5        (i)     Simpson Thacher objects to Instruction No. 8 as overbroad, unduly

6  burdensome and beyond the scope of the Federal Rules of Civil Procedure.  Simpson

7  Thacher further objects to this Instruction as overbroad and unduly burdensome to the extent

8  it requires Simpson Thacher to create or search for additional metadata.

9        (j)     Simpson Thacher objects to Instruction No. 9, incorporating all

10  objections to Instruction No. 8, and further objecting to this Instruction on the grounds that it

11  is beyond the scope of the Federal Rules of Civil Procedure in purporting to require

12  production of spreadsheets in native format.  Federal Rules of Civil Procedure 34 and 45 do

13  not require production of electronic information in native format, which has undue,

14  additional risks not at issue for electronic information in other formats, including the

15  impossibility of redacting such documents for privilege, the inability to place a

16  confidentiality designation or bates number on such documents, and the possibility that such

17  documents may be inadvertently altered during recipients' loading, processing, and review

18  of the produced files.  In light of these risks, the Subpoena does not provide a reasonable

19  basis, reason, or necessity for requiring production in native format versus either printed or

20  another searchable electronic format, such as TIFF or PDF.  Simpson Thacher also objects

21  to this Instruction because it purports to require Simpson Thacher to provide multiple forms

22  of the same document.

23        (k)     Simpson Thacher objects to Instructions No. 11, 12, 13, 15, 16, 18,

24  19, 20, and 21 as overbroad and unduly burdensome to the extent each such instruction

25  purports to impose obligations on Simpson Thacher beyond those contained in the Federal

26  Rules of Civil Procedure, the Civil Local Rules of the Northern District of California, and

27  any other applicable law.

28        (l)     Simpson Thacher objects to Instruction No. 14 as overbroad and

1  unduly burdensome to the extent it purports to impose obligations on Simpson Thacher

2  beyond those contained in the Federal Rules of Civil Procedure, the Civil Local Rules of the

3  Northern District of California, and any other applicable law.  Simpson Thacher further

4  objects to this Instruction as inconsistent with Instruction No. 16, which purports to require

5  Simpson Thacher to produce "all documents or things that respond in whole or in part to any

6  portion" of each Request.

## RESPONSES TO DOCUMENT REQUESTS

8  **DOCUMENT REQUEST NO. 1:**

9          All reports, including all annexes and attachments, and any other Documents

10  evidencing the findings of any investigation or inquiry into any type of possible wrongdoing

11  whatsoever by LDK or by any of its current or former directors, officers, employees or

12  agents.  This request encompasses, but is not limited to, both informal and formal

13  investigations and inquiries and formal and informal reports of the findings of such

14  investigations or inquiries, including notes and other records of oral presentations that set

15  forth such findings.

16  **RESPONSE TO DOCUMENT REQUEST NO. 1:**

17          In addition to the foregoing General Objections, which are incorporated fully

18  by reference herein, Simpson Thacher objects to this request, including but not limited to the

19  phrases "wrongdoing," "informal," and "formal" as vague and ambiguous.  Simpson

20  Thacher further objects to this request to the extent that it seeks information covered by the

21  attorney-client, attorney work product, legal-professional, or other privileges under any and

22  all applicable law.  Simpson Thacher further objects to this request to the extent it seeks

23  documents not relevant to the claims or defenses of any party.  Simpson Thacher further

24  objects to this Request on the grounds that it is not reasonably tailored to reduce the burden

25  on non-party Simpson Thacher as required by Federal Rule of Civil Procedure 45(c)(1).

26  Simpson Thacher also objects to this request and reserves all rights to move the Court to

27  quash or modify the same pursuant to Rule 45(c)(3)(A) or (B), but undertakes no obligation

28  to do so.

1    Subject to and without waiving the foregoing objections, Simpson Thacher

2    states that it has no non-privileged documents responsive to this request in its custody or

3    control.

4    **DOCUMENT REQUEST NO. 2:**

5    All Documents setting forth the scope of any investigation or inquiry

6    conducted by You into any type of possible wrongdoing whatsoever by LDK, or by any of

7    its current or former directors, officers, employees or agents. This request encompasses, but

8    is not limited to any retainer or similar agreement between You and LDK.

9    **RESPONSE TO DOCUMENT REQUEST NO. 2:**

10    In addition to the foregoing General Objections, which are incorporated fully

11    by reference herein, Simpson Thacher objects to this request, including but not limited to the

12    phrase "wrongdoing" as vague and ambiguous. Simpson Thacher further objects to this

13    request to the extent that it seeks information covered by the attorney-client, attorney work

14    product, legal-professional, or other privileges under any and all applicable law. Simpson

15    Thacher further objects to this request to the extent it seeks documents not relevant to the

16    claims or defenses of any party. Simpson Thacher further objects to this Request on the

17    grounds that it is not reasonably tailored to reduce the burden on non-party Simpson

18    Thacher as required by Federal Rule of Civil Procedure 45(c)(1). Simpson Thacher also

19    objects to this request and reserves all rights to move the Court to quash or modify the same

20    pursuant to Rule 45(c)(3)(A) or (B), but undertakes no obligation to do so.

21    Subject to and without waiving the foregoing objections, Simpson Thacher

22    states that it has no non-privileged documents responsive to this request in its custody or

23    control.

24    **DOCUMENT REQUEST NO. 3:**

25    All Documents collected or reviewed in the course of any investigation or

26    inquiry into any type of possible wrongdoing whatsoever by LDK or by any of it [sic]

27    current or former directors, officers, employees, or agents.

28

**RESPONSE TO DOCUMENT REQUEST NO. 3:**

In addition to the foregoing General Objections, which are incorporated fully by reference herein, Simpson Thacher objects to this request, including but not limited to the phrases "wrongdoing" as vague and ambiguous. Simpson Thacher further objects to this request to the extent that it seeks information covered by the attorney-client, attorney work product, legal-professional, or other privileges under any and all applicable law. Simpson Thacher further objects to this request to the extent that it seeks documents equally accessible to Plaintiffs. Simpson Thacher further objects to this request to the extent it seeks documents not relevant to the claims or defenses of any party. Simpson Thacher further objects to this Request on the grounds that it is not reasonably tailored to reduce the burden on non-party Simpson Thacher as required by Federal Rule of Civil Procedure 45(c)(1). Simpson Thacher also objects to this request and reserves all rights to move the Court to quash or modify the same pursuant to Rule 45(c)(3)(A) or (B), but undertakes no obligation to do so.

Subject to and without waiver of the foregoing objections, Simpson Thacher will produce relevant, non-privileged documents that are responsive to this Request in its possession, custody, or control, if any, located as a result of a reasonable search.

**DOCUMENT REQUEST NO. 4:**

All Documents created by You (including any contractor) during any investigation or inquiry conducted by You into any type of possible wrongdoing whatsoever by LDK, or by any of its current or former directors, officers, employees or agents, which documents contain any information related to such investigation.

**RESPONSE TO DOCUMENT REQUEST NO. 4:**

In addition to the foregoing General Objections, which are incorporated fully by reference herein, Simpson Thacher objects to this request, including but not limited to the phrases "wrongdoing" as vague and ambiguous. Simpson Thacher further objects to this request to the extent that it seeks information covered by the attorney-client, attorney work product, legal-professional, or other privileges under any and all applicable law. Simpson

1  Thacher further objects to this Request to the extent it seeks documents not relevant to the

2  claims or defenses of any party.  Simpson Thacher further objects to this Request to the

3  extent it seeks documents not in Simpson Thacher's possession, custody, or control.

4  Simpson Thacher further objects to this Request on the grounds that it is not reasonably

5  tailored to reduce the burden on non-party Simpson Thacher as required by Federal Rule of

6  Civil Procedure 45(c)(1).  Simpson Thacher also objects to this request and reserves all

7  rights to move the Court to quash or modify the same pursuant to Rule 45(c)(3)(A) or (B),

8  but undertakes no obligation to do so.

9          Subject to and without waiver of the foregoing objections, Simpson Thacher

10  will produce relevant, non-privileged documents that are responsive to this Request in its

11  possession, custody, or control, if any, located as a result of a reasonable search.

12  **DOCUMENT REQUEST NO. 5:**

13          All documents that you provided on LDK's behalf to any government

14  agency, quasi-government agency or regulatory or judicial entity of any type in connection

15  with any investigation by any such entity relating to any type of possible wrongdoing

16  whatsoever by LDK or by any of its current or former directors, officers, employees or

17  agents.

18  **RESPONSE TO DOCUMENT REQUEST NO. 5:**

19          In addition to the foregoing General Objections, which are incorporated fully

20  by reference herein, Simpson Thacher objects to this request, including but not limited to the

21  phrases "quasi-government agency" and "wrongdoing" as vague and ambiguous.  Simpson

22  Thacher further objects to this request to the extent that it seeks information covered by the

23  attorney-client, attorney work product, legal-professional, or other privileges under any and

24  all applicable law.  Simpson Thacher further objects to this request to the extent it seeks

25  documents not relevant to the claims or defenses of any party.  Simpson Thacher further

26  objects to this Request on the grounds that it is not reasonably tailored to reduce the burden

27  on non-party Simpson Thacher as required by Federal Rule of Civil Procedure 45(c)(1).

28  Simpson Thacher also objects to this request and reserves all rights to move the Court to

1  quash or modify the same pursuant to Rule 45(c)(3)(A) or (B), but undertakes no obligation

2  to do so.

3          Subject to and without waiver of the foregoing objections, Simpson Thacher

4  will produce relevant, non-privileged documents that are responsive to this Request in its

5  possession, custody, or control, if any, located as a result of a reasonable search.

6  **DOCUMENT REQUEST NO. 6:**

7          All documents related to any investigation that occurred all, or in part, on or

8  after June 1, 2007 which investigation did or was meant to provide LDK or any of its

9  officers, directors or employees with information about Charley Situ.

10  **RESPONSE TO DOCUMENT REQUEST NO. 6:**

11          In addition to the foregoing General Objections, which are incorporated fully

12  by reference herein, Simpson Thacher objects to this request to the extent that it seeks

13  information covered by the attorney-client, attorney work product, legal-professional, or

14  other privileges under any and all applicable law. Simpson Thacher further objects to this

15  Request on the grounds that it is not reasonably tailored to reduce the burden on non-party

16  Simpson Thacher as required by Federal Rule of Civil Procedure 45(c)(1). Simpson

17  Thacher also objects to this request and reserves all rights to move the Court to quash or

18  modify the same pursuant to Rule 45(c)(3)(A) or (B), but undertakes no obligation to do so.

19          Subject to and without waiving the foregoing objections, Simpson Thacher

20  states that it has no documents responsive to this request in its custody or control.

21

22  Dated: August 21, 2008                    SIMPSON THACHER & BARTLETT LLP

23

24

25  By: _____
                    JAMES G. KREISSMAN

26

27  Attorney for Non-party
     SIMPSON THACHER & BARTLETT LLP

28