Cohen, Milstein, Hausfeld & Toll P.L.L.C.
Herbert E. Milstein
Steven J. Toll
Mark S. Willis
Joshua S. Devore
Matthew B. Kaplan
hmilstein@cmht.com
1100 New York Avenue, N.W.
Suite 500, West Tower
Washington, DC 20005
Telephone:    (202) 408-4600
Facsimile:    (202) 408-4699

Cohen, Milstein, Hausfeld & Toll P.L.L.C.
Michael Lehmann
mlehmann@cmht.com
One Embarcadero Center
Suite 526
San Francisco, CA 94111
Telephone:    (415) 623-2048
Facsimile:    (415) 433-5994

Lead Counsel for the Proposed Class

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re LDK Solar Securities Litigation | Master File No. C-07-05182-WHA |
| This Document Relates To: | **OPPOSITION TO DEFENDANTS' MOTION TO STAY DISCOVERY** |
| All Actions | Judge:    Hon. William H. Alsup<br>Date:    September 18, 2008<br>Time:    8:00 a.m.<br>Courtroom: 9, 19th Floor |

**TABLE OF CONTENTS**

I.   STATEMENT OF ISSUES TO BE DECIDED ............................................................... 1
II.  BACKGROUND ............................................................................................................ 1
III. PRELIMINARY STATEMENT ..................................................................................... 1
IV.  ARGUMENT .................................................................................................................. 2
    A. Discovery Was Not Stayed When Defendants Filed Their Most Recent Motion To Dismiss ............................................................................................... 2
    B. Discovery Was Not Stayed While Defendants' Motion for Reconsideration Was Pending ................................................................................................................. 4
    C. Even If The PSLRA's Automatic Stay Is In Effect There Is Good Cause To Permit Discovery ................................................................................................... 5
    D. Defendants' Rule 26(f) Argument is Frivolous .................................................... 6
    E. Defendants Must Follow The Rules To Claim A Privilege ................................. 7
V.   CONCLUSION ............................................................................................................... 7

## I. STATEMENT OF ISSUES TO BE DECIDED

Whether, despite the Court having upheld the Complaint as to four of the ten Defendants, and discovery being inevitable, the Private Securities Litigation Reform Act ("PSLRA") nonetheless requires that all discovery be suspended while a motion to dismiss by other Defendants is pending, or while any motion by any Defendant to reconsider the denial of a motion dismiss is pending.

## II. BACKGROUND

There are currently ten Defendants in this case, which involves alleged violations of the securities laws by LDK Solar Co., Ltd. ("LDK" or the "Company"), a New York Stock Exchange-traded Chinese company incorporated in the Cayman Islands, and certain of its officers and directors.[1] On May 29, 2008 this Court, rejected a motion to dismiss filed by four of the Defendants in this case, including LDK itself and the Company's Chief Executive Officer. (Order Den. Def. Mot. To Dismiss, May 29, 2008, Dkt. No. 85). On July 14, 2008 the Court rejected a request that it reconsider its May 29 decision, noting, among other issues, that the reconsideration request "was largely frivolous." (Order Den. Mot. for Leave to File Mot. for Recons at 13, July 14, 2008, Dkt. No. 107 ("July 14 Order")). The six remaining Defendants recently filed their own joint motion to dismiss.

## III. PRELIMINARY STATEMENT

Defendants have ignored the Court's June 3, 2008 scheduling order (Dkt. No. 88), refusing to allow discovery relating to the claims against the four Defendants whose motion to dismiss (and subsequent motion for reconsideration) has been denied. Plaintiff has not sought, and will not seek, discovery from any Defendant whose motion to dismiss remains pending.

Defendants insist that the Court must adopt an implausible reading of the PSLRA which would require that discovery and all other proceedings in a securities case be frozen when any defendant files a motion to dismiss (or a motion for reconsideration of a motion to dismiss). According to Defendants, discovery cannot resume until the Court decides all such motions.

---

[1] Plaintiff does not oppose the dismissal from this case of one of the ten Defendants, Jiangxi LDK Solar.

This case illustrates the Kafkaesque consequences that would result from adopting Defendants' interpretation of the PSLRA's discovery provisions. Because the Court has refused to dismiss four of the Defendants, even under Defendants' view of the law it is certain that discovery will eventually occur. Since discovery is inevitable, staying discovery now would not save any party time or money. It will, however, make discovery, when it occurs, more difficult, as by then memories will have further faded and documents may have disappeared. As a practical matter, Defendants' interpretation would allow defendants in these types of cases to repeatedly stall discovery—even after a court rules that a case will go forward a defendant could, at any time, freeze all discovery by filing a motion to dismiss or a motion to reconsider a motion to dismiss. The PSLRA need not and should not be interpreted in such a manner.

## IV. ARGUMENT

### A. Discovery Was Not Stayed When Defendants Filed Their Most Recent Motion To Dismiss

In accordance with logic and the applicable case law, the Court should reject Defendants' argument that discovery must be stayed because of the filing of a second motion to dismiss.

Defendants insist that the PSLRA's requirement that "all discovery" be stayed during a motion to dismiss means that discovery with respect to *every* defendant must be halted whenever any motion to dismiss by *any* defendant is pending. But "[t]he provision could also be read to mean that all discovery *against a party* must be stayed during the pendency of any motion to dismiss filed *by that party*." *In re Lernout & Hauspie Sec. Litig.*, 214 F. Supp. 2d 100, 105 (D. Mass. 2002) (PSLRA language "is ambiguous on its face") (emphasis added).

Admittedly, if the discovery stay language in the PSLRA is looked at in isolation, Defendants' interpretation is not unreasonable. But under established Supreme Court precedent a single phrase in a statute *cannot* be looked at in isolation: "Over and over we have stressed that 'in expounding a statute, we must not be guided by a single sentence or member of a sentence, but look to the provisions of the whole law, and to its object and policy.'" *United States Nat'l Bank of Oregon v. Independent Ins. Agents of Am., Inc.*, 508 U.S. 439, 455 (1993) (quoting *United States* v. *Heirs of Boisdore*, 49 U.S. 113, 122 (1849), noting that this language has been

1  "quoted in more than a dozen cases").

2  "The purpose of the [PSLRA] was to restrict abuses in securities class-action litigation." *SG Cowen Sec. Corp. v. U.S. Dist. Ct. for N.D. of Cal.*, 189 F.3d 909, 911 (9th Cir. 1999) (citation omitted). The specific objective of the discovery stay was "to prevent unnecessary imposition of discovery costs on defendants." *Id.* (quoting H.R. Conf. Rep. No. 104-369, 104th Cong. 1st Sess. at 32 (1995), 1995 U.S.C.C.A.N. Sess. 731).

Here, however, a complete discovery stay does not save Defendants from "undue" expense—discovery relating to the claims against the four Defendants whose motion to dismiss has been denied will eventually go forward. Defendants' interpretation of the stay provision would do nothing to advance the policy behind the PSLRA—but it would cause extended and unnecessary delay.

In *Lernout*, 214 F. Supp. 2d 100, the court rejected the precise argument advanced by Defendants here. The *Lernout* defendants insisted that the PSLRA "should be interpreted as precluding discovery, even as to those four defendants whose motions to dismiss were denied, so long as any other defendant's motion to dismiss is pending." *Id.* at 105. In a carefully reasoned opinion, Judge Saris explained that Congress had enacted the automatic stay to avoid "fishing expeditions" and to prevent plaintiffs from using the expense of discovery to force "innocent parties to settle frivolous claims," but noted that "[i]t does not appear that Congress specifically considered the scenario of multiple defendants with multiple motions to dismiss." *Id.* at 106. After concluding that halting discovery until all motions to dismiss were resolved would not further Congress' objectives, she reasoned that "once the PSLRA has been satisfied, the general presumption for liberal discovery provides the backstop." *Id.* at 107. Applying this logic, the court ruled that "the automatic stay does not apply to the particular facts of this case," *id.*, facts which are virtually identical to the facts in the case before this Court.

Defendants here rely on Magistrate Judge Katz's unpublished decision in *Sedona Corp. v. Ladenburg Thalmann*, No. 03-Civ. 3120, 2005 WL 2647945 (S.D.N.Y. Oct. 14, 2005), to support their view. But in that lawsuit, in contrast to this case, a motion to dismiss had been partially granted and the plaintiffs had indicated that they would replead to correct the deficiencies in the

complaint. *Id.* at *1. The court was concerned that plaintiffs would use information obtained in discovery to support their amended complaint, something it felt would be improper. *Id.* at *4 ("As contemplated by the PSLRA, Plaintiff must replead its claims without the benefit of pretrial discovery.").[2]

A published opinion by a district judge in the same district reached a different conclusion. In *In re Salomon Analyst Litig.,* 373 F. Supp. 2d 252 (S.D.N.Y. 2005), Judge Lynch rejected the defendants' contention "that the mere filing of ***any*** motion to dismiss, 'successive or otherwise' automatically renews the [PSLRA's] statutory stay." *Id.* at 254-56 (citation omitted). Reaching a conclusion similar to the court in *Lernout,* Judge Lynch reasoned that the defendants' argument

> ha[d] troubling implications. The purpose of the statutory stay is to prevent abusive, expensive discovery in frivolous lawsuits by postponing discovery until "after the Court has sustained the legal sufficiency of the complaint." In a case where the court already ***has*** sustained the legal sufficiency of the complaint, this purpose has been served. To permit defendants indefinitely to renew the stay simply by filing successive motions to dismiss would be to invite abuse. Some judicial discretion to evaluate the desirability of a renewed stay appears to be necessary.

*Id.* at 254-55 (emphasis in original, quoting S. Rep. No. 104-98 at 14 (1995), 1995 U.S.C.C.A.N. 679, 693). The delaying tactics of Defendants in this case illustrate the validity of Judge Lynch's concerns.

### B. Discovery Was Not Stayed While Defendants' Motion for Reconsideration Was Pending

Defendants also wrongly insist that discovery is also stayed while any motion to reconsider the denial of a motion to dismiss is pending. By its own terms, however, the PSLRA discovery stay applies only when a "motion to dismiss" is pending, 15 U.S.C. § 78u–4 (b)(3)(B), not during the pendency of a motion to reconsider the denial of a motion to dismiss. Interpreting this provision to encompass motions for reconsideration, as Defendants' urge, would open the door wide to the "abuse" that so concerned the *Salomon* court, 373 F. Supp. 2d at 254-55. The case at bar is illustrative. According to Defendants, discovery was stayed for a month—June 13,

---

[2] The magistrate judge described the case law on this issue as "unsettled." *Sedona.* 2005 WL 2647945, at *2.

1   2008 to July 14, 2008—because their motion for reconsideration of the Court's denial of their

2   earlier motion to dismiss was pending,[3] even though the Court found that the reconsideration

3   motion "was largely frivolous." (July 14 Order at 13.) There is no reason to adopt an

4   interpretation of the stay provision that is not required by its plain language and which would

5   allow defendants in securities cases to halt the progress of a case by filing such frivolous motions.

6   Defendants insist that *Powers v. Eichen*, 961 F. Supp. 233 (S.D. Cal 1997), supports their

7   view. The *Powers* court does say that "defendants would be afforded very little of the protection

8   that Congress intended in passing the Reform Act" if a motion for reconsideration did not stay

9   discovery. *Id.* at 236. But in his opinion Magistrate Judge Battaglia cites no case to support this

10  proposition, which fails to recognize that a motion for reconsideration can only become an issue

11  if a judge has already ruled that that the plaintiff has met the PSLRA's demanding pleading

12  standards. In *Salomon* the court said it was "not persuaded … by the *Powers* court's argument."

13  *Salomon,* 373 F. Supp. 2d at 255 n.1.

14  Although defendants also cite *Hockey v. Medhekar*, 932 F. Supp. 249 (N.D. Cal. 1996),

15  nothing in that case supports their argument and Defendants neglect to inform the Court that this

16  opinion was vacated by *Medhekar v. U.S. Dist. Ct. for the N.D. of Cal.*, 99 F.3d 325, 329 (9th Cir.

17  1996) ("the district court's opinion is vacated"). "Vacatur …. removes all precedential value

18  from a decision, rendering an opinion a legal nullity." *Animal Legal Defense Fund v. Veneman*,

19  490 F.3d 725, 729-30 (9th Cir. 2007) (Thomas, J., concurring in part and dissenting in part)

20  (citing *U.S. Bancorp Mortgage Co. v. Bonner Mall P'ship*, 513 U.S. 18, 26 (1994)).

21  ### C.   Even If The PSLRA's Automatic Stay Is In Effect There Is Good Cause To Permit Discovery

22  If, despite the foregoing arguments, the Court concludes that the automatic stay does

23  apply, it should nevertheless exercise the discretion granted to it by statute to allow discovery to

24  go forward. The PSLRA's stay provision provides that, when discovery "is necessary to preserve

25  evidence or to prevent undue prejudice to [a] party," a court may order discovery even when the

---

[3] Technically a motion for reconsideration was never before the Court. Defendant's motion, pursuant to Civil Local Rule 7-9(b) was for "***leave to file*** a motion for reconsideration." Order of July 14 at 1, Dkt. 107 (emphasis added). Leave to file was denied. *Id.*

1  automatic stay is in effect. 15 U.S.C. § 78u–4 (b)(3)(B). Discovery in this case has already been
2  delayed nearly a year; the longer this delay continues the more difficult discovery will become as
3  memories grow stale and documents are misplaced or destroyed. Defendants will not be
4  prejudiced—they will eventually have to bear these discovery costs.

5  The possibility that Plaintiff will be substantially prejudiced by further delay is
6  significant—most relevant documents are in China, where their custodians may not understand or
7  care about U.S. document preservation rules. Defendants' counsel has failed to answer a July 3,
8  2008 letter from Plaintiff's counsel seeking assurances that Defendants had taken steps to
9  preserve evidence. *See* Ltr. to James Farrell from M. Kaplan, July 3, 2008, attached as Ex. A to
10 Decl. of Matthew B. Kaplan.

11 Faced with a similar situation, the *Lernout* court said that, even if the automatic stay had
12 applied to defendants in that case, it would have allowed discovery pursuant to the PSLRA-
13 authorized exception. 214 F. Supp. 2d at 107-09. It was concerned about "the danger of lost
14 documents and faded witnesses' memories" and the fact that, as in this case, "[m]any of the
15 witnesses and documents are located in Europe and Asia where the Court has uncertain authority
16 to enforce its preservation orders, let alone oversee the automatic preservation order imposed by
17 the PSLRA." *Id.* at 108-09.

18 ### D.   *Defendants' Rule 26(f) Argument is Frivolous*

19 Defendants' assertion that it can refuse to participate in discovery because there has been
20 no Rule 26(f) conference is specious. This court issued its June 3, 2008 scheduling order, which
21 includes discovery deadlines, without waiting for the conference between the parties
22 contemplated by Rule 26(f) of the Federal Rules of Civil Procedure. Despite Defendants'
23 suggestion to the contrary, a court can start the discovery process without waiting for such a
24 conference—the Rules provide that "[a] party may not seek discovery from any source before the
25 parties have conferred as required by Rule 26(f), ***except … by court order***. Fed. R. Civ. P.
26 26(d)(1) (emphasis added).

27 Although Defendants cite the absence of a Rule 26(f) conference to justify their refusal to
28 respond to discovery requests, they also suggest that they would refuse to participate in any such

1  conference. *See, e.g.,* (Defs. Mem. to Stay at 6, July 21, 2008, Dkt. No. 109 ("Stay Mem.")) ("the
2  defendants have not conferred with Lead Plaintiff regarding discovery because defendants believe
3  that discovery is automatically stayed under the PSLRA"). In fact, over two months ago Plaintiff
4  proposed that the parties meet in person or by telephone "to discuss some of the issues set forth in
5  Rule 26(f) of the Federal Rules of Civil Procedure," but Defendants have declined to do so.
6  Email to Phillip Wang from M. Kaplan, June 17, 2008, attached as Ex. B to Decl. of M. Kaplan.

### E. Defendants Must Follow The Rules To Claim A Privilege

Finally, Defendants, somewhat as an aside, say that Plaintiff's narrowly tailored document requests "seek privileged documents that Lead Plaintiff's counsel knows are nondiscoverable," including documents relating to the investigation of wrongdoing at LDK conducted by the Simpson Thacher law firm. (Stay Mem. at 4.) To the extent Defendants are seeking a protective order or other relief based on attorney-client or other privilege, Defendants have not produced the privilege log which is required when asserting a privilege, nor have they satisfied their obligations to meet and confer prior to making such a motion. The Federal Rules provide that

> [w]hen a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party must: … describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim.

Fed. R. Civ. P. 26(b)(5)(A). Privilege issues cannot be adjudicated until this information is provided. Consequently, any consideration of Defendants' privilege claims would be premature and improper at this time. In any event, it is not self evident that any, much less all documents related to the investigation retain any privileged status they may once have, given Defendants' repeated reference to the supposed conclusions of this investigation when arguing for dismissal of this case. *Columbia Pictures Indus.. v. Krypton Broad. of Birmingham, Inc.*, 259 F.3d 1186, 1196 (9th Cir. 2001) ("The privilege which protects attorney-client communications may not be used both as a sword and a shield.").

### V. **CONCLUSION**

For the foregoing reasons the Motion to Stay Discovery should be denied.

| | | |
|---|---|---|
| 1 | Dated: August 21, 2008 | COHEN, MILSTEIN, HAUSFELD & TOLL P.L.L.C. |

By:  /s/ Michael Lehmann
    Michael Lehmann

Cohen, Milstein, Hausfeld & Toll P.L.L.C.
mlehmann@cmht.com
One Embarcadero Center
Suite 526
San Francisco, CA 94111
Telephone:   (415) 623-2048
Facsimile:    (415) 433-5994


Cohen, Milstein, Hausfeld & Toll P.L.L.C.
Herbert E. Milstein
Steven J. Toll
Mark S. Willis
Joshua S. Devore
Matthew B. Kaplan
hmilstein@cmht.com
1100 New York Avenue, N.W.
Suite 500, West Tower
Washington, DC  20005
Telephone:   (202) 408-4600
Facsimile:    (202) 408-4699

Lead Counsel for the Proposed Class

**CERTIFICATE OF SERVICE**

I hereby certify that on this date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses of the parties of record.

I further certify that Service Pursuant to Local Rule 23-2 will be made electronically to:

> Securities Class Action Clearinghouse
> Att. Juan-Carlos Sanchez/Cara Mia Perlas
> Stanford University School of Law
> Crown Quadrangle
> Stanford, CA 94305-8612
> scac@law.stanford.edu

      /s/ Michael P. Lehmann
Michael P. Lehmann

August 21, 2008