1  LATHAM & WATKINS LLP
    James J. Farrell (Bar No. 166595)
2      james.farrell@lw.com
   355 South Grand Avenue
3  Los Angeles, California 90071-1560
   Telephone: (213) 485-1234
4  Facsimile: (213) 891-8763

5  LATHAM & WATKINS LLP
    Philip J. Wang (Bar No. 218349)
6      philip.wang@lw.com
   140 Scott Drive
7  Menlo Park, California 94025
   Telephone: (650) 328-4600
8  Facsimile: (650) 463-2600

9  Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| In re LDK SOLAR SECURITIES LITIGATION<br><br>This Document Relates To:<br><br>ALL ACTIONS. | MASTER FILE NO. C-07-05182-WHA<br><br>**RESPONSE TO LEAD PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS LDK SOLAR CO., LTD., LDK SOLAR USA, INC., XIAOFENG PENG AND JACK LAI**<br><br>Judge: Hon. William H. Alsup<br>Date: September 25, 2008<br>Time: 8:00 a.m.<br>Courtroom: 9, 19th Floor |
|---|---|

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SILICON VALLEY

RESP. TO PLAINTIFF'S FIRST REQ. FOR PROD. OF DOCS TO
DEFENDANTS SOLAR CO, SOLAR USA, X. PENG AND J. LAI
MASTER FILE NO. C-07-5182-WHA

## PRELIMINARY STATEMENT

Defendants by and through their counsel of record, hereby object to Plaintiffs' First Request for Production of Documents in this matter ("Requests"). Defendants filed their Motion for Stay on July 21, 2008, and their Motion for Protective Order on August 21, 2008, to prohibit Plaintiff's premature and improper discovery. Given the Private Securities Litigation Reform Act's ("PSLRA") mandatory discovery stay, and the pendency of Defendants' Motions, Defendants are currently under no obligation to locate, collect and produce responsive, non-privileged documents (if any even exist).

## GENERAL OBJECTIONS

Defendants object to each of Plaintiff's Requests on the following grounds:

1. Defendants object to the Requests on the grounds that they are premature and improper. Plaintiff served the Requests in direct violation of the PSLRA's mandatory discovery stay, which unambiguously states: "[A]ll discovery and other proceedings shall be stayed during the pendency of any motion to dismiss." See 15 U.S.C. 78u-4(b)(3)(B). On July 21, 2008, Defendants Jiangxi LDK Solar, Xingxue Tong, Qiqiang Yao, Liangbao Zhu's, Yonggang Shao, and Gang Wang filed a motion to dismiss Lead Plaintiff's Complaint pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6). That Motion is scheduled for hearing on September 18, 2008, and thus, at a minimum, will not be resolved until that date.

2. Defendants object to the Requests to the extent they call for information and/or documents that are protected by the attorney-client privilege and the attorney work product doctrine. Defendants' objections on these grounds include, but are not limited to, Requests seeking: (a) privileged communications between the Special Committee's outside counsel, Simpson, Thacher & Bartlett, and its client, the special committee of LDK's Audit Committee's (the "Special Committee"), and (b) records collected, reviewed, prepared and/or created by Simpson Thacher and the Special Committee in connection with the LDK internal investigation – *i.e.*, materials that inherently reflect the attorneys' mental impressions, judgments, and analysis of issues as part of the investigation. Defendants will not produce any such materials.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SILICON VALLEY

1

RESP. TO PLAINTIFF'S FIRST REQ. FOR PROD. OF DOCS TO
DEFENDANTS SOLAR CO, SOLAR USA, X. PENG AND J. LAI
MASTER FILE NO. C-07-5182-WHA

3. Defendants object to the Requests on the grounds that they are overly broad, unduly burdensome, and seek the production of documents that are neither relevant to the parties' claims or defenses in this action nor reasonably calculated to lead to the discovery of admissible evidence. Defendants' objections on these grounds include, but are not limited to the impropriety of Instruction No. 1, calling for "responsive Documents that were created, modified or reviewed on or after June 1, 2004." This time period commences three-years before any of the alleged misconduct purportedly occurred, three years before LDK became a public company, and two years before LDK even began operations as a non-public entity.

4. Defendants object to the Requests to the extent they impinge on constitutional, statutory or common law protected rights of privacy.

5. Defendants object to the Requests to the extent they seek disclosure of information and/or documents containing proprietary, confidential, and/or commercially sensitive business information, and declines to provide any such information and/or documents on the grounds that it could subject Defendants to competitive disadvantage or business injury or violate confidentiality agreements or the privacy interests of third parties.

6. Defendants object to the production of any documents in the absence of an appropriate confidentiality order. Defendants' production of responsive documents, if any, is contingent upon the entry of such an order, and Defendants' agreement to any terms thereof.

7. Defendants object to the Requests and their Instructions to the extent they seek to impose obligations different from, or in excess of, those created by the Federal Rules of Civil Procedure or the Local Rules of the U.S. District Court for the Northern District of California. Defendants' responses are made pursuant to, and as limited by, such rules. Defendants' objection on this ground include, but are not limited to, Instruction Nos. 3-15, which impose obligations on Defendants far beyond those established by the applicable rules governing discovery. For instance, Defendants are under no obligation, solely to save Plaintiff time and expense, to incur the burden of de-duplicating every document produced (if any) in response to Plaintiff's Requests. See Instruction No. 14. Nor do the relevant discovery rules impose upon Defendants an obligation to produce non-responsive documents, or review admittedly non-

LATHAM&WATKINS
ATTORNEYS AT LAW
SILICON VALLEY

2

RESP. TO PLAINTIFF'S FIRST REQ. FOR PROD. OF DOCS TO
DEFENDANTS SOLAR CO, SOLAR USA, X. PENG AND J. LAI
MASTER FILE NO. C-07-5182-WHA

responsive documents to ascertain if there happens to be any reference to a responsive document. See Instruction No. 3.

       8.      Defendants object to the Requests to the extent they are vague, ambiguous and fail to describe the documents requested with reasonable particularity.

       9.      Defendants object to the Requests to the extent that they seek documents that are and/or have been in Plaintiffs' possession, custody, or control or are publicly available or obtainable from some other source that is more convenient, less burdensome, or less expensive.

      10.     Defendants object to the definition of "You" and "Your" on the grounds that such definition is overly broad and unduly burdensome to the extent it seeks to include all of Defendants' "counsel, representatives, agents, contractors, successors, or predecessors subsidiaries, affiliates, employees, servants, investigators and consultants." Defendants will interpret the terms "You" and "Your" to refer to only the Defendants named in Plaintiff's Complaint.

These General Objections are specifically incorporated by reference as though fully set forth in each response to the Requests below. Subject to and without waiving these General Objections, Defendants responds to each request as follows:

## RESPONSES TO DOCUMENT REQUESTS

**DOCUMENT REQUEST NO. 1**

All reports, including all annexes and attachments, and any other documents or Electronically Stored Information evidencing the findings of any investigation or inquiry, whether conducted by LDK employees or by others, into any type of possible wrongdoing whatsoever by LDK relating to the subject matter of this litigation, or by any of its current or former directors, officers, employees or agents. This request encompasses, but is not limited to both informal and formal investigations and inquiries and formal and informal reports of the findings of such investigations or inquiries, including notes and other records of oral presentations that set forth such findings.

**RESPONSE TO DOCUMENT REQUEST NO. 1**

Defendants incorporate by reference their General Objections as though fully set forth

LATHAM&WATKINS<sup>LLP</sup>
ATTORNEYS AT LAW
SILICON VALLEY

3

RESP. TO PLAINTIFF'S FIRST REQ. FOR PROD. OF DOCS TO DEFENDANTS SOLAR CO, SOLAR USA, X. PENG AND J. LAI
MASTER FILE NO. C-07-5182-WHA

1  herein. As set forth more fully in General Objection Nos. 1-3, Defendants object to Request No.
2  1 on the grounds that it: (a) is premature and improper because it is in direct contravention of the
3  PSLRA's mandatory discovery stay, (b) calls for information and/or documents that are
4  protected by the attorney-client privilege and the attorney work product doctrine, and (c) is
5  overly broad, unduly burdensome, and seeks irrelevant documents during a time frame spanning
6  the three years prior to the commencement of the alleged Class Period in this case. Defendants'
7  July 21, 2008 Motion for Stay and August 21, 2008 Motion for Protective Order are pending,
8  and therefore Defendants have not endeavored to ascertain whether any responsive, non-
9  privileged documents exist in response to Request No. 1.

10 **DOCUMENT REQUEST NO. 2**
11       All documents setting forth the scope of any investigation or inquiry, whether conducted
12 by LDK employees or by others, into any type of possible wrongdoing whatsoever by LDK
13 relating to the subject matter of this litigation, or by any of it current or former directors, officers,
14 employees or agents. This request encompasses, but is not limited to any retainer or similar
15 agreement between LDK and any person charged with conducting such an investigation.
16 **RESPONSE TO DOCUMENT REQUEST NO. 2**
17       Defendants incorporate by reference their General Objections as though fully set forth
18 herein. As set forth more fully in General Objection Nos. 1-3, Defendants object to Request No.
19 2 on the grounds that it: (a) is premature and improper because it is in direct contravention of the
20 PSLRA's mandatory discovery stay, (b) calls for information and/or documents that are
21 protected by the attorney-client privilege and the attorney work product doctrine, and (c) is
22 overly broad, unduly burdensome, and seeks irrelevant documents during a time frame spanning
23 the three years prior to the commencement of the alleged Class Period in this case. Defendants'
24 July 21, 2008 Motion for Stay and August 21, 2008 Motion for Protective Order are pending,
25 and therefore Defendants have not endeavored to ascertain whether any responsive, non-
26 privileged documents exist in response to Request No. 2.
27 **DOCUMENT REQUEST NO. 3**
28       All documents or electronically stored information collected or reviewed in the course of

LATHAM&WATKINS
ATTORNEYS AT LAW
SILICON VALLEY

4

RESP. TO PLAINTIFF'S FIRST REQ. FOR PROD. OF DOCS TO
DEFENDANTS SOLAR CO, SOLAR USA, X. PENG AND J. LAI
MASTER FILE NO. C-07-5182-WHA

any investigation or inquiry, whether conducted by LDK employees or by others, into any type of possible wrongdoing whatsoever by LDK relating to the subject matter of this litigation, or by any of it current or former directors, officers, employees or agents.

**RESPONSE TO DOCUMENT REQUEST NO. 3**

Defendants incorporate by reference their General Objections as though fully set forth herein. As set forth more fully in General Objection Nos. 1-3, Defendants object to Request No. 3 on the grounds that it: (a) is premature and improper because it is in direct contravention of the PSLRA's mandatory discovery stay, (b) calls for information and/or documents that are protected by the attorney-client privilege and the attorney work product doctrine, and (c) is overly broad, unduly burdensome, and seeks irrelevant documents during a time frame spanning the three years prior to the commencement of the alleged Class Period in this case. Defendants' July 21, 2008 Motion for Stay and August 21, 2008 Motion for Protective Order are pending, and therefore Defendants have not endeavored to ascertain whether any responsive, non-privileged documents exist in response to Request No. 3.

**DOCUMENT REQUEST NO. 4**

All documents provided by LDK to any government agency, quasi-government agency or regulatory or judicial entity of any type in connection with any investigation by any such entity relating to the subject matter of this litigation.

**RESPONSE TO DOCUMENT REQUEST NO. 4**

Defendants incorporate by reference their General Objections as though fully set forth herein. As set forth more fully in General Objection Nos. 1 and 3, Defendants object to Request No. 4 on the grounds that it: (a) is premature and improper because it is in direct contravention of the PSLRA's mandatory discovery stay, (b) calls for information and/or documents that are protected by the attorney-client privilege and the attorney work product doctrine, and (c) is overly broad, unduly burdensome, and seeks irrelevant documents during a time frame spanning the three years prior to the commencement of the alleged Class Period in this case. Defendants' July 21, 2008 Motion for Stay and August 21, 2008 Motion for Protective Order are pending, and therefore Defendants have not endeavored to ascertain whether any responsive, non-

LATHAM&WATKINS
ATTORNEYS AT LAW
SILICON VALLEY

5

RESP. TO PLAINTIFF'S FIRST REQ. FOR PROD. OF DOCS TO
DEFENDANTS SOLAR CO, SOLAR USA, X. PENG AND J. LAI
MASTER FILE NO. C-07-5182-WHA

1  privileged documents exist in response to Request No. 4.

2  **DOCUMENT REQUEST NO. 5**

3       All minutes of all meetings of LDK's board of Directors and of its subcommittees.

4  **RESPONSE TO DOCUMENT REQUEST NO. 5**

5       Defendants incorporate by reference their General Objections as though fully set forth
6  herein. Defendants incorporate by reference their General Objections as though fully set forth
7  herein. As set forth more fully in General Objection Nos. 1 and 3, Defendants object to Request
8  No. 5on the grounds that it: (a) is premature and improper because it is in direct contravention of
9  the PSLRA's mandatory discovery stay, (b) calls for information and/or documents that are
10 protected by the attorney-client privilege and the attorney work product doctrine, and (c) is
11 overly broad, unduly burdensome, and seeks irrelevant documents during a time frame spanning
12 the three years prior to the commencement of the alleged Class Period in this case. Defendants'
13 July 21, 2008 Motion for Stay and August 21, 2008 Motion for Protective Order are pending,
14 and therefore Defendants have not endeavored to ascertain whether any responsive, non-
15 privileged documents exist in response to Request No. 5

16 **DOCUMENT REQUEST NO. 6**

17      All briefing materials prepared for any LDK director in preparation for any meeting of
18 LDK's board of Directors or any of its subcommittees.

19 **RESPONSE TO DOCUMENT REQUEST NO. 6**

20      Defendants incorporate by reference their General Objections as though fully set forth
21 herein. As set forth more fully in General Objection Nos. 1 and 3, Defendants object to Request
22 No. 6 on the grounds that it: (a) is premature and improper because it is in direct contravention
23 of the PSLRA's mandatory discovery stay, (b) calls for information and/or documents that are
24 protected by the attorney-client privilege and the attorney work product doctrine, and (c) is
25 overly broad, unduly burdensome, and seeks irrelevant documents during a time frame spanning
26 the three years prior to the commencement of the alleged Class Period in this case. Defendants'
27 July 21, 2008 Motion for Stay and August 21, 2008 Motion for Protective Order are pending,
28 and therefore Defendants have not endeavored to ascertain whether any responsive, non-

LATHAM○WATKINS
ATTORNEYS AT LAW
SILICON VALLEY

6

RESP. TO PLAINTIFF'S FIRST REQ. FOR PROD. OF DOCS TO
DEFENDANTS SOLAR CO, SOLAR USA, X. PENG AND J. LAI
MASTER FILE NO. C-07-5182-WHA

1 privileged documents exist in response to Request No. 6.

2 **DOCUMENT REQUEST NO. 7**

3    Documents sufficient to show LDK's current document retention policy and any previous
4 policy.

5 **RESPONSE TO DOCUMENT REQUEST NO. 7**

6    Defendants incorporate by reference their General Objections as though fully set forth
7 herein. As set forth more fully in General Objection Nos. 1 and 3, Defendants object to Request
8 No. 7 on the grounds that it: (a) is premature and improper because it is in direct contravention
9 of the PSLRA's mandatory discovery stay, (b) calls for information and/or documents that are
10 protected by the attorney-client privilege and the attorney work product doctrine, and (c) is
11 overly broad, unduly burdensome, and seeks irrelevant documents during a time frame spanning
12 the three years prior to the commencement of the alleged Class Period in this case. Defendants'
13 July 21, 2008 Motion for Stay and August 21, 2008 Motion for Protective Order are pending,
14 and therefore Defendants have not endeavored to ascertain whether any responsive, non-
15 privileged documents exist in response to Request No. 7.

16 **DOCUMENT REQUEST NO. 8**

17    All personnel records of Charley Situ.

18 **RESPONSE TO DOCUMENT REQUEST NO. 8**

19    Defendants incorporate by reference their General Objections as though fully set forth
20 herein. As set forth more fully in General Objection Nos. 1 and 3, Defendants object to Request
21 No. 8 on the grounds that it: (a) is premature and improper because it is in direct contravention
22 of the PSLRA's mandatory discovery stay, (b) calls for information and/or documents that are
23 protected by the attorney-client privilege and the attorney work product doctrine, and (c) is
24 overly broad, unduly burdensome, and seeks irrelevant documents during a time frame spanning
25 the three years prior to the commencement of the alleged Class Period in this case. Defendants'
26 July 21, 2008 Motion for Stay and August 21, 2008 Motion for Protective Order are pending,
27 and therefore Defendants have not endeavored to ascertain whether any responsive, non-
28 privileged documents exist in response to Request No. 8.

LATHAM&WATKINS
ATTORNEYS AT LAW
SILICON VALLEY

7

RESP. TO PLAINTIFF'S FIRST REQ. FOR PROD. OF DOCS TO
DEFENDANTS SOLAR CO, SOLAR USA, X. PENG AND J. LAI
MASTER FILE NO. C-07-5182-WHA

**DOCUMENT REQUEST NO. 9**

All communication with any person outside LDK with respect to any investigation that occurred all, or in part on or after June 1, 2007 which investigation did or was meant to provide LDK or any of its officers, directors or employees with information about Charley Situ.

**RESPONSE TO DOCUMENT REQUEST NO. 9**

Defendants incorporate by reference their General Objections as though fully set forth herein. As set forth more fully in General Objection Nos. 1 and 3, Defendants object to Request No. 9 on the grounds that it: (a) is premature and improper because it is in direct contravention of the PSLRA's mandatory discovery stay, (b) calls for information and/or documents that are protected by the attorney-client privilege and the attorney work product doctrine, and (c) is overly broad, unduly burdensome, and seeks irrelevant documents during a time frame spanning the three years prior to the commencement of the alleged Class Period in this case. Defendants' July 21, 2008 Motion for Stay and August 21, 2008 Motion for Protective Order are pending, and therefore Defendants have not endeavored to ascertain whether any responsive, non-privileged documents exist in response to Request No. 9.

**DOCUMENT REQUEST NO. 10**

Documents sufficient to show the current holdings of any LDK securities and all prior transactions in such securities by each Defendant, their immediate families or any entity controlled by a Defendant or his immediate family.

**RESPONSE TO DOCUMENT REQUEST NO. 10**

Defendants incorporate by reference their General Objections as though fully set forth herein. As set forth more fully in General Objection Nos. 1 and 3, Defendants object to Request No. 10 on the grounds that it: (a) is premature and improper because it is in direct contravention of the PSLRA's mandatory discovery stay, (b) calls for information and/or documents that are protected by the attorney-client privilege and the attorney work product doctrine, and (c) is overly broad, unduly burdensome, and seeks irrelevant documents during a time frame spanning the three years prior to the commencement of the alleged Class Period in this case. Defendants' July 21, 2008 Motion for Stay and August 21, 2008 Motion for Protective Order are pending,

LATHAM&WATKINS
ATTORNEYS AT LAW
SILICON VALLEY

8

RESP. TO PLAINTIFF'S FIRST REQ. FOR PROD. OF DOCS TO
DEFENDANTS SOLAR CO, SOLAR USA, X. PENG AND J. LAI
MASTER FILE NO. C-07-5182-WHA

and therefore Defendants have not endeavored to ascertain whether any responsive, non-privileged documents exist in response to Request No. 10.

**DOCUMENT REQUEST NO. 11**

Documents sufficient to identify the actual owners of LDK New Energy Holding LTD and the percentage of ownership of each such owner.

**RESPONSE TO DOCUMENT REQUEST NO. 11**

Defendants incorporate by reference their General Objections as though fully set forth herein. As set forth more fully in General Objection Nos. 1 and 3, Defendants object to Request No. 11 on the grounds that it: (a) is premature and improper because it is in direct contravention of the PSLRA's mandatory discovery stay, (b) calls for information and/or documents that are protected by the attorney-client privilege and the attorney work product doctrine, and (c) is overly broad, unduly burdensome, and seeks irrelevant documents during a time frame spanning the three years prior to the commencement of the alleged Class Period in this case. Defendants' July 21, 2008 Motion for Stay and August 21, 2008 Motion for Protective Order are pending, and therefore Defendants have not endeavored to ascertain whether any responsive, non-privileged documents exist in response to Request No. 11.

Dated: August 21, 2008

LATHAM & WATKINS LLP
James J. Farrell
Philip J. Wang
Ramond A. Gallenberg

By: /s/ Ramond A. Gallenberg
Ramond A. Gallenberg
Attorneys for Defendants

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SILICON VALLEY

9

RESP. TO PLAINTIFF'S FIRST REQ. FOR PROD. OF DOCS TO DEFENDANTS SOLAR CO, SOLAR USA, X. PENG AND J. LAI
MASTER FILE NO. C-07-5182-WHA

# PROOF OF SERVICE

I am employed in the County of San Mateo, State of California. I am over the age of 18 years and not a party to this action. My business address is Latham & Watkins LLP, 140 Scott Drive, Menlo Park, CA 94025.

On **August 21, 2008**, I served the following document described as:

**RESPONSE TO LEAD PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS LDK SOLAR CO., LTD., LDK SOLAR USA, INC., XIAOFENG PENG AND JACK LAI**

by serving a true copy of the above-described document in the following manner:

## BY ELECTRONIC MAIL

I am familiar with the office practice of Latham & Watkins LLP sending electronic mail. Under that practice, documents are transmitted by Latham & Watkins LLP personnel addressed as set forth below in accordance with the office practice of Latham & Watkins LLP for sending electronic documents over the internet *and*

## BY U.S. MAIL

I am familiar with the office practice of Latham & Watkins LLP for collecting and processing documents for mailing with the United States Postal Service. Under that practice, documents are deposited with the Latham & Watkins LLP personnel responsible for depositing documents with the United States Postal Service; such documents are delivered to the United States Postal Service on that same day in the ordinary course of business, with postage thereon fully prepaid. I deposited in Latham & Watkins LLP' interoffice mail a sealed envelope or package containing the above-described document and addressed as set forth below in accordance with the office practice of Latham & Watkins LLP for collecting and processing documents for mailing with the United States Postal Service.

Matthew B. Kaplan
COHEN MILSTEIN HAUSFELD & TOLL, P.L.L.C.
1100 New York Avenue, N.W.
Suite 500, West Tower
Washington, D.C. 20005
Email: mkaplan@cmht.com

I declare that I am employed in the office of a member of the Bar of, or permitted to practice before, this Court at whose direction the service was made and declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on **August 21, 2008**, at Menlo Park, California.

*/s/ Maria E. Solis*
Maria E. Solis