LATHAM & WATKINS LLP
   James J. Farrell (Bar No. 166595)
   james.farrell@lw.com
355 South Grand Avenue
Los Angeles, California  90071-1560
Telephone:  (213) 485-1234
Facsimile:  (213) 891-8763

LATHAM & WATKINS LLP
   Philip J. Wang (Bar No. 218349)
   philip.wang@lw.com
   Raymond A. Gallenberg (Bar No. 239484)
   ray.gallenberg@lw.com
140 Scott Drive
Menlo Park, California  94025
Telephone:  (650) 328-4600
Facsimile:  (650) 463-2600

Attorneys for Defendants LDK Solar Co., Ltd., LDK Solar USA, Inc., Xiaofeng Peng, Jack Lai, Jiangxi LDK Solar, Xingxue Tong, Qiqiang Yao, Liangbao Zhu, Yonggang Shao, and Gang Wang

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re LDK SOLAR SECURITIES LITIGATION<br><br>This Document Relates To:<br><br>ALL ACTIONS. | MASTER FILE NO. C-07-05182-WHA<br><br>**REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO STAY DISCOVERY**<br><br>Judge:    Hon. William H. Alsup<br>Date:     September 18, 2008<br>Time:     8:00 a.m.<br>Courtroom: 9, 19th Floor |

# REPLY MEMORANDUM OF POINTS AND AUTHORITIES

## I. PRELIMINARY STATEMENT

Plaintiff is under the misimpression that a "discovery is inevitable" exception exists under the Private Securities Litigation Reform Act's ("PSLRA" or "Reform Act") mandatory stay. See Opp. to Defs.' Mot. to Stay ("Opp.") at 1. There is no such exception, and Plaintiff makes only a halfhearted, and ultimately unsatisfactory, effort to satisfy the two actual exceptions set forth in the PSLRA. Plaintiff's position that full-blown discovery should proceed now runs directly contrary to the plain language of the Reform Act. 15 U.S.C. § 78u-4(b)(3)(B) (requiring a stay of "all discovery and other proceedings" while "any motion to dismiss" remains outstanding) (emphasis added). Thus, Plaintiff's attempt to subvert the PSLRA stay by prematurely demanding merits-based discovery should be denied.

Plaintiff relies almost exclusively on a District of Massachusetts case, In re Lernout & Hauspie Sec. Litig., 214 F. Supp. 2d 100, 105 (D. Mass. 2002), to support his untimely discovery. In addition to being factually distinguishable, this case goes against the great weight of authority holding that the discovery stay language of the PSLRA is unambiguous, even when claims will ultimately proceed against certain defendants. See, e.g., Sedona Corp. v. Ladenburg Thalmann & Co., No. 03 Civ. 3120 (LTS) (THK), 2005 U.S. Dist. LEXIS 23905, at *9-10 (S.D.N.Y. Oct. 14, 2005) ("Other courts do not appear to have been troubled by any ambiguity in the statute, and have concluded both that the stay applies to successive motions to dismiss, and that discovery should be stayed as to all defendants, even though motions to dismiss were filed by only some of the defendants."); In re Lantronix, Inc. Sec. Litig., No. CV 02-03899 PA, 2003 U.S. Dist. LEXIS 19593, at *5-6 (C.D. Cal. Sept. 26, 2003) (rejecting plaintiff's request to lift PSLRA stay in light of defendant corporation's concession of portion of plaintiff's Section 10(b) claim and outstanding motions to dismiss filed by remaining defendants); In re CFS-Related Secs. Fraud Litig., 179 F. Supp. 2d 1260, 1263 (N.D. Okla. 2001) (holding that, as long as "any defendant has filed a motion to dismiss claims arising under Chapter 2B of the 1934 Securities Act, the PSLRA stays 'all discovery,' even discovery against answering, non-moving defendants").

1         Plaintiff also asserts that discovery is not stayed under the PSLRA while a motion to reconsider the denial of a motion to dismiss is pending. However, he cites nothing to support this theory, which also runs contrary to the law. See Powers v. Eichen, 961 F. Supp. 233, 235-36 (S.D. Cal. 1997) (holding the PSLRA stay remains in force during any motion for reconsideration). This position lacks any merit whatsoever.

        Finally, Plaintiff claims "good cause" exists for the Court to allow his premature, merits-based discovery under the two existing exceptions to the mandatory PSLRA stay. This argument is also flatly wrong. The PSLRA grants courts the power to lift the automatic stay and allow particularized discovery in only two exceptional situations – to preserve evidence or to prevent undue hardship (15 U.S.C. § 78u-4(b)(3)(B)) – neither of which apply here. Indeed, contrary to the requirements of the PSLRA, Plaintiff failed even to seek relief from the PSLRA stay for any discovery under these provisions, let alone particularized discovery.

        In short, Plaintiff's claim that "discovery will eventually occur" (Opp. at 2) has no bearing on the PSLRA's mandatory discovery stay. The Court should disregard Plaintiff's hyperbole that a continued stay would create "Kafkaesque consequences" here (id.), as no efficiencies or savings will result from requiring piecemeal discovery now, and then allowing the same discovery against the later-served Defendants should they remain in the case. For these reasons, the Court should grant the Defendants' Motion, and prevent Plaintiff from seeking general discovery until the sufficiency of the pleadings is settled.

## II. ARGUMENT

### A. The PSLRA Mandates That All Discovery Remain Stayed During The Pendency Of Any Motion To Dismiss

        Plaintiff's attempt to interpret the mandatory discovery stay provision out of the PSLRA has no basis in the law. Plaintiff takes the novel approach of asking the Court to ignore the language of the statute, which he admits is "not unreasonable" if "looked at in isolation." Opp. at 2. Yet Plaintiff points to no other language that modifies or restricts the clear intent of Congress to prohibit merits-based discovery until the pleadings have been settled. See S. Rep. No. 104-98, at 14 (1995), 1995 U.S.C.C.A.N. 693 ("[D]iscovery should be permitted in

securities class actions only after the court has sustained the legal sufficiency of the complaint."); cf. Good Samaritan Hospital v. Shalala, 508 U.S. 402, 409 (1993) ("The starting point in interpreting a statute is its language, for if the intent of Congress is clear, that is the end of the matter."); Lewis v. McAdam, 762 F.2d 800, 804 (9th Cir. 1985) (same). The PSLRA states, unequivocally, that <u>all</u> discovery and <u>all</u> other proceedings must be stayed pending <u>any</u> motion to dismiss:

> In any private action arising under [the Exchange Act], <u>all discovery and other proceedings</u> shall be stayed during the pendency of <u>any motion to dismiss</u>, unless the court finds upon the motion of any party that particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that party.

15 U.S.C. § 78u-4(b)(3)(B) (emphasis added). And, for the most part, courts have concluded that by "any motion to dismiss," Congress intended the stay to apply even when the litigation will ultimately advance as to some defendants. See, e.g., Sedona, 2005 U.S. Dist. LEXIS 23905, at *9-10; In re Lantronix, 2003 U.S. Dist. LEXIS 19593, at *5-6; In re CFS, 179 F. Supp. 2d at 1263.[1]

Plaintiff asks the Court to permit discovery based almost exclusively on a District of Massachusetts case, Lernout & Hauspie Sec. Litig., 214 F. Supp. 2d 100 (D. Mass. 2002). But the reasoning behind the Lernout court's holding is inapplicable to the facts here. In Lernout, the court was concerned that permitting defendants to "indefinitely renew the stay simply by filing successive motions to dismiss would be to invite abuse." Id. at 109. This concern is not present in this case. Here, the Court clearly anticipated the pending motion to dismiss in its May 29, 2008, Order, stating: "[C]laims against these remaining defendants will be addressed at a later time." In re LDK Solar Sec. Litig., No. C 07-05182 WHA, 2008 U.S. Dist. LEXIS 42425, at *51 (N.D. Cal. May 29, 2008). Plaintiff's attempt to apply Lernout's rationale to the facts of this case by claiming that the pending motion to dismiss constitutes some sort of gamesmanship (Opp. at 4), does not hold water. Plaintiff served a number of the Defendants later than the rest,

---

[1] Plaintiff attempts to distinguish Sedona by dismissing it as an unpublished decision from a magistrate judge. See Opp. at 3. But this ignores the well-reasoned decision by Magistrate Katz, which is directly on point and amply supported by the great weight of authority (as the decision itself indicates). Sedona, 2005 U.S. Dist. LEXIS 23905, at *9-10.

and as a result, the Court postponed its determination of the sufficiency of Plaintiff's Complaint against the unserved Defendants. A second, separate motion to dismiss was necessary and proper here, and did not involve any abuse of the PSLRA stay.[2] In fact, Plaintiff's suggestion that Defendants' second motion is merely "a delaying tactic" (Opp. at 4) is belied by the fact that, in response, Plaintiff gave up on all claims against one Defendant (Jiangxi LDK Solar) and dismissed his Section 10(b) claims against two others (Yonggang Shao and Gang Wang). See Opp. to Moving Defs.' Mot. to Dismiss at 1.

In an exercise of epic overstatement, Plaintiff also claims that requiring him to comply with the PSLRA discovery stay would result in "Kafkaesque" consequences. Opp. at 2. Far from "having a nightmarishly complex, bizarre, or illogical quality" (Merriam-Webster Online Dictionary (2008)), however, the PSLRA's stay would allow discovery to proceed against all Defendants together in mere weeks (in the event this Court even allows claims to proceed against the belatedly-served Defendants). In contrast, Plaintiff's proposal – requiring the moving Defendants and non-moving Defendants (and their counsel) to incur the time and expense of responding to the same document requests twice – would be inefficient and illogical.

Indeed, nothing exposes the inefficient and harassing nature of Plaintiff's position more than his demand for immediate discovery without first participating in a Rule 26(f) conference. Opp. at 6. This Rule requires the parties to attempt in good faith to agree to a proposed discovery plan and submit it to the Court, thereby streamlining the discovery process and eliminating any uncertainty. See Fed. R. Civ. P. 26(f) and Advisory Committee Notes ("ACN") (1993 Am.). The 2006 amendments to Rule 26(f) specifically require the parties to discuss electronic document preservation and discovery to avoid future disputes. Id., ACN (2006 Am.). Plaintiff has no interest in hashing out this important issue. Instead, Plaintiff demanded

---

[2] Plaintiff's reliance on In re Salomon Analyst Litig., 373 F. Supp. 2d 252 (S.D.N.Y. 2005), is also misplaced. See Opp. at 4. As an initial matter, Plaintiff fails to note that, while the court disagreed that a continued PSLRA stay "automatically" applies, it nevertheless exercised its discretion to continue the stay based on an outstanding, successive motion to dismiss by the same defendants. In re Salomon, 373 F. Supp. 2d at 256. In reaching its decision, the court did not consider any of the probative case law provided by Defendants here. Id. at 255. In any event, the facts there were different: the case did not involve a situation like the one here (and in In re Lantronix), where motions to dismiss by other defendants remained outstanding. Id.

1   electronic discovery immediately, in a format suitable only to him and far in excess of the

2   obligations imposed by the applicable discovery rules.[3]  Plaintiff's circular claim that Defendants

3   refused to participate in a Rule 26(f) conference, when it is Defendants' position that the PSLRA

4   stays "all discovery and other proceedings," also fails on its very terms.

5         Plaintiff's argument that the PSLRA stay should not apply is unsupported by the law, and

6   makes little sense under the facts of this case.  Thus, the Court should grant Defendants' Motion.

      **B.    The PSLRA's Automatic Discovery Stay Applies While A Motion For Reconsideration Is Pending**

9         Citing no authority, Plaintiff claims that Defendants "wrongly insist that discovery is also

10  stayed while any motion to reconsider the denial of a motion to dismiss is pending." Opp. at 4.

11  As explained by the court in Powers, however, Plaintiff's position is erroneous. 961 F. Supp. at

12  235-36 (holding that the term "pendency" in section 21D(b)(3)(B) must be read to include a

13  district court's reconsideration of its ruling on a motion to dismiss).  As the Powers court noted:

14  "[D]iscovery should be permitted in securities class actions only after the court has sustained the

15  legal sufficiency of the complaint," including a request for reconsideration of any motion

16  challenging that sufficiency.  Id.

17        To rebut this authority, Plaintiff states merely that "in his opinion Magistrate Judge

18  Battaglia cites no case to support this proposition." Opp. at 5.  This observation does not reduce

19  the precedential value of this decision.  Nor does it address the ample other authority provided by

20  Defendants. See Defs.' Mot. at 7.[4]  Because Plaintiff can cite no authority to the contrary, he

---

[3] Compare Declaration of Raymond A. Gallenberg In Support of Defendants' Motion to Stay ("Gallenberg Decl."), Ex. A at 2-6 (setting forth convoluted instructions for Defendants' review, formatting, and production of electronic data) with Fed. R. Civ. P. 26(f), ACN (2006 Am.) ("Early discussion of the forms of [electronic] production may facilitate the application of Rule 34(b) by allowing the parties to determine what forms of production will meet both parties' needs.").

[4] Plaintiff notes that the district court's ruling in Hockey v. Medhekar, 932 F. Supp. 249 (N.D. Cal. 1996), was vacated by the Ninth Circuit in Medhekar v. United States Dist. Ct., 99 F.3d 325 (9th Cir. Cal. 1996).  Defendants presented this case to illustrate only that the court stayed all discovery while a motion for reconsideration was pending.  In any event, Plaintiff's reference to the Ninth Circuit's opinion in Medhekar only serves to support the prophylactic nature of the mandatory PSLRA discovery stay. Id. at 328-29 (holding Rule 26(a) initial disclosures constitute "discovery" or "other proceedings" under the PSLRA, and therefore must be stayed pending the disposition of a motion to dismiss).

1  instead argues that "[t]here is no reason to adopt an interpretation of the stay provision that is not
2  required by its plain language." Opp. at 5. A mere couple of pages prior, however, Plaintiff
3  argues that the Court need not be overly concerned with the language of the statute. <u>Id.</u> at 2.
4  Plaintiff cannot have it both ways. In any event, the PSLRA stay is required by the PSLRA's
5  plain language because the term "pendency" encompasses a court's reconsideration of a ruling
6  on a motion to dismiss. <u>Powers</u>, 961 F. Supp. at 935-36.

### C. No Exception To The Mandatory Stay Exists Here

The PSLRA allows this Court to lift the stay and allow "<u>particularized</u> discovery" in only two "exceptional circumstances": when it is necessary to preserve evidence or prevent undue hardship. <u>Powers</u>, 961 F. Supp. at 236 (citing S. Rep. 104-98, 1995 WL 37283 (Leg. Hist.), at 14); 15 U.S.C. § 78u-4(b)(3)(B). Plaintiff argues that "good cause" exists for the Court to exercise its discretion and lift the stay under one or both of these exceptions. Opp. at 5-6. But the arguments advanced by Plaintiff are light years away from such a showing.

As an initial matter, Plaintiff has not brought a motion to lift the PSLRA stay, and therefore has not complied with the statute. 15 U.S.C. § 78u-4(b)(3)(B) (requiring a "motion of any party" to seek particularized discovery). Nor does Plaintiff seek the permitted "particularized" discovery under the PSLRA. <u>Id.</u> Instead, he seeks full-blown discovery on the merits, demanding any and all documents having anything to do with the alleged wrongdoing at LDK and/or any investigation into the alleged wrongdoing, reaching back to June 1, 2004 – far before any of the events at issue. <u>See</u> Gallenberg Decl., Ex. A. This exceedingly broad discovery is not the type of "particularized discovery" Congress contemplated when drafting the two, narrow exceptions to the PSLRA stay.

#### 1. <u>Plaintiff Cannot Show He Will Suffer Any Undue Hardship</u>

Even if he had sought relief according to the terms of the statute, Plaintiff's claims lack merit. Plaintiff principally argues that lifting the discovery stay as to some Defendants will not cause the unnecessary imposition of discovery costs. Opp. at 3. But this is merely another way of phrasing a "discovery is inevitable" exception, which Plaintiff attempts to read into the PSLRA. <u>Id.</u> at 1-3. This exception does not exist, and thus, Plaintiff's argument is irrelevant.

Moreover, merely stating that Defendants will not incur additional costs, even if true, does not amount to a showing of "undue hardship" as to Plaintiff, as required by the PSLRA.

Plaintiff also claims that discovery has been delayed for nearly a year, and the risk he "will be substantially prejudiced by further delay is significant." Id. at 6. But one of the main goals of the PSLRA is to defer discovery until the pleadings are settled. The Securities Subcommittee recognized that motions to dismiss "may remain pending for a period of time." See Powers, 961 F. Supp. at 236. Maintaining the stay until all motions are resolved negates precisely the same inefficiencies Plaintiff seeks to impose by his piecemeal discovery approach.

Finally, Plaintiff's claim of prejudice ignores that the pending motion to dismiss will be heard by the Court on September 18, 2008, the same day that a hearing on this Motion will be heard. Given that Congress understood that the stay provision would – in many instances – significantly delay discovery, it seems highly implausible that a delay of a few weeks would constitute the kind of "exceptional circumstance where particularized discovery is necessary . . . to prevent undue prejudice to a party." Powers, 961 F. Supp. at 236. Plaintiff's Opposition offers no logical reason why Plaintiff will suffer "undue hardship" if discovery is suspended for a few weeks.

### 2. **Plaintiff Cannot Show That Any Preservation Concerns Exist**

Plaintiff also fails to make any showing that document preservation concerns exist here. Plaintiff claims that any further delay will hamper discovery, because memories will "grow stale" and documents will be "misplaced or destroyed." Opp. at 6. Plaintiff's speculation regarding fading memories is irrelevant, as he issued only a request for production of documents from the non-moving Defendants. Gallenberg Decl., Ex A. Similarly, Plaintiff's conjecture that documents will be "misplaced or destroyed" is unfounded. In support of this argument, Plaintiff filed supplemental materials on August 26, 2008 ("Opp. Supp."), claiming that "there is reason to believe that discovery materials may not be adequately preserved." Opp. Supp. at 1. The source of this claim is Defendants' August 21, 2008 response to Plaintiffs' discovery ("Response"), which states only that, because of the PSLRA stay, Defendants "have not endeavored to ascertain whether any responsive, nonprivileged documents exist" in response to

each, specific request. Opp. Supp. at 1. The claim that Defendants have illegally permitted the spoliation of documents – based solely on speculation – is nothing more than an unseemly attempt to cast aspersions on Defendants.

The PSLRA mandates that all parties preserve documents during the mandatory stay. See 15 U.S.C. § 78u-4(b)(3)(C) (stating that during the pendency of any discovery stay, parties must treat all documents as if they were the subject of a continuing request for production of documents). This provision is designed to address this very issue. See Powers, 961 F. Supp. at 236 ("To avoid the loss of relevant evidence that might occur while a motion to dismiss is pending, provisions were added to the Reform Act which make it illegal for any party who receives actual notice of the litigation to destroy or alter evidence."). Plaintiff's claim that he will be prejudiced because documents are in China, "where their custodian may not understand or care about U.S. document preservation rules" (Opp. at 6), stretches the bounds of professionalism. Defendants and their counsel are perfectly able to read and abide by the PSLRA and its mandate to preserve documents.

Defendants have, in fact, preserved documents in accordance with the PSLRA. Nothing in Defendants' Response can reasonably be read to suggest otherwise. Setting aside Plaintiff's unfortunate finger pointing for a moment, it is crystal clear that the document preservation required by the PSLRA is a far cry from conducting a full-blown document collection, review, and production in response to specific discovery request categories. That said, Defendants merely indicated that they have not taken the latter step of the process in light of the PSLRA discovery stay. As Defendants have made clear, they are happy to participate in discovery at an appropriate time (Mot. at 3), but under the PSLRA, that time is not while motions to dismiss remain outstanding. Indeed, Defendants requested weeks ago that Plaintiff not waste the Courts' time and resources by propounding discovery before it has resolved the pending motion to stay. Gallenberg Decl. Ex. C. While Plaintiff repeatedly asserts that nobody will be prejudiced by their premature discovery, both Defendants and the Court have already been burdened by unnecessary filings like Plaintiff's Opposition Supplement.

Plaintiff's broad, merits-based discovery does not qualify for any exception to the mandatory PSLRA discovery stay. Thus, the Court should not permit it to proceed until the sufficiency of the pleadings are ultimately determined.

**III.  CONCLUSION**

For the foregoing reasons, the Court should grant Defendants' Motion to Stay.[5]

Dated:  September 4, 2008

Respectfully submitted,
LATHAM & WATKINS LLP

By   /s/
      James J. Farrell

---

[5] On August 21, 2008, Defendants' filed a Motion for Protective Order, which fully addresses Plaintiff's arguments in Opposition Section IV.E. As explained in that motion, many of the documents requested by Plaintiff are privileged attorney-client communications and/or protected attorney work product. Plaintiff's suggestion that Defendants are, at this moment, required to locate, collect, review, and identify all privileged documents in response to Plaintiff's specific requests makes little sense given the PSLRA stay on discovery. It is exactly this burden that the discovery stay is aimed at eliminating.