# EXHIBIT C

SIMPSON THACHER & BARTLETT LLP
JAMES G. KREISSMAN (206740)
2550 Hanover Street
Palo Alto, California 94304
Telephone: (650) 251-5000
Facsimile:  (650) 251-5002
jkreissman@stblaw.com

Attorney for Non-party
SIMPSON THACHER & BARTLETT LLP

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In Re LDK SOLAR SEC. LITIG. | Case No. C-7-05182-WHA<br><br>**NON-PARTY SIMPSON THACHER & BARTLETT LLP'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S SUBPOENA** |

Pursuant to Federal Rule of Civil Procedure 45(c)(2)(B), non-party Simpson Thacher & Bartlett LLP ("Simpson Thacher") hereby objects to the Subpoena in a Civil Case (the "Subpoena") served on it by plaintiffs in the above-captioned action.

**PRELIMINARY STATEMENT**

Each of Simpson Thacher's responses is made subject to the General Objections set forth below. These limitations and objections form a part of the response to each and every Request, and are set forth herein to avoid duplication and repetition. Although these General Objections may be specifically referred to in a response, failure to mention a General Objection specifically should not be construed as a waiver of any such objection. Moreover, the assertion of the same, similar, or additional objections in specific responses to Requests does not waive any other of Simpson Thacher's objections as set forth below. Simpson Thacher reserves the right to supplement, amend, or correct any and/or all of their objections and responses.

**GENERAL OBJECTIONS**

The following general responses and objections ("General Objections") are incorporated into each specific response and objection as if fully set forth therein, whether or not referenced explicitly.

1. Simpson Thacher objects to each Request, and each definition and instruction, to the extent it calls for the production of documents subject to the attorney-client, attorney work product, legal-professional, common interest, or other privileges under any and all applicable law. Simpson Thacher was retained by the independent directors of the Audit Committee of LDK Solar Co., Ltd. ("LDK"), Messrs. Louis Hsieh and Bing Xiang, to assist the Audit Committee in its independent investigation into the allegations made by LDK's former employee, Mr. Charley Situ, that LDK incorrectly reported its inventories of silicon feedstock. Any and all documents in Simpson Thacher's possession relating to that investigation are protected from disclosure by the attorney-client and work product privileges. To the extent that any document that is properly the subject of such privilege(s) is inadvertently produced, such production is not to be construed as a waiver of

such privilege.

2. Simpson Thacher objects to each Request, and each definition and instruction, to the extent it seeks to impose obligations on Simpson Thacher that are inconsistent with or greater than the obligations imposed by the Federal Rules of Civil Procedure, the Civil Local Rules of the Northern District of California, and any other applicable law.

3. Simpson Thacher objects to each Request, and each definition and instruction, to the extent it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence.

4. Simpson Thacher objects to each Request, and each definition and instruction, to the extent it is overbroad, unduly burdensome, or seeks documents that are unreasonably cumulative or duplicative.

5. Simpson Thacher objects to each Request, and each definition and instruction, to the extent it seeks documents protected by any protective order, confidentiality order, or non-disclosure agreement binding on Simpson Thacher.

6. Simpson Thacher objects to each Request, and each definition and instruction, to the extent that it seeks documents related to any person or entity other than Simpson Thacher or not within Simpson Thacher's possession, custody, or control, and to the extent it seeks to require Simpson Thacher to respond on behalf of any other person or entity. Simpson Thacher will not produce any documents in the possession, custody, or control of any third party, including any agent or outside advisor of Simpson Thacher.

7. Simpson Thacher objects to each Request, and each definition and instruction, to the extent that it seeks information that is not maintained by Simpson Thacher in its normal course of business or is no longer available to Simpson Thacher.

8. Simpson Thacher objects to each Request, and each definition and instruction, to the extent that it seeks "all" documents in a specified category or categories because it is not reasonably practical to review each document in every one of Simpson Thacher's files to determine if any document contained therein may be responsive to the

Requests.

9. Simpson Thacher objects to each Request, and each definition and instruction, to the extent it calls for the creation of any new documents.

10. Simpson Thacher objects to each Request, and each definition and instruction, to the extent it seeks documents located outside of the United States.

11. Simpson Thacher objects to each Request, and each definition and instruction, to the extent it seeks documents that are already in the possession, custody, or control of plaintiffs or the other parties to the above-captioned litigation, documents that are equally available to plaintiffs as to Simpson Thacher, documents that are obtainable from another source that is more convenient, less burdensome, or less expensive, documents created by companies other than Simpson Thacher that happen to be found in Simpson Thacher's files, or documents that are a matter of public record or are publicly available.

12. Simpson Thacher objects to each Request, and each definition and instruction, to the extent that it fails to take reasonable steps to avoid imposition of undue burden and expense upon non-party Simpson Thacher, as required by Federal Rule of Civil Procedure 45(c)(1). Simpson Thacher objects to each Request, and each definition and instruction, to the extent it imposes extreme hardship, is interposed solely for purposes of harassment or annoyance, or would result in the expenditure of unnecessary time and resources by a non-party.

13. Simpson Thacher objects to each Request, and each definition and instruction, to the extent it assumes the existence of facts that Simpson Thacher disputes, constitutes an inaccurate characterization of the facts, or includes legal conclusions. By responding to the Subpoena, Simpson Thacher does not admit, adopt, or agree with any factual or legal conclusion or characterization.

14. Simpson Thacher objects to each Request, and each definition and instruction, to the extent that it seeks documents that contain trade secrets and confidential or proprietary business or other information of Simpson Thacher or any of its clients.

15. Simpson Thacher objects to the Definitions as follows:

(a) Simpson Thacher objects to each and every definition to the extent it purports to abrogate any of Simpson Thacher's rights or add to any of Simpson Thacher's obligations under the Federal Rules of Civil Procedure and any and all other applicable law.

(b) Simpson Thacher objects to each and every definition to the extent it purports to define words beyond their plain and ordinary meaning.

(c) Simpson Thacher objects to the definition of "Document or Documents" as vague, ambiguous, overbroad, and unduly burdensome. Simpson Thacher further objects to this Definition to the extent that it exceeds the scope of the term in Federal Rule of Civil Procedure 34(a).

(d) Simpson Thacher objects to the definition of "Electronically Stored Information" as vague, ambiguous, overbroad, unduly burdensome, and outside the scope of the Federal Rules of Civil Procedure to the extent it purports to include unlimited types of metadata associated with any Documents. This definition covers a vast number of data sources without regard to whether these sources are likely to contain responsive data and without tailoring to reduce the burden and expense to non-party Simpson Thacher, as required by Federal Rule of Civil Procedure 45(c)(1).

(e) Simpson Thacher objects to the definition of "LDK" as vague, ambiguous, overbroad, and unduly burdensome. Simpson Thacher cannot and is not required to attempt to determine the scope and boundaries of this definition with respect to "any entity purporting to act as a committee of LDK's board of directors or audit committee."

(f) Simpson Thacher objects to the definition of "You" and "Your" to the extent it purports to impose an obligation on Simpson Thacher to produce documents in the possession, custody, or control of entities other than Simpson Thacher.

16. Simpson Thacher objects to the Instructions as follows:

(a) Simpson Thacher objects to each and every Instruction to the extent that it purports to abrogate any of Simpson Thacher's rights or add to any of Simpson Thacher's obligations under the relevant law.

(b)     Simpson Thacher objects to Instruction No. 1 as overbroad and unduly burdensome. The putative class period of the above-styled action begins on June 1, 2007. Accordingly, Simpson Thacher should not be required to undertake the burden and expense of searching and reviewing documents dated before June 1, 2007.

(c)     Simpson Thacher objects to Instruction No. 2 as overbroad and unduly burdensome to the extent it requires Simpson Thacher to interpret any request beyond its plain and ordinary meaning.

(d)     Simpson Thacher objects to Instruction No. 3 as overbroad and unduly burdensome to the extent it requires Simpson Thacher to produce any documents in any condition other than the condition in which they are currently maintained by Simpson Thacher.

(e)     Simpson Thacher objects to Instruction No. 4 as overbroad and unduly burdensome. This instruction imposes a limitless obligation on Simpson Thacher. Simpson Thacher cannot reasonably be expected to review every single document in its possession to determine whether any such documents "mention, discuss, refer to or explain the Documents which are called for by this Document Request." Simpson Thacher further objects to this Instruction to the extent it requires Simpson Thacher to produce any documents in any condition other than the condition in which they are currently maintained. Simpson Thacher further objects to the term "accompany" as undefined, vague, and ambiguous.

(f)     Simpson Thacher objects to Instruction No. 5 as overbroad and unduly burdensome and beyond the scope of the Federal Rules of Civil Procedure. Simpson Thacher further objects to this Instruction to the extent it purports to impose obligations on Simpson Thacher beyond those contained in the Federal Rules of Civil Procedure.

(g)     Simpson Thacher objects to Instruction No. 6 as overbroad, unduly burdensome and beyond the scope of the Federal Rules of Civil Procedure. Simpson Thacher further objects to this Instruction as overbroad and unduly burdensome to the extent it requires Simpson Thacher to create or search for additional metadata.

      (h)    Simpson Thacher objects to Instruction No. 7 as overbroad and unduly burdensome and beyond the scope of the Federal Rules of Civil Procedure. Simpson Thacher further objects to the extent this Instruction contains any undefined obligations for production.

      (i)    Simpson Thacher objects to Instruction No. 8 as overbroad, unduly burdensome and beyond the scope of the Federal Rules of Civil Procedure. Simpson Thacher further objects to this Instruction as overbroad and unduly burdensome to the extent it requires Simpson Thacher to create or search for additional metadata.

      (j)    Simpson Thacher objects to Instruction No. 9, incorporating all objections to Instruction No. 8, and further objecting to this Instruction on the grounds that it is beyond the scope of the Federal Rules of Civil Procedure in purporting to require production of spreadsheets in native format. Federal Rules of Civil Procedure 34 and 45 do not require production of electronic information in native format, which has undue, additional risks not at issue for electronic information in other formats, including the impossibility of redacting such documents for privilege, the inability to place a confidentiality designation or bates number on such documents, and the possibility that such documents may be inadvertently altered during recipients' loading, processing, and review of the produced files. In light of these risks, the Subpoena does not provide a reasonable basis, reason, or necessity for requiring production in native format versus either printed or another searchable electronic format, such as TIFF or PDF. Simpson Thacher also objects to this Instruction because it purports to require Simpson Thacher to provide multiple forms of the same document.

      (k)    Simpson Thacher objects to Instructions No. 11, 12, 13, 15, 16, 18, 19, 20, and 21 as overbroad and unduly burdensome to the extent each such instruction purports to impose obligations on Simpson Thacher beyond those contained in the Federal Rules of Civil Procedure, the Civil Local Rules of the Northern District of California, and any other applicable law.

      (l)    Simpson Thacher objects to Instruction No. 14 as overbroad and

NON-PARTY SIMPSON THACHER & BARTLETT'S RESPONSES AND OBJECTIONS TO SUBPOENA
CASE NO. C-07-05182-WHA
6

unduly burdensome to the extent it purports to impose obligations on Simpson Thacher beyond those contained in the Federal Rules of Civil Procedure, the Civil Local Rules of the Northern District of California, and any other applicable law. Simpson Thacher further objects to this Instruction as inconsistent with Instruction No. 16, which purports to require Simpson Thacher to produce "all documents or things that respond in whole or in part to any portion" of each Request.

## RESPONSES TO DOCUMENT REQUESTS

**DOCUMENT REQUEST NO. 1:**

All reports, including all annexes and attachments, and any other Documents evidencing the findings of any investigation or inquiry into any type of possible wrongdoing whatsoever by LDK or by any of its current or former directors, officers, employees or agents. This request encompasses, but is not limited to, both informal and formal investigations and inquiries and formal and informal reports of the findings of such investigations or inquiries, including notes and other records of oral presentations that set forth such findings.

**RESPONSE TO DOCUMENT REQUEST NO. 1:**

In addition to the foregoing General Objections, which are incorporated fully by reference herein, Simpson Thacher objects to this request, including but not limited to the phrases "wrongdoing," "informal," and "formal" as vague and ambiguous. Simpson Thacher further objects to this request to the extent that it seeks information covered by the attorney-client, attorney work product, legal-professional, or other privileges under any and all applicable law. Simpson Thacher further objects to this request to the extent it seeks documents not relevant to the claims or defenses of any party. Simpson Thacher further objects to this Request on the grounds that it is not reasonably tailored to reduce the burden on non-party Simpson Thacher as required by Federal Rule of Civil Procedure 45(c)(1). Simpson Thacher also objects to this request and reserves all rights to move the Court to quash or modify the same pursuant to Rule 45(c)(3)(A) or (B), but undertakes no obligation to do so.

1  Subject to and without waiving the foregoing objections, Simpson Thacher
2  states that it has no non-privileged documents responsive to this request in its custody or
3  control.

**DOCUMENT REQUEST NO. 2:**

All Documents setting forth the scope of any investigation or inquiry conducted by You into any type of possible wrongdoing whatsoever by LDK, or by any of its current or former directors, officers, employees or agents. This request encompasses, but is not limited to any retainer or similar agreement between You and LDK.

**RESPONSE TO DOCUMENT REQUEST NO. 2:**

In addition to the foregoing General Objections, which are incorporated fully by reference herein, Simpson Thacher objects to this request, including but not limited to the phrase "wrongdoing" as vague and ambiguous. Simpson Thacher further objects to this request to the extent that it seeks information covered by the attorney-client, attorney work product, legal-professional, or other privileges under any and all applicable law. Simpson Thacher further objects to this request to the extent it seeks documents not relevant to the claims or defenses of any party. Simpson Thacher further objects to this Request on the grounds that it is not reasonably tailored to reduce the burden on non-party Simpson Thacher as required by Federal Rule of Civil Procedure 45(c)(1). Simpson Thacher also objects to this request and reserves all rights to move the Court to quash or modify the same pursuant to Rule 45(c)(3)(A) or (B), but undertakes no obligation to do so.

Subject to and without waiving the foregoing objections, Simpson Thacher states that it has no non-privileged documents responsive to this request in its custody or control.

**DOCUMENT REQUEST NO. 3:**

All Documents collected or reviewed in the course of any investigation or inquiry into any type of possible wrongdoing whatsoever by LDK or by any of it [sic] current or former directors, officers, employees, or agents.

**RESPONSE TO DOCUMENT REQUEST NO. 3:**

In addition to the foregoing General Objections, which are incorporated fully by reference herein, Simpson Thacher objects to this request, including but not limited to the phrases "wrongdoing" as vague and ambiguous. Simpson Thacher further objects to this request to the extent that it seeks information covered by the attorney-client, attorney work product, legal-professional, or other privileges under any and all applicable law. Simpson Thacher further objects to this request to the extent that it seeks documents equally accessible to Plaintiffs. Simpson Thacher further objects to this request to the extent it seeks documents not relevant to the claims or defenses of any party. Simpson Thacher further objects to this Request on the grounds that it is not reasonably tailored to reduce the burden on non-party Simpson Thacher as required by Federal Rule of Civil Procedure 45(c)(1). Simpson Thacher also objects to this request and reserves all rights to move the Court to quash or modify the same pursuant to Rule 45(c)(3)(A) or (B), but undertakes no obligation to do so.

Subject to and without waiver of the foregoing objections, Simpson Thacher will produce relevant, non-privileged documents that are responsive to this Request in its possession, custody, or control, if any, located as a result of a reasonable search.

**DOCUMENT REQUEST NO. 4:**

All Documents created by You (including any contractor) during any investigation or inquiry conducted by You into any type of possible wrongdoing whatsoever by LDK, or by any of its current or former directors, officers, employees or agents, which documents contain any information related to such investigation.

**RESPONSE TO DOCUMENT REQUEST NO. 4:**

In addition to the foregoing General Objections, which are incorporated fully by reference herein, Simpson Thacher objects to this request, including but not limited to the phrases "wrongdoing" as vague and ambiguous. Simpson Thacher further objects to this request to the extent that it seeks information covered by the attorney-client, attorney work product, legal-professional, or other privileges under any and all applicable law. Simpson

1  Thacher further objects to this Request to the extent it seeks documents not relevant to the
2  claims or defenses of any party. Simpson Thacher further objects to this Request to the
3  extent it seeks documents not in Simpson Thacher's possession, custody, or control.
4  Simpson Thacher further objects to this Request on the grounds that it is not reasonably
5  tailored to reduce the burden on non-party Simpson Thacher as required by Federal Rule of
6  Civil Procedure 45(c)(1). Simpson Thacher also objects to this request and reserves all
7  rights to move the Court to quash or modify the same pursuant to Rule 45(c)(3)(A) or (B),
8  but undertakes no obligation to do so.
9         Subject to and without waiver of the foregoing objections, Simpson Thacher
10 will produce relevant, non-privileged documents that are responsive to this Request in its
11 possession, custody, or control, if any, located as a result of a reasonable search.

12 **DOCUMENT REQUEST NO. 5:**
13        All documents that you provided on LDK's behalf to any government
14 agency, quasi-government agency or regulatory or judicial entity of any type in connection
15 with any investigation by any such entity relating to any type of possible wrongdoing
16 whatsoever by LDK or by any of its current or former directors, officers, employees or
17 agents.

18 **RESPONSE TO DOCUMENT REQUEST NO. 5:**
19        In addition to the foregoing General Objections, which are incorporated fully
20 by reference herein, Simpson Thacher objects to this request, including but not limited to the
21 phrases "quasi-government agency" and "wrongdoing" as vague and ambiguous. Simpson
22 Thacher further objects to this request to the extent that it seeks information covered by the
23 attorney-client, attorney work product, legal-professional, or other privileges under any and
24 all applicable law. Simpson Thacher further objects to this request to the extent it seeks
25 documents not relevant to the claims or defenses of any party. Simpson Thacher further
26 objects to this Request on the grounds that it is not reasonably tailored to reduce the burden
27 on non-party Simpson Thacher as required by Federal Rule of Civil Procedure 45(c)(1).
28 Simpson Thacher also objects to this request and reserves all rights to move the Court to

quash or modify the same pursuant to Rule 45(c)(3)(A) or (B), but undertakes no obligation to do so.

Subject to and without waiver of the foregoing objections, Simpson Thacher will produce relevant, non-privileged documents that are responsive to this Request in its possession, custody, or control, if any, located as a result of a reasonable search.

**DOCUMENT REQUEST NO. 6:**

All documents related to any investigation that occurred all, or in part, on or after June 1, 2007 which investigation did or was meant to provide LDK or any of its officers, directors or employees with information about Charley Situ.

**RESPONSE TO DOCUMENT REQUEST NO. 6:**

In addition to the foregoing General Objections, which are incorporated fully by reference herein, Simpson Thacher objects to this request to the extent that it seeks information covered by the attorney-client, attorney work product, legal-professional, or other privileges under any and all applicable law. Simpson Thacher further objects to this Request on the grounds that it is not reasonably tailored to reduce the burden on non-party Simpson Thacher as required by Federal Rule of Civil Procedure 45(c)(1). Simpson Thacher also objects to this request and reserves all rights to move the Court to quash or modify the same pursuant to Rule 45(c)(3)(A) or (B), but undertakes no obligation to do so.

Subject to and without waiving the foregoing objections, Simpson Thacher states that it has no documents responsive to this request in its custody or control.

Dated: August 21, 2008

SIMPSON THACHER & BARTLETT LLP

By: _____
JAMES G. KREISSMAN

Attorney for Non-party
SIMPSON THACHER & BARTLETT LLP

---

NON-PARTY SIMPSON THACHER & BARTLETT'S RESPONSES AND OBJECTIONS TO SUBPOENA
CASE NO: C-07-05182-WHA

11