| | |
|---|---|
| LATHAM & WATKINS LLP<br>   James J. Farrell (Bar No. 166595)<br>   james.farrell@lw.com<br>633 West Fifth Street, Suite 4000<br>Los Angeles, California 90071-2007<br>Telephone: (213) 485-1234<br>Facsimile: (213) 891-8763<br><br>LATHAM & WATKINS LLP<br>   Philip J. Wang (Bar No. 218349)<br>   philip.wang@lw.com<br>   Raymond A. Gallenberg (Bar No. 239484)<br>   ray.gallenberg @lw.com<br>140 Scott Drive<br>Menlo Park, California 94025<br>Telephone: (650) 328-4600<br>Facsimile: (650) 463-2600<br><br>Attorneys for Defendants | COHEN, MILSTEIN, HAUSFELD &<br>   TOLL, P.L.L.C.<br>Steven J. Toll<br>Herbert E. Milstein<br>Joshua S. Devore<br>Matthew B. Kaplan<br>hmilstein@cmht.com<br>1100 New York Avenue, N.W.<br>Suite 500, West Tower<br>Washington, DC 20005<br>Telephone: (202) 408-4600<br>Facsimile: (202) 408-4699<br><br>COHEN, MILSTEIN, HAUSFELD &<br>   TOLL, P.L.L.C.<br>Michael Lehmann<br>mlehmann@cmht.com<br>One Embarcadero Center<br>Suite 526<br>San Francisco, CA 94111<br>Telephone: (415) 623-2048<br>Facsimile: (415) 433-5994<br><br>Lead Counsel for the Proposed Class |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re LDK SOLAR SECURITIES LITIGATION<br><br>This Document Relates To:<br><br>ALL ACTIONS. | MASTER FILE NO. C-07-05182-WHA<br><br>**[PROPOSED] STIPULATED PROTECTIVE ORDER GOVERNING CONFIDENTIALITY** |

**1. PURPOSES AND LIMITATIONS**

Certain information sought in discovery and for preparation of the trial of this action may be confidential, private, or proprietary in nature requiring special protection from public disclosure and from use for any purpose other than prosecuting this litigation. Accordingly, pursuant to Fed. R. Civ. P. 26(c), the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential. The parties further acknowledge, as set forth in paragraph 10, below, that this Stipulated Protective Order creates no entitlement to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the court to file material under seal.

**2. DEFINITIONS**

2.1. <u>Party</u>: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

2.2. <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

2.3. <u>"CONFIDENTIAL" Information or Items</u>: information (regardless of how generated, stored or maintained) or tangible things that a Party believes in good faith to be entitled to protection from disclosure under applicable law, including sensitive information about an individual's personal finances.

2.4. <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

2.5. <u>Producing Party</u>: a Party or nonparty that produces Disclosure or Discovery Material in this action.

1

[PROPOSED] STIPULATED PROTECTIVE ORDER
MASTER FILE NO. C-07-5182-WHA

  2.6. <u>Designating Party</u>: a Party or nonparty that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

  2.7. <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

  2.8. <u>Outside Counsel</u>: attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action.

  2.9. <u>In-House Counsel</u>: attorneys who are employees of a Party.

  2.10. <u>Counsel (without qualifier)</u>: Outside Counsel and In-House Counsel (as well as their support staffs and their professional vendors).

  2.11. <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this action. This definition includes a professional jury or trial consultant retained in connection with this litigation.

  2.12. <u>Professional Vendors</u>: persons or entities that provide litigation support services (*e.g.*, photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

**3. SCOPE**

The protections conferred by this Stipulated Protective Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom that contains protected material, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that would reveal Protected Material. Nothing herein shall impose any restrictions on a Designating Party from disclosing its own Protected Material as it deems appropriate.

**4. DURATION**

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

## 5.   DESIGNATING PROTECTED MATERIAL

5.1.   <u>Designating Material for Protection</u>.  Each Party or nonparty that designates information or items for protection under this Order must do so in good faith and take care to limit any such designation to specific material that qualifies under the appropriate standards.  A Designating Party must take care to designate for protection only those documents, items, or oral or written communications that qualify – so that other documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Designations that are shown to be clearly unjustified, or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber or delay the case development process, or to impose unnecessary expenses and burdens on other parties), are not authorized by this agreement.

If it comes to a Party's or a nonparty's attention that information or items that it designated for protection do not qualify for protection, that Party or nonparty must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2.   <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this Order (*see, e.g.*, second paragraph of Section 5.2(a), below), or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)   <u>for information in documentary form</u> (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" on each page that contains protected material.  Within 30 days of receipt of Disclosure or Discovery Material from a nonparty, any Receiving Party may designate the material as "CONFIDENTIAL."

A Party or nonparty that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed

"CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order, then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL") on each page that contains Protected Material. In addition, within 30 days of receipt of Disclosure or Discovery Material from a nonparty, any Receiving Party may designate the material as "CONFIDENTIAL."

        (b)    <u>for testimony given in deposition or in other pretrial or trial proceedings</u>, that any Party or nonparty may identify on the record, before the close of the deposition, hearing, or other proceeding, any portions of the testimony that qualify as "CONFIDENTIAL." When it is impractical to identify separately each portion of testimony that is entitled to protection, and when it appears that substantial portions of the testimony may qualify for protection, any Party or nonparty may invoke on the record (before the deposition or proceeding is concluded) a right to have up to 20 days to identify the specific portions of the testimony as to which protection is sought. Transcripts containing Protected Material must be prominently marked "CONFIDENTIAL," as instructed by the Party or nonparty seeking such protection, and those portions of the transcript that contain Protected Material must be clearly indicated.

        (c)    <u>for information produced in some form other than documentary, and for any other tangible items</u>, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL." Within 30 days of receipt of Disclosure or Discovery Material from a nonparty, any Receiving Party may designate the material as "CONFIDENTIAL."

        5.3.    <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items as "CONFIDENTIAL" does not waive the Designating Party's right to secure protection under this Order for such material. If material is appropriately designated as "CONFIDENTIAL" after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

**6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS**

6.1.     <u>Timing of Challenges</u>.  Written notice of an intent to challenge a confidentiality designation must be provided not less than 20 days prior to the trial.  The notice of intent to challenge must identify the specific material inappropriately designated as "CONFIDENTIAL" and state the reasons that the material is not "CONFIDENTIAL."

6.2.     <u>Meet and Confer</u>.  A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by conferring directly with counsel for the Designating Party.  In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first.

6.3.     <u>Judicial Intervention for Party Documents</u>.  A Party that elects to challenge a confidentiality designation after considering the justification offered by the Designating Party may file and serve a motion under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) that identifies the challenged material and sets forth in detail the basis for the challenge.  Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements imposed in the preceding paragraph and that sets forth with specificity the justification for the confidentiality designation that was given by the Designating Party in the meet and confer dialogue.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Until the court rules on the challenge, all parties shall continue to afford the material in question the protection to which it is entitled under the Producing Party's designation.

6.4.     <u>Judicial Intervention for Nonparty Documents</u>.  After a Party designates documents produced by a nonparty pursuant to a Rule 45 subpoena as "CONFIDENTIAL" under paragraph 5.2 of this Stipulated Protective Order, and does so by notifying all Parties in writing of each document so designated, any Party may challenge the designation by notifying the

5                     [PROPOSED] STIPULATED PROTECTIVE ORDER
MASTER FILE NO. C-07-5182-WHA

Designating Party in writing of any such documents that it believes do not qualify for protection under this Order.  The Designating Party and the challenging Party must then meet and confer to attempt to resolve their disagreements.  If the parties are unable to resolve their disagreements, the challenging Party must so notify the Designating Party in writing.  Then, the challenging Party must file and serve a motion under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) to have the confidentiality designation lifted, and must set forth in detail the basis for lifting the designation.  Each such motion must be accompanied by a competent declaration that affirms that the parties have met and conferred and are unable to resolve their disagreements without judicial intervention and that sets forth with specificity the justification for the confidentiality designation that was given by the Designating Party in the meet and confer dialogue.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Until the court rules on the challenge, all parties shall continue to afford the material in question the protection to which it is entitled under the Designating Party's designation.

## 7.  ACCESS TO AND USE OF PROTECTED MATERIAL

7.1.  <u>Basic Principles</u>.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a nonparty in connection with this case only for prosecuting, defending, or attempting to settle this litigation.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the litigation has been terminated, a Receiving Party must comply with the provisions of Section 11, below (FINAL DISPOSITION).

A Receiving Party must take reasonably adequate steps to ensure the security of Protected Materials.

7.2.  <u>Disclosure of "CONFIDENTIAL" Information or Items</u>.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)  any Party and its Counsel (as defined in this Order);

(b)     any insurer or indemnitor of any defendant in this action;

(c)     Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(d)     the court and its personnel;

(e)     court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation;

(f)     during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who are employees of a Defendant or who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(g)     any person who authored or previously received the document, or the original source of the information; and

(h)     any witness at trial.

### 8. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL," the Receiving Party must so notify the Designating Party, in writing (by fax or email, if possible) immediately and in no event more than three court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

The Receiving Party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Stipulated Protective Order. In addition, the Receiving Party must deliver a copy of this Stipulated Protective Order promptly to the party in the other action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued.

1  The Designating Party shall bear the burdens and the expenses of seeking protection in that court
2  of its confidential material – and nothing in these provisions should be construed as authorizing
3  or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

4  **9.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

5  If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed
6  Protected Material to any person or in any circumstance not authorized under this Stipulated
7  Protective Order, the Receiving Party must immediately (a) notify in writing the Designating
8  Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected
9  Material, (c) inform the person or persons to whom unauthorized disclosures were made of all
10 the terms of this Order, and (d) request such person or persons to execute the "Agreement to Be
11 Bound by Protective Order" (Exhibit A).

12 **10.   FILING PROTECTED MATERIAL**

13 Without written permission from the Designating Party or a court order secured
14 after appropriate notice to all interested persons, a Party may not file in the public record in this
15 action any Protected Material.  A Party that seeks to file under seal any Protected Material must
16 comply with Civil Local Rule 79-5.

17 **11.   FINAL DISPOSITION**

18 Unless otherwise ordered or agreed in writing by the Producing Party, within 60
19 days after the final termination of this action, each Receiving Party must return or destroy all
20 Protected Material to the Producing Party.  As used in this subdivision, "all Protected Material"
21 includes all copies, abstracts, compilations, summaries or any other form of reproducing or
22 capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed,
23 the Receiving Party must submit a written certification to the Producing Party (and, if not the
24 same person or entity, to the Designating Party) by the 60-day deadline that identifies (by
25 category, where appropriate) all the Protected Material that was returned or destroyed and that
26 affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries
27 or other forms of reproducing or capturing any of the Protected Material.

28

      Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION), above.

**12.    MISCELLANEOUS**

      12.1.    <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

      12.2.    <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Stipulated Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed herein. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Stipulated Protective Order.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

Dated: September __, 2008          LATHAM & WATKINS LLP

By _____**/S/**_____
    Matthew D. Harrison
    Attorneys for Defendants

Dated: September __, 2008          COHEN, MILSTEIN, HAUSFELD, & TOLL, P.L.L.C.

By _____**/S/**_____
    Matthew B. Kaplan
    Lead Counsel for Lead Plaintiff Shahpour Javidzad and the Proposed Class

I, Raymond A. Gallenberg, am the ECF User whose ID and password are being used to file this [proposed] Stipulated Protective Order Governing Confidentiality. In compliance with General Order 45, X.B., I hereby attest that Matthew B. Kaplan has concurred in this filing.

\*    \*    \*

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

DATED: _____

    The Honorable William H. Alsup
    United States District Judge

**EXHIBIT A**

*AGREEMENT TO BE BOUND BY PROTECTIVE ORDER*

I, _____, declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on _____ in the case of *In re LDK Solar Securities Litigation*, Master File No. C-07-05182-WHA.

      I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

      I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

DATED: _____    _____
                                                                         (signature)

                                              Name: _____

                                              Address: _____

                                                               _____