1  LATHAM & WATKINS LLP
       James J. Farrell (Bar No. 166595)
2        james.farrell@lw.com
   355 South Grand Avenue
3  Los Angeles, California  90071-1560
   Telephone:  (213) 485-1234
4  Facsimile:  (213) 891-8763

5  LATHAM & WATKINS LLP
       Matthew D. Harrison (Bar No. 210981)
6        matt.harrison@lw.com
   505 Montgomery Street, Suite 2000
7  San Francisco, CA 94111
   Telephone:  (415) 391-0600
8  Facsimile:  (415) 395-8095

9  Attorneys for Defendants

10

                    UNITED STATES DISTRICT COURT
11
                   NORTHERN DISTRICT OF CALIFORNIA
12

13 | In re LDK SOLAR SECURITIES | MASTER FILE NO.  C-07-05182-WHA-BZ
   | LITIGATION |
14 | | **NOTICE OF MOTION AND MOTION TO QUASH PLAINTIFF'S SUBPOENA TO GOOGLE INC. AND FOR PROTECTIVE ORDER**
15 | _____ |
   | This Document Relates To: |
16 | |
   | ALL ACTIONS. |
17 | | [Civil L.R. 7-2]
18 | | Judge:      Hon. Bernard Zimmerman
   | | Date:       April 1, 2009
19 | | Time:       10:00 a.m.
   | | Courtroom: G, 15th Floor
20

21

22

23

24

25

26

27

28

1   **TO THE COURT, ALL PARTIES, AND ALL COUNSEL OF RECORD:**

2   PLEASE TAKE NOTICE that, pursuant to Federal Rule of Civil Procedure ("FRCP")

3   45(c)(3)(A) and 26(c), Defendant Jack Lai hereby moves for (i) an order quashing the subpoena

4   Plaintiff served on Google Inc. ("Google") on or about January 22, 2009, (ii) a protective order

5   or order quashing the subpoena as being overbroad, unduly burdensome, duplicative, and

6   seeking irrelevant documents, and therefore beyond the scope of permissible discovery, and (iii)

7   a protective order preventing Plaintiff from seeking any further e-mails from an electronic

8   communications service or remote computing service in violation of the Stored Communications

9   Act ("SCA") of the Electronic Communications Privacy Act ("ECPA"), 18 U.S.C. § 2510 *et seq.*

10  In support thereof, Defendant relies on Federal Rules of Civil Procedure 26(c), 45(c)(3)(A)(iii),

11  45(c)(3)(A)(iv), and 18 U.S.C. § 2702(a).  The Motion is set for hearing at 10:00 a.m. on April 1,

12  2009, or as soon thereafter as the matter may be heard, in the courtroom of the Honorable

13  Bernard Zimmerman, United States District Court for the Northern District of California, 450

14  Golden Gate Ave., San Francisco, California.

15  **MEMORANDUM OF POINTS AND AUTHORITIES**

16  **I.     PRELIMINARY STATEMENT**

17  On or about January 22, 2009, Plaintiff served a subpoena on Google, an electronic

18  communications service, demanding e-mails purportedly relating to this litigation that were sent

19  or received by Defendant Jack Lai in his personal "Gmail" account.[1]  As Google itself informed

20  counsel for Plaintiff (Ex. A), however, this subpoena seeks records in violation of the protections

21  of the ECPA – a statute intended to protect subscribers' privacy by prohibiting an "electronic

22  communication service" (such as Google) or a "remote computing service" from divulging "the

23  contents of a communication."  18 U.S.C. § 2702(a).  There is no exception to this blanket

24  prohibition for discovery subpoenas in civil cases.  *See O'Grady v. Superior Court of Santa*

25  *Clara County*, 139 Cal. App. 4th 1423, 1447 (6th Dist. 2006).  As a result, the Court's inquiry

26  into this matter need not proceed any further: it should quash the subpoena as facially invalid and

27

28  [1] *See* Declaration of Raymond A. Gallenberg In Support of Defendant Lai's Motion to Quash and For Protective Order ("Gallenberg Decl."), Ex. H.  Unless otherwise noted, all Exhibits referenced in this Motion are attached to the concurrently-filed Gallenberg Declaration.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SILICON VALLEY

1

NOTICE OF MOTION AND MOTION TO QUASH PLAINTIFF'S
SUBPOENA TO GOOGLE INC. AND FOR PROTECTIVE ORDER
MASTER FILE NO. C-07-5182-WHA-BZ

1    unenforceable.

2           Even setting aside the unlawful nature of the Google subpoena, it is overreaching and

3    invalid for other reasons.  As an initial matter, these requests are wholly duplicative of the same

4    communications Plaintiff demanded earlier from Mr. Lai and all other Defendants pursuant to

5    the normal document discovery process in this case (*i.e.*, FRCP 34).  *See* Exs. B, C.  Indeed,

6    Plaintiffs served this duplicative subpoena despite Defendants' assurances that they would

7    collect and produce all non-privileged emails from Defendants' personal email accounts that are

8    responsive to Plaintiff's Rule 34 document requests. Exs. D, E, F.[2]  But the subpoena goes even

9    further in its attempt to circumvent the normal discovery process than these already broad

10   requests, which call for records far beyond those that might theoretically even be related to the

11   allegations of Plaintiff's Complaint.[3]  Rather than seeking from Google a narrow set of e-mails

12   from Mr. Lai's Google account relating to the parties' claims or defenses in this litigation,

13   Plaintiff's subpoena instead seeks every single e-mail Mr. Lai has ever sent on Gmail containing

14   the word "LDK" – the Company at which he is the Chief Financial Officer.  Ex. H.  It also seeks

15   any e-mail Mr. Lai has ever sent containing the words "SEC" and "inventory."  *Id.*  Essentially it

16   seeks any e-mail Mr. Lai has ever sent in his professional capacity.  This incredibly broad criteria

17   clearly encompasses records that fall far outside the scope of permissible discovery under FRCP

18   26(b)(1) – *i.e.*, records that bear no relationship to the parties' claims or defenses.  Plaintiffs are

19   not entitled to such records.  Thus, the Court should quash the subpoena on the grounds that it is

20   burdensome and impermissibly broad in scope.  At the very minimum, the Court should issue a

21   protective order narrowing the reach of the subpoena to the permissible scope of discovery in

22   this case, and allow Defendants to review the documents – at Plaintiff's expense – to ensure that

---

23

24   [2] Moreover, in the face of Plaintiff's vague insinuation of evidence spoliation in this case
     (Gallenberg Decl., Ex. G), Defendants have repeatedly assured Plaintiffs that they have complied
25   with the document-retention provisions of the Private Securities Litigation Reform Act, 15
     U.S.C. § 78u-4(b)(3)(C).

26   [3] *See*, *e.g.*, Ex. C at Instruction No. 1 (calling for "all responsive Documents that were created,
     modified or reviewed" from January 1, 2004 to the present – a five year span – despite a four-
27   month class period and limited allegations of inventory discrepancies); Ex. C at Request No. 9
     (requesting all records "provided to any auditor, accounting firm, or other third party retained by
28   LDK to review, analyze, opine on, certify, or otherwise investigate the accounting or finances of
     LDK" for the past five years).

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SILICON VALLEY

2

NOTICE OF MOTION AND MOTION TO QUASH PLAINTIFF'S
SUBPOENA TO GOOGLE INC. AND FOR PROTECTIVE ORDER
MASTER FILE NO. C-07-5182-WHA-BZ

1    Mr. Lai suffers no prejudice from this invasion into his personal e-mail account.

2    **II.    STATEMENT OF FACTS**

3           The facts of this matter have been chronicled in several previous motions, briefs, and

4    orders, and are not relevant to resolving the issues presented by this Motion.  Defendant Lai will

5    therefore provide only those facts relevant to resolving the issues presented.

6           On or about July 3, 2008, Plaintiff served a Request for Production of Documents on

7    Defendants LDK, LDK Solar USA, Inc., and Defendants Peng and Lai.  Ex. B.  On or about

8    November 4, 2008, Plaintiff served a second Request for Production of Documents on all

9    Defendants remaining in this action.  Ex. C.  Both Requests sought the production of responsive

10   e-mails, as well as other various forms of documents.  At some point, Plaintiff became aware that

11   some Defendants may have transmitted potentially responsive, work-related e-mails through

12   their private e-mail accounts (*e.g.*, Gmail, Yahoo!, etc.).  Counsel for Plaintiff and Defendants

13   have conferred regarding this issue several times, and each time Defendants' counsel has assured

14   Plaintiff's counsel that responsive, non-privileged e-mails stored in those private e-mail accounts

15   would be collected and produced.  *See*, *e.g.*, Exs. D, E, F.

16          Despite these assurances, on or about January 22, 2009, Plaintiff provided Defendants'

17   counsel with notice of a subpoena served on Google.  Ex. I.  Plaintiff's subpoena to Google is

18   exceedingly broad, demanding that Google produce:

19          All emails, including received emails, sent emails and draft emails,
            attachments and any associated metadata, stored in the email
20          account associated with [Jack Lai's e-mail address] which has in a)
            the email sender's address, b) the text of the email, or c) in the text
21          or subject line of the email one or more of the following strings of
            letters:  LDK, Situ, Peng, Charley, investigate, investigation,
22          inventory or SEC.

23   Ex. H.  Thus, Plaintiff has requested that Google provide him with every e-mail that Defendant

24   Lai has ever written, received, or drafted that made any reference whatsoever to (i) the company

25   at which he works ("LDK"), (ii) the material that company uses to create its product

26   ("inventory"), and (iii) the governmental agency that he likely discusses on a daily basis as

27   LDK's CFO ("SEC").  *Id.*

28          In response to Plaintiff's notice of the Google subpoena, Defendants' counsel promptly

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SILICON VALLEY

3

NOTICE OF MOTION AND MOTION TO QUASH PLAINTIFF'S
SUBPOENA TO GOOGLE INC. AND FOR PROTECTIVE ORDER
MASTER FILE NO. C-07-5182-WHA-BZ

1   informed Plaintiff that the subpoena was invalid under the ECPA and requested that Plaintiff

2   withdraw the subpoena.  Ex. D.  Plaintiff refused, and instead requested that Defendants' counsel

3   instruct Google to allow Plaintiff to access Defendant Lai's e-mail account.  Ex. J.  Defendants'

4   counsel declined this request for a number of reasons, including the exceedingly broad scope of

5   the request, and its duplicative nature (given Defendants' assurances that they would search for

6   and produce personal e-mails responsive to Plaintiff's document requests).  Ex. E.  In that same

7   correspondence, Defendant's counsel again informed Plaintiff's counsel of the impropriety of the

8   subpoena and requested that it be withdrawn.  *Id.*  As a purported compromise, Plaintiff's

9   counsel suggested that Defendant Lai's Gmail e-mails be produced to Defendants' counsel by

10  Google.  Ex. K.  Due to the additional costs associated with receiving, processing, and reviewing

11  these e-mails, in a February 13, 2009 telephone conversation, Defendants' counsel informed

12  Plaintiff's counsel that Defendants would be amenable to Plaintiff's compromise if Plaintiff

13  would agree to pay the costs associated with that compromise.  Gallenberg Decl., ¶ 4.  But

14  Plaintiff refused.  *Id.*

15          Therefore, because an agreement could not be reached and because Plaintiff refuses to

16  withdraw his improper subpoena, Defendant Lai has no other option than to bring this motion to

17  quash and for protective order.

18  **III.    ARGUMENT**

19          **A.      Defendant Lai Has Standing To Quash Plaintiff's Subpoena To Google**

20

21          Defendant Lai has standing to bring this motion to quash a third-party subpoena because

    production of his Gmail e-mails would violate his personal rights under the ECPA.  The Ninth

22  Circuit has established that the ECPA "reflects Congress's judgment that users have a legitimate

23  interest in the confidentiality of communications in electronic storage at a communications

24  facility" and "protects individuals' privacy and proprietary interests," by "protect[ing] users

25  whose electronic communications are in electronic storage with an ISP or other electronic

26  communications facility."  *Theofel v. Farey-Jones*, 359 F.3d 1066, 1072-73 (9th Cir. 2004).

27  Therefore, Gmail e-mail users have a "legitimate interest" in protecting their electronic

28

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SILICON VALLEY

4

NOTICE OF MOTION AND MOTION TO QUASH PLAINTIFF'S
SUBPOENA TO GOOGLE INC. AND FOR PROTECTIVE ORDER
MASTER FILE NO. C-07-5182-WHA-BZ

1   communications.  Where individuals have a legitimate interest in protecting their personal rights,

2   they have standing to challenge a subpoena under FRCP 45.  *See In re REMIC, Inc. Sec. Litig.*,

3   No. 04cv1948 JLS (AJB), 2008 U.S. Dist. LEXIS 47412, at *4-5 (S.D. Cal. May 30, 2008)

4   (explaining that a party has standing to move to quash a subpoena issued to a non-party where

5   "the party claims a personal right or privilege with respect to the documents requested in the

6   subpoena"); *J.T. Shannon Lumber Co., Inc. v. Gilco Lumber, Inc.*, No. 2:07-CV-119, 2008 U.S.

7   Dist. LEXIS 104966, at *3-5 (N.D. Miss. Aug. 14, 2008) (granting a party's motion to quash a

8   subpoena on a non-party that violated the protections of the ECPA).

9        While Plaintiff served the subpoena at issue to third-party Google, Defendant Lai has a

10   personal right to protect his "legitimate interest" in keeping his electronic communications in

11   electronic storage confidential as recognized by both Congress and the courts.  *See Theofel*, 359

12   F.3d at 1072-73; *J.T. Shannon Lumber*, 2008 U.S. Dist. LEXIS 104966, at *3-4 (holding that

13   "because the documents sought by the plaintiff are the personal documents and the details of the

14   email accounts of the defendant employees, the defendants have standing to seek to quash this

15   subpoena as they have a personal interest in the documents sought from the internet service

16   provider").  He therefore has standing to file this motion to quash Plaintiff's improper subpoena.

17   Additionally, Defendant Lai is entitled to move for a protective order under Rule 26(c) because

18   the Google subpoena seeks documents far beyond the scope of permissible discovery. [4]

19        **B.**   **The Court Should Quash The Subpoena Because It Is Facially Invalid And**
20             **Unenforceable And Must Be Quashed**

21        The Court "must quash or modify a subpoena that . . . requires disclosure of privileged or

22   other protected matter, if no exception or waiver applies," or if it "subjects a person to undue

23   burden."  Fed. R. Civ. P. 45(c)(3)(A)(iii)-(iv).  Plaintiff's subpoena requires disclosure of matter

24   protected by the ECPA and is therefore facially invalid and unenforceable and must be quashed.

25   *See O'Grady*, 139 Cal. App. 4th at 1441 ("A subpoena is not enforceable if compliance would

26   _____

27   [4] An individual may also "move for a protective order in regard to a subpoena issued to a non-
    party if it believes its own interests are jeopardized by discovery sought from a third party and
    has standing under Rule 26(c) to seek a protective order regarding subpoenas issued to non-
28   parties which seek irrelevant information."  *See In re REMIC*, 2008 U.S. Dist. LEXIS 47412, at
    *4-5.

LATHAM&WATKINS<sub>LLP</sub>
ATTORNEYS AT LAW
SILICON VALLEY

5

NOTICE OF MOTION AND MOTION TO QUASH PLAINTIFF'S
SUBPOENA TO GOOGLE INC. AND FOR PROTECTIVE ORDER
MASTER FILE NO. C-07-5182-WHA-BZ

1    violate the SCA.").  As one court explained:

2           The Act creates a zone of privacy that protects internet subscribers
            from having their personal information wrongfully used and
3           disclosed by unauthorized private parties.  Consequently, the court
            finds that the subpoenas *duces tecum* served on Microsoft
4           Corporation, Google, Inc. [a]nd Yahoo!, Inc. are facially invalid.

5    *J.T. Shannon Lumber*, 2008 U.S. Dist. LEXIS 104966, at *5-6 (citations omitted).

6           The ECPA governs disclosure of information by providers of electronic communication

7    services ("ECS") and remote computing services.  As an ECS that retains messages in electronic

8    storage,[5] Google is subject to the ECPA.  *See Theofel*, 359 F.3d at 1070, 1075 (holding that

9    NetGate, an Internet Service Provider that stored e-mails on its servers after delivery to the

10   recipient, was an ECS for purposes of the Act); *Quon v. Arch Wireless Operating Co., Inc.*, 529

11   F.3d 892, 902-03 (9th Cir. 2008) (citing *Theofel's* classification of NetGate with approval).

12   Subject only to the various limited exceptions in the statute (18 U.S.C. § 2702(b))[6] – none of

13   which apply here – an ECS, like Google, may not disclose its customers' communications.

14   Doing so would be "an 'invasion . . . of the specific interests that the [ECPA] seeks to protect.'"

15   *See Theofel*, 359 F.3d at 1074.  There is no exception to this prohibition for subpoenas in civil

16   proceedings.  *See In re Subpoena Duces Tecum to AOL, LLC*, 550 F. Supp. 2d 606, 611-12 (E.D.

17   Va. 2008) (holding that the exceptions to the ECPA's broad prohibitions "do not include civil

18   discovery subpoenas"); *O'Grady*, 139 Cal. App. 4th at 1447 (holding that the ECPA "makes no

19   exception for civil discovery").

20          Here, Plaintiff's subpoena requests that Google disclose Defendant Lai's electronic

21

22   _____

     [5] The ECPA defines "'electronic storage'" to mean "temporary, intermediate storage of a wire or
23   electronic communication incidental to the electronic transmission thereof" (18 U.S.C. §
     2510(17)(A)), or "storage of such communication by an electronic communication service for
24   purposes of backup protection of such communication" (18 U.S.C. § 2510(17)(B)).

25   [6] Among the exceptions to the ECPA's prohibition on disclosure are those that are incidental to
     the provision of the intended service (*see* 18 U.S.C. § 2702(b)(1), (4), (5)); incidental to the
26   protection of the rights or property of the service provider (18 U.S.C. § 2702(b)(5)); made with
     the consent of a party to the communication or, in some cases, the consent of the subscriber (*see*
     18 U.S.C. § 2702(b)(3)); related to child abuse (18 U.S.C. § 2702(b)(6)); made to public agents
27   or entities under certain conditions (18 U.S.C. § 2702(b)(7), (8)); related to authorized wiretaps
     (18 U.S.C § 2702(b)(2)); or made in compliance with certain criminal or administrative
28   subpoenas issued in compliance with federal procedures (*Id.*).  Plaintiff cannot rely on any of
     these exceptions.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SILICON VALLEY

6

NOTICE OF MOTION AND MOTION TO QUASH PLAINTIFF'S
SUBPOENA TO GOOGLE INC. AND FOR PROTECTIVE ORDER
MASTER FILE NO. C-07-5182-WHA-BZ

1   messages in electronic storage.  *See* Ex. H.  Plaintiff's request to Google falls squarely within the

2   prohibitions of the ECPA.  As the Ninth Circuit held in *Theofel*, "[t]here is no dispute that

3   messages remaining on [the subpoena recipient's] server after delivery are stored 'by an

4   electronic communication service' within the meaning of 18 U.S.C. § 2510 (17)(B)."  359 F.3d

5   at 1075.  Moreover, the Court further held that the messages were stored "for purposes of backup

6   protection," and that therefore, the messages were protected under the statute.  *Id.*  Because

7   Defendant Lai has not provided his consent for Google to release these records, and because

8   none of the other exceptions are applicable, Defendant Lai's e-mails are protected from

9   disclosure by the ECPA and disclosure by Google would violate that statute.  Thus, the Court

10  must quash Plaintiff's subpoena because it "requires disclosure of privileged or other protected

11  matter" and "no exception or waiver applies."  FRCP 45(c)(3)(A)(iii).

12         Plaintiff's request that Defendant Lai consent to Google allowing Plaintiff access to the

13  scope of his private e-mails demanded by the subpoena is far from reasonable.  *See* Ex. J.  As

14  explained below (*see infra*, pp. 8-10), Plaintiff's subpoena seeks documents far exceeding the

15  scope of permissible discovery.  Under FRCP 26(b)(1), Plaintiff is entitled only to documents

16  relating to the claims or defenses of the parties.  Yet Plaintiff's overbroad requests would

17  necessarily require Google produce to Plaintiff many communications – including commercially

18  sensitive documents relating to LDK's operations – that are entirely unrelated to this litigation.

19  Thus, this subpoena can only be seen as an attempt to subvert the scope of the normal discovery

20  process and its reasonable limitations.  Additionally, as Defendant has repeatedly stressed to

21  Plaintiff, it is duplicative of the documents that are being produced as part of normal party

22  discovery under FRCP 34, as Defendants are collecting and producing non-privileged,

23  responsive documents from personal e-mail accounts.  *See* Exs. D, E, F.  Indeed as a sign of

24  good faith, Defendant offered to accept Plaintiff's "compromise" of having Google produce the

25  documents directly to Defendant's counsel (*see* Ex. K) – who would then be tasked with

26  reviewing and producing e-mails at great expense – so long as Plaintiff would pay the expense of

27  this unnecessary process.  Gallenberg Decl. at ¶ 4.  Yet Plaintiff refused even to entertain the

28  concept that he should be financially responsible for Defendants' review and production of

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SILICON VALLEY

7

NOTICE OF MOTION AND MOTION TO QUASH PLAINTIFF'S
SUBPOENA TO GOOGLE INC. AND FOR PROTECTIVE ORDER
MASTER FILE NO. C-07-5182-WHA-BZ

1   duplicative e-mails that Defendants have informed him they already intend to produce.  Thus,

2   Plaintiff's purported compromise proposal is also unreasonable.

3   **C.     Plaintiff's Subpoena Is Also Improper Because It Imposes An Undue Burden
         And Is Overbroad**

4

5        Plaintiff's subpoena is overbroad and unduly burdensome.  First, it seeks documents that

6   are not relevant to these proceedings, as it requests that Google provide effectively any e-mail

7   Defendant Lai has ever received, sent, or drafted that has anything to do with LDK, its

8   fundamental operations, and Mr. Lai's responsibilities as CFO.  *See* Ex. H (requesting all e-mails

9   so much as containing the "strings of letters: LDK, Situ, Peng, Charley, investigate,

10  investigation, inventory or SEC").  Second, Plaintiff's Google subpoena seeks documents

11  duplicative of those that have been produced or are being produced in the normal course of party

12  discovery.  Thus, the Court should quash the subpoena based on these grounds, in addition to the

13  ECPA grounds, or at a minimum, issue a protective order limiting its scope to only that which is

14  within the permissible scope of discovery under Rule 26.

15       Under FRCP 45 "'[a] party or attorney responsible for issuing and serving a subpoena

16  must take reasonable steps to avoid imposing undue burden or expense on a person subject to the

17  subpoena.'"  *Subpoena Duces Tecum*, 550 F. Supp. 2d at 612 (quoting Fed. R. Civ. P. 45(c)(1)).

18  As a result, a court "must quash or modify a subpoena that subjects a person to an undue

19  burden."  *Id.*  Similarly, a court may issue a protective order "to protect a party or person from

20  annoyance, embarrassment, oppression, or undue burden or expense."  Fed. R. Civ. P. 26(c).

21  Courts routinely quash, or grant protective orders in response to, subpoenas that are overbroad

22  and/or unduly burdensome.  *See Theofel*, 359 F.3d at 1071-72; *Subpoena Duces Tecum*, 550 F.

23  Supp. 2d at 612-13 (holding that the magistrate judge did not err in quashing a subpoena that did

24  not limit the documents requested to the subject matter relevant to the case, because the

25  subpoena "impose[d] an undue burden on the [subpoenaed party] by being overbroad").

26  Additionally, where subpoenas are duplicative or cumulative, or request documents that are

27  irrelevant to any of the parties' claims or defenses, courts will generally grant a motion to quash

28  or for protective order.  *See EEOC v. Serramonte*, 237 F.R.D. 220, 223 (N.D. Cal. 2006)

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SILICON VALLEY

8

NOTICE OF MOTION AND MOTION TO QUASH PLAINTIFF'S
SUBPOENA TO GOOGLE INC. AND FOR PROTECTIVE ORDER
MASTER FILE NO. C-07-5182-WHA-BZ

1   (granting motion to quash subpoenas in part because they were cumulative, duplicative, and

2   irrelevant to the claims and defenses of the underlying matter); *North Carolina Right to Life, Inc.*

3   *v. Leake*, 231 F.R.D. 49, 51-52 (D.D.C. 2005) (quashing non-party subpoena, which sought

4   irrelevant information).

5          Here, Plaintiff's Google subpoena does not even purport to limit the documents requested

6   to only the subject matter relevant to this case.  Just the opposite, in fact.  The subpoena

7   explicitly requests every document containing any mention of LDK or its CEO (Defendant

8   Peng), containing the name Charley, or the words investigate, investigation, inventory, or the

9   SEC.  Ex. H.  In essence, Plaintiff has requested every e-mail Defendant Lai has ever drafted,

10  sent, or received in his professional capacity on Gmail.  Plaintiff has not made any attempt to

11  restrict his request to only those e-mails that would be relevant to this litigation.  Under FRCP

12  26, the touchstone of discovery is relevance.  Fed. R. Civ. P. 26 ("[T]he scope of discovery is as

13  follows: Parties may obtain discovery regarding any nonprivileged matter that is ***relevant*** to any

14  party's claim or defense….") (emphasis added).  Because Plaintiff's request is so broad, Google

15  will be forced to reveal to Plaintiff a whole host of communications unrelated to this litigation.

16  On top of that, any communications that actually do fall within the scope of permissible

17  discovery – *i.e.*, documents relevant to this litigation that happen to be scooped up in these

18  strikingly broad requests – will be duplicative of those Defendants have already agreed to

19  produce through normal, party discovery.  Ex. D, E, F.  Where, as here, a subpoena is overbroad

20  and not limited to the issues in the lawsuit, the court may quash the subpoena.  *See J.T. Shannon*

21  *Lumber*, 2008 U.S. Dist. LEXIS 104966, at *6-7 (quashing a subpoena that did not limit the

22  requested documents to issues in the lawsuit, where the "breadth of the request [wa]s so

23  expansive that it resemble[d] a fishing expedition").[7]

24  _____

25  [7] Should the Court not quash Plaintiff's subpoena in its entirety, it should, at a minimum, modify
    the subpoena under Rule 26(c) so that it comports with the scope of permissible discovery under
26  FRCP 26.  *See Auto-Owners Ins. Co. v. Se. Floating Docks, Inc.*, 231 F.R.D. 426, 429 (M.D. Fla.
    2005) ("As parties, Defendants clearly have standing to move for a protective order if the
27  subpoenas seek irrelevant information.").  Discovery requests that are "not reasonably calculated
    to lead to discovery of admissible evidence' [are] not within the scope of Rule 26(b)(1)" and may
28  be limited under Rule 26(c).  *Id.* at 430.  Additionally, the Court may limit the scope of the
    request where "the discovery sought is unreasonably cumulative or duplicative."  *Id.*

LATHAM&WATKINS^LLP
ATTORNEYS AT LAW
SILICON VALLEY

9                    NOTICE OF MOTION AND MOTION TO QUASH PLAINTIFF'S
                     SUBPOENA TO GOOGLE INC. AND FOR PROTECTIVE ORDER
                     MASTER FILE NO. C-07-5182-WHA-BZ

1    Thus, even setting aside its facial invalidity under the ECPA, Plaintiff's subpoena should

2    be quashed or limited under Rule 26 because it is impermissibly broad, seeks irrelevant

3    information, is duplicative of party discovery, and imposes an undue burden on the recipient.[8]

4    **IV.    CONCLUSION**

5    For the foregoing reasons, Defendant Lai respectfully requests that this Court quash

6    Plaintiff's Google subpoena and issue a protective order preventing Plaintiff from seeking any

7    further e-mails from an electronic communications service or remote computing service.

8

9    Dated:  February 19, 2009                    Respectfully submitted,

10                                                LATHAM & WATKINS LLP

11

12                                                By _____/s/_____
                                                          Raymond A. Gallenberg
13

14                          **CERTIFICATE OF CONFERENCE**

15    Undersigned counsel hereby certifies that counsel for Defendant has conferred on several

16    occasions, both telephonically and via regular and electronic mail, with Plaintiff's counsel, in a

17    good faith effort to eliminate the necessity for hearing these motions.  However, because Plaintiff

18    refuses to withdraw his improper subpoena to Google, Defendant has no other option at this time

19    than to bring this Motion to Quash and for Protective Order.

20

21    Dated:  February 19, 2009                    Respectfully submitted,

22                                                LATHAM & WATKINS LLP

23

24                                                By _____/s/_____
                                                          Raymond A. Gallenberg
25

26

27    _____
      [8] Additionally, to avoid any further undue burden or expense to the Defendants (and to any
      potential recipients of any future invalid subpoena requests), the Court should prospectively
28    grant a further protective order mandating that Plaintiff not issue any further facially invalid
      subpoenas requesting documents in violation of the ECPA.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SILICON VALLEY

10    NOTICE OF MOTION AND MOTION TO QUASH PLAINTIFF'S
      SUBPOENA TO GOOGLE INC. AND FOR PROTECTIVE ORDER
      MASTER FILE NO. C-07-5182-WHA-BZ