1  LATHAM & WATKINS LLP
       James J. Farrell (Bar No. 166595)
2      james.farrell@lw.com
   355 South Grand Avenue
3  Los Angeles, California  90071-1560
   Telephone:  (213) 485-1234
4  Facsimile:  (213) 891-8763

5  LATHAM & WATKINS LLP
       Matthew D. Harrison (Bar No. 210981)
6      matt.harrison@lw.com
   505 Montgomery Street, Suite 2000
7  San Francisco, California  94111
   Telephone:  (415) 391-0600
8  Facsimile:  (415) 395-8095

9  Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| In re LDK SOLAR SECURITIES LITIGATION<br><br>This Document Relates To:<br><br>ALL ACTIONS. | MASTER FILE NO. C-07-05182-WHA-BZ<br><br>**DECLARATION OF RAYMOND A. GALLENBERG IN SUPPORT OF DEFENDANT LAI'S MOTION TO QUASH PLAINTIFF'S SUBPOENA TO GOOGLE INC. AND FOR PROTECTIVE ORDER**<br><br>Judge:      Hon. Bernard Zimmerman<br>Date:       April 1, 2009<br>Time:       10:00 a.m.<br>Courtroom: G, 15th Floor |
|---|---|

## DECLARATION OF RAYMOND A. GALLENBERG

I, Raymond A. Gallenberg, declare as follows:

1. I am an active member of the State Bar of California and an attorney with the law firm of Latham & Watkins LLP, attorneys for Defendants LDK Solar Co., Ltd., LDK Solar USA, Inc., Xiaofeng Peng, Jack Lai, Xingxue Tong, Qiqiang Yao, Liangbao Zhu, Yonggang Shao, and Gang Wang ("Defendants") in the above captioned matters. I have personal knowledge of the matters stated in this declaration, and if called upon to testify, could and would do so competently.

2. I submit this declaration in support of Defendant Lai's Motion to Quash Plaintiff's Subpoena to Google Inc. and for Protective Order.

3. On Monday, February 9, 2009, Judith M. Donovan and I conferred with Matthew B. Kaplan, counsel for Plaintiff, telephonically in order to resolve outstanding issues related to the subpoena issued to Google Inc. in violation of the Stored Communications Act ("SCA") of the Electronic Communications Privacy Act ("ECPA") (hereinafter referred to together as "the Act"). Mr. Kaplan, however, refused to withdraw the subpoena.

4. On Friday, February 13, 2009, I conferred with Mr. Kaplan twice telephonically, with the second conversation coming at approximately 2:05 pm Pacific time, in a further attempt to resolve outstanding issues related to the subpoena issued to Google Inc. Despite my good faith effort to discuss suggestions raised by Mr. Kaplan regarding the obtaining, review, and production of duplicative e-mails in Google Inc.'s possession, we were unable to reach a mutually-acceptable resolution to the withdrawal of the Google subpoena. In a February 9, 2009 email, listed below as Exhibit K, Plaintiff offered the purported compromise of having the documents demanded by his subpoena to Google produced to Defendant's counsel, who would be required to review and produce any non-privileged, responsive documents to Plaintiff. During the second February 13, 2009 telephone conversation with Mr. Kaplan, I informed him that Defendants were amenable to Plaintiff's purported compromise, so long as Plaintiff would pay the expense of that process. Mr. Kaplan refused that offer.

5. Attached hereto as **Exhibit A** is a true and correct copy of the January 26, 2009

Letter from Kalynn Yastro, Google Inc., to Mathew B. Kaplan, Cohen, Milstein, Sellers & Toll P.L.L.C.

      6.      Attached hereto as **Exhibit B** is a true and correct copy of Lead Plaintiff's First Request for Production of Documents to Defendants LDK Solar Co., Inc., LDK Solar USA, Inc., Xiaofeng Peng and Jack Lai.

      7.      Attached hereto as **Exhibit C** is a true and correct copy of Lead Plaintiff's Second Request for Production of Documents to All Defendants.

      8.      Attached hereto as **Exhibit D** is a true and correct copy of the January 23, 2009 Letter from Matthew D. Harrison, Latham & Watkins, LLP, to Matthew B. Kaplan, Cohen, Milstein, Sellers & Toll P.L.L.C.

      9.      Attached hereto as **Exhibit E** is a true and correct copy of the January 30, 2009 Letter from Judith M. Donovan, Latham & Watkins, LLP, to Matthew B. Kaplan, Cohen, Milstein, Sellers & Toll P.L.L.C.

      10.     Attached hereto as **Exhibit F** is a true and correct copy of the February 6, 2009 Email Chain between Judith M. Donovan, Latham & Watkins, LLP, and Matthew B. Kaplan, Cohen, Milstein, Sellers & Toll P.L.L.C.

      11.     Attached hereto as **Exhibit G** is a true and correct copy of the February 2, 2009 Email from Matthew B. Kaplan, Cohen, Milstein, Sellers & Toll P.L.L.C., to Matthew D. Harrison, Latham & Watkins, LLP.

      12.     Attached hereto as **Exhibit H** is a true and correct copy of the Subpoena issued to Google Inc. by Matthew B. Kaplan, Cohen, Milstein, Sellers & Toll P.L.L.C., dated January 22, 2009.

      13.     Attached hereto as **Exhibit I** is a true and correct copy of the January 22, 2009 Letter from Matthew B. Kaplan, Cohen, Milstein, Sellers & Toll P.L.L.C., to Matthew D. Harrison, Latham & Watkins, LLP.

      14.     Attached hereto as **Exhibit J** is a true and correct copy of the January 27, 2009 Email from Matthew B. Kaplan, Cohen, Milstein, Sellers & Toll P.L.L.C., to Matthew D. Harrison, Latham & Watkins, LLP.

15. Attached hereto as **Exhibit K** is a true and correct copy of the February 9, 2009 Email from Matthew B. Kaplan, Cohen, Milstein, Sellers & Toll P.L.L.C., to Judith M. Donovan and Raymond A. Gallenberg, Latham & Watkins, LLP.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 19th day of February, 2009, in Menlo Park, California.

                                                                              /s/ Raymond A. Gallenberg
                                                                                Raymond A. Gallenberg