COHEN MILSTEIN SELLERS
  & TOLL PLLC
   Herbert E. Milstein
   Joshua S. Devore
   Matthew B. Kaplan
   hmilstein@cohenmilstein.com
1100 New York Avenue, N.W.
West Tower, Suite 500
Washington, DC 20005-3964
Telephone: (202) 408-4600
Facsimile:  (202) 408-4699

Lead Counsel for the Proposed Class

BERMAN DEVALERIO
   Joseph J. Tabacco, Jr.
   Nicole Lavallee
425 California Street
Suite 2100
San Francisco, CA 94104

Liaison Counsel for the Class

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re LDK SOLAR SECURITIES LITIGATION<br><br>_____<br><br>This Document Relates To:<br><br>   ALL ACTIONS. | Master File No. C-07-05182-WHA (BZ)<br><br>CLASS ACTION<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO QUASH PLAINTIFF'S SUBPOENA TO GOOGLE INC. AND FOR PROTECTIVE ORDER AND PLAINTIFF'S REQUEST FOR AFFIRMATIVE RELIEF**<br><br>Judge:      Hon. Bernard Zimmerman<br>Date:       March 25, 2009<br>Time:       10:00 a.m.<br>Courtroom:  G, 15th Floor |

Plaintiff's Opposition To Defendants' Motion To Quash Plaintiff's Subpoena To Google Inc. And For Protective Order And Plaintiff's Request For Affirmative Relief
MASTER FILE NO. C-07-5182-WHA (BZ)

**STATEMENT OF ISSUES TO BE DECIDED**

1. Whether Plaintiff's subpoena to nonparty Google, Inc. should be quashed when Defendants do not claim that the subpoenaed documents are privileged and where Google is only preserving emails relevant to Plaintiff's claims, not producing any documents to Plaintiff.

2. Whether Defendant Lai should be ordered to obtain from nonparty Google, Inc. any recoverable deleted emails from his Google email account and to review any such emails for responsiveness to Plaintiff's document requests.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   Preliminary Statement**

The Court's intervention should not have been necessary to resolve this dispute. The subpoena at issue arose from an effort by Plaintiff, concerned about the slow pace of Defendants' document production and the adequacy of Defendants' document preservation, to obtain relevant documents directly from the web-based Google "Gmail" email account of Defendant Jack Lai, Chief Financial Officer of Defendant LDK Solar Co. Ltd. ("LDK"), who used the account to send and receive emails about the inventory irregularities that are the basis of Plaintiff's claims. There is no question that Lai used this account for business purposes: indeed, the email address in question, which Defendants are careful to omit from their motion, is "johnLDK@gmail.com."

When Google advised the parties that, pursuant to its interpretation of the Electronic Communications Privacy Act ("ECPA"), it could not provide the requested emails to Plaintiff without Mr. Lai's consent, Plaintiff asked Google to preserve emails associated with this account and Google agreed to do so. Plaintiff also asked Defendants to authorize Google to recover any relevant emails that had been deleted from Mr. Lai's account and to have Google turn over any such documents to *Defendants*. Not only did Defendants refuse to do so, they filed this motion to quash Plaintiff's subpoena even though they knew that Google would not produce a single email from Mr. Lai's account in response to it—there is effectively nothing to quash. Defendants nonetheless imply that they would somehow be burdened with great expense if required to recover and then review additional emails from this single email account. But their claim rings

hollow—they have undoubtedly spent far more to prosecute this unnecessary motion than the cost of any additional required document review.

Ultimately, the Federal Rules of Civil Procedure require that Mr. Lai recover and review any potentially responsive document subject to his control, including deleted emails. Since Mr. Lai has refused to voluntarily comply with his obligations under the Federal Rules, the Court should enter an order compelling him to do so.

**II.        Background**

Defendants have been *extremely* slow to respond to Plaintiff's discovery requests in this class action securities case. Although Plaintiff's first request for documents was served on July 3, 2008, Defendants did not produce any responsive documents until October 30, 2008—when they produced a single document. Their next production was not until November 26, when they turned over only 243 documents. As of February 22, 2009, one month after the subpoena to Google that is the subject of Defendants' motion was issued, Defendants had produced a total of only 535 documents.[1]

By early January, review of the limited number of documents Defendants have produced indicated that LDK personnel, including Defendant Lai, used web-based email services such as Gmail and Yahoo Mail to send and receive work related communications, including communications directly related to this litigation. Despite repeated requests however, Defendants have declined to say what they have done to preserve potentially discoverable documents, other than to cryptically and repeatedly assert that they have "complied with the document-retention provisions of the Private Securities Litigation Reform Act." (*See, e.g.,* Mot. to Quash Pl.'s Subpoena to Google Inc. and For Protective Order at 2 n.2.)

Because Plaintiff was not receiving meaningful and adequate document discovery from Defendants, because of the possibility that web-based email services might have been used to evade discovery, and because of concerns that relevant emails might have been deleted before counsel for Defendants acted to preserve them—and that such deleted emails might be

---

[1] Defendants have since turned over a modest quantity of additional documents that Plaintiff is now analyzing.

Plaintiff's Opposition To Defendants' Motion To Quash Plaintiff's Subpoena To Google Inc. And For
Protective Order And Plaintiff's Request For Affirmative Relief                                                                                         - 2 -
MASTER FILE NO. C-07-5182-WHA (BZ)

1  recoverable by Google—on January 22, 2009 Plaintiff issued a subpoena to Google, which

2  operates the Gmail email service. (Decl. of Matthew B. Kaplan ("Kaplan Decl.") Ex. A.) The

3  subpoena called for production of email associated with the "johnLDK@gmail.com" account

4  which contained a limited number of key words relevant to Plaintiff's claims.[2] The subpoena

5  specifically sought deleted emails that Google could "recover[] by any means."[3] *Id.*

6       As the email address itself suggests, Defendant Lai used this Gmail account for LDK

7  business—a September 30, 2007 email, (Kaplan Decl. Ex B.), suggests that Lai was using an

8  automatic "signature" on emails sent from this account in which he identified himself as "Jack

9  Lai, CFO, LDK Solar Co., LTD" followed by his LDK contact information. Although

10  Defendants now claim that they will search the web based email accounts that they control for

11  responsive documents, as of the date that Plaintiff issued his subpoena to Google, no emails

12  obtained from any such account had been produced to Plaintiff.[4]

13       In a mid-January telephone discussion, counsel for Plaintiff advised counsel for

14  Defendants that they intended to subpoena copies of relevant emails from top LDK executives

15  directly from Gmail and similar service providers. (Kaplan Decl. ¶ 4.) Counsel for Defendants

16  indicated that they understood Plaintiff's reasons for doing so. *Id.* Counsel for Plaintiff was then

17  unaware that the ECPA might limit Google's ability to respond to the subpoena, and counsel for

18  Defendants did not raise the issue at that time. (Kaplan Decl. ¶ 5.)

19       In responding to the subpoena, however, Google indicated that, because of the ECPA,

20  they could provide Plaintiff with the subpoenaed emails only with consent of the account holder,

21  Mr. Lai. Kaplan Decl. Ex. C. Google also confirmed that, with Lai's consent, it might be able to

22  recover copies of emails that had been deleted from this account that would not be otherwise

---

[2] The subpoena also asked Google to confirm the account owner's identity, but Defendants have now apparently conceded that Mr. Lai is the account owner.

[3] As used in this Memorandum, "deleted email" means email that cannot be recovered by the account holder without assistance from Google. The term, as used here, does not include email in the account's "trash" folder which can be restored by the account owner.

[4] At the time the subpoena was issued Defendants had produced a few emails that Lai had sent to other LDK employees at their company email addresses—emails that alerted Plaintiff to Lai's Gmail account—but Plaintiff had not received any emails from Lai's Gmail account itself. Plaintiff has not completed reviewing Defendants' production of the last several days and does not yet know if it includes documents retrieved from the johnLDK@gmail.com email account.

1  recoverable by Lai.  (Kaplan Decl. ¶ 7.)  Out of an abundance of caution, Plaintiff requested that
2  that Google preserve emails associated with this account on the grounds that they were subject to
3  a subpoena.  (Kaplan Decl. Ex. D (February 2009 email exchange between Matthew B. Kaplan
4  and representative of Google).)  Google agreed to do so.  *Id.*

In light of Google's position that the ECPA prevents it from producing responsive emails to Plaintiff without authorization (a position Plaintiff does not disagree with for purposes of this motion), Plaintiff asked Defendant Lai to authorize Google to provide responsive emails, including deleted emails, to counsel for ***Defendants***.  Plaintiff emphasized that his principal concern was the preservation of any emails that might have been deleted before counsel for Defendants acted to preserve emails in this account.  Defendant Lai indicated that he would only do so if Plaintiff agreed to pay the costs of reviewing emails in Defendant Lai's account that duplicated emails already obtained from Lai's account.  (Kaplan Decl. ¶ 9.)  Defendants indicated, however, that they did not know the number of emails in Lai's Gmail account or have any idea how much Plaintiff would have to pay under their proposal.  *Id.*  Plaintiff declined to accept such an open-ended agreement to pay Defendants' costs, and do not believe any cost shifting for Defendants' review of documents for responsiveness is appropriate.  *Id.*

Google has indicated that, absent Lai's consent, it will not produce the emails that Defendants' current motion seeks to protect regardless of whether a motion to quash is granted or denied, effectively making this motion moot.  Moreover, Plaintiff has not taken any action to compel Google itself to disclose these emails directly to Plaintiff and, in light of the provisions of the ECPA, does not plan to do so.  Nevertheless, Defendant Lai filed this motion to quash and for a protective order.

### III. <u>Argument</u>

In light of Defendants' refusal to say what they had done to preserve relevant documents, and the pace of Defendants' production, Plaintiff's efforts to obtain directly from Google email and other information relevant to Plaintiff's claims was entirely reasonable.  This was especially so given the unusual practice of Defendant Lai and other top LDK insiders of using web based email accounts for LDK business instead of LDK's own email system.

Plaintiff's Opposition To Defendants' Motion To Quash Plaintiff's Subpoena To Google Inc. And For
Protective Order And Plaintiff's Request For Affirmative Relief                                                                              - 4 -
MASTER FILE NO. C-07-5182-WHA (BZ)

When Plaintiff served his subpoena, his counsel was admittedly unaware of the restrictions placed on email providers by the ECPA.[5] If Plaintiff had known of the ECPA's consent requirements, he might have crafted his discovery requests differently. Nevertheless, none of Defendants' arguments justify quashing the subpoena or entering a protective order.

Even if the ECPA prohibits web-based email services from producing customer emails in response to a civil subpoena,[6] nothing in the statute prohibits document preservation subpoenas and the subpoena at issue has effectively become such a subpoena—although it will not produce the requested emails, Google agreed to interpret the subpoena as providing for the preservation of the emails associated with Defendant Lai's account. Moreover, nothing in the ECPA appears to limit Google's ability to respond to the second prong of the subpoena, which seeks confirmation that Defendant Lai owns this account.

In light of the ECPA concerns raised by Google, Defendants' concerns regarding the scope of the subpoena, and Plaintiff's continuing concern about the preservation of deleted and other emails, Plaintiff suggested that, instead of turning over the requested materials directly to Plaintiff as called for in the subpoena, Defendant Lai should allow Google to provide the requested documents *to his own counsel*, thus ensuring that any deleted emails recovered by Google would be preserved and reviewed. Defendants rejected this suggestion.

Defendants' refusal to do anything to obtain, preserve or review deleted emails—and affirmative efforts to prevent such review—is inconsistent with their obligations under the Federal Rules of Civil Procedure. When responding to Plaintiff's document requests, Defendants must make a reasonable search encompassing all documents in their "possession, custody, or control," Rule 34(a)(1), for items responsive to Plaintiff's requests. Since Google will search for and provide to Defendant Lai any recoverable deleted emails if he asks Google to do so, such deleted emails are under Lai's "control." At least some of the emails associated with Lai's

---

[5] Since Defendants' counsel did not raise this issue when Plaintiff consulted with them prior to issuing this subpoena, it appears that Defendants may have been similarly unaware of this.

[6] The Court need not decide the issue, but Defendants' interpretation is not self evident from the statute's text. For example, the section that Defendants rely upon, 18 U.S.C. § 2702 refers to "*[v]oluntary* disclosure of customer communications or records" (emphasis added). Disclosure in response to a subpoena is presumably not a "voluntary" disclosure.

account contain information relevant to the claims or defenses of the parties. (*See, e.g.,* Kaplan Decl. Ex. B (email from Gmail account in which Lai discusses a fall 2007 internal investigation of the inventory irregularities that form the basis of Plaintiff's case).) Nevertheless, for reasons left unexplained, Lai refuses to ask Google to recover emails deleted from his account.

Since Lai has refused to act, the Court should order him to obtain and review any deleted emails that Google can recover. The Federal Rules provide that "[i]f a motion for a protective order is wholly or partly denied, the court may, on just terms, order that any party or person provide or permit discovery." Fed. R. Civ. P. 26(c)(2). The comment to the Rule explains that this language was inserted so that "[w]hen a motion for a protective order is made and the court is disposed to deny it, the court may go a step further and issue an order to provide or permit discovery …. Since the court has heard the contentions of all interested persons, an affirmative order is justified." Fed. R. Civ. P. 26 Advisory Comm. Notes, 1970 Amend. Subdiv. (c).

This is the type of situation in which the drafters thought it appropriate for a court not only to deny a motion for a protective order, but to order affirmative relief on behalf of the party seeking discovery. Moreover, since Plaintiff respectfully proposes that such an order provide that the emails be produced with Mr. Lai's consent to his own counsel for review of any privacy or relevance concerns, there is no argument that such an order would violate the ECPA. As the principal case Defendants use to support their interpretation of the ECPA explains, "[w]here a party to the communication [protected by the ECPA] is also a party to the litigation, it would seem within the power of a court to require his consent to disclosure on pain of discovery sanctions." *O'Grady v. Superior Court*, 139 Cal. App. 4th 1423, 1446 (6th Dist. 2006) (interpreting 18 U.S.C. § 2702).

DATED: March 4, 2009  COHEN MILSTEIN SELLERS & TOLL PLLC

/s/ Herbert E. Milstein

Herbert E. Milstein
Joshua S. Devore
Matthew B. Kaplan
hmilstein@cohenmilstein.com
1100 New York Avenue, N.W.
West Tower, Suite 500
Washington, DC 20005-3964
Telephone: (202) 408-4600
Facsimile: (202) 408-4699

Lead Counsel for the Class

BERMAN DEVALERIO
Joseph J. Tabacco, Jr.
Nicole Lavallee
425 California Street
Suite 2100
San Francisco, CA 94104

Liaison Counsel for the Class

**CERTIFICATE OF SERVICE**

I hereby certify that on this date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses of the parties of record.

I further certify that Service Pursuant to Local Rule 23-2 will be made electronically to:

>Securities Class Action Clearinghouse
>Att. Juan-Carlos Sanchez/Cara Mia Perlas
>Stanford University School of Law
>Crown Quadrangle
>Stanford, CA 94305-8612
>scac@law.stanford.edu

    /s/ Matthew B. Kaplan
Matthew B. Kaplan
March 4, 2009

Plaintiff's Opposition To Defendants' Motion To Quash Plaintiff's Subpoena To Google Inc. And For Protective Order And Plaintiff's Request For Affirmative Relief
MASTER FILE NO. C-07-5182-WHA (BZ)