1   JAMES G. KREISSMAN (Bar No. 206740)
    jkreissman@stblaw.com
2   SIMPSON THACHER & BARTLETT LLP
    2550 Hanover Street
3   Palo Alto, California  94304
    Telephone:  (650) 251-5000
4   Facsimile:  (650) 251-5002
    *Attorneys for Non-Party*
5   SIMPSON THACHER & BARTLETT LLP

6

7

8

9                        UNITED STATES DISTRICT COURT

10                     NORTHERN DISTRICT OF CALIFORNIA

11

12  In re LDK SOLAR SECURITIES          )   Master File No. C-07-05182-WHA (BZ)
    LITIGATION                          )
13                                      )
                                        )
14  _____ )
                                        )   **STIPULATION AND [PROPOSED]**
15  This Document Relates To:           )   **ORDER RE: PLAINTIFF'S**
                                        )   **SUBPOENA ON NON-PARTY**
16  ALL ACTIONS.                        )   **SIMPSON THACHER & BARTLETT**
                                        )   **LLP**
17                                      )
                                        )
18  _____ )

19

20

21

22

23

24

25

26

27

28

WHEREAS, Lead Plaintiff Shahpour Javidzad ("Plaintiff") served non-party Simpson Thacher & Bartlett LLP ("Simpson Thacher") with a subpoena (the "Subpoena") in this matter on July 16, 2008 seeking the production of documents in the custody or control of Simpson Thacher relating to Simpson Thacher's representation of the independent directors of the Audit Committee of LDK Solar Co., Ltd. (the "Audit Committee") in connection with an investigation into certain allegations made by former LDK Solar Co., Ltd. employee Mr. Charley Situ (the "Investigation");

WHEREAS, Simpson Thacher and those persons and/or entities retained by Simpson Thacher during the course of the Investigation (including, without limitation, Deloitte & Touche Financial Advisory Services Ltd., Professor Yi Tan, Ron Sinton and Ted Ciszek (collectively, the "Consultants")) created numerous documents during the course of the Investigation which Simpson Thacher contends are protected by the attorney-client and/or work product privileges (the "Investigation Work Product");

WHEREAS, Simpson Thacher contends that it has fully complied with the Subpoena and produced to Plaintiff all documents that are both non-privileged and responsive to the Subpoena;

WHEREAS, Plaintiff contends that Simpson Thacher is required to produce certain additional documents pursuant to the Subpoena;

WHEREAS, Simpson Thacher and Plaintiff have met and conferred and agree that, in order to preserve judicial resources and in the interests of compromise, Simpson Thacher will produce certain additional documents to Plaintiff and Plaintiff will forgo its efforts to obtain any other documents from Simpson Thacher or the Consultants or otherwise obtain Investigation Work Product, except as provided for in this Stipulation;

NOW, THEREFORE, it is hereby stipulated and agreed by and between Plaintiff, defendants LDK Solar Co., Ltd. ("LDK"), LDK Solar USA, Inc., Xiaofeng Peng, Xingxue Tong, Jack Lai, Qiqiang Yao, Liangbao Zhu, Yonggang Shao and Gang Wang (collectively, "Defendants'), and Simpson Thacher, through their respective counsel of record, as follows:

1.  Simpson Thacher shall produce a copy of the Microsoft PowerPoint presentation utilized by Simpson Thacher during Simpson Thacher's December 18, 2007 presentation to the Securities and Exchange Commission (the "PowerPoint").

2.  Simpson Thacher shall produce those documents created by LDK in the ordinary course of its business that are referenced or alluded to in the PowerPoint (the "Referenced Documents").  The parties to this stipulation agree that the Referenced Documents shall be limited to only those categories of documents set forth on Schedule A hereto.  For avoidance of doubt, no Investigation Work Product, including, without limitation, the Test Results, shall constitute part of the Referenced Documents.

3.  Simpson Thacher shall produce a copy of all reports, test results, and supporting data that were created by Professor Yi Tan, Ron Sinton and Ted Ciszek during the course of the Investigation relating to the testing of the quality of polysilicon ingots (the "Test Results").

4.  Defendant LDK Solar Co., Ltd. certifies that it retained and continues to retain copies of all LDK Solar Co., Ltd. documents collected by Simpson Thacher or the Consultants during the course of the Investigation (the "Underlying Documents").  Based on this certification, Plaintiff agrees that he will not seek production of the Underlying Documents from Simpson Thacher or the Consultants.  Simpson Thacher agrees that it will not argue that the Underlying Documents are themselves protected as work product.

5.  Plaintiff agrees that any production made by Simpson Thacher pursuant to this stipulation shall not constitute a waiver of any attorney-client or work product privilege held by the Audit Committee, Simpson Thacher, or the Consultants with respect to any document other than the PowerPoint, the Test Results and the Referenced Documents.  Plaintiff further agrees that it shall not assert before any court for any reason that Simpson Thacher's production to it of the PowerPoint, the Test Results, and/or the Referenced Documents provides the Plaintiff with any basis to claim that it is entitled to any additional Investigation Work Product.

6.  Plaintiff shall not seek and shall not be entitled to receive any

1   Investigation Work Product or other documents from Simpson Thacher or the Consultants

2   other than the PowerPoint, the Test Results and the Referenced Documents for any reason

3   except as set forth in Paragraph 7.  Plaintiff shall also withdraw any subpoenas currently

4   outstanding that seek documents from the Consultants.

5          7.     Plaintiff may assert, as the sole reason for asking the court to order

6   Simpson Thacher or the Consultants to produce any Investigation Work Product that a

7   defendant or their counsel has (i) made a statement or taken an action in this litigation; (ii)

8   that statement has been made or that action has been taken after the date that this stipulation

9   has been executed by all parties hereto; and (iii) that statement or action constitutes a waiver

10  of the attorney-client or work product privileges of the Audit Committee, Simpson Thacher

11  and/or the Consultants.

12         8.     Plaintiff may also assert, as the sole remaining reasons for asking the

13  court to order a defendant to produce any Investigation Work Product that (a) the criteria of

14  Paragraph 7(i), (ii), and (iii) are satisfied; or (b) work product and/or attorney-client

15  privilege protection for a particular document in the possession of an LDK employee other

16  than Louis Hsieh or Xiang Bing, the Audit Committee members who conducted the Audit

17  Committee investigation (an "Other Employee"), has been waived solely by virtue of its

18  possession by the Other Employee.

19         9      Other than as set forth in Paragraphs 7 and 8 above, Plaintiff shall not

20  seek and shall not be entitled to receive any Investigation Work Product from any person or

21  entity for any reason.  Plaintiff shall also notify non-parties KPMG International, KPMG

22  LLP, Deloitte & Touche LLP, Deloitte Consulting LLP and Deloitte Touche Tohmatsu that

23  he no longer seeks from either of them the production of any Investigation Work Product.

24         10.    Simpson Thacher's production of the PowerPoint, the Test Results,

25  and the Referenced Documents shall not constitute a waiver of any attorney-client or work

26  product privilege held by the Audit Committee, Simpson Thacher, or the Consultants in any

27  other federal or state proceeding pursuant to Federal Rule of Evidence 502(d), with respect

28  to any document other than the PowerPoint, the Test Results and the Referenced

Documents.   Neither Simpson Thacher nor defendants waive their respective rights to

oppose any argument by Plaintiff with respect to paragraphs 7 and 8.


Dated: May 27, 2009                                    Dated: May 27, 2009

By: _____/s/_____                By:_____/s/_____

COHEN MILSTEIN SELLERS & TOLL        SIMPSON THACHER & BARTLETT LLP
PLLC
                                                       James G. Kreissman
Matthew B. Kaplan                                      2550 Hanover Street
1100 New York Avenue, NW                               Palo Alto, CA 94304
Suite 500 West                                         Telephone:  (650) 251-5000
Washington, DC 20005                                   Facsimile:  (650) 251-5002
Telephone: (202) 408-4600
Facsimile: (202) 408-4699                    *Attorneys for Non-Party Simpson Thacher
                                                       & Bartlett LLP*

*Attorneys for Plaintiffs*                   Dated: May 27, 2009

                                                       By: _____/s/_____

                                                       LATHAM & WATKINS LLP

                                                       James J. Farrell
                                                       355 South Grand Avenue
                                                       Los Angeles, CA 90071-1560
                                                       Telephone:  (213) 891-8498
                                                       Facsimile:  (213) 891-8763

                                                       *Attorneys for Defendants.*


## [PROPOSED] ORDER

PURSUANT TO STIPULATION, IT IS SO ORDERED.

Dated: __ May 28, 2009 __                    _____

                                                       Honorable Bernard Zimmerman

                                                       United States District Court Magistrate Judge

## SCHEDULE A

1.     Emails from inventory or finance personnel regarding usability of various types of inventory, as referenced on page 59 of the PowerPoint.

2.     Emails related to ERP implementation, as referenced on page 59 of the PowerPoint.

3.     Documents relating to return of raw materials to warehouse from production department, as referenced on page 59 of the PowerPoint.

4.     Emails from manufacturing department or customers regarding specific instances of finished product quality issues, as referenced on page 59 of the PowerPoint.

5.     Emails from production department noting dwindling supply of feedstock located in production area but never unavailability, as referenced on page 60 of the PowerPoint.

6.     Documents relating to occasional short term reduction of size of certain ingots produced from 270 Kg to 240 Kg or smaller sizes, as referenced on page 60 of the PowerPoint.

1

**ECF FILER'S ATTESTATION**

2              I, James G. Kreissman, as the e-filing signatory, attest that concurrence in filing the

3     Stipulation Regarding Plaintiff's Subpoena on Non-Party Simpson Thacher & Bartlett LLP has

4     been obtained from the other signatories, Matthew B. Kaplan, and James J. Farrell.  In accordance

5     with General Order 45, Section X(B), I shall maintain a record of the original signatures to support

6     this concurrence for subsequent production for the court if so ordered or for inspection upon

7     request by a party until one year after final resolution of the action.

8     Dated:  May 27, 2009

9                                              By: _____/s/_____

10                                                        James G. Kreissman

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28