| | |
|---|---|
| LATHAM & WATKINS LLP<br>   James J. Farrell (Bar No. 166595)<br>   james.farrell@lw.com<br>633 West Fifth Street, Suite 4000<br>Los Angeles, California  90071<br>Telephone: (213) 485-1234<br>Facsimile: (213) 891-8763<br><br>LATHAM & WATKINS LLP<br>   John C. Tang (Bar No. 212371)<br>   john.tang@lw.com<br>   Raymond A. Gallenberg (Bar No. 239484)<br>   ray.gallenberg@lw.com<br>140 Scott Drive<br>Menlo Park, California  94025<br>Telephone: (650) 328-4600<br>Facsimile: (650) 463-2600<br><br>Attorneys for Defendants | COHEN MILSTEIN SELLERS & TOLL PLLC<br>   Herbert E. Milstein<br>   Joshua S. Devore<br>   Matthew B. Kaplan<br>   hmilstein@cohenmilstein.com<br>1100 New York Avenue, N.W.<br>West Tower, Suite 500<br>Washington, D.C.  20005<br>Telephone: (202) 408-4600<br>Facsimile: (202) 408-4699<br><br>Lead Counsel for the Class |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re LDK SOLAR SECURITIES LITIGATION<br><br>――――――――――――――――――――――<br><br>This Document Relates To:<br><br>ALL ACTIONS. | MASTER FILE NO. C-07-05182-WHA (BZ)<br><br>[~~PROPOSED~~] STIPULATED PROTECTIVE ORDER PURSUANT TO FEDERAL RULE OF EVIDENCE 502(d) |

1      WHEREAS, pursuant to Federal Rule of Evidence 502(d), the Court may enter an order declaring that the attorney-client privilege and work product protection are not waived by the disclosure of documents or information, during the course of the litigation pending before the Court, that would otherwise be entitled to such privilege or protection; and

       WHEREAS, the parties have met and conferred and agree that the inadvertent disclosure during the course of this litigation of documents or information entitled to the attorney-client privilege or work product protection shall not constitute a waiver of such privilege or protection;

       THEREFORE, in order to preserve the protections afforded by the attorney-client privilege and work product doctrine to documents and information inadvertently disclosed by the respective parties in connection with this litigation, and pursuant to the Court's authority under Federal Rule of Civil Procedure 26(c) and Federal Rule of Evidence 502, the parties hereby stipulate and submit as follows:

       1.     If, in connection with the litigation pending before the Court, documents or information subject to a claim of attorney-client privilege or work product protection are inadvertently disclosed ("Inadvertently Disclosed Information") by a party (the "Disclosing Party"), the disclosure of such Inadvertently Disclosed Information shall not constitute or be deemed a waiver of any claim of attorney-client privilege or work product protection that the Disclosing Party would otherwise be entitled to assert with respect to the Inadvertently Disclosed Information and its subject matter.  The non-waiver of claims of attorney-client privilege and work product protection shall apply to the litigation pending before the Court as well as any other federal or state proceeding.

       2.     If a claim of inadvertent disclosure is made by the Disclosing Party with respect to Inadvertently Disclosed Information, the party that received the Inadvertently Disclosed Information (the "Receiving Party") shall, within five business days of receiving notice of the claim of inadvertent disclosure, return, delete, or destroy the Inadvertently Disclosed Information and delete or destroy the portions of all work product that reflect or are derived from such Inadvertently Disclosed Information, including all copies thereof, and shall make no further use of such Inadvertently Disclosed Information and work product.

3.      Upon request by the Disclosing Party, the Receiving Party shall confirm in writing that it has complied with the procedures described in Paragraph 2 of this Protective Order.

4.      If a Receiving Party discovers on its own that it has received Inadvertently Disclosed Information, it shall promptly sequester such Inadvertently Disclosed Information and refrain from using it and the portions of all work product that reflect or are derived from such Inadvertently Disclosed Information.  The Receiving Party shall promptly notify the Disclosing Party of the existence of such Inadvertently Disclosed Information.  Upon request by the Disclosing Party, the Receiving Party shall comply with the procedures described in Paragraphs 2 and 3 of this Protective Order.

5.      Nothing in this Protective Order shall limit the Receiving Party's right to challenge (on grounds unrelated to the fact or circumstances of the inadvertent disclosure) the Disclosing Party's claim that Inadvertently Disclosed Information is protected from disclosure by the attorney-client privilege or work product doctrine.  Any Inadvertently Disclosed Information submitted to the Court in connection with a challenge to the Disclosing Party's claim of attorney-client privilege or work product protection shall not be filed in the public record, but rather shall be redacted, filed under seal, or submitted for *in camera* review.

6.      The terms of this Protective Order shall apply to all Inadvertently Disclosed Information disclosed during the course of the litigation pending before the Court, including Inadvertently Disclosed Information disclosed prior or subsequent to the entry of this Protective Order.

1  IT IS SO STIPULATED.

2

3  Dated:  June 8, 2009                                    LATHAM & WATKINS LLP

4
                                                           By _____/S/_____
5                                                              John C. Tang
                                                               Attorneys for Defendants
6

7

8  Dated:  June 8, 2009                                    COHEN MILSTEIN SELLERS & TOLL PLLC

9
                                                           By _____/S/_____
10                                                             Joshua S. Devore
                                                               Lead Counsel for the Class
11

12

13       I, John C. Tang, am the ECF User whose ID and password are being used to file this

14  [proposed] Stipulated Protective Order Pursuant to Federal Rule of Evidence 502(d). In

15  compliance with General Order 45, X.B., I hereby attest that Joshua S. Devore has concurred in

16  this filing.

17                                    *       *       *

18
                         **PURSUANT TO STIPULATION, IT IS SO ORDERED.**
19

20
    Dated:  June  9 , 2009
21                                                         _____
                                                               Hon. Bernard Zimmerman
22                                                             United States Magistrate Judge