Joseph J. Tabacco, Jr. (75484)
jtabacco@bermandevalerio.com
Christopher T. Heffelfinger (118058)
cheffelfinger@bermandevalerio.com
Anthony D. Phillips (259688)
aphillips@bermandevalerio.com
**BERMAN DEVALERIO**
425 California Street, Suite 2100
San Francisco, CA 94010
Telephone: (415) 433-3200
Facsimile: (415) 433-6282

**Liaison Counsel for the Class**

Herbert E. Milstein
hmilstein@cohenmilstein.com
Joshua S. Devore
jdevore@cohenmilstein.com
Matthew B. Kaplan
mkaplan@cohenmilstein.com
**COHEN MILSTEIN SELLERS & TOLL PLLC**
1100 New York Avenue, N.W.
West Tower, Suite 500
Washington, D.C. 20005-3964
Telephone: (202) 408-4600
Facsimile: (202) 408-4699

**Lead Counsel for the Class**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA-SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE LDK SOLAR SECURITIES LITIGATION<br><br>This Document Relates To:<br><br>All Actions. | Master File No. C-07-05182-WHA (BZ)<br><br>**LEAD PLAINTIFF'S NOTICE OF MOTION AND MOTION TO COMPEL PRODUCTION OF CERTAIN DOCUMENTS LISTED ON DEFENDANTS' PRIVILEGE LOG AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT [REDACTED]**<br><br>Date: No Hearing Set<br>Time: No Time Set<br>Ctrm: G, 15th Floor<br>Hon. Magistrate Judge Bernard Zimmerman |

[C-07-05182-WHA (BZ)] – LD PLTF'S NTC OF MTN & MTN TO CMPL PROD OF CERTAIN DOCS LISTED ON DEFS' PRIVILEGE LOG; MEMO P/A IN SUPPORT

**TABLE OF CONTENTS**

NOTICE OF MOTION AND MOTION ..................................................................................... 1

RELIEF REQUESTED ............................................................................................................... 1

MEMORANDUM OF POINTS AND AUTHORITIES ............................................................. 1

I. INTRODUCTION ........................................................................................................... 1

II. FACTUAL BACKGROUND .......................................................................................... 2

    A. The Investigation ................................................................................................. 2

    B. Defendants' Privilege Logs .................................................................................. 3

    C. The Disputed Documents ..................................................................................... 4

III. ARGUMENT ................................................................................................................... 4

    A. The Attorney-Client Privilege Does Not Protect Documents Disclosed To Simpson Thacher ................................................................................................. 5

    B. Work Product Protection Does Not Apply To The Documents To The Extent They Conveyed Only Factual Information To The Audit Committee ......... 6

    C. Defendants Waived Work Product Protection by Disclosing the Documents to the Audit Committee and the SEC ................................................................... 6

        1. Waiver Destroys Work Product Protection ............................................... 6

        2. Disclosure to the Adverse Audit Committee Destroyed LDK's Work Product Privilege ............................................................................ 7

        3. Disclosure and Intent to Disclose to the SEC Destroyed LDK's Work Product Privilege ............................................................................ 8

IV. CONCLUSION .............................................................................................................. 10

## NOTICE OF MOTION AND MOTION

PLEASE TAKE NOTICE that Lead Plaintiff Shahpour Javidzad ("Plaintiff") hereby moves this Court for an Order compelling production of certain documents over which LDK Solar Co., Ltd. ("LDK") and individual defendants Xiaofeng Peng, Xingxue Tong, Jack Lai, Qiqiang Yao, Liangbao Zhu, Yonggang Shao and Gang Wang (collectively, with LDK, "Defendants") have claimed either attorney-client privilege or work product protection, as represented by Defendants' privilege log ("Privilege Log"). This motion is based on the accompanying Memorandum of Points and Authorities, the Declaration of Anthony D. Phillips ("Phillips Declaration" or "Phillips Decl."), filed herewith, and such other arguments as may be made by Plaintiff's counsel by way of a reply and/or a hearing on this matter.

PLEASE TAKE FURTHER NOTICE that by the Court's Order, dated July 20, 2009, the Court shortened time on the briefing. No hearing has yet been set.

## RELIEF REQUESTED

Plaintiff respectfully requests the Court issue:

1. An Order compelling production of (a) all documents listed on Defendants' Privilege Log concerning the communication of information to the Audit Committee (as defined below); and (b) all documents concerning the collection of such factual information by LDK for the purpose of disclosure to the Audit Committee.

2. Or, alternatively, if the foregoing relief is not granted, then an Order prohibiting Defendants from referencing any of the documents in their defense of this action including, but not limited to, at trial.

## MEMORANDUM OF POINTS AND AUTHORITIES

I. **INTRODUCTION**

Plaintiff challenges the attorney-client privilege and work product protection Defendants claim over documents Defendants exchanged with LDK's independent Audit Committee and to that Audit Committee's counsel, Simpson Thacher & Bartlett, LLP (collectively, "Audit Committee"). The Audit Committee investigated allegations of inventory discrepancies against LDK.

Specifically, Plaintiff seeks to compel production of the 184 documents identified in Exhibits A and B to the Phillips Declaration.

LDK may not assert privilege over any documents it turned over to the Audit Committee because, as LDK itself has maintained, the Audit Committee represents an entity wholly distinct from LDK, with its own, separately and independently retained counsel. Moreover, because the Audit Committee performed a "public watchdog" function, particularly in cooperating with the United States Securities and Exchange Commission ("SEC"), the Audit Committee is necessarily *adverse* to Defendants to a degree sufficient to waive any claim of work product protection. Similarly, documents disclosed by the Audit Committee to LDK cannot receive protection and, to the extent they are in LDK's possession, must also be produced.[1]

The Court should therefore reject Defendants' privilege claims because such disclosures render both attorney-client and work product privilege inapplicable.

## II. FACTUAL BACKGROUND

### A. The Investigation

On October 30, 2007, LDK announced that its Audit Committee would begin an investigation into allegations of inventory discrepancies by LDK's former financial controller ("Investigation"). Phillips Decl., Ex. C. LDK further announced that the Audit Committee had retained Simpson Thacher to act as independent counsel for the Investigation. LDK announced in the same statement that the SEC had contacted it regarding the allegations of impropriety.

On December 17, 2007, LDK announced the conclusion of the Investigation and that the Audit Committee had found "no material errors in the Company's stated silicon inventory quantities." Phillips Decl., Ex. D. In the same press release, LDK quoted the head of the Audit Committee, Louis Hsieh, as saying "The Audit Committee and its highly qualified professionals have conducted an extremely detailed and thorough investigation into these matters. We are confident that we have reached a well-reasoned, objective and correct result." *Id.* On December 18, 2007, Simpson Thacher

---

[1] The Stipulation and Order entered into between Plaintiff, Simpson Thacher and Defendants specifically contemplates discovery of Audit Committee documents in the possession of LDK employees other than Louis Hsieh or Xiang Bing, the LDK directors who comprised the Audit Committee. *See* Phillips Decl., Ex. E. Numerous such documents are listed on the Privilege Log.

[C-07-05182-WHA (BZ)] – LD PLTF'S NTC OF MTN & MTN TO CMPL PROD OF
CERTAIN DOCS LISTED ON DEFS' PRIVILEGE LOG; MEMO P/A IN SUPPORT     - 2 -

made a presentation of the Investigation's findings to the SEC. The presentation included Powerpoint slides that referenced numerous documents provided by LDK for use in the Investigation. Phillips Decl., Ex. E.

During the course of this litigation, Plaintiff subpoenaed Simpson Thacher seeking documents prepared in connection with the Investigation and documents provided by LDK to aid the Investigation and the subsequent presentation to the SEC. Plaintiff and Simpson Thacher met and conferred accordingly and reached an agreement regarding production of certain documents. On May 28, 2009, the Court approved a Stipulation and Order (Phillips Decl., Ex. E) whereby Simpson Thacher agreed to produce to Plaintiff the Powerpoint slides it presented to the SEC and those documents referenced in the presentation that LDK had provided. Lead Plaintiff agreed not to seek further production of Simpson Thacher's Investigation work product. Plaintiff reserved the right to seek production of underlying documents in LDK's possession, custody or control directly from LDK. Phillips Decl., Ex. E.

**B.    Defendants' Privilege Logs**

Defendants provided an initial Privilege Log, which Plaintiff challenged before the Court on June 8, 2009. (Docket Entry 268). On June 12, 2009, Defendants provided an updated Privilege Log, current as to the documents produced by that date.[2] Phillips Decl., ¶4. The updated Privilege Log listed over 2,200 documents over which Defendants claimed privilege and had therefore not produced in response to Plaintiff's discovery requests. *Id.*

In accordance with the Court's Fifth Discovery Order, dated June 9, 2009, the parties have conferred on several occasions, both formally and informally, in writing and verbally, to resolve issues regarding the Privilege Log. Phillips Decl., Ex. G. Following that meet and confer process, only one category of documents remains in dispute.

---

[2] Given that Defendants have produced a large number of documents since the June 12, 2009, revision of their Privilege Log, Plaintiff expects to receive another updated Privilege Log shortly. Plaintiff reserves all rights and objections to any new claims of privilege listed on any future Privilege Log.

[C-07-05182-WHA (BZ)] – LD PLTF'S NTC OF MTN & MTN TO CMPL PROD OF CERTAIN DOCS LISTED ON DEFS' PRIVILEGE LOG; MEMO P/A IN SUPPORT     - 3 -

### C. The Disputed Documents

Plaintiff has categorized certain of the documents that appeared on the Privilege Log under the heading "Audit Committee/Audit Committee Counsel." Plaintiff defined that category as all documents exchanged between LDK and the Audit Committee and all documents concerning the collection of factual information for the Investigation by LDK (the "Documents"). Approximately 184 entries on the Privilege Log fall into the Audit Committee/Audit Committee Counsel category.[3] Defendants claim attorney-client privilege and/or work product protection over all of the Documents. Detailed lists of the Documents, as they appear on the Privilege Log, are attached to the Phillips Declaration as Exhibits A and B.[4]

## III. ARGUMENT

Defendants cannot claim either attorney-client privilege or work product protection over the Documents. As discussed below, disclosure of the Documents to the Audit Committee and the SEC destroyed any applicable protection. Moreover, to the extent the Documents reflect factual information generated by LDK's ordinary business operations, Defendants cannot claim privilege.

Defendants bear the burden of establishing their claims of attorney-client and/or work product privilege over the Documents. *U.S. v. Martin*, 278 F.3d 988, 999-1000 (9th Cir. 2002). With regard to Defendants' claims of attorney-client privilege, this means (a) demonstrating that legal advice was sought; (b) from a legal professional; (c) that the Documents relate to that purpose; (d) were exchanged in confidence; (e) by the client; (f) with an expectation of permanent protection; (g) from disclosure by either the client or the legal advisor; and (h) no waiver has taken place. *Id.* With regard to Defendants' claims of work product protection, Defendants must demonstrate that (a) the Documents were prepared in anticipation of litigation or for trial, and (b) they were prepared by or for Defendants or their representatives. *In re Grand Jury Subpoena*, 357 F.3d 900, 907 (9th Cir. 2003).

---

[3] Plaintiff initially categorized certain documents listed in the Privilege Log as belonging both to the "Audit Committee/Audit Committee Counsel" category as well as a separate category, "Internal Investigation." Because the parties have reached agreement regarding production of the Internal Investigation documents, Plaintiff does not now seek to compel such documents.

[4] Because the same, single legal question applies to all of the Documents, Plaintiff believes individual review of selected exemplars, as contemplated in the Court's Fifth Discovery Order, will be unnecessary.

Disclosure of work product to a third party waives work product protection whenever such disclosure enables an adversary access to the work product. *U.S. v. Bergonzi*, 216 F.R.D. 487, 497 (N.D. Cal. 2003); *Samuels v. Mitchell*, 155 F.R.D. 195, 201 (N.D. Cal. 1994).

Documents that reflect LDK's ordinary business activities cannot qualify for either attorney-client or work product protection. Moreover, LDK's disclosure of the Documents to two adverse parties – the Audit Committee and the SEC – waived any applicable protection. For these reasons, Plaintiff respectfully requests the Court grant its motion to compel.

### A. The Attorney-Client Privilege Does Not Protect Documents Disclosed To Simpson Thacher

Attorney-client privilege protects confidential communications between a party and its attorney from discovery. *Navajo Nation v. Norris*, 331 F.3d 1041, 1046 (9th Cir. 2003). The privilege is not absolute, however, and may be waived "either implicitly, by placing privileged matters in controversy, or explicitly, by turning over privileged documents." *Gomez v. Vernon*, 255 F.3d 1118, 1131 (9th Cir. 2001); *Bittaker v. Woodford*, 331 F.3d 715, 720 (9th Cir. 2003).

In a recent stock option back-dating case, the SEC sought production of notes regarding communications between a defendant-company's Special Committee (formed to investigate the allegations), the Special Committee's counsel (Howrey) and the Board of Directors of the defendant-company. *SEC v. Roberts*, 254 F.R.D. 371, 383 (N.D. Cal. 2008). The Court granted the motion to compel because the notes were "not protected by the attorney-client privilege since they are not with respect to communications between Howrey and its client, the Special Committee of the Board." *Id.* Communication with board members "that are not members of the Special Committee" and therefore were not Howrey's clients rendered the privilege inapplicable. *Id.*

Here, LDK disclosed all of the Documents for which it now claims attorney-client privilege to Simpson Thacher. Simpson Thacher represented the Audit Committee, not LDK. LDK cannot claim attorney-client privilege over communications not made in confidence to its own counsel. Alternatively, LDK has waived any claim of attorney-client privilege by disclosing the communications in question to a law firm that did not represent LDK – Simpson Thacher. The Court

1  should therefore order production of those Documents disclosed to Simpson Thacher over which
2  LDK claims attorney-client privilege.

### B. Work Product Protection Does Not Apply To The Documents To The Extent They Conveyed Only Factual Information To The Audit Committee

The work product privilege protects "'from discovery documents and tangible things prepared by a party or his representative in anticipation of litigation.'" *Grand Jury*, 357 F.3d at 906 (quoting *Admiral Ins. Co. v. U.S. Dist. Ct.*, 881 F.2d 1486, 1494 (9th Cir. 1989)). Courts in this district have ordered production of factual information provided to a special litigation committee's counsel by a defendant company. *SEC v. Schroeder*, C07-03798 JW (HRL), 2009 U.S. Dist. LEXIS 39378, at *35 (N.D. Cal. Apr. 27, 2009). The *Schroeder* court drew a clear distinction between factual information and the "mental impressions" of the special committee's outside counsel. *Id*. To the extent the requested documents did not reflect "mental impressions," or that those impressions could be redacted, the Court granted the motion to compel. *Id*.

Here, the challenged documents involve the disclosure of factual information to the Audit Committee, by LDK and LDK's collection of that factual information with the intent to disclose it. To the extent that Plaintiff seeks factual information, the work product doctrine does not protect the Documents, and the Court should compel their production.

### C. Defendants Waived Work Product Protection by Disclosing the Documents to the Audit Committee and the SEC

#### 1. Waiver Destroys Work Product Protection

Like other privileges, a party that waives work product protection loses the right to assert it. *U.S. v. Nobles*, 422 U.S. 225, 239 (1975). A party that has waived work product protection in one instance cannot again assert it to protect documents from discovery by another party. *Roberts*, 254 F.R.D. at 378 ("When either privilege is waived, its scope extends to "all communications on the same subject matter...so that a party is prevented from disclosing communications that support its position while simultaneously concealing communications that do not.'") (quoting *Stanford v. Roche Molecular Sys., Inc.*, 237 F.R.D. 618, 625 (N.D. Cal. 2006)).

1  In the case of work product, waiver occurs when an otherwise protected document is disclosed to a third party and that disclosure enables an adversary to access the information. *Bergonzi*, 216 F.R.D. at 497 ("Work product protection is waived where disclosure of the otherwise privileged documents is made to a third party, and that disclosure enables an adversary to gain access to the information.") (citing *McMorgan & Co. v. First Cal. Mortg. Co.*, 931 F. Supp. 703, 709 (N.D. Cal. 1996)); *In re Syncor ERISA Litig.*, 229 F.R.D. 636, 646 (C.D. Cal. 2005) ('[O]nce a party has disclosed work product to an adversary, it has waived work product protection as to all other adversaries.") (citations omitted).

LDK disclosed the Documents to the Audit Committee with the understanding that the Audit Committee could and would disclose them to the SEC. Alone or in combination, either disclosure amounts to a waiver of work product protection. Further, on December 17, 2007, LDK announced the conclusion of the Investigation and that the Audit Committee had found "no material errors in the Company's stated silicon inventory quantities." Phillips Decl., Ex. D. In the same press release, LDK quoted the head of the Audit Committee, Louis Hsieh, as saying "The Audit Committee and its highly qualified professionals have conducted an extremely detailed and thorough investigation into these matters. We are confident that we have reached a well-reasoned, objective and correct result." *Id.* By not only announcing the results of the Investigation, but also commenting on them in a positive light, LDK necessarily opened the door to the factual bases that the Audit Committee relied upon in reaching its conclusions.

### 2. Disclosure to the Adverse Audit Committee Destroyed LDK's Work Product Privilege

An audit committee must, by definition, act as an adversary to the company and individuals it investigates. Courts in the Northern District of California have held that disclosure of information to a company's outside auditor waives work product protection, even when made for the commonplace purpose of preparing regular financial statements. *In re Diasonics Sec. Litig.*, C-83-4584-RFP (FW), 1986 U.S. Dist. LEXIS 24177, at *4 (N.D. Cal. June 18, 1986) ("[T]he relationship between public accountant and client is at odds with [work product protection] because the public accountant has responsibilities to creditors, stockholders, and the investing public which transcend the relationship

1   with the client.") (citing *U.S. v. Arthur Young & Co.*, 465 U.S. 805 (1984)); *Samuels*, 155 F.R.D. at
2   201 (upholding privilege only because auditor acted as consultant, not accountant); *Schroeder*, 2009
3   U.S. Dist. LEXIS 39378, at *26 ("Some courts find a waiver on the ground that the auditor acts as a
4   'public watchdog' with interests that are not necessarily aligned with those of the company being
5   audited.") (quoting *Medinol, Ltd. v. Boston Sci. Corp.*, 214 F.R.D. 113, 116 (S.D.N.Y. 2002)).[5]

6   Here, the Audit Committee performed a much more adversarial "public watchdog" function
7   than the typical outside auditor. The Audit Committee undertook to investigate specific, detailed
8   allegations of wrongdoing made against Defendants and to cooperate with the SEC in its
9   investigation of LDK. This necessarily placed the Audit Committee in an adversarial position to
10  Defendants. Had the Audit Committee uncovered incriminating information it would have shared it
11  with the SEC and would have recommended appropriate disciplinary action to LDK's Board of
12  Directors. Doing so would almost certainly have been contrary to the interests of LDK's officers.

13  ████████████████████████████████████████████████████████████████████████████
14  ████████████████████████████████████████████████████████████████████████████
15  ████████████████████████████████████████████████████████████████████████████
16  █████████████████████████████████████ Consequently, disclosures by LDK to the
17  Audit Committee waived any work product protection in the Documents.

### 3. Disclosure and Intent to Disclose to the SEC Destroyed LDK's Work Product Privilege

20  Even if an adversarial relationship does not exist between an audit committee and a
21  defendant-company, disclosure will waive work product protection when a substantial danger exists
22  that the audit committee may act as a conduit to an adversary. *Samuels*, 155 F.R.D. at 201 ("[C]ourts

---

[5] A split in authority exists as to whether an outside auditor is truly adverse to the company it audits. *Schroeder*, 2009 U.S. Dist. LEXIS 39378, at *26. The split pertains to disclosures to accountant-auditors, however, not to independent investigators. *Id.* The independent investigation of particularized allegations of past wrongdoing is necessarily adverse, whereas regularly conducted accounting audits serve a preventive function and are arguably more cooperative. Courts that have decided against finding a waiver of work product did so based on the policy favoring "self-policing by corporations." *Id.* at *28 (quoting *Roberts*, 254 F.R.D. at 381-82). A company, like LDK, that institutes an independent investigation and has drawn the scrutiny of the SEC has necessarily passed the point of self-policing.

generally find a waiver only if the disclosure 'substantially increases the opportunity for potential adversaries to obtain the information.'") (quoting *In re Grand Jury Subpoenas*, 561 F. Supp. 1247, 1257 (E.D.N.Y. 1982)). This is especially so when disclosure to a government agency is possible.

When the government investigates a party it is invariably an adversary to that party. *U.S. v. Reyes*, 239 F.R.D. 591, 604 (N.D. Cal. 2006) ("It strains credulity to argue that a company under threat of imminent regulatory action by the SEC shares a common interest with that agency, which is why courts have almost universally refused to include government officials in the small circle of others with whom information may be shared without loss of the [work product] privilege.") (internal quotations omitted) (quoting *U.S. v. MIT*, 129 F.3d 681, 686 (1st Cir. 1997)). This is so even where a party voluntarily cooperates with a government investigation or before the government has commenced litigation. *Syncor*, 229 F.R.D. at 645 n.8 (citing *Westinghouse Elec. Corp. v. Republic of the Philippines*, 951 F.2d 1414, 1428 (3d Cir. 1991); *In re Subpoenas Duces Tecum*, 738 F.2d 1367, 1372 (D.C. Cir. 1984)).[6]

Here, the scope of the Audit Committee's Investigation expressly included cooperation with and disclosure to the SEC. Ultimately, the Audit Committee presented its findings to the SEC. LDK knew the Audit Committee intended to cooperate with the SEC. Simultaneously, LDK knew it would have no control over which documents the Audit Committee would disclose to the SEC. All disclosures by LDK to the Audit Committee therefore substantially increased the opportunity for a potential adversary, the SEC, to obtain the information. Consequently, LDK knowingly waived any claim of work product privilege over the challenged documents when it cooperated with the Investigation.

Disclosure to the Audit Committee and the SEC destroyed any work product protection Defendants could assert over the Documents. Defendants cannot now assert the work product

---

[6] District Courts in the Ninth Circuit have rejected the so-called "Selective Waiver" doctrine that would permit a party to make disclosures to government investigators while retaining work product privilege. *See Reyes*, 239 F.R.D. at 602-04 ("[I]t smacks of injustice when…the favored party seizes upon the disclosed information to exercise legal leverage against the obstructed one.") (citation omitted); *Syncor*, 229 F.R.D. at 646; *Bergonzi*, 216 F.R.D. at 487; *McMorgan*, 931 F. Supp. at 707; *In re Worlds of Wonder Sec. Litig.*, 147 F.R.D. 208 (N.D. Cal. 1992); *Fox v. Cal. Sierra Fin. Svcs.*, 120 F.R.D. 520 (N.D. Cal. 1988). *But see also In re McKesson HBOC, Inc. Sec. Litig.*, C-99-20743 RMW, 2005 U.S. Dist. LEXIS 7098, at *45 (N.D. Cal. Mar. 31, 2005).

doctrine to protect the Documents from Plaintiff's discovery requests. The Court should therefore grant Plaintiff's motion to compel those documents.

## IV. CONCLUSION

Defendants cannot assert a claim of attorney-client privilege over any of the Documents they did not prepare in confidence. They cannot assert a claim of work product privilege over Documents that merely reflect statements of fact or that were prepared in the ordinary course of business. Moreover, Defendants' disclosure of the Documents to the Audit Committee waived any privilege that may have existed as to the Documents. For these reasons, Plaintiff respectfully requests the Court grant its Motion to Compel and order Defendants to produce the Documents.

DATED: July 22, 2009

**BERMAN DEVALERIO**

/S/
Christopher T. Heffelfinger

Joseph J. Tabacco, Jr.
Anthony D. Phillips
**BERMAN DEVALERIO**
425 California Street, Suite 2100
San Francisco, CA 94010
Telephone: (415) 433-3200
Facsimile: (415) 433-6282

**Liaison Counsel for the Class**

Herbert E. Milstein
Joshua S. Devore
Matthew B. Kaplan
**COHEN MILSTEIN SELLERS & TOLL PLLC**
1100 New York Avenue, N.W.
West Tower, Suite 500
Washington, D.C. 20005-3964
Telephone: (202) 408-4600
Facsimile: (202) 408-4699

**Lead Counsel for the Class**