UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

IN RE LDK SOLAR SECURITIES LITIGATION,

No. C07-5182 WHA (BZ)

**SIXTH DISCOVERY ORDER**

This document relates to:

ALL ACTIONS.

Lead plaintiff Shahpour Javidzad ("plaintiff") moves for an order compelling LDK Solar Co., Ltd. ("LDK) and Xiaofeng Peng, Xingxue Tong, Jack Lai, Qiqiang Yao, Liangbao Zhu, Yonggang Shao, and Gang Wang (collectively "defendants") to produce documents over which defendants have claimed work product protection or attorney-client privilege. Specifically, plaintiff's motion seeks 184 documents withheld by defendants, which plaintiff claims are documents in LDK's possession, which LDK exchanged with its Audit Committee and with its Audit Committee's independent counsel, Simpson Thacher & Bartlett ("Simpson").

The parties' initial dispute concerns whether the

1  stipulation entered into between the parties on May 27, 2009
2  bars plaintiff from seeking the withheld documents from LDK.
3       The Court has reviewed the stipulation and finds that the
4  stipulation encompasses two categories of documents, which the
5  parties defined as "Investigative Work Product" and
6  "Underlying Documents".  The stipulation defines
7  "Investigation Work Product" as documents <u>created by</u> Simpson
8  (or those entities retained by Simpson, hereafter referred to
9  as "consultants"), and defines "Underlying Documents" as
10 documents <u>collected by</u> Simpson or its consultants during the
11 course of the Audit Committee's investigation.  (*See*
12 Stipulation Order p.1:8-13, p.2:14-18.)
13      Plaintiff stipulated not to seek any "Underlying
14 Documents" from Simpson or its consultants.  Plaintiff did not
15 stipulate that it would not seek "Underlying Documents" from
16 defendant LDK.  Accordingly, the stipulation permits plaintiff
17 to seek documents from LDK that were <u>collected by</u> Simpson or
18 its consultants during the Audit Committee's investigation.
19 To the extent that any of the underlying documents constitute
20 the work product of LDK's counsel and were disclosed to the
21 Audit Committee or Simpson, the work product protection was
22 not lost.  *See* <u>Samuels v. Mitchell</u>, 155 F.R.D. 195, 201 (N.D.
23 Cal. 1998); <u>In re McKesson HBOC, Inc. Secs. Litig.</u>, No.
24 99-20743, 2005 U.S. Dist. LEXIS 7098 (N.D. Cal., March 31,
25 2005); <u>SEC v. Roberts</u>, 254 F.R.D. 371 (N.D. Cal. 2008).
26      Plaintiff also agreed not to seek any "Investigative Work
27 Product" from "any person or entity" unless specified
28 conditions were met; however, those conditions do not seem to

2

1 apply here.  (*See* Stipulation Order ¶¶ 8, 9.)  Accordingly, to
2 the extent that the disputed documents were <u>created by</u> Simpson
3 or its consultants, plaintiff is barred from seeking them from
4 Simpson or LDK.

5 From the motion papers and the privilege log, the Court
6 cannot tell whether the documents sought by plaintiff are
7 "Underlying Documents" or "Investigative Work Product"
8 documents.  Accordingly, the parties are **ORDERED**, by
9 **September 4, 2009,** to meet and confer about whether the
10 documents plaintiff requests are barred from discovery by the
11 parties' stipulation, as construed by the Court.  If the
12 parties cannot resolve their dispute, the parties shall
13 jointly file a letter identifying which documents remain in
14 dispute, and which of the two categories those documents fall
15 into.

16 Dated: August 26, 2009

17 _____
   Bernard Zimmerman
18 United States Magistrate Judge

19
G:\BZALL\-REFS\LDK SOLAR SECURITIES LITIGATION\ORDER ON P'S MOT TO
20 COMPEL.V2.BZ VERSION.wpd

3