LATHAM & WATKINS LLP
   James J. Farrell (Bar No. 166595)
   james.farrell@lw.com
355 South Grand Avenue
Los Angeles, California  90071
Telephone:  (213) 485-1234
Facsimile:  (213) 891-8763

LATHAM & WATKINS LLP
   Matthew D. Harrison (Bar No. 210981)
   matt.harrison@lw.com
505 Montgomery St., Suite 2000
San Francisco, California  94111
Telephone:  (415) 391-0600
Facsimile:  (415) 395-8095

LATHAM & WATKINS LLP
   John C. Tang (Bar No. 212371)
   john.tang@lw.com
   Raymond A. Gallenberg (Bar No. 239484)
   ray.gallenberg@lw.com
140 Scott Drive
Menlo Park, California  94025
Telephone:  (650) 328-4600
Facsimile:  (650) 463-2600

Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re LDK SOLAR SECURITIES LITIGATION<br><br>This Document Relates To:<br><br>ALL ACTIONS. | MASTER FILE NO.  C-07-05182-WHA (BZ)<br><br>**DEFENDANTS' BRIEF REGARDING REDACTED NOTEBOOK PASSAGES**<br><br>Judge:      Hon. Bernard Zimmerman<br>Date:        No Hearing Set<br>Time:       No Time Set<br>Courtroom: G, 15th Floor |

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SILICON VALLEY

DEFENDANTS' BRIEF REGARDING
REDACTED NOTEBOOK PASSAGES
MASTER FILE NO. C-07-05182-WHA (BZ)

I.  INTRODUCTION

In response to the Court's Eighth Discovery Order dated September 16, 2009, Defendants respectfully reiterate their assertion that the passages redacted from the notebooks of Defendant LDK's Chief Technology Officer, Dr. Yuepeng Wan, are protected from discovery because they were prepared in anticipation of litigation.  As explained below, the Federal Rules of Civil Procedure and relevant case law support Defendants' assertion that the redacted passages are protected from discovery under Rule 26(b)(3), even if they do not contain or reflect the mental impressions or conclusions of a party's legal counsel.[1]

Rule 26(b)(3) provides that "a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial *by or for another party or its representative*." (Emphasis added.)  By its terms, this rule expressly contemplates protecting from discovery materials prepared in anticipation of litigation, without regard to whether the materials were prepared by, contain, or reflect the mental impressions of an attorney.  Accordingly, courts have recognized that documents fall within the scope of the work product doctrine "even if they do not reflect in any meaningful way the analysis of the attorney." *See, e.g.*, *Bank of New York v. Meridien BIAO Bank Tanz. Ltd.*, No. 95 Civ. 4856(SS), 1996 WL 490710, at *1 (S.D.N.Y. Aug. 27, 1996).

In its September 16, 2009 Order, this Court determined that all of the redacted portions of Dr. Wan's notebook were "created in anticipation of litigation." *See* Eighth Discovery Order (Dkt. No. 301) at 1.  Because work product need not be prepared by or for an attorney or reflect an attorney's mental impressions to fall within the scope of Rule 26(b)(3), the redacted materials

---

[1] Even though the redacted passages are protected from discovery regardless of whether they reflect counsel's mental impressions, Defendants continue to maintain that the redacted passages reflect counsel's mental impressions. *See, e.g.*, Nov. 29, 2007 notebook entry at page 2.  It is well-established that courts should "take particular care to protect the mental impressions, conclusions, opinions, or legal theories of an attorney," which "may be reflected in interviews, statements, memoranda, correspondence and in countless other tangible and intangible ways." *Banks v. Office of the Senate Sergeant-at-Arms*, 236 F.R.D. 16, 19 (D.D.C. 2006) (citations omitted); *see also Tatum v. R.J. Reynolds Tobacco Co.*, 247 F.R.D. 488 (M.D.N.C. 2008) (handwritten notes reflecting the legal advice of outside counsel constituted opinion work product created in anticipation of litigation).

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SILICON VALLEY

DEFENDANTS' BRIEF REGARDING
REDACTED NOTEBOOK PASSAGES
MASTER FILE NO. C-07-05182-WHA (BZ)

from Dr. Wan's notebooks are encompassed by the work product doctrine, and therefore are not discoverable.

## II.	ISSUE TO BE DECIDED

Whether information prepared by Dr. Wan in anticipation of litigation, which does not contain or reflect the mental impressions or conclusions of counsel, is discoverable under Rule 26(b)(3).

## III.	BACKGROUND

In an August 28, 2009 letter to this Court, Plaintiff challenged the propriety of several redactions contained in two notebooks kept by LDK's Chief Technology Officer, Dr. Yuepeng Wan. Defendants maintain that the redacted notebook passages were prepared in anticipation of litigation (and refer to or reflect attorney work product), and are therefore not discoverable. On September 16, 2009, the Court determined that all of the redacted passages were indeed prepared in anticipation of litigation, but that only the redacted passage on the second page of the October 15, 2007 notebook entry reflected the mental impressions or conclusions of counsel. *See* Eighth Discovery Order (Dkt. No. 301) at 1. The Court invited Defendants to brief the question of whether the other challenged redacted passages are protected from discovery, given that they were prepared in anticipation of litigation, even though the Court believed that they do not reflect counsel's mental impressions. Defendants hereby provide authority supporting the propriety of these redactions.

## IV.	RULE 26(b)(3) PROTECTS DOCUMENTS PREPARED IN ANTICIPATION OF LITIGATION, REGARDLESS OF WHETHER THEY WERE CREATED BY OR AT THE DIRECTION OF COUNSEL.

In order to fall within the work product protection of Rule 26(b)(3), materials need only be "prepared in anticipation of litigation or for trial *by or for another party or its representative*." *See* Fed. R. Civ. P. 26(b)(3) (emphasis added). The protection from discovery granted by this rule is not dependent upon whether the materials refer to or reflect the mental impressions of an attorney. Indeed, the protection is not dependent upon attorney involvement at all. *See, e.g., Goff v. Harrah's Operating Co., Inc.*, 240 F.R.D. 659, 660 (D. Nev. 2007) (holding that "a lawyer need not be involved at all for the work product protection to take effect"); *Myer v.*

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SILICON VALLEY

2

DEFENDANTS' BRIEF REGARDING
REDACTED NOTEBOOK PASSAGES
MASTER FILE NO. C-07-05182-WHA (BZ)

1  *Nitetrain Coach Co. Inc.*, No. C06-804C, 2007 WL 686357, at *1 (W.D. Wash. Mar. 2, 2007)
2  ("[A]n attorney's involvement is not a prerequisite to applying the [work product] doctrine.").
3  As explained in the Advisory Committee Notes to Rule 26(b)(3), "Subdivision (b)(3) reflects the
4  trend of the cases by requiring a special showing, not merely as to materials prepared by an
5  attorney, but also as to materials prepared in anticipation of litigation or preparation for trial by
6  or for a party or any representative acting on his behalf." Fed. R. Civ. P. 26 Advisory
7  Committee Notes (1970).
8       Courts have followed the Advisory Committee's lead, recognizing that whether a
9  document is protected as work product depends upon the motivation behind its preparation, not
10 the job description of its author. *See, e.g.*, *Myer*, 2007 WL 686357, at *1; *Goff*, 240 F.R.D. at
11 660-61; *Flashmark Technologies LLC v. GTECH Corp*, No. 2:06-CV-205, 2007 WL 2264765,
12 *3 (E.D. Tex. Aug. 06, 2007) (holding that the clear language of Rule 26(b)(3) invalidates the
13 argument that work-product protection is not applicable because the documents at issue were
14 neither created by nor for an attorney); *Bank of New York v. Meridien BIAO Bank Tanz. Ltd.*,
15 No. 95 Civ. 4856(SS), 1996 WL 490710, at *1 (S.D.N.Y. Aug. 27, 1996) ("[D]ocuments may
16 come within the scope of the work-product doctrine even if they do not reflect in any meaningful
17 way the analysis of the attorney."); *Eppolo v. Nat'l R.R. Passenger Corp.*, 108 F.R.D. 292, 295
18 (E.D. Pa. 1985) (stating that it is "not necessary for an attorney to be involved in the proceeding
19 to bar discovery," and holding that memoranda of meetings were protected, even though
20 attorneys were not present); *but see Thomas Organ Co. v. Plovidba*, 54 F.R.D. 367, 372 (N.D.
21 Ill. 1972) (finding that documents created by non-attorneys were not protected by the work
22 product doctrine only after concluding that the documents were not prepared in anticipation of
23 litigation).
24      Protecting from discovery material prepared in anticipation of or during litigation,
25 regardless of whether it reflects an attorney's mental impressions, is consistent with the long
26 recognized rationale of the work product doctrine, which is to "prevent exploitation of a party's
27 efforts in preparing for litigation." *Admiral Ins. Co. v. United States District Court*, 881 F.3d
28 1486, 1494 (9th. Cir. 1989); *see also Fletcher v. Union Pac. R.R.*, 194 F.R.D. 666, 670 (S.D. Cal.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SILICON VALLEY

3

DEFENDANTS' BRIEF REGARDING
REDACTED NOTEBOOK PASSAGES
MASTER FILE NO. C-07-05182-WHA (BZ)

2000) (Rule 26(b)(3) seeks to protect a party from the "interference or free-riding [on trial preparation] by an opposing party"). Thus, even if the redacted passages from Dr. Wan's notebook do not contain or reflect counsel's mental impressions, they should still be protected from discovery. All of the passages at issue were created by Dr. Wan after allegations by LDK's former financial controller, which serve as the foundation of this case, were made public. Indeed, all of the passages were created after the ensuing litigation was filed. As this Court has found, the passages were created in anticipation of—and indeed because of—the litigation. In addition, Dr. Wan is LDK's Chief Technology Officer, and his notes reflect communications among management, LDK's counsel, LDK's audit committee, and the audit committee's counsel and/or agents relating to the allegations in this case. Plaintiff should not be allowed to "free-ride" on LDK's or its audit committee's work product simply because that information appears in Dr. Wan's notebooks.

## V.  CONCLUSION

For the reasons stated above, Dr. Wan's redacted notes constitute attorney work product, and thus, and are properly protected from discovery under Federal Rule of Civil Procedure 26(b)(3) and relevant case law.

Dated:  September 30, 2009               Respectfully submitted,

                                         LATHAM & WATKINS LLP


                                         By /s/ Matthew D. Harrison
                                              Matthew D. Harrison
                                              Counsel for Defendants

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SILICON VALLEY

4

DEFENDANTS' BRIEF REGARDING
REDACTED NOTEBOOK PASSAGES
MASTER FILE NO. C-07-05182-WHA (BZ)