**BERMAN DEVALERIO**
Joseph J. Tabacco, Jr. (SBN 75484)
Christopher T. Heffelfinger (SBN 118058)
Anthony D. Phillips (SBN 259688)
425 California Street
Suite 2100
San Francisco, CA 94104

Liaison Counsel for the Class

**COHEN MILSTEIN SELLERS
  & TOLL PLLC**
Herbert E. Milstein
Joshua S. Devore
Mathew B. Kaplan
hmilstein@cohenmilstein.com
1100 New York Avenue, N.W.
West Tower, Suite 500
Washington, DC  20005-3964
Telephone: (202) 408-4600
Facsimile: (202) 408-4699

Lead Counsel for the Class

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re LDK SOLAR SECURITIES LITIGATION<br><br>This Document Relates To:<br><br>ALL ACTIONS. | Master File No. C-07-05182-WHA (BZ)<br><br>CLASS ACTION<br><br>**LEAD PLAINTIFF'S OPPOSITION TO DEFENDANTS' BRIEF REGARDING REDACTED NOTEBOOK PASSAGES**<br><br>Judge:     Hon. Bernard Zimmerman<br>Date:      No Hearing Set<br>Time:      No Time Set<br>Courtroom: G, 15th Floor |

## I. INTRODUCTION

Plaintiff submits his Opposition to Defendants' Brief Regarding Redacted Notebook Passages in accordance with the Court's Eighth Discovery Order ("Order"). As explained below, Rule 23(b)(3) of the Federal Rules of Civil Procedure ("Rule 23(b)(3)") permits discovery of ordinary work product upon a showing of good cause. Such good cause exists in this case. Plaintiff therefore respectfully requests the Court order production of the redacted notebook passages at issue.

## II. ISSUE

Whether a document prepared by a party's representative in anticipation of litigation which does not contain or reflect any mental impressions or conclusions of counsel is discoverable under Rule 26(b)(3).

## III. FACTUAL AND PROCEDURAL BACKGROUND

Dr. Yuepeng Wan ("Dr. Wan") is LDK's Chief Technology Officer, a position he held during the class period alleged in this litigation. Dr. Wan made a regular practice of recording his daily activities, including notes of meetings he attended, in handwritten notebooks (the "Notebooks"). On certain occasions, Dr. Wan attended meetings at which he and other LDK employees discussed the allegations that much of LDK's polysilicon feedstock inventory was of poor quality, allegations which now, in part, form the basis of this lawsuit (the "Meetings"). No attorneys attended the Meetings. In accordance with his regular practice, Dr. Wan recorded certain information about the discussions at the Meetings in his Notebooks.

Defendants produced the Notebooks in response to Plaintiff's document requests. Defendants redacted certain notes of the Meetings that Dr. Wan took on October 15, 23, 24, and 26, 2007 (the "Redacted Notes"). Defendants have asserted work product protection over the Redacted Notes. Defendants based this assertion on their contention that Dr. Wan took the Redacted Notes in anticipation of litigation and because they reflect "communications" related to the allegations. Def. Br. at 4.

Plaintiff challenged Defendants' work product claim in a letter to the Court on August 28, 2009. In that letter, Plaintiff stated his belief that "There is substantial evidence that, once

1  information about the poor quality of LDK's inventory became public, Defendants engaged in an
2  effort, in which Dr. Wan participated, to cover up the true facts – including an attempt to quickly
3  and covertly develop ways to use up LDK's poor quality inventory." Plaintiff maintains this
4  belief and also believes that the Redacted Notes reflect discussions by LDK insiders orchestrating
5  this cover up. Moreover, Plaintiff believes that the Redacted Notes represent the only
6  contemporaneous record of the Meetings.

7  Defendants timely responded to Plaintiff's letter and provided unredacted copies of the
8  Notebooks for in camera review. The Court issued its Eighth Discovery Order on September 16.
9  The Court found that Dr. Wan did prepare his notes in anticipation of litigation but, with one
10 exception, that his notes did not "reflect the mental impressions or conclusions of counsel[.]"[1]
11 Eighth Discovery Order ("Order") at 1. The Court then invited further briefing from Defendants
12 to address "whether a document prepared by a party's representative in anticipation of litigation
13 which does not contain or reflect any mental impressions or conclusions of counsel is
14 discoverable under Rule 26(b)(3)." Order at 2.

15 Defendants submitted the requested briefing on September 30. In accordance with the
16 Court's Order, Plaintiff now respectfully submits his Opposition.

## ARGUMENT

### A. Rule 26(b)(3) Allows Discovery of Ordinary Work Product Upon a Showing of Good Cause

The work product doctrine provides qualified immunity from discovery to documents and tangible things "prepared in anticipation of litigation . . . by . . . [a] party or its representative." FED. R. CIV. P. 26(b)(3)(A). Rule 23(b)(3) allows discovery of work product upon a showing of good cause and provided the material requested does not reveal "the mental impressions, conclusions, opinions, or legal theories of a party's attorney or other representative concerning the litigation." FED. R. CIV. P. 26(b)(3)(B).

---

[1] Plaintiff respectfully maintains, and reserves all rights with respect to, his position that Dr. Wan did not prepare the Redacted Notes in anticipation of litigation and would welcome the opportunity to brief the issue in more detail.

### 1. "Opinion" and "Ordinary" Work Product

The Supreme Court has distinguished the two categories of work product contemplated by Rule 26(b)(3) – "opinion" and "ordinary" work product. Greater, though not absolute, protection applies to "an attorney's mental impressions and opinions[.]" *Admiral Ins. Co. v. United States D.*, 881 F.2d 1486, 1494 (9th Cir.1989)(citing *Upjohn Co. v. United States*, 449 U.S. 383, 401 (1981)). Such "opinion work product" is discoverable only "when mental impressions are *at issue* in the case and the need for the material is compelling." *Holmgren v. State Farm Mut. Auto. Ins. Co.*, 976 F.2d 573, 577 (9th Cir. 1992)(emphasis in original).

Ordinary work product, on the other hand, means factual information prepared in anticipation of litigation that does not reflect the mental impressions of counsel. *See* SCHWARZER, TASHIMA AND WAGSTAFFE, FEDERAL CIVIL PROCEDURE BEFORE TRIAL, 11-109 (The Rutter Group, 2009)(Listing as examples of ordinary work product: "charts, diagrams, photographs, compilations of documents, consultants reports and other raw information."). This category of work product, is discoverable "upon a showing by the party seeking discovery of substantial need and an inability to obtain the materials by other means." FED. R. CIV. P. 26(b)(3)(B); *Pulse Engineering v. Mascon*, No. 08cv0595 JM (AJB), 2009 U.S. Dist. LEXIS 92971, at **5-6 (S.D Cal. Oct. 1, 2009)(citing *Upjohn*, 449 U.S. at 401)); *Nat'l Cong. for Puerto Rican Rights v. City of New York*, 194 F.R.D. 105, 109-110 (S.D.N.Y. 2000)("[E]ven if the documents in issue could be considered work product, they consist of purely factual information and are therefore entitled to only the most minimal protection.")(citing *United States v. Adlman*, 134 F.3d 1194,1197 (2d Cir. 1998)).

### 2. Substantial Need for and Undue Hardship in Obtaining Discovery

A substantial need for work product exists when the material pertains to an "essential element in the requesting party's case" and cannot be obtained from an alternative source. *Fletcher v. Union Pacific R.R. Co.*, 194 F.R.D. 666, 671 (S.D. Cal. 2000); *see also Nat'l Congress for Puerto Rican*, 194 F.R.D. at 110 (A party has a substantial need to discover material if it "carries great probative value on contested issues."). "Contemporaneous statements taken from, or made by, parties or witnesses" represent one example of materials for which a substantial

need often exists. *Fletcher*, 194 F.R.D at 671. (quoting James Moore et al., MOORE'S FEDERAL PRACTICE § 26.70[5][c], at 26-221 to 26-222 (3d ed. 1999)).

Moreover, a party has met its burden of showing it cannot "obtain the substantial equivalent of [the] materials by other means" when the materials in question are "the only contemporaneous record that the plaintiff has of events" at issue. *Santelli v. Electro-Motive*, No. 97 C 5702, 1999 U.S. Dist. LEXIS 12902, at *5 (N.D. Ill. Aug. 16, 1999). In *Santelli*, the court ordered production of plaintiff's diary, in which she made handwritten notes of events and her impressions that later formed the basis of her legal claims. *Id*. (Although the Court ordered redaction of notes regarding communications with counsel and notes intended for review by counsel).

### 3. Balancing Work Product Protection with Need for Discovery

In assessing a claim for discovery of work product under Rule 26(b)(3), courts balance the interest in qualified protection against the needs of the party seeking discovery. When the material at issue contains "minimal substantive content" the showing of substantial need and undue hardship is "comparatively lower." *In re Harmonic, Inc., Secs. Litig*., 245 F.R.D. 424, 429 (N.D. Cal. 2007)(Compelling disclosure of confidential witnesses names)(citing *United States v. Amerada Hess Corp.*, 619 F.2d 980, 988 (3d Cir. 1980)); *Plumbers & Pipefitters Local 572 Pension Fund v. Cisco Systems, Inc.*, No. C 01-20418 (JW), 2005 U.S. Dist. LEXIS 43648, at *19-20 (N.D. Cal. June 21, 2005)("Due to the approaching . . . discovery cut-off date and the long list of potential witnesses, the need for the information outweighs the minimal work product protections.").

### B. Plaintiff Has Good Cause to Compel Production of the Redacted Information In This Case.

As LDK's Chief Technology Officer, Dr. Wan qualifies as a "party or its representative" for the purposes of this litigation.[2] The Court has held that Dr. Wan prepared his notes "in

---

[2] Defendants' Brief Regarding Redacted Notebook Passages addresses the question of whether a non-attorney can claim work product protection. Plaintiff understands the Court's Order as requesting a broader analysis of when Rule 23(b)(3) allows discovery of ordinary work product. Plaintiff agrees that a party or its representative may claim work product protection. All of the cases cited by Defendants for this proposition, however, also recognize the discoverability of

anticipation of litigation" but also that (with one exception) they do not "reflect the mental impressions or conclusions of counsel[.]" The Redacted Notes reflect a contemporaneous account of meetings at LDK and therefore constitute ordinary work product.[3]

Plaintiff alleges that LDK knowingly misrepresented the quality of its polysilicon feedstock in its SEC filings and other public statements. As noted in Plaintiff's August 28 letter, Plaintiff also alleges that, upon revelation of its fraud, LDK engaged in a cover-up - in part by attempting to modify its production process to use much larger quantities of poor quality silicon feedstock than had previously been the case. As Chief Technology Officer, Dr. Wan was the person principally responsible for enhancing LDK's ability to use poor quality feedstock.

The Redacted Notes ostensibly describe meetings occurring at the time when LDK insiders allegedly discussed how LDK could quickly consume its huge inventory of poor quality feedstock inventory.[4] The Redacted Notes will therefore likely have significant probative value as to this issue. Moreover, Plaintiff cannot obtain the substantive equivalent of the Redacted Notes elsewhere. No contemporary records of the Meetings other than the Notebooks exist. See *Santelli*, 1999 U.S. Dist. LEXIS 12902, at *5. Indeed, by its nature, evidence of such subterfuge is unlikely to be available from other sources.

---

ordinary work product upon a showing of substantial need. *See Goff v. Harrah's Operating Co., Inc.*, 240 F.R.D. 659, 662 (D. Nev. 2007)("[I]f Defendants do not have a 'substantial need' for the material and do not face 'undue hardship' if they do not obtain it, then the redaction was not improper."); *Myer v. Nitetrain Coach Co., Inc.*, No. C 06-804C, 2007 WL 686357, at *3 (W.D. Wash. Mar. 2, 2007)("Even if the videotape could be characterized as work product, it would be discoverable in any event, because Plaintiffs have shown substantial need for [it]."); *see also Flashmark Tech., LLC v. GTECH Corp.*, No. 2:06-CV-205, 2007 U.S. Dist. LEXIS 57107, at *5 (E.D. Tex., Aug. 6, 2007); *The Bank of New York v. Meridien Biao Bank Tanzania, Ltd.*, No. 95 Civ. 4856 (SS), 1996 U.S. Dist. LEXIS 12377, at *6 (S.D.N.Y. Aug. 27, 1996); *Eoppolo v. Nat'l R.R. Passenger Corp.*, 108 F.R.D. 292, 294 (E.D. Pa., 1985); *Thomas Organ Co. v. Jadranska Slobodna Plovida*, 54 F.R.D. 367, 372 (N.D. Ill., 1972).

[3] Even if analyzed as opinion work product, Plaintiff is entitled to discovery of the Redacted Notes because the mental impressions of Dr. Wan are at issue here and because the need for the material is compelling (i.e. Plaintiff has no alternative means to obtain the material). *Holmgren*, 976 F.2d at 577.

[4] Plaintiff bases his belief on other produced documents, created before or around the time of the Meetings, that illustrate Dr. Wan's involvement in resolving LDK's product quality problems. See Bates Numbers LDK-NDCA-0085425 (email dated April 27, 2007); LDK-NDCA-00531770 (email dated June 9, 2007); LDK-NDCA-00073741 (email dated October 22, 2007). Plaintiff will gladly submit copies of these documents to Court, if requested.

Defendants' interests in protecting the Redacted Notes as work product are minimal.  The Court has already held that the Redacted Notes contain no opinion work product.  Nor did Dr. Wan prepare the Redacted Notes to share with an attorney.  Production of the Redacted Notes will require very little effort.  The burden on Defendants to produce the Redacted Notes is therefore slight and outweighed by Plaintiff's substantial need.

## IV.   CONCLUSION

Plaintiff has demonstrated good cause as to why the work product doctrine cannot shield the Redacted Notes from discovery.  Plaintiff therefore respectfully requests the Court order production of the Redacted Notes.

DATED:  October 8, 2009                    BERMAN DEVALERIO

                                                                         By:   /s/ Anthony D. Phillips
                                                                                 Anthony D. Phillips

Joseph J. Tabacco, Jr.
Christopher T. Heffelfinger
425 California Street
Suite 2100
San Francisco, CA 94104

Liaison Counsel for the Class

Herbert E. Milstein
Joshua S. Devore
Mathew B. Kaplan
hmilstein@cohenmilstein.com
1100 New York Avenue, N.W.
West Tower, Suite 500
Washington, DC  20005-3964
Telephone: (202) 408-4600
Facsimile: (202) 408-4699

Lead Counsel for the Class