IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re LDK SOLAR SECURITIES LITIGATION. _____/ This Document Relates To: ALL ACTIONS. _____/ | Master File No. C 07-05182 WHA<br><br>Class Action<br><br>**ORDER OVERRULING LEAD PLAINTIFF'S OBJECTION TO THE SIXTH DISCOVERY ORDER** |

In this federal securities action, lead plaintiff objects to the sixth discovery order by Magistrate Judge Bernard Zimmerman dated August 27, 2009, which stated, "[t]o the extent that any of the underlying documents constitute the work-product of LDK's counsel and were disclosed to the Audit Committee or Simpson, the work product protection was not lost." The "appeal" has been fully briefed.

Federal Rule of Civil Procedure 72(a) provides that a magistrate judge's nondispositive order must be accepted unless it is "clearly erroneous or is contrary to law." *Grimes v. City & County of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991). The reviewing district court is not permitted to simply substitute its judgment.

On the merits, the dispositive circumstances here are that the disclosures in question were made by then current management of the company to an audit committee of the company whose members were all board members of the company and to outside professionals engaged by that committee to assist in its investigation. In other words, everyone involved was working for the company in one fashion or another. Yes, there was some degree of potential adversity in that the

audit committee was trying to get to the bottom of whether management had committed fraud. But it is important that corporations be allowed to conduct internal investigations without having to wash their laundry in public. The objection is therefore overruled.

If at trial — or on summary judgment — defendants try to claim that the company conducted an independent investigation and determined that no wrongdoing had been done, a very serious question will arise as to whether such a claim should be inadmissible due to defendants' refusal to waive the privilege and to allow discovery into the basis for any such determination.

Accordingly, plaintiff's objection to the sixth discovery order is hereby **OVERRULED**. The sixth discovery order is **AFFIRMED**.

**IT IS SO ORDERED.**

Dated: October 15, 2009.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE