UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

IN RE LDK SOLAR SECURITIES )
LITIGATION, )
  ) No. C07-5182 WHA (BZ)
  )
_____ )
  ) **NINTH DISCOVERY ORDER**
This document relates to: )
  )
ALL ACTIONS. )
_____ )

    Before the Court is lead plaintiff's motion to compel defendant to produce information it redacted from Dr. Yuepeng Wan's handwritten notebooks. Dr. Wan, defendant's Chief Technology Officer, kept notebooks in which he recorded information he received at meetings of company officers and employees. Defendant has produced Dr. Wan's notebooks but has redacted certain information which it claims is protected by the work-product rule. It does not assert the attorney-client privilege as to any of the redacted information.

    Initially, I reviewed the redacted information and issued the Eighth Discovery Order which invited briefing on the scope of the work-product rule unless defendant was prepared to turn

over the redacted information.  Two rounds of additional briefing and one hearing followed.  With the benefit of the additional briefing and a better understanding of the context in which the meetings were conducted, I again reviewed the redacted information *in camera*.

Prior to Hickman v. Taylor, 329 U.S. 495 (1947), at least some of what we now call work-product appears to have been discoverable.  See concurrence of Justice Jackson, id. at 518, referring to Hickman v. Taylor, 4 F.R.D. 479 (E.D.Pa. 1945).  The Supreme Court created the work-product doctrine in Hickman to advance two principal objectives: (1) to protect the mental impressions and conclusions of counsel and (2) to prevent less diligent lawyers from taking unfair advantage of more productive opponents.[1]  See Admiral Ins. Co. v. United States Dist. Court, 881 F.2d 1486, 1494 (9th Cir. 1989).

Whatever its genesis, the work-product rule was expanded to where it now protects information "prepared in anticipation of litigation or for trial by or for another party or its representative."  Rule 26(b)(3) as amended in 1970.

Various courts have since read the Rule quite broadly to protect a variety of information.  See e.g. Goff v. Harrah's Operating Co., 240 F.R.D. 659, 660 (D.Nev. 2007) ("It may be surprising to long-time practitioners that 'a lawyer need not be involved at all for the work product protection to take effect,'");  Hertzberg v. Veniman, 273 F.Supp.2d 67, 77 (D. DC

---

[1] "Discovery was hardly intended to enable a learned profession to perform its functions either without wits or on wits borrowed from the adversary."  Hickman, 329 U.S. at 516.

2

2003) and cases collected therein. This means that even if a document prepared by a party's employee does not contain an attorney's mental impressions or conclusions, was not prepared at an attorney's request or for an attorney's use, and is sought for legitimate purposes and not to simply take advantage of the opposing party's pretrial preparation, it may be entitled to protection if it was prepared "because of" the litigation. In re Grand Jury Subpoena, 357 F.3d 900, 907 (9th Cir. 2004).[2]

Dr. Wan's notes do not fit neatly within any established rule. Having reviewed them *in camera*, I find that they do not contain the mental impressions or conclusions of counsel. Nor is there any evidence that counsel, directly or indirectly, asked Dr. Wan to take these notes or that they were made for counsel's use. For the most part, they are Dr. Wan's notes of routine intra-company meetings at which the litigation was discussed and record information such as what lawyers will be retained and what types of assistance Dr. Wan and his co-employees might expect to render the attorneys.[3] The specific discussions would not have occurred and the redacted information would not have been recorded but for the litigation. Yet it is hard to understand why it should not be discoverable if otherwise relevant and it is difficult for me

---

[2]. There is an exception for documents which would have been prepared in the ordinary course of business, even if there had been no litigation. See Schwarzer, et al., Federal Civil Procedure Before Trial §11:842; U.S. v. Adlman, 134 F.3d 1202 (2d Cir. 1998).

[3] Lawyers may have been attended some of the meetings, but the attorney-client privilege is not being asserted.

3

to believe the Hickman court would have granted the redacted information any protection.[4] Nonetheless, I am constrained by the literal wording of Rule 26(b)(3) and by its construction by the courts to find that the information was prepared by a party representative, Dr. Wan, because of the litigation, and constitutes work-product.

Plaintiff claims that even if the information is "work-product," it still must be disclosed because he has shown a sufficient need. He argues that he believes there was a cover-up of the true facts concerning the quality of LDK's inventory.

I find this argument largely unpersuasive. First, as defendant points out, plaintiff has produced little if any evidence in support of this contention and appears not to have pursued it in other discovery. Second, my review of the redacted information discloses no information that would suggest any such cover-up. There are three entries which pertain to inventory. Balancing the minimal work product content of the information, against the asserted need for the contemporaneous record of defendant's Chief Technology Officer on this issue, I find sufficient need to order their production. In re Harmonic, Inc. Sec. Litig., 245 F.R.D. 424, 429 (N.D. Cal. 2007). Defendant shall produce by **January 12,**

---

[4] "[A] determination that communications or materials are privileged is simply a choice to protect the communication and relationship against claims of competing interests. Any inequity in terms of access to information is the price the system pays to maintain the integrity of the privilege." Admiral Ins. Co. v. United States Dist. Court, 881 F.2d 1486, 1494 (9th Cir. 1989). I do not see much of a societal interest in protecting Dr. Wan's notes.

4

**2010**, the third redacted line in #15480; redacted lines 6-11 in #15503; and redacted lines 1-7 in #15527.  The motion is otherwise **DENIED**.

Dated: January 7, 2010

                                              Bernard Zimmerman
                              United States Magistrate Judge

G:\BZALL\-REFS\LDK SOLAR SECURITIES LITIGATION\DISC ORD 9.FINAL VERSION.wpd

5