LATHAM & WATKINS LLP
  James J. Farrell (Bar No. 166595)
  james.farrell@lw.com
355 South Grand Avenue
Los Angeles, California 90071-1560
Telephone: (213) 485-1234
Facsimile: (213) 891-8763

LATHAM & WATKINS LLP
  Matthew D. Harrison (Bar No. 210981)
  matt.harrison@lw.com
505 Montgomery St., Suite 2000
San Francisco, California 94111
Telephone: (415) 391-0600
Facsimile: (415) 395-8095

LATHAM & WATKINS LLP
  John C. Tang (Bar No. 212371)
  john.tang@lw.com
  Raymond A. Gallenberg (Bar No. 239484)
  ray.gallenberg@lw.com
140 Scott Drive
Menlo Park, California 94025
Telephone: (650) 328-4600
Facsimile: (650) 463-2600

Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re LDK SOLAR SECURITIES LITIGATION<br><br>_____<br><br>This Document Relates To:<br><br>ALL ACTIONS. | MASTER FILE NO. C-07-05182-WHA<br><br>**DEFENDANTS' [CORRECTED] OPPOSITION TO PLAINTIFF'S EMERGENCY MOTION TO STRIKE**<br><br>Judge: Hon. William H. Alsup<br>Date: February 11, 2010<br>Time: 8:00 a.m.<br>Courtroom: 9, 19th Floor |

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

DEFENDANTS' [CORRECTED] OPPOSITION TO PLAINTIFF'S
EMERGENCY MOTION TO STRIKE
MASTER FILE NO. C-07-05182-WHA (BZ)

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    INTRODUCTION**

On January 7, 2010, Defendants filed a timely Motion for Summary Judgment and one declaration in support of the same; however, certain of the supporting documents were filed between two and 80 minutes after midnight, as a result of technical and logistical issues Defendants encountered while filing the documents through the electronic docketing system. Plaintiff now seeks to take advantage of this unfortunate but brief delay to claim he should be excused from answering the substantive arguments raised in the Motion for Summary Judgment. However, Plaintiff has not suffered any prejudice and can show no cause as to why Defendants' filings should be excluded due to this brief delay in filing the documents.

First, Defendants' one dispositive motion for summary judgment was filed before midnight and the remaining substantive documents related to it were filed by 1:20 a.m. While a few non-dispositive motions to exclude testimony and administrative motions to seal were filed after that, all the documents were filed and served by 4 a.m., well before Plaintiff's counsel even noticed that some of the documents were filed after midnight. Second, the overwhelming majority of the materials filed after midnight were evidentiary documents that were cited in the timely filed motion and which Plaintiff already had in his possession, such as deposition testimony, documents, and expert reports. Finally, Defendants immediately offered Plaintiff an extra day to oppose Defendants' motions to exclude Plaintiff's proffered experts' deposition testimony and reports (the only motions that he contended were late), with that day coming out of Defendants' time to reply. Plaintiff rejected this offer. Plaintiff now seeks a punishment that is not properly requested and is far beyond any possible detriment he suffered. Courts routinely reject such punitive requests for windfalls, as should this Court.

Plaintiff has also attempted to take advantage of the circumstances to make a host of meritless additional arguments and unnecessary personal attacks on counsel that serve no purpose. As set forth below, none of these arguments has support in law.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

1

DEFENDANTS' [CORRECTED] OPPOSITION TO PLAINTIFF'S
EMERGENCY MOTION TO STRIKE
MASTER FILE NO. C-07-05182-WHA (BZ)

## II.    BACKGROUND

Under the Court's Third Amended Case Management Order, all dispositive motions were to be filed no later than midnight on January 7, 2010.  *See* Third Amended Case Management Order at ¶ 7.  Defendants timely filed their Motion for Summary Judgment ("MSJ") in accordance with this Order.  Defendants were also able to complete the filing of the Declaration of Pietro Rosseto in support of the MSJ before midnight on January 7.  *See* Declaration of John M. Eastly ("Eastly Decl."), ¶ 2.  However, despite their best efforts to complete the filing of all supporting documents by midnight, Defendants were unable to do so because of the unanticipated difficulties related to e-filing a large number of documents, many of which were redacted and filed under seal based upon the joint stipulated protective order in this case (which, as Plaintiff acknowledges, is a complex matter beyond the capacity of the current electronic docketing system).  *See* Eastly Decl., ¶ 7 (describing unforeseen problems associated with e-filing a large number of documents).  Filing each document under seal necessitated redacting the actual documents to be filed and also preparing and filing, for each document, three additional documents:  (1) an administrative motion; (2) a declaration in support of the administrative motion; and (3) a proposed order.  This substantially increased the amount of documents that needed to be filed.  *See id.*  As a result, the filing of some supporting declarations and exhibits was not completed until after the midnight deadline, with the last supporting document relevant to the MSJ being e-filed at 1:20 a.m. *Id.* at ¶¶ 4-5.

At the same time, Defendants were attempting to file motions to exclude ("*Daubert* motions") related to certain purported expert deposition testimony and opinion offered by Plaintiff in this matter.  Importantly, while Defendants attempted to file these motions along with the MSJ so the motions could be heard contemporaneously, the *Daubert* motions were not dispositive motions and thus were not subject to same January 7, 2010 deadline.  The *Daubert* filing was completed by approximately 4:00 a.m.  At 4:03 a.m., Defendants electronically served unredacted copies of all documents on Plaintiff.  Thus, all the documents were fully electronically filed and served on Plaintiff before the beginning of the work day on January 8, 2010.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

2

DEFENDANTS' [CORRECTED] OPPOSITION TO PLAINTIFF'S
EMERGENCY MOTION TO STRIKE
MASTER FILE NO. C-07-05182-WHA (BZ)

1    Immediately after filing the MSJ, Defendants offered Plaintiff an extra day with which to
2    oppose the only motions he contended were late – the *Daubert* motions – with that day coming
3    out of Defendants' time to file a reply.  This offer would have given Plaintiff more time to
4    prepare his oppositions than he was otherwise entitled to (had all documents been filed before
5    midnight on January 7), thereby eliminating any theoretical prejudice resulting from these
6    motions being filed after midnight.  Plaintiff rejected the offer without explanation and instead
7    filed his instant motion.

## III.    ARGUMENT

As a threshold matter, Plaintiff's motion is procedurally incorrect.  Motions to strike exist only to excise "*from a pleading* an insufficient defense or *any redundant, immaterial, impertinent, or scandalous matter*."  Fed. R. Civ. P. 12(f) (emphasis added).  Defendants' MSJ is neither a pleading nor does it contain any redundant, immaterial, impertinent, or scandalous matter.  Plaintiff's motion does not suggest otherwise.  Plaintiff's motion should thus be denied for failing to satisfy the standard for a motion to strike.

Under any standard, however, Plaintiff has failed to show good cause why any of the motions or exhibits filed by Defendants should be stricken.  As set forth below, there is no basis in law or fact to grant the extreme relief sought by Plaintiff.

### A.    Plaintiff Suffered No Prejudice As A Result Of The MSJ Supporting Documents Being Filed After Midnight

In the absence of a clear showing of prejudice to the opposing party, courts generally do not impose punishment for an unintentional failure to comply with a scheduling order.  Thus, courts have routinely rejected motions to strike where a document is filed minutes or hours after a court-imposed deadline.  *See, e.g.*, *Hyperphrase Techs. v. Microsoft Corp.*, 2003 WL 21920041, *1 (W.D.Wis. 2003) (rejecting motion to strike where motion for summary judgment was e-filed four minutes after midnight deadline and supporting exhibits filed up to 72 minutes after deadline); *Vicari v. Ysleta Indep. Sch. Dist.*, 546 F. Supp. 2d 387, 405 (W.D. Tex. 2008) (denying motion to strike where response to motion for summary judgment was timely e-filed but supporting documents were not filed until the following day due to complications with

LATHAM&WATKINS<sup>LLP</sup>
ATTORNEYS AT LAW
LOS ANGELES

3

DEFENDANTS' [CORRECTED] OPPOSITION TO PLAINTIFF'S
EMERGENCY MOTION TO STRIKE
MASTER FILE NO. C-07-05182-WHA (BZ)

electronic docketing system); *Schultz v. Burton-Moore Ford, Inc.*, 2008 WL 4276911, *1 n.2 (E.D.Mich. 2008) (refusing to strike opposition on the grounds that it was e-filed 23 minutes after midnight deadline because "Plaintiff's response brief was twenty-three minutes tardy. Plaintiff should not be precluded from presenting an argument to the Court on such a technicality.").[1]

Plaintiff has failed to demonstrate good cause to strike any documents in support of Defendants' MSJ. Throughout its ten-page motion to strike, Plaintiff does not offer a single piece of evidence demonstrating that he has been prejudiced and offers only a single sentence even theorizing how he could have been prejudiced. *See* Motion at 8 ("Defendants gained a tactical advantage by such belated filings, both shortening Plaintiff's time to respond and increasing the volume of (meritless) material to which Plaintiff must respond."). Plaintiff is incorrect. First, as a practical matter, Plaintiff was not prejudiced by certain declarations (and the exhibits thereto) being filed at roughly 1:20 a.m., instead of 12:00 a.m., when the fact is that the motion and all supporting materials were electronically filed by the opening of business on January 8. Second, Defendants immediately offered to provide Plaintiff an extra day (out of Defendants' time to reply) to oppose the *Daubert* motions that he contended were late, thereby increasing, rather than shortening, Plaintiff's time to respond. Rather than accept an offer that would have provided Plaintiff with an extra day, Plaintiff chose to bring the instant motion, which seeks not to remedy any harm suffered by Plaintiff, but rather to avoid answering a Motion for Summary Judgment that conclusively demonstrates that Plaintiff's pleaded allegations are undisputedly false.

Tellingly, Plaintiff is unable to cite any authority that supports its position. Plaintiff

---

[1] Moreover, even where there are egregious and intentional violations of a scheduling order, courts are often reluctant to strike from its consideration issues or facts that will need to be resolved at some later point. *See, e.g.*, *Dayton Valley Investors, LLC v. Union Pac. R.R.*, 2009 U.S. Dist. LEXIS 97021, *12-*13 n. 7 (D. Nev. Oct. 6, 2009) (denying motion to strike where plaintiff belatedly filed a summary judgment motion for the improper purposes of "gain[ing] an unfair advantage from the briefing schedule and to file an unauthorized sur-reply" because the untimely motion presented "certain legal issues that the Court must inevitably address, either prior to or in the course of trial").

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

4

DEFENDANTS' [CORRECTED] OPPOSITION TO PLAINTIFF'S
EMERGENCY MOTION TO STRIKE
MASTER FILE NO. C-07-05182-WHA (BZ)

relies on two cases, both of which involve facts completely unlike those presented here.  Plaintiff first cites to *Netbula, LLC v. BindView Development Corp.*, 516 F. Supp.2d 1137, 1158 (N.D. Cal. 2007), as authority for the proposition that a court may deny a motion for summary judgment for failure to comply with Civil Local Rule 7-2.  In *Netbula*, the plaintiff filed its summary judgment *two weeks* after the court imposed deadline.  *See id.*  In this case, Defendants' motion was timely filed and the filing of exhibits was completed within approximately 80 minutes of the deadline.  There simply is no comparison to the dilatory conduct in *Netbula*.  Plaintiff next cites *Brae Asset Funding, L.P. v. Applied Financial, LLC*, No. C 05-02490 WHA, 2006 WL 2355474, *5 (N.D. Cal. Aug. 14, 2006), for the proposition that declarations should be stricken if not filed contemporaneously with the motion.  Like *Netbula*, however, *Brae* does not support Plaintiff's argument.  In *Brae*, the defendant filed a placeholder opposition a week late – the *same day* the reply was due (leaving the other parties some 26 minutes to file their reply briefs) – and then filed a series of sur-replies disguised as evidentiary objections up to 28 days after the deadline.  *See id.* at *4-*5.  Nothing of the sort occurred here.  As set forth above, Defendants electronically filed their motion on time and completed the filing of all supporting documents within 80 minutes of the deadline, all of which took place in the middle of the night – well before the time Plaintiff would actually review the documents.  Further, regarding the *Dauber*t motions, despite the absence of prejudice, Defendants immediately offered Plaintiff an extra day to oppose to come out of Defendants' time to reply.  There was no effort to sandbag (*see* Eastly Decl., ¶ 6), and no adverse impact on Plaintiff's ability to respond.  Plaintiff's authority undermines rather than supports his position.

In sum, Plaintiff does not explain how he could have been prejudiced or cite even a single fact that demonstrates he was in fact prejudiced.  Plaintiff cites no case law that supports his position or the extreme relief he seeks.  Plaintiff rejected an offer by Defendants that would have largely eliminated any risk of prejudice.  Plaintiff has thus failed to show good cause to strike the documents supporting Defendants' MSJ and the Court should accordingly deny the motion.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

5

DEFENDANTS' [CORRECTED] OPPOSITION TO PLAINTIFF'S
EMERGENCY MOTION TO STRIKE
MASTER FILE NO. C-07-05182-WHA (BZ)

### B. Defendants' Daubert Motions Are Not Motions for Summary Judgment

Plaintiff's other arguments are premised on the assertion that Defendants' Daubert motions, seeking to exclude Plaintiff's purported expert witnesses, are actually summary judgment motions that had to be filed on January 7. Plaintiff's argument is premised on the fact that certain items were inadvertently mislabeled in the ECF system during the e-filing process. *See* Eastly Decl., ¶ 8. But simply mislabeling a document in the e-filing process does not affect its substance and does not convert a non-dispositive motion into a dispositive one. *See, e.g.*, *Thompson v. Jiffy Lube Int'l, Inc.,* 2007 U.S. Dist. LEXIS 13078, *8 n.7 (D. Kan. Feb. 21, 2007) (rejecting request to strike document mislabeled as improper "surreply" in electronic docketing system where substance of motion showed it to actually be a proper reply); *Infant Swimming Research, Inc. v. Faegre & Benson, LLP*, 2007 WL 3326685, *2 (D.Colo. 2007) (rejecting request to deny motion to dismiss as untimely where the "motion was timely filed on May 17, 2007, but was improperly designated as an 'answer' to the complaint."). In such situations, substance always governs over form.

Here, it is plain from an examination of the challenged motions, including the caption printed on the documents themselves, that they are not motions for summary judgment, but are instead *Daubert* motions to exclude unreliable opinions proffered by Plaintiff's purported experts. *See* Docket #s 353, 354, 355 & 357 (captioned as, and substantively, *Daubert* motions to exclude expert testimony). As such, the motions are not dispositive and therefore not subject to the January 7, 2010 filing deadline. *See* Third Amended Case Management Order at ¶ 7 ("The last date to file *dispositive motions* shall be **JANUARY 7, 2010**.") (italics added; bold in original). While Defendants made every effort to file the motions contemporaneously with the MSJ, and for all practical purposes, did so, there was no Court Order mandating that they be filed by any date. As such, there is no basis to strike these motions as untimely.[2]

### C. Plaintiff Misapprehends This Court's Standing Order In Civil Jury Cases As It Relates To Defendants' Daubert Motions

Plaintiff finally suggests, in the alternative, that the *Daubert* motions are in violation of

---

[2] As above, judicial efficiency also militates against striking the motions.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

6

DEFENDANTS' [CORRECTED] OPPOSITION TO PLAINTIFF'S
EMERGENCY MOTION TO STRIKE
MASTER FILE NO. C-07-05182-WHA (BZ)

1   Section 2(f) of this Court's Standing Order regarding Trial and Final Pretrial Conference In Civil
2   Jury Cases.  Plaintiff argues that the *Daubert* motions are effectively motions *in limine* and thus
3   are governed by the Standing Order's guidelines for the preparation of motions *in limine*.
4   Motion to Strike at 8.  This argument is baseless.

5       As an initial matter, *Daubert* motions are routinely properly filed in connection with a
6   motion for summary judgment.  *See, e.g.*, Schwarzer, Tashima, and Wagstaffe, *Cal. Prac. Guide*
7   *Fed. Civ. Pro. Before Trial*, Ch. 14-E, § 14:173 *et seq.* (The Rutter Group 2010).  Despite this,
8   Plaintiff appears now to simply misconstrue or misunderstand the Court's Standing Order, which
9   governs the preparation of pre-trial motions *in limine* to exclude potentially forthcoming
10  evidence at trial.  *See* Standing Order, § 2(f) (providing instructions for the preparation of
11  motions *in limine* **in connection with the final pre-trial conference order**).  Because the
12  Standing Order appears limited to the preparation of pre-trial motions *in limine*, Defendants do
13  not believe it to control the filing of *Daubert* motions in connection with a motion for summary
14  judgment.  Indeed, Plaintiff's interpretation of the Standing Order would render it impossible for
15  any party to move to exclude proffered expert testimony (no matter how unfounded and
16  improper) prior to the final pre-trial conference.   Defendants do not believe this interpretation to
17  have been the Court's intention.

18      To summarize, there is no basis to exclude any of Defendants' *Daubert* motions.  The
19  motions were timely filed in compliance with all available rules and orders governing this
20  matter.  Plaintiff's Motion to Strike thus should be denied.

21  **IV.   CONCLUSION**

22      Defendants apologize to the Court and the Plaintiff for any inconvenience that resulted
23  from the extended filing process.  Nevertheless, for the foregoing reasons, Defendants
24  respectfully request that the Court deny Plaintiff's Motion to Strike.  In the alternative, should
25  the Court be inclined to grant Plaintiff some relief, Defendants respectfully request that it be
26  proportional to the amount of prejudice the Court determines Plaintiff to have suffered.
27  Defendants remain unopposed to providing Plaintiff with an extra day to oppose the motions
28  filed after midnight (the *Daubert* motions), and indeed, would not be opposed to providing

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

7

DEFENDANTS' [CORRECTED] OPPOSITION TO PLAINTIFF'S
EMERGENCY MOTION TO STRIKE
MASTER FILE NO. C-07-05182-WHA (BZ)

Plaintiff with an additional day to respond to the MSJ, as well, now that Plaintiff contends that the MSJ was also untimely.

Dated:  January 12, 2010

Respectfully submitted,

LATHAM & WATKINS LLP

By     /s/
     James J. Farrell

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

8

DEFENDANTS' [CORRECTED] OPPOSITION TO PLAINTIFF'S
EMERGENCY MOTION TO STRIKE
MASTER FILE NO. C-07-05182-WHA (BZ)