1
2
3
4
5
6
7   IN THE UNITED STATES DISTRICT COURT
8
9   FOR THE NORTHERN DISTRICT OF CALIFORNIA
10
11
12  IN RE LDK SOLAR SECURITIES       No. C 07-05182 WHA
    LITIGATION.
13  _____/
                                     **ORDER DENYING LEAD
14  This Document Relates to:        PLAINTIFF'S EMERGENCY
                                     MOTION TO STRIKE**
15      All Actions.
    _____/
16

In this securities class action, lead plaintiff Shapour Javidzad has moved for an order to strike defendants' recently filed motion for summary judgment and *Daubert* motions to exclude expert testimony. For the following reasons, the motion is **DENIED**.

Pursuant to the third amended case management order, the last date to file dispositive motions was January 7, 2010. Defendants electronically filed a redacted form of their motion for summary judgment (Dkt. No. 338) and one supporting declaration shortly before midnight on January 7. The other supporting documents were filed on January 8, 2010, beginning at 12:04 a.m. and continuing until 4:41 p.m., when defendants filed a proof of service (Dkt. No. 401).

Defendants filed three other substantive motions on January 8, 2010, including *Daubert* motions to exclude the testimony, reports, opinions and arguments of plaintiff's proffered expert witnesses Thomas J. Todaro (Dkt. No. 341), Jane D. Nettesheim (Dkt. No. 375), and Stuart Harden (Dkt. No. 382). The unredacted versions of defendants' motions and supporting papers were lodged with the Clerk under seal and served on plaintiff on January 8, 2010. Defendants'

motion for summary judgment and three *Daubert* motions were all noticed for hearing on February 11, 2010.

Plaintiff argues that defendants' filings are untimely both because they were filed after the January 7 deadline for dispositive motions and because they were filed only 34 days before the noticed hearing. Local Rule 7-2(a) requires that except as otherwise ordered or permitted by the assigned judge, "all motions must be filed, served and noticed in writing on the motion calendar of the assigned Judge for hearing not less than 35 days after service of the motion." It is admittedly true that defendants filed their motions one day late in this instance. (Although defendants' *Daubert* motions are not dispositive motions, they are still subject to Local Rule 7-2(a)). This order nevertheless holds that plaintiff has not been prejudiced by this short delay.

Plaintiff argues in the alternative that defendants' *Daubert* motions should be struck because they were in violation of Section 2(f) of the undersigned's standing order regarding trial and final pretrial conferences in civil jury cases. Plaintiff argues that the *Daubert* motions should be governed by the standing order's guidelines for the preparation of motions in limine, in particular by the page limit of no more than seven pages per motion and the requirement that motions in limine be served only and filed once the opposition has been prepared and included with the motion.

Contrary to plaintiff's argument, the standing order's guidelines for the preparation of motions in limine do not govern *Daubert* motions that are made prior to the final pretrial conference. Defendants' *Daubert* motions may not be struck on this basis.

Defendants must try harder to meet their deadlines in this action. However, because as noted above plaintiff has not been prejudiced by the short delay in this instance, plaintiff's motion to strike defendants' submissions is **DENIED**. The opposition to defendants' motions will

be due on **JANUARY 21, 2010.** Any reply from defendants is due on **JANUARY 28, 2010.** The hearing on defendants' motions will be held on **FEBRUARY 11, 2010**, as previously scheduled.

**IT IS SO ORDERED.**

Dated: January 14, 2010.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE