1

2
**BERMAN DEVALERIO**
Joseph J. Tabacco, Jr. (SBN 75484)
3
Christopher T. Heffelfinger (SBN 118058)
Anthony D. Phillips (SBN 259688)
4
One California Street
Suite 900
San Francisco, CA 94111
5
Telephone: (415) 433-3200
cheffelfinger@bermandevalerio.com
6

7
Liaison Counsel for the Class

8
**COHEN MILSTEIN SELLERS**
  **& TOLL PLLC**
9
Herbert E. Milstein
Joshua S. Devore
10
Matthew B. Kaplan
hmilstein@cohenmilstein.com
11
1100 New York Avenue, N.W.
West Tower, Suite 500
12
Washington, DC 20005-3964
Telephone: (202) 408-4600
13
Facsimile: (202) 408-4699
hmilstein@cohenmilstein.com

14
Lead Counsel for the Class

15

16

17
UNITED STATES DISTRICT COURT
18
NORTHERN DISTRICT OF CALIFORNIA
19

20
In re LDK SOLAR SECURITIES
LITIGATION
21

22
This Document Relates To:

23
ALL ACTIONS.

24

25

26

27

28

MASTER FILE NO.  C-07-05182-WHA (BZ)

<u>CLASS ACTION</u>

**STIPULATION OF SETTLEMENT**

Judge:  Hon. William H. Alsup

This Stipulation of Settlement (the "Stipulation") is submitted pursuant to Rule 23 of the Federal Rules of Civil Procedure.  Subject to the approval of the Court, this Stipulation is entered into among Lead Plaintiff Shahpour Javidzad ("Plaintiff" or "Lead Plaintiff"), on the one hand; and LDK Solar Co., Ltd. ("LDK" or the "Company") and LDK Solar USA, Inc.; and Xiaofeng Peng ("Peng"), Jack Lai ("Lai"), Xingxue Tong ("Tong"), Yonggang Shao ("Shao"), Liangbao Zhu ("Zhu"), Qiqiang Yao ("Yao"), and Gang Wang ("Wang") (collectively, the "Individual Defendants") on the other hand.  LDK, LDK Solar USA, Inc., and the Individual Defendants (collectively, the "Defendants") and the Lead Plaintiff are the "Parties" to this Stipulation by and through their respective counsel.

WHEREAS:

A.     Beginning on October 9, 2007, several class actions were filed in the United States District Courts for the Northern District of California (the "Court") and for the Southern District of New York alleging similar violations of the federal securities laws.

B.     The cases filed in the Southern District of New York were subsequently transferred to the Northern District of California which consolidated all such cases under the caption, *In re LDK Solar Securities Litigation*, Master File No. C-07-05182-WHA (BZ) (the "Action").

C.     By Order dated January 4, 2008, and in accordance with the Private Securities Litigation Reform Act, the Court appointed Shahpour Javidzad as Lead Plaintiff for the consolidated litigation.  By Order dated February 8, 2008 the Court appointed Cohen Milstein Sellers & Toll PLLC ("Cohen Milstein") as lead counsel ("Lead Counsel") for the proposed class.  By Order dated June 1, 2009, the Court appointed Berman DeValerio as liaison counsel ("Liaison Counsel").

STIPULATION OF SETTLEMENT
MASTER FILE NO. C-07-05182-WHA (BZ)

D.     On March 10, 2008, Plaintiff filed the Consolidated Class Action Complaint (the "Complaint") asserting claims under §§ 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78j(b) and 78t(a), and Rule l0b-5 promulgated thereunder by the United States Securities and Exchange Commission (the "SEC"), against LDK Solar Co., Ltd. and LDK Solar USA, Inc., as well as Peng, Lai, Tong, Shao, Zhu, Yao, and Wang.

E.     The Consolidated Complaint alleged that the Defendants disseminated and/or controlled those who disseminated materially false and misleading statements and failed to disclose allegedly material facts regarding, among other matters, the quantity and value of LDK's silicon raw material inventory.

F.     The Court denied Defendants' motions to dismiss the Complaint on May 29, 2008 and September 24, 2009.   On January 28, 2009 the Court certified a class (the "Class") comprised of:

> all persons who (a) purchased LDK Solar Co., Ltd. ("LDK" or the "Company") American Depository Shares ("ADSs"); (b) purchased call options for LDK ADSs; or (c) sold put options for LDK ADSs during the Class Period defined below, and were damaged thereby.  Excluded from the Class are the Defendants and the other current and former officers and directors of the Company, their immediate families, their heirs, successors, or assigns and any entity controlled by any such person. The Class Period is June 1, 2007 through October 7, 2007.

G.     Following the denial of the motions to dismiss, the Parties engaged in extensive discovery, during the course of which Defendants produced over 2 million pages of documents to Plaintiff and Plaintiff took 20 depositions of LDK employees or former employees.  Discovery concluded in late December 2009.

H.     On January 7, 2010, Defendants filed a motion for summary judgment and Plaintiff filed a motion for partial summary judgment.  Briefing of these motions was completed on January 28, 2010.

STIPULATION OF SETTLEMENT
MASTER FILE NO. C-07-05182-WHA (BZ)

I.     On December 22, 2008, the Parties participated in a formal mediation conducted by the Hon. Daniel Weinstein (Ret.).   The parties participated in subsequent mediations conducted by Judge Weinstein on August 18, 2009, and on February 1, 2010.  Lead Plaintiff Javidzad and Defendant Lai, on behalf of all of the Defendants, personally attended each of these sessions.  At various times throughout the period from December 2008 through January 2010, the Parties discussed a possible resolution of this case with Judge Weinstein.  At the conclusion of the February 1, 2010 mediation, and as a result thereof, the Parties reached an agreement for the resolution of this Action.

J.     Plaintiff believes that Defendants violated the federal securities laws.  Defendants have denied and continue to deny that they have committed any act or omission giving rise to any liability and/or violation of law.  Nonetheless, Plaintiff and Defendants have concluded that it is desirable that the Action be fully and finally settled in the manner and upon the terms and conditions set forth in this Stipulation in order to limit further expense and inconvenience with respect to matters at issue in the Action.  This Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession by any party of any infirmity in the defenses asserted, or any infirmity in the claims asserted.  The Parties to this Stipulation recognize, however, that the Action is being voluntarily settled after advice of counsel, and that the terms of the Settlement are fair, adequate and reasonable.

K.     Lead Counsel has conducted a thorough investigation relating to the claims and the underlying events and transactions alleged in the various complaints filed in the Action. Lead Counsel's investigation and discovery included, *inter alia*: (i) review of LDK's SEC filings and other publicly available filings; (ii) millions of pages of documents received from Defendants pursuant to document requests and from third parties in response to subpoenas; (iii)

20 depositions of LDK's employees and former employees and five depositions of Defendants' experts.

L.     Lead Plaintiff, by Lead Counsel, has conducted discussions and arm's-length negotiations with counsel for Defendants with respect to a compromise and settlement of the Action with a view to settling the issues in dispute and achieving the best relief possible consistent with the interests of the Class.

M.     Based upon their investigation, Lead Plaintiff and Lead Counsel have concluded that the terms and conditions of this Stipulation are fair, reasonable and adequate to Plaintiff and the Class, and in their best interests, and have agreed to settle the claims raised in the Action pursuant to the terms and provisions of this Stipulation, after considering: (i) the immediate benefits that Plaintiff and the members of the Class will receive from the settlement of the Action; (ii) the attendant risks of litigation; (iii) the difficulties, expense and delays inherent in such litigation; (iv) the belief of Plaintiff that the Settlement is fair, reasonable, and adequate, and in the best interest of all Class Members; and (v) the desirability of permitting the Settlement to be consummated as provided by the terms of this Stipulation.

NOW THEREFORE, without any admission or concession on the part of Plaintiff of any lack of merit in the Action whatsoever, and without any admission or concession of any liability or wrongdoing or lack of merit in the defenses whatsoever by any Defendant, it is hereby STIPULATED AND AGREED, by and among the Parties to this Stipulation, through their respective counsel of record, subject to approval of the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, in consideration of the benefits flowing to the Parties hereto from the Settlement, that all Released Claims (as defined below) as against the Released Persons (as defined below) shall be compromised, settled, released and dismissed with prejudice, upon and subject to the following terms and conditions:

**CERTAIN DEFINITIONS**

1.      As used in this Stipulation, the following terms shall have the following meanings:

(a)      "Authorized Claimant" means a Class Member who submits a timely and valid Proof of Claim and Release form ("Proof of Claim") to the Claims Administrator.

(b)      "Claims Administrator" means an entity designated by Lead Counsel and approved by the Court to administer the Settlement.

(c)      "Class" and "Class Members" means: all persons who (i) purchased LDK Solar Co., Ltd. American Depository Shares ("ADS"); (ii) purchased call options for LDK ADS; or (iii) sold put options for LDK ADS during the Class Period defined below, and were allegedly damaged thereby.  Excluded from the Class are the Defendants and the other current and former officers and directors of the Company, their immediate families, their heirs, successors, or assigns and any entity controlled by any such person.  Also excluded from the Class are any putative Class Members who have validly excluded themselves from the Class as provided for in the Initial Notice or who validly exclude themselves from the Class in response to the Notice, except that any putative Class Member who validly retracts his request to be excluded from the Class shall be a member of the Class.

(d)      "Class Period" means the period of time from June 1, 2007 through October 7, 2007, inclusive.

(e)      "Defendants' Counsel" means counsel of record in the Action for Defendants (Latham & Watkins LLP).

(f)      "Effective" or "Effective Date" means the date upon which the Settlement contemplated by this Stipulation has become Effective as set forth in paragraph 29 below.

(g)      "Escrow Agent" means Eagle Bank.

(h)     "Final" means, with respect to any order of the court in this Action, including the Order and Judgment, that such order represents a final and binding determination of the issues within its scope and is not subject to further review on appeal or otherwise.  An order becomes Final when (i) no appeal has been filed and the prescribed time for filing an appeal has expired, or (ii) an appeal has been filed and either (a) has been resolved and the time for commencing a further appeal has expired, or (b) the order has been affirmed in all material respects and the time for further appeal has expired or further appeal is not permitted.  Any appeal or other proceedings pertaining to the Plan of Allocation or Motion for Attorney's Fees and Reimbursement of Expenses shall not in any way delay or preclude the Judgment from becoming Final.

(i)     "Initial Notice" means the "Notice of Pendency of Class Action" dated May 21, 2009, which was distributed to the Class.

(j)     "LDK ADS" means LDK Solar Co., Ltd.'s American Depository Shares, each representing one share of common stock, traded on the New York Stock Exchange.

(k)     "Lead Counsel" means Cohen Milstein Sellers & Toll PLLC.

(l)     "Liaison Counsel" means Berman DeValerio.

(m)     "Net Settlement Fund" means the Settlement Fund (as defined below), less (i) any Taxes, (ii) any amounts incurred for notice and/or administration expenses, as authorized by this Settlement, and (iii) the attorneys' fees and expenses awarded to Plaintiff's Counsel and approved by the Court.

(n)     "Notice" means the Notice of Proposed Class Action Settlement which is to be sent to members of the Class substantially in the form attached hereto as <u>Exhibit 1</u> to <u>Exhibit A</u> (the Order for Notice and Hearing).

STIPULATION OF SETTLEMENT
MASTER FILE NO. C-07-05182-WHA (BZ)

(o)     "Order and Judgment" means the proposed order to be entered by the Court approving the Settlement substantially in the form attached hereto as Exhibit B.

(p)     "Order for Notice and Hearing" means the proposed order preliminarily approving the Settlement and directing notice of the Settlement Fairness Hearing to the Class substantially in the form attached hereto as Exhibit A.

(q)     "Person" means an individual, corporation, partnership, limited partnership, limited liability company or partnership, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity and their spouses, heirs, predecessors, successors, representatives, or assignees.

(r)     "Plaintiff's Counsel" means Plaintiff's court-appointed Lead Counsel and Liaison Counsel in the Action.

(s)     "Plan of Allocation" means a plan or formula of allocation of the Net Settlement Fund to be proposed by Plaintiff and approved by the Court which shall be described in the Notice.

(t)     "Related Parties" means Defendants and their respective past or present subsidiaries, parents, successors and predecessors, officers and directors, shareholders, partners, agents, employees, attorneys, insurers, auditors, spouses, immediate family members, and any person, firm, trust, corporation, officer, director or other individual or entity in which Defendants, or any of them, has or had a controlling interest or which is related to or affiliated with Defendants, or any of them, and the respective legal representatives, heirs, successors in interest or assigns of Defendants, or any of them.

(u)     "Released Persons" means Defendants and their respective Related Parties.

STIPULATION OF SETTLEMENT
MASTER FILE NO. C-07-05182-WHA (BZ)

(v)        "Released Claims" means any and all claims, debts, demands, rights or causes of action or liabilities whatsoever, whether based on federal, state, local, statutory or common law or any other law, rule or regulation, whether fixed or contingent, accrued or un-accrued, liquidated or un-liquidated, at law or in equity, matured or un-matured, whether class, and/or individual in nature, including both known claims and "Unknown Claims" (as defined below), (i) that have been asserted in this Action by Lead Plaintiff against any of the Released Persons, or (ii) that could have been asserted in this Action, or in any other action or forum by Lead Plaintiff and/or members of the Class or any of them against any of the Released Persons which arise out of or are based upon or relate in any way to the allegations, transactions, facts, matters or occurrences, representations or omissions involved, set forth, or referred to in the Action, and which relate to the purchase or sale of LDK ADS, the purchase of call options for LDK ADS, or the sale of put options for LDK ADS during the Class Period.  Notwithstanding the foregoing, "Released Claims" does not include claims asserted in the shareholder derivative action entitled *Coonerty v. Xiaofeng Peng, et al*., Superior Court of California, County of Santa Clara, Case No. 108 CV 103758.   In addition, "Released Claims" does not include claims relating to the enforcement of the Settlement.

(w)        "Settled Defendants' Claims" means any and all claims, rights or causes of action or liabilities whatsoever, whether based on federal, state, local, statutory or common law or any other law, rule or regulation, including both known claims and Unknown Claims (as defined below), that have been or could have been asserted in the Action or in any forum by the Defendants or their respective Related Parties against the Plaintiff, any of the Class Members or their attorneys, which arise out of or relate in any way to the institution, prosecution, or settlement of the Action, except for claims to enforce the Settlement.

(x)        "Settlement" means the settlement embodied by this Stipulation.

(y)      "Settlement Fund" means the principal amount of Sixteen Million Dollars ($16,000,000) in cash (the "Settlement Amount") plus any interest that may accrue thereon as provided herein.

(z)      "Summary Notice" means the Summary Notice of Pendency and Proposed Settlement of Class Action for distribution substantially in the form attached as Exhibit 3 to Exhibit A (the Order for Notice and Hearing).

(aa)      "Unknown Claims" means any and all Released Claims which Plaintiff or any Class Member does not know or suspect to exist in his, her or its favor at the time of the release of the Released Persons, and any Settled Defendants' Claims which any Defendant does not know or suspect to exist in his, her or its favor, which if known by him, her or it might have affected his, her or its decision(s) with respect to the Settlement.  With respect to any and all Released Claims and Settled Defendants' Claims, the Parties stipulate and agree that upon the Effective Date, the Plaintiff and Defendants shall expressly waive, and each Class Member and Released Person shall be deemed to have waived, and by operation of the Order and Judgment shall have expressly waived, any and all provisions rights and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to Cal. Civ. Code § 1542, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

Lead Plaintiff and Defendants acknowledge, and the Class Members and Released Persons by operation of law shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Released Claims and Settled Defendants' Claims was separately bargained for and was a key element of the Settlement.

## SCOPE AND EFFECT OF SETTLEMENT

2.     The obligations incurred pursuant to this Stipulation shall be in full and final disposition of the Action and any and all Released Claims as against all Released Persons and any and all Settled Defendants' Claims.

3.     Upon the Effective Date of this Settlement:

(a)     Lead Plaintiff and each of the Class Members shall be deemed by operation of law to have fully, finally, and forever released, relinquished, waived, discharged, and dismissed each and every Released Claim, and shall forever be enjoined from prosecuting the Released Claims against any of the Released Persons; and

(b)     Each of the Defendants and their Related Parties shall be deemed by operation of law to have fully, finally, and forever released, relinquished, waived, discharged, and dismissed each and every Settled Defendants' Claim, and shall forever be enjoined from prosecuting the Settled Defendants' Claims against Plaintiff and other Class Members.

## THE SETTLEMENT CONSIDERATION

4.     Within ten business days after the Court's entry of the Order for Notice and Hearing, Defendants shall pay or shall cause their directors' and officers' insurer to pay the Settlement Amount into an interest-bearing escrow account on behalf of Lead Plaintiff and the Class, designated and controlled by Lead Counsel, which funds may be used to pay amounts incurred for notice and administration of the Settlement ("Notice and Administration Costs"), except that prior to the Settlement becoming Final, Lead Counsel shall seek approval of the Court for any disbursement to fund Notice and Administration Costs in excess of $250,000.

5.     The Settlement will be non-recapture, *i.e.*, it is not a claims-made settlement. Defendants have no ability to keep or recover any of the settlement monies unless the Settlement does not become Effective.

6.     The Settlement Fund shall be first used to pay (i) any taxes due on interest earned by the Settlement Fund; (ii) the Notice and Administration Costs authorized by this Settlement, and (iii) the attorneys' fee and expense award referred to in paragraph 12 hereof,

7.     The Net Settlement Fund remaining after all payments authorized by paragraph 6 and/or Order of the Court shall be distributed to the Authorized Claimants as provided in the Plan of Allocation.

8.     Any sums required to be held in escrow hereunder prior to the Effective Date shall be deposited by Lead Counsel in an account with the Escrow Agent.  All funds held by the Escrow Agent shall be deemed to be in the custody of the Court and shall remain subject to the jurisdiction of the Court until such time as the funds shall be distributed or returned to the person(s) paying the same pursuant to this Stipulation and/or further order of the Court.  The Escrow Agent, upon instructions from Lead Counsel, shall invest any funds in short term United States Agency or Treasury Securities or funds that invest in such securities, and shall collect and reinvest all interest accrued thereon, except that a portion of such funds may be held in an interest-bearing bank account, provided that all funds in such account are fully insured by the FDIC.  The Parties hereto agree that the Settlement Fund is intended to be a Qualified Settlement Fund within the meaning of Treasury Regulation § 1.468B-1 and that, upon instructions from Lead Counsel, the Claims Administrator, as administrator of the Settlement Fund within the meaning of Treasury Regulation § 1.468B-2(k)(3), shall be responsible for filing tax returns for the Settlement Fund and paying from the Settlement Fund any Taxes owed with respect to the Settlement Fund.  Defendants agree to reasonably cooperate with the Claims Administrator and Lead Counsel to provide information available to them that is needed for filing tax returns for the Settlement Fund and will give their consent to the Settlement Fund's filing of any relation back election.

STIPULATION OF SETTLEMENT
MASTER FILE NO. C-07-05182-WHA (BZ)

9.     All (i) taxes on the income of the Settlement Fund and (ii) expenses and costs incurred in connection with the taxation of the Settlement Fund (including, without limitation, expenses of tax attorneys and accountants) (collectively, "Taxes") shall be paid out of the Settlement Fund, shall be considered to be a cost of administration of the Settlement and shall be timely paid by the Claims Administrator and Lead Counsel without prior order of the Court.  The Defendants and Released Persons shall have no liability or responsibility for the payment of any Taxes.  The Settlement Fund shall indemnify and hold the Released Persons harmless for any Taxes (including, without limitation, Taxes payable by reason of any such indemnification).

## ADMINISTRATION

10.     The Claims Administrator shall administer the Settlement under Lead Counsel's supervision and subject to the jurisdiction of the Court.  The Released Persons shall have no liability, obligation or responsibility for the administration of the Settlement or disbursement of the Net Settlement Fund, except for Defendants' obligation to pay and/or cause their insurance carrier to pay with respect to the Settlement Amount, as provided herein, and except for LDK's obligation within ten business days of the Court's execution of the Order for Notice and Hearing, and, to the extent necessary considering the information provided to Lead Counsel prior to distribution of the Initial Notice, to use best efforts to make its transfer records and shareholder information available to Lead Counsel or their agent to the extent necessary to identify and give notice to the Class.  Lead Counsel shall cause the Claims Administrator to provide notice to the Class within thirty calendar days after the Court's execution of the Order for Notice and Hearing.

11.     The Settlement Fund shall be applied to pay all reasonable costs and expenses of notice to members of the Class and administration of the Settlement Fund, escrow fees, Taxes, custodial fees and expenses incurred in connection with processing Proofs of Claim or distributing the Settlement Fund.  After entry of the Order for Notice and Hearing, and prior to

Final Approval, up to $250,000 may be disbursed from the Settlement Fund for this purpose, without further approval of the Court.  Upon reasonable written notice to Defendants, Lead Counsel may seek authorization from the Court to pay from the Settlement Fund costs and expenses associated with the administration of the Settlement in excess of $250,000 (if any).

### ATTORNEYS' FEES AND EXPENSES

12.     Lead Counsel will apply to the Court for an award from the Settlement Fund of attorneys' fees and reimbursement of costs and expenses (the "Fee and Expense Application"), plus interest earned in the Settlement Fund on both amounts.  Such attorneys' fees and expenses, as are awarded by the Court, shall be paid from the Settlement Fund to Lead Counsel immediately upon the Court's execution of the Order and Judgment or, if contained in a separate order, upon entry of such order awarding attorneys' fees and expenses, notwithstanding the existence of any timely-filed objections thereto, potential for appeal therefrom, or any collateral attack on the Settlement or any part thereof, subject to the obligation of Plaintiff's Counsel to make appropriate refunds or repayments to the Settlement Fund if and when, as a result of any appeal and/or further proceedings on remand, or successful collateral attack, the fee or expense award is reduced or reversed.  Defendants will take no position with respect to Lead Counsel's Fee and Expense Application, or any request for reimbursement of time and expenses to Lead Plaintiff (if any such request is made), and such matters are not the subject of any agreement between the Parties other than what is already set forth in this Stipulation of Settlement.  The procedure for and the allowance or disallowance of any application for attorneys' fees and expenses are matters separate and apart from the Settlement, and any application for attorneys' fees and expenses therefore is to be made in a request separate from the request for approval of the Settlement, intended to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement.  Any order or proceeding

relating solely to an award of attorneys' fees and expenses, or any appeal from any order relating thereto, or any reversal or modification thereof, shall have no effect on the Settlement and shall not operate to, or be grounds to, terminate or cancel the Settlement or to affect or delay the finality of the final judgment approving the Settlement.

## ADMINISTRATION EXPENSES AND DISTRIBUTION ORDER

13.    Lead Counsel will apply to the Court, on notice to Defendants' Counsel, for an order (the "Class Distribution Order") approving the Claims Administrator's administrative determinations concerning the acceptance and rejection of the claims submitted in response to the Notice and approving any fees and expenses not previously applied for, including the fees and expenses of the Claims Administrator, and, if the Effective Date has occurred, directing payment of the Net Settlement Fund to Authorized Claimants.

## DISTRIBUTION TO AUTHORIZED CLAIMANTS

14.    The Claims Administrator shall determine each Authorized Claimant's pro rata share of the Net Settlement Fund based upon each Authorized Claimant's Recognized Claim (as defined in the Plan of Allocation described in the Notice attached as Exhibit 1 to Exhibit A (the Order for Notice and Hearing), or in such other Plan of Allocation as the Court approves).

15.    The Plan of Allocation proposed in the Notice is not a necessary term of this Stipulation and it is not a condition of this Stipulation that the Plan of Allocation be approved. Defendants will take no position with respect to such proposed Plan of Allocation or such plan as may be approved by the Court.

16.    Each Authorized Claimant shall be allocated a pro rata share of the Net Settlement Fund based on his, her, or its Recognized Claim compared to the total Recognized Claims of all accepted claimants, in accordance with the Plan of Allocation.

17.     The Defendants shall not have any responsibility for or liability, or any rights or claims, whatsoever with respect to: (a) any act, omission or determination of Plaintiff's Counsel, the escrow agents or the Claims Administrator, or any of their respective designees or agents, in connection with the administration of the Settlement or otherwise; (b) the management, investment or distribution of the Settlement Fund; (c) the Plan of Allocation; (d) the determination, administration, calculation, or payment of any claims asserted against the Settlement Fund; (e) any losses suffered by, or fluctuations in the value of, the Settlement Fund; or (f) the payment or withholding of any Taxes, expenses, and/or costs incurred in connection with the taxation of the Settlement Fund or the filing of any returns.

18.     Any Class Member who does not submit a valid Proof of Claim will not be entitled to receive any of the proceeds from the Net Settlement Fund but will otherwise be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Order and Judgment to be entered in the Action and the releases provided for herein, and will be barred from bringing any action against any Released Persons concerning the Released Claims.

19.     The Claims Administrator and Lead Counsel shall have the right, but not the obligation, to waive what they deem to be formal or technical defects in any Proofs of Claim submitted in the interests of achieving substantial justice.

20.     Each claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to the claimant's claim, and the claim will be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided that such investigation and discovery shall be limited to that claimant's status as a Class Member and the validity and amount of the claimant's claim.  No discovery shall be allowed on the merits of the Action or Settlement in connection with processing of the Proofs of Claim.

21.     Payment pursuant to this Stipulation shall be deemed final and conclusive against all Class Members.  All Class Members whose claims are not approved by the Court shall be barred from participating in distributions from the Net Settlement Fund, but otherwise shall be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Order and Judgment to be entered in the Action and the releases provided for herein, and will be barred from bringing any action against the Released Persons concerning the Released Claims.

22.     All proceedings with respect to the administration, processing and determination of claims and the determination of all controversies relating thereto, including disputed questions of law and fact with respect to the validity of claims, shall be subject to the jurisdiction of the Court.

23.     The Net Settlement Fund shall be distributed to Authorized Claimants by the Claims Administrator only after the Effective Date and after:  (a) all claims have been processed, and all claimants whose claims have been rejected or disallowed, in whole or in part, have been notified and provided the opportunity to be heard concerning such rejection or disallowance; (b) all objections with respect to all rejected or disallowed claims have been resolved; (c) all matters with respect to attorneys' fees, costs, and disbursements have been resolved by the Court; (d) all costs of administration have been paid; and (e) and the Court has entered an order authorizing such distribution.

24.     If any funds remain in the Net Settlement Fund by reason of uncashed checks, or otherwise, then any balance remaining in the Net Settlement Fund six months after the initial distribution of such funds shall be used: (a) to pay any additional settlement administration fees and expenses, including those of Lead Counsel as may be approved by the Court, (b) to pay any amounts mistakenly omitted from the initial distribution to Authorized Claimants or to pay any late, but otherwise valid and fully documented claims received after the cut-off date used to

make the initial distribution, which were not previously authorized by the Court to be paid, provided that such distributions to any late post-distribution claimants meet all of the other criteria for inclusion in the initial distribution, and, (c) to be distributed to a charity or charities as recommended by Lead Counsel and approved by the Court.

## TERMS OF ORDER FOR NOTICE AND HEARING

25.     Concurrently with their application for preliminary Court approval of the Settlement contemplated by this Stipulation, Lead Counsel and Defendants' Counsel jointly shall apply to the Court for entry of an Order for Notice and Hearing, substantially in the form annexed hereto as Exhibit A.

## TERMS OF ORDER AND JUDGMENT

26.     If the Settlement contemplated by this Stipulation is approved by the Court, counsel for the Parties shall request that the Court enter an Order and Judgment substantially in the form annexed hereto as Exhibit B.

## RIGHT OF EXCLUSION AND OBJECTION

27.     Any Person may seek to be excluded from the Class and the Settlement provided for by this Stipulation by submitting a written request for exclusion ("Request for Exclusion") in the manner provided for in the Notice.

28.     Any Class Member who does not exclude himself, herself or itself from the Class and the Settlement shall have the right to submit written objections concerning the Settlement, Plan of Allocation, and/or Lead Counsel's application for attorneys' fees and expenses, provided that such objection is made in the manner provided for in the Notice.

## EFFECTIVE DATE OF SETTLEMENT, WAIVER OR TERMINATION

29.     The Effective Date of Settlement shall be the date when all the following shall have occurred:

(a)       funding in conformity with paragraph 4;

(b)       entry of the Order for Notice and Hearing substantially in the form annexed hereto as Exhibit A;

(c)       approval by the Court of the Settlement, following notice to the Class and a hearing, as prescribed by Rule 23 of the Federal Rules of Civil Procedure; and

(d)       entry by the Court of the Order and Judgment, and the Order and Judgment has become Final, or, in the event that the Court enters an order and judgment in a form other than that provided for in this Settlement ("Alternative Judgment") and none of the Parties hereto elect to terminate this Settlement, the date that such Alternative Judgment becomes Final.

30.     Defendants' Counsel or Lead Counsel shall have the right to terminate the Settlement and this Stipulation by providing written notice of their election to do so ("Termination Notice") to the other Party within thirty calendar days of: (a) the Court's declining to enter the Order for Notice and Hearing substantially in the form attached hereto as Exhibit A; (b) the Court's declining to approve this Stipulation substantially in the form agreed to by the Parties; (c) the Court's declining to enter the Order and Judgment substantially in the form attached hereto as Exhibit B; (d) the date upon which the Order and Judgment is modified or reversed in any material respect by the Ninth Circuit or the United States Supreme Court; or (e) the date upon which an Alternative Judgment is modified or reversed in any material respect by the Ninth Circuit or the United States Supreme Court.

31.     If, prior to the Settlement Fairness Hearing, any Persons who otherwise would be members of the Class have validly requested exclusion ("Requests for Exclusion") from the Class in accordance with the provisions of the Initial Notice or the Notice, and such Persons in the aggregate, during the Class Period, (a) purchased equal to or more than a certain percentage

of LDK ADS, (b) purchased call options representing equal to or more than a certain percentage

of LDK ADS, or (c) sold put options representing equal to or more than a certain percentage of

LDK ADS, such percentage amount as specified in a separate Supplemental Agreement to

Stipulation of Settlement (the "Supplemental Stipulation") between Lead Plaintiff and

Defendants, then Defendants shall have, in their sole and absolute discretion, the option to

terminate this Stipulation on behalf of all Parties in accordance with the procedures set forth in

the Supplemental Stipulation. Lead Plaintiff shall, however, have an opportunity to seek a

retraction of any Request for Exclusion until the deadline for such retractions, as that deadline is

set forth in the Order for Notice and Hearing (attached hereto as Exhibit A). The Supplemental

Stipulation will not be filed with the Court. If required by the Court, the Parties shall request that

the Supplemental Stipulation and/or any of its terms be disclosed only *in camera* to the Court for

purposes of approval of the Settlement, and that such disclosure shall be carried out to the fullest

extent possible in accordance with the practices of the Court so as to preserve the confidentiality

of the Supplemental Stipulation, particularly the threshold percentage amount of LDK ADS

specified in the Supplemental Stipulation. Defendants may request from time to time summaries

of or copies of any or all Requests for Exclusion received, together with copies of all written

revocations of Requests for Exclusion, which shall be delivered to Defendants' counsel promptly

upon request. A listing of all persons who have validly requested exclusion from the Class shall

be provided to Defendants and the Court in connection with and at the time of a request for Final

Approval of the Settlement.

32.     An order of the Court or modification or reversal on appeal of any order of the

Court concerning the Plan of Allocation or the amount of any attorneys' fees, costs, expenses

and interest awarded by the Court to the Plaintiff or Plaintiff's Counsel shall not constitute

grounds for cancellation or termination of this Stipulation or the Settlement.

33.     Except as otherwise provided herein, in the event the Settlement is terminated or fails to become effective for any reason, then the Parties to this Stipulation shall be deemed to have reverted to their respective litigation positions as of January 31, 2010 (*i.e.*, one day before the date on which the Parties reached an agreement in principal to resolve this Action) and, except as otherwise expressly provided, the Parties shall proceed in all respects as if this Stipulation and any related orders had not been entered, and any portion of the Settlement Amount previously paid or caused to be paid by Defendants, together with any interest earned thereon, less any Taxes due with respect to such income, and less the costs of administration and notice actually incurred whether paid or not paid, shall be returned, within ten business days, directly to the entities that funded the settlement amounts, and notice of such return of funds shall be given to the undersigned counsel for the respective Parties.

## NO ADMISSION OF WRONGDOING

34.     This Stipulation and all negotiations, statements, and proceedings in connection herewith shall not, in any event, be construed or deemed to be evidence of an admission or concession on the part of Lead Plaintiff, Defendants, any member of the Class, or any Released Person, or other Person, of any liability or wrongdoing by them, or any of them, and shall not be offered or received in evidence in any action or proceeding (except an action to enforce this Stipulation and Settlement contemplated hereby), or be used in any way as an admission, concession, or evidence of any liability or wrongdoing of any nature, and shall not be construed as, or deemed to be evidence of, an admission or concession that Lead Plaintiff, any member of the Class, any present or former security holder of LDK, or any other person or entity, has or has not suffered any damage, ***except that*** the Released Persons may file this Stipulation and/or the Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith

settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.  Unless otherwise required by law, any public disclosure by the Parties or their counsel regarding this Stipulation and/or the Settlement shall be limited to the greatest extent practicable to neutral statements regarding the mutual resolution of this Action, and shall not suggest liability or wrongdoing on the part of Lead Plaintiff, Defendants, any member of the Class, any Released Person, or any of them.

## **MISCELLANEOUS PROVISIONS**

35.     All of the exhibits attached hereto are material and integral parts hereof and are hereby incorporated by reference as though fully set forth herein.

36.     The Parties to this Stipulation intend the Settlement to be a final and complete resolution of all disputes asserted or which could be asserted by the Class Members against the Released Persons with respect to the Released Claims.  Accordingly, Lead Plaintiff, on behalf of himself and the Class, and Defendants agree not to assert in any forum that the Action was brought by Plaintiff or defended by Defendants in bad faith or without a reasonable basis.  The Parties hereto shall assert no claims of any violation of Rule 11 of the Federal Rules of Civil Procedure relating to the prosecution, defense, or settlement of the Action and agree that each Party acted in good faith throughout the course of the litigation.  The Parties agree that the amount paid and the other terms of the Settlement were negotiated at arm's length in good faith by the Parties, and reflect a settlement that was reached voluntarily after consultation with experienced legal counsel.

37.     This Stipulation may not be modified or amended, nor may any of its provisions be waived except by a writing signed by all Parties hereto or their successors-in-interest.

38.     The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

39.     The administration and consummation of the Settlement as embodied in this Stipulation shall be under the authority of the Court, and the Court shall retain jurisdiction for the purpose of entering orders providing for awards of attorneys' fees and expenses to Lead Counsel and enforcing the terms of this Stipulation.

40.     The waiver by one Party of any breach of this Stipulation by any other Party shall not be deemed a waiver of any other prior or subsequent breach of this Stipulation.

41.     This Stipulation and its exhibits constitute the entire agreement among the Parties hereto concerning the Settlement of the Action, and no representations, warranties, or inducements have been made by any party hereto concerning this Stipulation and its exhibits other than those contained and memorialized in such documents.

42.     This Stipulation may be executed in one or more counterparts.  All executed counterparts and each of them shall be deemed to be one and the same instrument provided that counsel for the Parties to this Stipulation shall exchange among themselves original signed counterparts.

43.     This Stipulation is binding upon and shall inure to the benefit of the Parties and their respective agents, successors, executors, heirs and assigns.

44.     The construction, interpretation, operation, effect and validity of this Stipulation, and all documents necessary to effectuate it, shall be governed by the laws of the State of California without regard to any choice of law provision, except to the extent that federal law requires that federal law governs.

45.     This Stipulation shall not be construed more strictly against one party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Parties, it being recognized that it is the result of arm's-length negotiations

between the Parties, and all Parties have contributed substantially and materially to the preparation of this Stipulation.

46.     All counsel and any other person executing this Stipulation and any of the exhibits hereto, or any related settlement documents, warrant and represent that they have the full authority to do so and that they have the authority to take appropriate action required or permitted to be taken pursuant to the Stipulation to effectuate its terms.

47.     Lead Counsel and Defendants' Counsel agree to cooperate fully with one another in seeking Court approval of the Order for Notice and Hearing, the Stipulation and the Settlement, and to promptly agree upon and execute all such other documentation as may be reasonably required to obtain final approval by the Court of the Settlement.

48.     The Parties agree that the mediator for the Action, the Hon. Daniel Weinstein (Ret.), shall continue to assist them with any disputes over the terms of the Settlement until such time as the Court grants preliminary approval.

SIGNATURES OF COUNSEL ON NEXT PAGE

Dated:  February 9, 2010

By:  _____/s/ Herbert E. Milstein_____
COHEN MILSTEIN SELLERS & TOLL PLLC
Herbert E. Milstein
Joshua S. Devore
Matthew B. Kaplan
1100 New York Avenue, N.W.
West Tower, Suite 500
Washington, D.C. 20005
Telephone:  (202) 408-4600
Facsimile:  (202) 408-4699

*Lead Counsel for the Class*

By:  _____/s/ Christopher T. Heffelfinger_____
BERMAN DEVALERIO
Joseph J. Tabacco, Jr. (SBN 75484)
Christopher T. Heffelfinger (SBN 118058)
Anthony D. Phillips (SBN 259688)
One California Street
Suite 900
San Francisco, CA 94111
Telephone: (415) 433-3200
cheffelfinger@bermandevalerio.com

*Liaison Counsel for the Class*

Dated:  February 9, 2010

By:  _____/s/ James J. Farrell____
LATHAM & WATKINS LLP
James J. Farrell
John C. Tang
Matthew D. Harrison
355 South Grand Avenue
Los Angeles, CA 90071
Telephone:  (213) 485-1234
Facsimile:  (213) 891-8763

*Counsel for Defendants*

STIPULATION OF SETTLEMENT
MASTER FILE NO. C-07-05182-WHA (BZ)