**United States District Court**
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

IN RE LDK SOLAR SECURITIES
LITIGATION.

_____/

This Document Relates to:

    All Actions.

_____/

No. C 07-05182 WHA

**ORDER GRANTING MOTION
FOR PRELIMINARY APPROVAL
OF SETTLEMENT AGREEMENT**

**INTRODUCTION**

    In this securities fraud class action alleging inventory and accounting irregularities at defendant LDK Solar Co., Ltd., the parties move for preliminary approval of a proposed class settlement agreement.  Although the proposed settlement is a low percentage of the estimated damages (even before fees and costs), plaintiff's counsel have recommended settlement because of problems of proof relating primarily to the unavailability at trial of Mr. Charlie Situ, LDK's former financial controller, whose allegations in a *Barron's* article provoked this lawsuit. Plaintiff's counsel additionally believe that LDK has limited assets available for a larger class recovery and that they will have difficulty enforcing any eventual judgment against LDK's assets in China.  As stated at the hearing held on February 16, 2010, the joint motion for preliminary approval of the proposed settlement is **GRANTED**, reserving on final approval later.

**STATEMENT**

    Defendants in this matter include LDK Solar Co., a manufacturer of multicrystalline solar wafers (a component of solar cells), LDK Solar USA, Inc., its U.S. subsidiary, Jiangxi LDK

Solar, a Chinese subsidiary, and several of LDK's officers and directors.  Plaintiff contends that defendants doctored LDK's IPO prospectus and financial statements and made other false or misleading public statements regarding the company's financial health.  The allegations center around LDK's internal controls and accounting for its key input, polysilicon.  Plaintiff avers that defendants significantly overstated the value of its inventory of polysilicon, an important material used in wafer manufacturing which constitutes some 80% of LDK's production costs, thus significantly overstating the company's financial performance and prospectus.  When these circumstances came to light in October 2007, LDK's stock fell by nearly 50%.

Several putative class actions were filed on behalf of investors who purchased LDK securities.  These were consolidated in the present action.  Investor Shahpour Javidzad was appointed lead plaintiff and  filed a consolidated class complaint on March 10, 2008, asserting claims against all defendants under Sections 10(b) of the Securities and Exchange Act of 1934 and Rule 10b-5, and claims against the individual defendants under Section 20(a) of the Exchange Act.  Motions to dismiss filed by defendants were denied.  A class was subsequently certified comprised of:

> all persons who (a) purchased LDK Solar Co., Ltd. ("LDK" or the "Company") American Depository Shares ("ADSs"); (b) purchased call options for LDK ADSs; or (c) sold put options for LDK ADSs during the Class Period defined below, and were damaged thereby. Excluded from the Class are the Defendants and the other current and former officers and directors of the Company, their immediate families, their heirs, successors, or assigns and any entity controlled by any such person.  The Class Period is June 1, 2007 through October 7, 2007.

Defendants moved for summary judgment and plaintiff moved for partial summary judgment.  The summary judgment motions were fully briefed when the stipulation of settlement and motion for preliminary approval of the settlement were filed.

## ANALYSIS

### 1.    COST/BENEFIT TO ABSENT CLASS MEMBERS.

The proposed settlement provides that defendants or their insurer will pay $16 million in cash into an interest-bearing escrow account within ten working days of the entry of this preliminary approval order.  No undistributed funds remaining after distribution to the class will

United States District Court

For the Northern District of California

1   revert to defendants.  Attorney's fees, litigation expenses and administrative costs will all be

2   deducted from this amount before any payout to class members.  The damages study by plaintiff's

3   expert estimated damages to be worth as much as $293 million.  The proposed settlement amount

4   is therefore only about five percent of the estimated damages before fees and costs.

5          Nevertheless, plaintiff's proposal offers sufficient justification for the low return to class

6   members relative to the merits of the action.  This lawsuit was instigated after LDK's former

7   controller, Charlie Situ, made public allegations that substantial portions of LDK's inventory was

8   missing or unusable and that there were irregularities in LDK's accounting for inventory.

9   However, Charlie Situ has not cooperated with plaintiff in this action, is unavailable as a witness

10  at trial, and cannot be found by plaintiff's counsel.  Plaintiff has faced additional hurdles building

11  his case because many of the important events, players, and documents are in China.  As a result

12  of counsel's inability to substantiate many of Charlie Situ's allegations, plaintiff has had to

13  modify his theory of the case, raising problems of proof.  Additionally, plaintiff asserts that

14  defendant LDK has a weak financial condition and most of its assets are in China where a

15  judgment might be difficult to collect.

16         Plaintiff estimates that there are less than 30,000 class members and that the average

17  recovery of each class member will be between $500 and $1000.  This will at least outweigh the

18  costs of mailing and administration.  The reasons stated are sufficient to justify preliminary

19  approval of settlement, at least for purposes of putting the proposal out for comment.

20  **2.     SCOPE OF RELEASE.**

21         The scope of release is sufficiently narrow.  Class members who do not opt out of the

22  settlement will release only securities fraud claims arising during the class period.  Claims

23  asserted in the shareholder derivative action entitled *Coonerty v. Xiaofeng Peng, et al.*, Superior

24  Court of California, County of Santa Clara, 108 CV 103758, are specifically carved out of the

25  proposed settlement.

26  **3.     INCENTIVE PAYMENTS.**

27         At the hearing, plaintiff's counsel stated that lead plaintiff would apply for an incentive

28  payment to compensate him for time and expenses.  Generally, additional benefits to named

plaintiffs beyond those received by the rest of the class are disfavored.  If a settlement is not good enough for named plaintiffs, it is usually not good enough for the class.  Nevertheless, this issue need not be resolved at this stage of preliminary approval although the notice should describe the item.

**4.     NOTICE AND HEARING ON FINAL APPROVAL.**

For the foregoing reasons, preliminary approval of the settlement between the parties, as set forth in the stipulation and the proposed plan of allocation described in the notice, is **GRANTED**.  The proposed form of notice is hereby approved with the following addition.  The Court wants the class members to have a fair opportunity to comment on the proposed settlement before final approval.  The notice shall be required to include the following paragraph to begin on the first page, to be bolded as follows:

**SUMMARY OF PROPOSED SETTLEMENT**

**You are a class member whose rights will be extinguished by a proposed settlement and your views as to its fairness are requested by the federal court.  It would settle all shareholder claims for ADS securities of LDK Solar Co., Ltd. purchased between June 1, 2007, and October 7, 2007.  The lead plaintiff claims the class should recover up to $293 million if the case is tried but proposes to settle for $16 million due to problems of proof and collectibility.  From this, class counsel would seek up to $2.4 million in attorney's fees, $3.1 million in expenses and $250,000 in administrative costs, for a total deduction of $5.75 million, leaving $10.25 million to be divided among class members.  The average check per investor would be in the range of $500, although some checks would be less and some more.  The release would bar all future claims by class members of the type asserted but would not bar a derivative action still pending in state court, described below.  The Court invites the views of all class members on the fairness of the proposed settlement.  If you wish, you may opt out of the settlement and bring your own suit, all as described below.**

Counsel may propose edits to the foregoing to improve its accuracy, all to be submitted to the Court for its approval by **NOON ON FEBRUARY 22, 2010.**

Lead counsel is authorized to act on behalf of the class with respect to all acts required by, or which may be given pursuant to, the stipulation of settlement or such other acts that are reasonably necessary to consummate the proposed settlement set forth in the stipulation.  Lead counsel is authorized to retain and supervise the firm of A.B. Data as claims administrator, to administer the notice and claims procedures.

**United States District Court**
For the Northern District of California

United States District Court
For the Northern District of California

1      A settlement fairness hearing shall be held on **JUNE 17, 2010, AT 8 A.M.**, in the United

2   States District Court for the Northern District of California in Courtroom 9, 19th Floor, 450

3   Golden Gate Ave., San Francisco, CA 94102 to:

4      1.      determine whether the settlement should be approved as fair, reasonable, adequate,

5              and in the best interests of the class,

6      2.      determine whether judgment should be entered pursuant to the stipulation, *inter*

7              *alia*, dismissing the action with prejudice and extinguishing and releasing all

8              released claims and settled defendants' claims as defined in the proposed

9              settlement agreement,

10     3.      determine whether the plan of allocation should be approved,

11     4.      rule on lead counsel's application for an award of attorneys' fees and the

12             reimbursement of expenses and lead plaintiff's application for an incentive fee,

13     5.      hear the objections and comments of absent class members, if any, and

14     6.      rule on such other matters as the Court may deem appropriate.

15     The claims administrator shall make reasonable efforts to identify all persons and entities

16  who are members of the class, including beneficial owners of LDK securities held by banks,

17  brokerage firms, or other nominees.  LDK shall use best efforts to provide or cause to be provided

18  to lead plaintiff within ten business days of the execution of this order any additional information

19  from LDK's transfer records reasonably required by the claims administrator to send copies of the

20  notice to the persons and entities who can be identified through reasonable efforts from the stock

21  transfer records of LDK.

22     Within thirty days after the entry of this order, the claims administrator shall cause a copy

23  of the notice substantially in the form of Exhibit 1 (with the addition of the summary paragraph as

24  described above) and the proof of claim substantially in the form of Exhibit 2 to be mailed by

25  United States mail, postage pre-paid, to all members of the class, at their last known address

26  appearing in the stock transfer records maintained by or on behalf of LDK, and to identifiable

27  nominees for class members.  The thirtieth day after the entry of this order shall be termed the

28  "notice date."

Pursuant to the notice, each nominee shall either (1) send the notice and proof of claim to class members for which they act as nominee by first class mail within ten days after the nominee receives the notice and proof of claim or (2) send a list of the names and addresses of such beneficial owners to the claims administrator within ten days after the nominee receives the notice and proof of claim.  In the event of the latter, the claims administrator shall send by first class mail the notice and proof of claim to all class members named on the list received from the nominee.  The claims administrator shall, if requested, reimburse banks, brokerage houses, or other nominees for their reasonable out-of-pocket expenses incurred in providing notice to beneficial owners who are class members, which expenses would not have been incurred except for the sending of such notice, subject to further order of this Court with respect to any dispute concerning such compensation.  Lead counsel shall file with the Court and serve upon defendants' counsel no later than thirty-five days prior to the settlement fairness hearing a declaration describing the efforts taken to comply with this order and stating that the mailings have been completed in accordance with the terms of this order.

Within ten days of the notice date, lead counsel shall issue the summary notice as a press release, substantially in the form of Exhibit 3, and take reasonable steps to ensure that the press release is widely disseminated on the internet, and shall post the press release and full notice and any other appropriate documents on a website concerning the settlement.  Lead counsel shall file with the Court and serve upon defendants' counsel no later than thirty-five days prior to the settlement fairness hearing a declaration stating that the summary notice has been disseminated in accordance with the terms of this order.

The form and method of notice specified herein is the best notice practicable and shall constitute due and sufficient notice to all persons and entities entitled to receive such notice and fully satisfies the requirements of due process and of Rule 23.

Any member of the class who objects to the settlement, the plan of allocation, and/or the application for attorneys' fees and reimbursement of expenses, or who otherwise wishes to be heard, may:

1.       file a brief or other writing setting forth the person's views, provided that no brief

United States District Court

For the Northern District of California

1  or other writing other than those submitted by the parties and their counsel shall be

2  considered by the Court unless at least fourteen days prior to the settlement

3  fairness hearing such brief or other writing shall have been filed with the Court and

4  delivered to counsel listed below, accompanied by documents sufficient to show

5  that the person is a class member; and/or

6  2.    appear in person or by the person's attorney at the settlement fairness hearing and

7  present evidence or argument that may be proper or relevant; provided that no such

8  argument shall be permitted by the Court unless at least fourteen days prior to the

9  settlement fairness hearing such person files with the Court and delivers to counsel

10  listed below:  (i) a written notice of the person's intention to appear, (ii) a

11  statement of the person's objection(s) to any matters before the Court, (iii) all

12  documents or writings the person desires the Court to consider, and (iv) documents

13  evidencing that the person is a class member.

14        In addition to being filed with the Court, the documents discussed in this paragraph shall

15  be served on the following:

16  Lead counsel for lead plaintiff and the class:

17        Herbert E. Milstein, Esq.
      COHEN MILSTEIN SELLERS & TOLL PLLC
18        1100 New York Avenue, N.W.
      West Tower, Suite 500
19        Washington, D.C.  20005

20

21  Counsel for defendants:

22        James J. Farrell, Esq.
      LATHAM & WATKINS LLP
23        355 South Grand Avenue
      Los Angeles, CA  90071

24        Any person falling within the definition of the class may, upon request, be excluded from

25  the settlement.  Any such person must submit to the claims administrator a request for exclusion.

26  A request for exclusion must be received by the claims administrator at least forty-two days

27  before the settlement fairness hearing and state in writing:  (i) the name, address, and telephone

28  number of the person requesting exclusion, (ii) the person's transactions in LDK securities during

United States District Court

For the Northern District of California

1   the class period, including the dates, the number of shares of securities, and price paid or received

2   per share for each such purchase, acquisition or sale, and (iii) that the person wishes to be

3   excluded from the class.  Any person who submits a valid and timely request for exclusion —

4   whether in response to the notice to be distributed to class members to inform them of the

5   proposed settlement, or whether in response to the initial notice, dated May 21, 2009, which was

6   distributed to the class after the Court certified the class — shall have no rights under the

7   stipulation and shall not share in the distribution of the settlement, unless such person validly

8   retracts the person's request for exclusion.  Plaintiff shall provide defendant with all relevant

9   information about all persons who have opted out of the class as soon as is practicable, and, in all

10  events, not less than six days after the deadline for opting out of the class.

11       Any person who has excluded himself, herself or itself from the settlement — whether in

12  response to the notice to be distributed to the class members to inform them of the proposed

13  settlement, or whether in response to the initial notice, dated May 21, 2009, which was distributed

14  to the class after the Court certified the class — may retract such exclusion in the manner set out

15  in the notice, provided that the notice must be received by three days prior to the settlement

16  fairness hearing.

17       Any class member who wishes to participate in the settlement fund must submit a valid

18  proof of claim to the claims administrator, at the address indicated in the notice, postmarked not

19  later than one hundred and fifty days following the notice date.  Such deadline may be further

20  extended by Court order.  Proofs of claim shall be deemed to have been submitted when legibly

21  postmarked, if mailed by first class, or registered or certified mail, postage prepaid, addressed in

22  accordance with the instructions given in the proof of claim.  All other proofs of claim shall be

23  deemed to have been submitted at the time they are actually received by the claims administrator.

24  To be valid, a proof of claim must: (i) be completed in accordance with the instructions in the

25  notice and be accompanied by any required documents, (ii) include the release by the claimant of

26  all released parties as set forth in the stipulation, and (iii) be signed with an affirmation

27  (notarization not required) that the information is true and correct.  All class members who do not

28  submit valid and timely proofs of claim shall be forever barred from receiving any payments from

United States District Court

For the Northern District of California

1   the settlement fund, but will in all other respects be subject to and bound by the provisions of the

2   stipulation and the order and final judgment, if entered.

3       If this settlement is not approved by the Court or does not become effective for any reason

4   whatsoever, the settlement (including any modification thereof) made with the consent of the

5   parties as provided for in the stipulation and any actions taken or to be taken in connection

6   therewith (including this order and any judgment entered herein), shall be terminated and shall

7   become void and of no further force and effect except for lead plaintiff's obligations to pay for

8   any expense incurred in connection with the notice and administration provided for by this order.

9       All proceedings in the action, other than such proceedings as may be necessary to carry

10   out the terms and conditions of the settlement, are hereby stayed until further order of this Court.

11   Pending final determination whether the settlement should be approved, plaintiff and all members

12   of the class are barred and enjoined from commencing or prosecuting any action asserting any

13   claims that are or relate in any way to the released claims as defined in the stipulation.

14      Neither the stipulation nor any provisions contained in the stipulation, nor any

15   negotiations, statements, or proceedings in connection therewith, nor any action undertaken

16   pursuant thereto shall be construed as, or deemed to be evidence of, an admission or concession

17   on the part of plaintiff, defendants, any member of the class, or any other person or entity, of any

18   liability or wrongdoing by them, or any of them, or as to the strength or weakness of any claim or

19   defense, and shall not be offered or received in evidence in any action or proceeding (except an

20   action to enforce the stipulation and settlement contemplated hereby), or be used in any way as an

21   admission, concession, or evidence of any liability or wrongdoing of any nature, and shall not be

22   construed as, or deemed to be evidence of, an admission or concession that plaintiff, any member

23   of the class, any present or former holder of LDK securities, or any other person or entity, has or

24   has not suffered any damage.

25      No later than 60 days before the settlement fairness hearing, the parties shall file a motion

26   for final approval of the settlement, a motion for approval of their proposed plan of allocation of

27   net settlement proceeds to the class, and their final application for attorneys' fees and expenses.

28   Any response to any timely filed objection to the settlement, plan of allocation or application for

an award of attorney's fees and reimbursement of expenses shall be filed no later than seven days before the date scheduled for the settlement fairness hearing.

**IT IS SO ORDERED.**

Dated:  February 17, 2010.

_____

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

United States District Court

For the Northern District of California

10