IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

IN RE LDK SOLAR SECURITIES LITIGATION.

This Document Relates to:

All Actions.

No. C 07-05182 WHA

**ORDER RE DEFENDANTS' MOTION TO STAY FILING OF DOCUMENTS RE PARTIES' SUMMARY JUDGMENT AND DAUBERT FILINGS**

Shortly before the hearing on the parties' motions for summary judgment and motions in limine to exclude experts in this matter but after the motions were fully briefed, the parties moved for preliminary approval of settlement, which was granted (Dkt. No. 502). The parties meanwhile had filed motions to seal more than 20,000 pages of documents in support of their motions for summary judgment and motions in limine. Many of these motions to seal were denied because the parties failed to put forward compelling reasons to seal them (Dkt. No. 505). Defendants now move to stay the public filing of these documents pending final approval of settlement. The motion is **DENIED**.

Defendants rely on *Phillips v. General Motors*, 307 F.3d 1206, which held that when a party attaches a sealed discovery document to a nondispositive motion, the usual presumption of the public's right of access is rebutted. However, in *Kamakana v. Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006), the Ninth Circuit held that more than good cause, indeed, "compelling reasons" are required to seal documents used in dispositive motions such as motions for summary judgment, just as compelling reasons would be needed to justify a closure of a courtroom during

1 trial. Otherwise, the Ninth Circuit held, public access to the work of the courts will be unduly
2 compromised. Motions in limine are also part of the trial and must likewise be laid bare absent
3 compelling reasons.

4 The documents at issue here do not fall within the *Phillips* exception to the general
5 presumption of access because the motions to which they were attached were dispositive.
6 Consequently, defendants must overcome a strong presumption of access by showing that
7 "compelling reasons supported by specific factual findings outweigh the general history of access
8 and the public policies favoring disclosure." *Pintos v. Pacific Creditors Ass'n*, 565 F.3d 1106,
9 1116 (9th Cir. 2009) (internal quotations omitted). Defendants' administrative motions to seal
10 were denied because they merely asserted in conclusory fashion that these materials contained
11 confidential trade sensitive information and did not adequately explain the basis for sealing tens
12 of thousands of pages.

13 Defendants now argue at greater length that the documents in question contain LDK's
14 trade secrets regarding the quantities of raw materials that are blended to make LDK's solar
15 wafers and the procedures LDK uses to reclaim, recycle and reintroduce materials through its
16 production process (Farrell Decl. ¶¶ 4–5). However, defendants do not show good cause for why
17 they did not previously put forth detailed, compelling reasons against disclosure.

18 More fundamentally, this order finds that defendants still have failed to put forth
19 compelling reasons to seal these materials which would otherwise be revealed in a public trial if
20 settlement were not approved and summary judgment denied. Based on a painstaking review, this
21 order finds that a large percentage of the documents defendants sought to seal do not appear
22 possibly to contain any trade sensitive information. Defendants cannot provide the compelling
23 reasons necessary to justify the wholesale sealing of tens of thousands of pages — including
24 hundreds of separate documents — with a few generalized, sweeping sentences. They needed
25 (and failed) to specifically address why each document contained trade secret information of such
26 a compelling nature as to overcome the strong presumption of public access.

27 Defendants finally argue that it would be an undue burden and expense for them to file
28 unredacted and unsealed copies of these materials. Defendants have already filed unredacted

paper copies of these documents and need not do so again. The burden of electronically filing the materials at issue is not a compelling reason to delay unsealing them.

For the foregoing reasons, defendants' motion is **DENIED**.

**IT IS SO ORDERED.**

Dated: March 1, 2010.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE