**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

IN RE LDK SOLAR SECURITIES LITIGATION,

No. C 07-5182 WHA

This Document Relates to:

All Actions.

**CORRECTED ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

## INTRODUCTION

In this certified class action alleging inventory and accounting irregularities at defendant LDK Solar Co., Ltd., lead plaintiff Shahpur Javidzad moves, on behalf of himself and all others similarly situated, for final approval of the settlement agreement reached between the parties. Additionally, class counsel moves for an award of attorney's fees in the amount of 13.75% of the $16 million settlement fund, plus $2.7 million in expenses. Lead plaintiff Javidzad moves for $6000.68 in expenses plus a $23,0000 incentive fee. For the reasons explained below, the proposed settlement is fair, reasonable, adequate and in the best interests of the class, and final approval of the class settlement is **GRANTED**.

## STATEMENT

Defendants in this matter include LDK Solar Co., a manufacturer of multicrystalline solar wafers (a component of solar cells), LDK Solar USA, Inc., its U.S. subsidiary, Jiangxi LDK Solar, a Chinese subsidiary, and several of LDK's officers and directors. Plaintiff

contends that defendants doctored LDK's IPO prospectus and financial statements and made other false or misleading public statements regarding the company's financial health. The allegations center around LDK's internal controls and accounting for its key input, polysilicon. Plaintiff avers that defendants significantly overstated the value of its inventory of polysilicon, an important material used in wafer manufacturing which constitutes some 80% of LDK's production costs, thus significantly overstating the company's financial performance and prospectus. When these circumstances came to light in October 2007, LDK's stock fell by nearly 50%.

Several putative class actions were filed on behalf of investors who purchased LDK securities. These were consolidated in the present action. Investor Shahpour Javidzad was appointed lead plaintiff and filed a consolidated class complaint on March 10, 2008, asserting claims against all defendants under Section 10(b) of the Securities and Exchange Act of 1934 and Rule 10b-5, and claims against the individual defendants under Section 20(a) of the Exchange Act. Motions to dismiss filed by defendants were denied. A class was subsequently certified comprised of:

> all persons who (a) purchased LDK Solar Co., Ltd. ("LDK" or the "Company") American Depository Shares ("ADSs"); (b) purchased call options for LDK ADSs; or (c) sold put options for LDK ADSs during the Class Period defined below, and were damaged thereby. Excluded from the Class are the Defendants and the other current and former officers and directors of the Company, their immediate families, their heirs, successors, or assigns and any entity controlled by any such person. The Class Period is June 1, 2007 through October 7, 2007.

Defendants moved for summary judgment and plaintiff moved for partial summary judgment. The summary judgment motions were fully briefed when the stipulation of settlement and motion for preliminary approval of the settlement were filed.

## ANALYSIS

Three issues are addressed in this order. *First*, this order will explain why the pending settlement is, as the order granting preliminary approval of the settlement noted, "a good one for th class," and is fair, reasonable, and adequate under FRCP 23(e) and *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998) (setting forth the factors to be considered when evaluating

2

class action settlements).  *Second*, this order will explain why class representative Javidzad should be fairly compensated for his time and effort in this litigation.  *Third*, this order will provide the basis for why the awarded attorney's fees are reasonable.

**1.    THE SETTLEMENT AGREEMENT IS FAIR, REASONABLE, AND ADEQUATE.**

Having scrutinized the terms of the settlement agreement, proposed plan of distribution, and adequacy of notice provided to class members, and having considered the motion for final approval of the settlement agreement, the declarations submitted therewith, oral argument by counsel, and all other documents of record in this matter, this order holds that the settlement agreement is in the best interests of the class and is fair, reasonable and adequate under the factors set forth in *Hanlon.*

Preliminary approval in this matter was granted despite a very low return to class members relative to the merits of the action.  The damages study by plaintiff's expert estimated damages to be worth as much as $293 million.  The proposed settlement amount is therefore only about five percent of the estimated damages before fee and costs — even before any reduction thereof for attorney's fees and costs.

Nevertheless, plaintiff has offered sufficient justification for the low return to class members relative to the merits of the action.  This lawsuit was instigated after LDK's former controller, Charlie Situ, made public allegations that substantial portions of LDK's inventory was missing or unusable and that there were irregularities in LDK's accounting for inventory.  However, Charlie Situ has not cooperated with plaintiff in this action, is unavailable as a witness at trial, and cannot be found by plaintiff's counsel.  Plaintiff has faced additional hurdles building his case because many of the important events, players, and documents are in China.  As a result of counsel's inability to substantiate many of Charlie Situ's allegations, plaintiff has had to modify his theory of the case, raising problems of proof.  Additionally, plaintiff asserts that defendant LDK has a weak financial condition and most of its assets are in China where a judgment might be difficult to collect.

Plaintiff estimates that there are less than 30,000 class members and that the average recovery of each class member will be between $500 and $1000.  The notice of settlement

3

included a summary paragraph noting the low settlement value relative to plaintiff's claims. No objections to the settlement were submitted and seventeen class members timely opted out. The class members who requested exclusion did not raise any objections to the terms of the settlement itself.

One class member has objected to the settlement's proposed plan of allocation, which was derived from the analysis of lead plaintiff's damages expert Jane Nettesheim. Plaintiff alleged that there were two substantial corrective disclosures of defendants' alleged improper conduct including (1) a Piper Jaffrey analyst report on October 3, 2007, and (2) a *Barron's* article on October 8, 2007. Under the proposed plan of allocation, in-and-out traders who purchased and sold LDK's stock during the time period between these two disclosures would not have compensable damages shown to be caused by defendants' conduct.

The objecting class member bought LDK's shares on October 4 and sold on October 5 (Milstein Decl. Exh. A). Although he lost money due to a decline in LDK's share price during this time, this order agrees that it would not be possible to establish that this stock movement between the corrective disclosures was due to the alleged fraud. For this reason, the objection to the plan of allocation is overruled.

Accordingly, final approval of the settlement and plan of allocation shall be **GRANTED**.

**2.     Compensation For Class Representative Javidzad.**

Class counsel seeks an additional $29,000.68 payment to class representative Javidzad. This includes $6,000.68 in out-of-pocket costs, and $23,000 as an incentive payment. As the undersigned recently explained in a separate class action, for many decades, class actions preceded fairly and with excellent results without ever giving "incentive payments" to class representatives. *See Adderley v. National Football League Players Ass'n*, 2009 WL 4250792, at *8 (N.D. Cal. 2009). While in theory these payments compensate the representative for time and effort expended in support of the class, there is a huge risk that these payments are an incentive to entice a representative to support a marginal settlement. *See Staton v. Boeing Co.*, 327 F.3d 938, 975 (9th Cir. 2003) (citations and quotations omitted). In other words, if the

4

settlement alone is not good enough for the representative, it is likely not good enough for the class.

Here, however, Mr. Javidzad has worked hard in his role as a fiduciary for the investor class to obtain the maximum recovery for the class members. Upon his appointment as lead plaintiff, the Court instructed Mr. Javidzad that he should proceed with due diligence in the selection of class counsel and to interview appropriate candidates with care (Dkt. No. 57). Mr. Javidzad negotiated with class counsel to obtain a cap on counsel's fee award at no more than 15% of the total recovery, well below the Ninth Circuit's benchmark of 25% (Milstein Decl. ¶ 14). His efforts have therefore resulted in a substantially greater recovery for the class members.

Mr. Javidzad has also submitted a sworn declaration that he has incurred a total of $6,003.68 in out-of-pocket travel expenses in pursuing this action. While the Court is always reluctant to give a class representative more than his fellow class members, the length of this litigation, as well as the approximately 230 hours Mr. Javidzad spent in meetings, preparing and appearing for his deposition, and reviewing pleadings and settlement documents, warrants reasonable compensation for the time spent by Mr. Javidzad in representing the class. An additional payment from the class fund to Mr. Javidzad for travel expenses is therefore **APPROVED**.

Because Mr. Javidzad has worked hard on this case and has succeeded in reducing counsel's fee application, the Court will round this award up to $10,000 *in total*.

**3.    ATTORNEY'S FEES AND COSTS.**

Class counsel seek attorney's fees in the amounts of $2.2 million. Class counsel also seek reimbursement of their costs in the amount of $2,732,703.62. About $490,000 of this arose from the translation of documents and interpretation of depositions in Chinese (Milstein Decl. at 5). Roughly half of the costs were for fees incurred by experts in the areas of damages, accounting, silicon wafer manufacturing, and the silicon wafer industry (Milstein Decl. Exh. I). Other expenses included fees for private investigators, a document hosting system, legal

5

1  research services, photocopying, mediator fees, travel, filing fees, postage and overnight
2  delivery, and telephone expenses (Milstein Decl. Exh. H & I).

3  For district courts applying the percentage-of-the-fund method, the Ninth Circuit has
4  "established twenty-five percent of the recovery as a 'benchmark' for attorneys' fees
5  calculations." *Powers v. Eichen*, 229 F.3d 1249, 1256 (9th Cir. 2000). "The benchmark
6  percentage should be adjusted . . . when special circumstances indicate that the percentage
7  recovery would be either too small or too large in light of the hours devoted to the case or other
8  relevant factors." *Sex Mexican Workers v. Arizona Citrus Growers*, 904 F/2d 1301, 1311 (9th
9  Cir. 1990).

10  Class counsel claim a lodestar of $7.6 million, but they seek considerably less than this:
11  $2.2 million. Their requested attorney's fees represent 13.75% of the recovery of $16 million.
12  This is a reasonable percentage, even in light of the low recovery in this action as noted above.
13  This request for attorney's fees are therefore **GRANTED**.

14  \*   \*   \*

15  Accordingly, it is hereby ordered as follows:

16  1.  The Court hereby finds that the settlement is fair, reasonable, and adequate as to
17  the class, plaintiffs and defendants, that it is the product of good faith, arms-length negotiations
18  between the parties, and that the settlement is consistent with public policy and fully complies
19  with all applicable provisions of law. The final settlement is therefore approved.

20  2.  The notice as mailed to all class members fairly and adequately described the
21  proposed settlement, the manner in which class members could object to or participate in the
22  settlement, and the manner in which class members could opt out of the class, was the best
23  notice practicable under the circumstances, was valid, due and sufficient notice to all class
24  members, and complied fully with the Federal Rules of Civil Procedure, due process, and all
25  other applicable laws. A full and fair opportunity was afforded to class members to participate
26  in the proceedings to determine whether the proposed settlement should be given final approval.
27  Accordingly, this order holds that all class members who did not exclude themselves from the
28  settlement by filing a timely request for exclusion — including the three requests which were

received but did not include the required information about the purchase and sales of LDK securities (Shachter Decl. Exh. E) — are bound by this settlement order and judgment.

3. The claims in this action are hereby dismissed with prejudice.

4. The Court hereby awards Plaintiff's Counsel attorneys' fees of 13.75% of the settlement fund, plus reimbursement of litigation expenses in the amount of $2,732,703.62, together with the interest earned upon each amount for the same time period and at the same rate as that earned on the settlement fund until paid. Half of these fees and expenses may be disbursed upon expiration of the appeal period for the final judgment. The other half may be paid only after class counsel certifies that all other funds have been distributed to the class.

5. The award of reimbursement of expenses shall be allocated among lead counsel Cohen Milstein Sellers & Toll PLLC and Liaison Counsel Berman DeValerio in accordance with the respective out-of-pocket expenses incurred or owed by each Firm, as reflected in the records submitted to the Court. The award of attorneys' fees shall be allocated as set forth in lead counsel's proposed division of fees, such that the entire fee shall be paid to lead counsel Cohen Milstein Sellers & Toll PLLC, and from such fee lead counsel shall pay 12% of the total awarded fee to Berman DeValerio and $5,000 to Danesh & Dadmehr, LLP. The Court appreciates the good and professional work done by Attorney Milstein and his firm (and, of course, local counsel) in this case.

6. Lead plaintiff Shawn Javidzad is awarded from the Settlement Fund reimbursement in the total amount of $10,000.

**IT IS SO ORDERED.**

Dated: July 29, 2010.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE